**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAURA CICCARELLO, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, and MAGGIE WU, <br><br> Defendants. | Case No. 1:20-cv-09568-GBD <br><br> **MEMORANDUM OF LAW IN SUPPORT OF SALEM GHARSALLI'S MOTION OF FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL** |
| ROBERT ROMNEK, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, and MAGGIE WU, <br><br> Defendants. | Case No. 1:20-cv-10267-GBD |
| ELISSA HESS, AS TRUSTEE FOR THE EH LIVING TRUST, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, and MAGGIE WU, <br><br> Defendants. | Case 1:21-cv-00136 |

# TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT ..................................................................................... 1

II.    FACTUAL BACKGROUND ........................................................................................ 2

III.   PROCEDURAL BACKGROUND ................................................................................ 4

IV.    ARGUMENT ................................................................................................................ 5

      A.     The Related Actions Should Be Consolidated ............................................... 5

      B.     Movant Should be Appointed Lead Plaintiff .................................................. 5

            1.     Movant Filed a Timely Motion ........................................................... 6

            2.     Movant Has the Largest Financial Interest .......................................... 7

            3.     Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ................................................................................. 7

                a)     Movant's Claims Are Typical ............................................... 8

                b)     Movant Is An Adequate Representative ................................. 9

      C.     The Court Should Approve Lead Plaintiff's Choice of Counsel ..................... 9

V.     CONCLUSION ........................................................................................................... 10

i

## TABLE OF AUTHORITIES

CASES

*City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.*,
    269 F.R.D. 291 (S.D.N.Y. 2010).........................................................................................8, 9

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ................................................................................................8, 9

*In re eSpeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005) ...............................................................................................8

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990) ...................................................................................................5

*Kuriakose v. Federal Home Loan Mortg. Co.*,
    2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008).........................................................................8

*Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America Corp.*,
    275 F.R.D. 187 (S.D.N.Y. 2011)..............................................................................................5

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) ..................................................................................6, 7

STATUTES

15 U.S.C. § 78u-4 ...........................................................................................................*passim*

Salem Gharsalli ("Movant") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned actions; (2) appointing Movant as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired Alibaba Group Holding Limited ("Alibaba" or the "Company") securities, including American Depositary Shares ("ADSs" or "shares"), between July 9, 2020 and December 23, 2020, inclusive (the "Class Period").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff

1

provision, Movant respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Movant's selection of Glancy Prongay & Murray LLP as lead counsel for the Class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

Alibaba is an online and mobile commerce company. It owns a 33% equity interest in Ant Small and Micro Financial Services Group Co., Ltd. ("Ant Group"), a financial technology company that is best known for operating Alipay, one of the largest mobile and online payment platforms.

On July 20, 2020, Ant Group announced that it had begun the process of a concurrent initial public offering ("IPO") on the Shanghai and Hong Kong exchanges and was set to raise $34.5 billion, making it the largest public offering in history.

On November 2, 2020, *Financial Times* reported that Chinese regulators had met with Ant Group's controller Jack Ma, executive chairman Eric Jing, and Chief Executive Officer Simon Hu. The article stated that, though regulators did not provide details, "the Chinese word used to describe the interview – *yuetan* – generally indicates a dressing down by authorities." The article also included a statement from Ant Group that it will "implement the meeting opinions in depth."

On November 3, 2020, the IPO was suspended because Ant Group "may not meet the listing qualifications or disclosure requirements due to material matters" related to the meeting with regulators the previous day and "the recent changes in the Fintech regulatory environment."

---

[1] This section has been adapted from the complaints filed in the above-captioned actions.

On this news, the Company's share price fell $25.27, or 8%, to close at $285.57 per share on November 3, 2020, on unusually heavy trading volume.

On November 10, 2020, China's anti-monopoly regulator, the State Administration for Market Regulation ("SAMR"), published draft rules aimed at curtailing Alibaba's coercive cooperation pacts.

On this news, the Company's share price fell 8%.

On December 23, 2020, Chinese authorities revealed an antitrust investigation into Alibaba itself, in response to reports that the Company had improperly pressured merchants to exclusively sell goods on Tmall. Regulators stressed the need to "guide Ant Group to implement financial supervision, fair competition and protect the legitimate rights and interests of consumers."

On this news, the Company's share price fell 13%.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts concerning the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that Alibaba had illicitly sought to circumvent Chinese laws and regulations, including laws regulating financial institutions and prohibiting anticompetitive behavior; (2) that Ant Group did not meet listing qualifications or disclosure requirements for certain material matters, including that as a financial company, Ant Group was subject to greater capital requirements than those applicable to a technology company, as represented; (3) that certain impending changes in the Fintech regulatory environment would impact Ant Group's business; (4) that, as a result of the foregoing, Ant Group's growth, prospects and the value proposition of the Ant Group IPO were far smaller than represented; (5) that, as a result of the foregoing, Ant Group's IPO was

3

reasonably likely to be suspended; (6) that Alibaba had forced merchants using its Tmall platform to sign coercive exclusivity agreements and had engaged in other anticompetitive behavior; and (7) that, as a result of all the foregoing, the Company's public statements were materially false and misleading at all relevant times.

### III.    PROCEDURAL BACKGROUND

On November 13, 2020, plaintiff Laura Ciccarello commenced a securities fraud class action against Alibaba and certain of its officers in this District, captioned *Ciccarello v. Alibaba Group Holding Limited, et al.*, Case No. 1:20-cv-09568 (the "*Ciccarello* Action"). It is brought on behalf of persons and entities that purchased or otherwise acquired Alibaba securities between October 21, 2020 and November 3, 2020, inclusive.

On December 4, 2020, plaintiff Robert Romnek commenced a substantially similar lawsuit in this District, captioned *Romnek v. Alibaba Group Holding Limited, et al.*, Case No. 1:20-cv-10267 (the "*Romnek* Action"). It is brought on behalf of persons and entities that purchased or otherwise acquired Alibaba securities between July 20, 2020 and November 3, 2020, inclusive.

On January 7, 2021, plaintiff Elissa Hess, as Trustee for The EH Living Trust, commenced a substantially similar lawsuit in this District, captioned *Hess v. Alibaba Group Holding Limited, et al.*, Case No. 1:21-cv-00136 (the "*Hess* Action," and together with the *Ciccarello* and *Romnek* Actions, the "Related Actions"). It is brought on behalf of purchasers of Alibaba ADSs between July 9, 2020 and December 23, 2020, inclusive.

IV.     **ARGUMENT**

A.      **The Related Actions Should Be Consolidated**

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

B.      **Movant Should be Appointed Lead Plaintiff**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

5

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). As set forth below, Movant satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movant is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Movant Filed a Timely Motion

Movant has made a timely motion in response to a PSLRA early notice. On November 13, 2020, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl."), Ex. A. Therefore, Movant had sixty days (until January 12, 2021) to file a motion to be appointed as lead plaintiff. As a purchaser of Alibaba securities during the Class Period, Movant is a member of the proposed

6

class and have hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in the attached certification, Movant attests that he has reviewed a complaint filed against Alibaba, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Movant satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Movant Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Movant purchased Alibaba securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Linkh Decl., Ex. C. To the best of his knowledge, Movant is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Movant believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23

7

of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.* 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id.* at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08–cv–7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)   Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed members of the Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Alibaba's business, operations, and financial prospects violated the federal securities laws. Movant, like all members of the Class, purchased Alibaba securities in reliance

8

on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b)      Movant Is An Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Movant has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Mr. Gharsalli resides in Tampa, Florida and has been managing his own investments for more than three years. *See* Linkh Decl., Ex. D, at ¶ 2. He is originally from Tunisia where he served in the Tunisian Airforce for four years. *Id.* After immigrating to the United States, he founded a restaurant chain called "Salem's Fresh Eats" which has more than a dozen locations in Florida. *Id.* He is currently the Chief Executive Officer of Salem's Fresh Eats. *Id.* In addition, Movant is not aware of any conflict between his claims and those asserted on behalf of the Class. As such, Movant is well-equipped to represent the class.

### C.      The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the Class's lead counsel in the event he is appointed lead plaintiff.

Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit E. Thus, the Court may be assured that, by granting the Motion, the Class will receive the highest caliber of legal representation.

## V.    CONCLUSION

For the foregoing reasons, Salem Gharsalli respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Related Actions; (2) appointing Movant as Lead Plaintiff; (3) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: January 12, 2021                    **GLANCY PRONGAY & MURRAY LLP**

By:   _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

and
Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Movant Salem Gharsalli and Proposed
Lead Counsel for the Class*

10

**THE PORTNOY LAW FIRM**
Lesley Portnoy (LP-1941)
1800 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: 310-692-8883
lesley@portnoylaw.com

*Additional Counsel*

11

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On January 12, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 12, 2021, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh