**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAURA CICCARELLO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, and MAGGIE WU, <br><br> Defendants. | Honorable George B. Daniels <br> No: 1:20-cv-09568-GBD |
| ROBERT ROMNEK, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, and MAGGIE WU, <br><br> Defendants. | Honorable George B. Daniels <br> No: 1:20-cv-10267-GBD |
| ELISSA HESS, AS TRUSTEE FOR THE EH LIVING TRUST, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, and MAGGIE WU, <br><br> Defendants. | No: 1:21-cv-00136-UA |

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**MOTION OF THOMAS J. POPOVICH FOR CONSOLIDATION OF**
**THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF**
**AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

Page(s)

I.    INTRODUCTION ......................................................................................................... 1

II.   SUMMARY OF RELATED ACTIONS AND PROCEDURAL BACKGROUND.......... 3

III.  ARGUMENT…………………………………………………………………………...5

      A.  The Related Actions Should Be Consolidated............................................................. 5

      B.  The PSLRA Standard for Appointing Lead Plaintiff................................................. 7

      C.  Mr. Popovich Is the "Most Adequate Plaintiff"........................................................ 8

           1.  Mr. Popovich Has Satisfied the PSLRA's Procedural Requirements................8

           2.  Mr. Popovich Has the Largest Financial Interest in the Relief Sought
               by the Class ...............................................................................................8

      D.  Mr. Popovich Is Qualified Under Rule 23 ................................................................. 9

           1.  Mr. Popovich's Claims Are Typical of the Claims of the Class.....................10

           2.  Mr. Popovich Will Fairly and Adequately Represent the Class'
               Interests ....................................................................................................10

           3.  This Court Should Approve Mr. Popovich's Choice of Counsel ....................11

IV.   CONCLUSION.......................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Baughman v. Pall Corp.*,
250 F.R.D. 121 (E.D.N.Y. 2008)..................................................................................................... 6

*Ellenburg III v. JA Solar Holdings Co. Ltd.*,
262 F.R.D. 262 (S.D.N.Y. 2009) .................................................................................................. 8

*Faig v. Bioscrip, Inc.*,
No. 13-cv-6922, 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013)................................................. 5, 6

*In re Bear Stearns Co., Inc. Sec., Deriv., & ERISA Litig.*,
No. 08 M.D.L. 1963, 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009).................................................. 2

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
No. 16cv03495, 2016 WL 5867497 (S.D.N.Y. Oct. 4, 2016) ....................................... 9, 10, 11

*In re Drexel Burnham Lambert*,
960 F.2d 285 (2d Cir. 1992)....................................................................................................... 11

*Indergit v. Rite Aid Corp.*,
293 F.R.D. 632 (S.D.N.Y. 2013) ............................................................................................... 11

*Jakobsen v. Aphria, Inc.*,
18 Civ. 11376 (GBD), 2019 WL 1522598 (S.D.N.Y. March 27, 2019) .................................... 6

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990)...................................................................................................... 6

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ................................................................................................. 6

*Logan v. QRx Pharma Ltd.*,
No. 15 CIV. 4868, 2015 WL 5334024 (S.D.N.Y. Sept. 14, 2015).......................................... 10

*Lundy v. Ideanomics, Inc.*,
20 Civ. 4944 (GBD), 2020 WL 7389027,  (S.D.N.Y. Dec. 16, 2020) ...................................... 8

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
No. CV 09-3007(SJF)(AKT), 2010 WL 3924862 (E.D.N.Y. Aug. 17, 2010) ........................... 6

**Statutes**

15 U.S.C. § 78j(b) ...................................................................................................................... 1

15 U.S.C. § 78t(a) ................................................................................................................ 1

15 U.S.C. § 78u-4, *et seq*. ............................................................................................. *passim*

**Rules**

Fed. R. Civ. P. 23 .................................................................................................. 2, 7, 8, 9

Fed. R. Civ. P. 23(a) ................................................................................................ 8, 9, 10

Fed. R. Civ. P. 23(a)(4) ................................................................................................. 10

Fed. R. Civ. P. 42(a) ................................................................................................ 2, 5, 6

Putative class member Thomas J. Popovich ("Mr. Popovich."), by his counsel, respectfully submits this Memorandum of Law pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an order: (i) consolidating the above-captioned related actions (the "Related Actions"); (ii) appointing Mr. Popovich as Lead Plaintiff pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B); (iii) approving Mr. Popovich's selection of the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") to serve as Lead Counsel under 15 U.S.C. §§ 78u-4(a)(3)(B)(v); and (iv) granting such other and further relief as the Court may deem just and proper.

Mr. Popovich believes that he has the largest financial interest in the outcome of this litigation and is thus presumptively entitled to be appointed Lead Plaintiff and that his choice of counsel should be approved.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

## I.    INTRODUCTION

Presently pending in this District are at least three securities class actions, the Related Actions[1], brought pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, against Alibaba Group Holding Limited ("Alibaba" or the "Company"), Daniel Zhang

---

[1]     The first filed action is styled *Ciccarello v. Alibaba Group Holding Limited*, 20-cv-09568-GBD (S.D.N.Y. Nov. 13, 2020) (the "*Ciccarello* Action") and was brought on behalf of investors that "purchased or otherwise acquired Alibaba securities between October 21, 2020 and November 3, 2020. . . ."  The second filed action is styled *Romnek v. Alibaba Group Holding Limited*, 20-cv-10267-GBD (S.D.N.Y. Dec. 4, 2020) (the "*Romnek* Action") and was brought on behalf of investors that "purchased or otherwise acquired Alibaba securities between July 20, 2020 and November 3, 2020. . . ."  The third filed action is styled *Hess, as Trustee for the EH Living Trust v. Alibaba Group Holding Limited*, 21-cv-00136-UA (S.D.N.Y Jan. 7, 2021) (the "*Hess* Action") and was brought on behalf of "purchasers of Alibaba American Depositary Shares ("ADSs") between July 9, 2020 and December 23, 2020. . . ."

("Zhang"), the Company's Chief Executive Officer, and Maggie Wu ("Wu"), the Company's Chief Financial Officer, for violations of federal securities laws on behalf of a class of investors that purchased or otherwise acquired Alibaba securities between July 9, 2020 and December 23, 2020, both dates inclusive, (the "Class Period")[2] and were damaged thereby.

Pursuant to the PSLRA, this Court must appoint the member or members of the class "most capable of adequately representing the interests of class members" to serve as lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(B)(i). Mr. Popovich believes he is entitled to appointment as Lead Plaintiff as the movant with the largest financial interest that otherwise meets the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule").

As a preliminary matter, the Related Actions should be consolidated because they involve "a common question of law or fact." Fed. R. Civ. P. 42(a) ("Rule 42(a)"); § III.A., *infra*.

Once the Related Actions are consolidated, pursuant to the PSLRA, this Court must appoint the member or members of the class "most capable of adequately representing the interests of class members" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Mr. Popovich believes he is entitled to appointment as Lead Plaintiff as the movant with the largest financial interest that otherwise meets the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure.

In addition to asserting the largest financial interest in this litigation, Mr. Popovich also meets the applicable requirements of Rule 23 because (1) his claims arise from the same course of events as those of the other Class Members, (2) he relies on similar legal theories to prove

---

[2]    The Class Period as defined herein is the longest possible class period of the *Ciccarello, Romnek* and *Hess* actions. *See*, *e.g.*, *In re Bear Stearns Co., Inc. Sec., Deriv., & ERISA Litig.*, No. 08 M.D.L. 1963, 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009) (noting that when initial complaints allege multiple class periods, "the lead plaintiff analysis should utilize the most inclusive class period because it encompasses more potential class members") (citation omitted).

Defendants' liability, and (3) he has retained experienced counsel and is committed to vigorously prosecuting the Related Actions.

Further, Mr. Popovich fully understands the lead plaintiff's obligations under the PSLRA and is willing and able to undertake the responsibilities of a lead plaintiff to guarantee vigorous prosecution of the Related Actions. *See* Declaration of Frederic S. Fox in Support of the Motion of Thomas J. Popovich for Consolidation of the Related Actions, Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel ("Fox Decl."), dated January 12, 2021, Ex. B attached thereto.

Therefore, Mr. Popovich respectfully requests that the Court approve his choice of Kaplan Fox as lead counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Kaplan Fox is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for defrauded investors. *See* Fox Decl., Ex. D.

Accordingly, Mr. Popovich respectfully requests that the Court appoint him as Lead Plaintiff for the Class and approve his selection of lead counsel.

## II.    SUMMARY OF RELATED ACTIONS AND PROCEDURAL BACKGROUND

On November 13, 2020, the *Ciccarello* Action was filed in this District and notice was published to class members on *Business Wire* on November 13, 2020, as required by 15 U.S.C. § 78u-4(a)(3)(A)(i) of the Exchange Act (the "Notice"). *See* Fox Decl., Ex. A. The Notice advised Alibaba investors of the existence of a lawsuit against Defendants and the nature of Defendants' statements, omissions and conduct that allegedly damaged investors. *Id.* The Notice further advised class members of their right to move the Court to be appointed Lead Plaintiff within 60 days of the date of the Notice, or no later than January 12, 2021. *Id.*

3

Accordingly, Mr. Popovich now moves this Court to be appointed as Lead Plaintiff.

According to the Related Actions, Alibaba is an online and mobile commerce company that owns a 33% interest in Ant Small and Micro Financial Services Group Co., Ltd. ("Ant Group"). Compl. ¶ 2.[3] Ant Group is a financial technology company that is best known for operating Alipay, one of the largest mobile and online payments platforms. *Id.*

On July 20, 2020, Ant Group announced that it had begun the process of a concurrent initial public offering ("IPO") on the Shanghai and Hong Kong stock exchanges. *Id.* ¶ 3. On October 26, 2020, Ant Group priced its IPO and was set to raise $34.5 billion. *Id.*

On November 2, 2020, the *Financial Times* reported that Chinese regulators had met with Ant Group's controller, Jack Ma, Executive Chairman Eric Jing, and Chief Executive Officer Simon Hu. *Id.* ¶ 4. The article states that, though regulators did not provide details, "the Chinese word used to describe the interview - *yuetan* – generally indicates a dressing down by authorities." *Id.*

On November 3, 2020, the IPO was suspended because Ant Group "may not meet listing qualifications or disclosure requirements due to material matters" related to the meeting with regulators the previous day. . . ." *Id.* ¶ 5. On this news, Alibaba's share price fell $25.27, or 8%, to close at $285.57 per share on November 3, 2020, on unusually heavy trading volume. *Id.* ¶ 6.

Then, on December 23, 2020, Chinese authorities revealed that they had launched an antitrust investigation into Alibaba's monopolistic practices. *Hess* Action, Compl. ¶¶ 8, 38. Specifically, the State Administration for Market Regulation, the SAMR, revealed an antitrust investigation into Alibaba itself, acting on reports that Alibaba had improperly pressured

---

[3]     "Compl., ¶ __" refers to the complaint filed in the *Cirracello* Action.

merchants to exclusively sell goods on Tmall. *Id*.  On this news, the price of Alibaba's American Depositary Shares fell 13% - the biggest one-day decline ever. *Id*.

The Related Actions allege that throughout the Class Period Defendants knew, or recklessly disregarded, but failed to disclose, among other things, that (a) Alibaba had illicitly sought to circumvent Chinese laws and regulations, including laws regulating financial institutions and prohibiting anticompetitive behavior; (b) the Ant Group was predominantly a financial company subject to onerous Chinese banking regulations, including greater capital requirements than were disclosed to investors, rather than predominantly a technology company as represented; (c) that as a result of the foregoing, Ant Group's growth, prospects and the value proposition of the Ant Group IPO were far smaller than represented, (d) that Ant Group did not meet listing qualifications or disclosure requirements for certain material matters and Ant Group's IPO was likely to be suspended; (e) that Alibaba forced merchants using its Tmall platform to sign coercive exclusivity agreements and had engaged in other anticompetitive behavior; and (f) as a result, Alibaba's public statements were materially false and/or misleading at all relevant times.  Compl. ¶7; *Hess* Action, Compl. ¶9.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall appoint a lead plaintiff "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Faig v. Bioscrip, Inc.*, No. 13-cv-6922, 2013 WL 6705045, at *1 (S.D.N.Y. Dec. 19, 2013) ("The Court must decide whether to consolidate the actions before deciding on the competing motions for appointment as lead plaintiff.").  There are at least three related securities

5

class actions pending in this District on behalf of investors who purchased Alibaba securities during the Class Period at artificially inflated prices. *See* § I, *supra.*

Under Rule 42(a), consolidation is appropriate where the actions involve common questions of law or fact. *See Jakobsen v. Aphria, Inc.*, 18 Civ. 11376 (GBD), 2019 WL 1522598, at *1 (S.D.N.Y. March 27, 2019) (Daniels, J.); *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV 09-3007(SJF)(AKT), 2010 WL 3924862, at *2 (E.D.N.Y. Aug. 17, 2010); and *Baughman v. Pall Corp.*, 250 F.R.D. 121, 124 (E.D.N.Y. 2008). The Court has "broad discretion to determine whether consolidation is appropriate" under Rule 42(a). *Bioscrip*, 2013 WL 6705045, at *1 (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)). Courts have recognized that class action shareholder suits are well-suited for consolidation because unification conserves judicial resources, expedites pretrial proceedings, reduces case duplication, and lessens the confusion and delay that may result from prosecuting related class action cases separately. *See*, *e.g.*, *Kaplan*, 240 F.R.D. at 92 (consolidating securities class actions with common allegations noting "the well[-]recognized principle that the consolidation of stockholders' suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs") (citation omitted).

The Related Actions concern the same or similar parties, arise out of the same or similar courses of misconduct during substantially similar class periods, and involve substantially similar alleged issues of fact and law. Because consolidation will promote judicial efficiency and conserve the resources of the Class and all other parties, consolidation is appropriate pursuant to Rule 42(a), and the Court should grant the motion for consolidation of the Related Actions.

6

**B.       The PSLRA Standard for Appointing Lead Plaintiff**

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1). Specifically, within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)   that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as Lead Plaintiff in response to any such notice within 90 days after the date of publication of the notice, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. 15 U.S.C. § 78u-4(a)(3)(B).

Under the relevant sections of the Exchange Act, the Court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person which:

> (aa)   has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

7

C.      **Mr. Popovich Is the "Most Adequate Plaintiff"**

Mr. Popovich respectfully submits that he is the "most adequate plaintiff" because he has complied with the PSLRA procedural requirements, holds the largest financial interest of any movant, and satisfies Rule 23's typicality and adequacy requirements.  In addition, Mr. Popovich has duly signed and filed a certification stating that he is willing to serve as the representative party on behalf of the class.  *See* Fox Decl., Ex. B.  Finally, Mr. Popovich has selected and retained counsel experienced in the prosecution of securities class actions to represent the class.  *See id.*, Ex. D (Kaplan Fox Firm Resume).  Accordingly, Mr. Popovich satisfies the PSLRA's filing requirements for seeking appointment as lead plaintiff and therefore should be appointed Lead Plaintiff.

1.      **Mr. Popovich Has Satisfied the PSLRA's Procedural Requirements**

The *Ciccarello* Action was filed on November 13, 2020 and Notice was published over *Business Wire*, a national wire service, the same day. *See id.*, Ex. A.  Accordingly, the time period in which class members may move to be appointed lead plaintiff in this case expires on January 12, 2021.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, Mr. Popovich timely moved this Court to be appointed lead plaintiff on behalf of all members of the class.

2.      **Mr. Popovich Has the Largest Financial Interest in the Relief Sought by the Class**

Under the relevant sections of the Exchange Act, a rebuttable presumption exists whereby the plaintiff with the largest financial interest in the litigation and who otherwise satisfies the requirements of Rule 23 is presumed to be the most adequate plaintiff to lead the action.  15 U.S.C. § 78u-4(a)(3)(B)(iii); *see Lundy v. Ideanomics, Inc.*, 20 Civ. 4944 (GBD), 2020 WL 7389027, at *1 (S.D.N.Y. Dec. 16, 2020) (Daniels, J.); *Ellenburg III v. JA Solar Holdings Co. Ltd.*, 262 F.R.D.

8

262, 265 (S.D.N.Y. 2009).  Here, Mr. Popovich suffered substantial losses of approximately $284,070 as a result of transactions in Alibaba securities artificially inflated during the Class Period by the Defendants' false and misleading statements.  *See* Fox Decl., Exs. B and C.  Mr. Popovich is not aware of any other movant with a larger financial interest and believes he has the largest financial interest of any lead plaintiff movant.  Therefore, Mr. Popovich believes he is presumptively entitled to appointment as Lead Plaintiff.

### D.        Mr. Popovich Is Qualified Under Rule 23

The PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1)    the class is so numerous that joinder of all members is impracticable;
> (2)    there are questions of law or fact common to the class;
> (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representatives.  *See In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16cv03495, 2016 WL 5867497, at *4 (S.D.N.Y. Oct. 4, 2016) ("For the purposes of appointment as lead plaintiff pursuant to the PSLRA, however, 'the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'") (citation omitted).  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer

examination of the remaining requirements until the lead plaintiff moves for class certification. As detailed below, Mr. Popovich satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying their appointment as Lead Plaintiff for the Related Actions.

### 1.        Mr. Popovich's Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied when (1) the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other purported class members' claims, (2) the claims are based on the same legal theory, and (3) the purported class members and proposed lead plaintiff were injured by the same conduct.  *See, e.g.*, *In re Deutsche Bank Aktiengesellschaft*, 2016 WL 5867497, at *5 ("The typicality requirement is satisfied if each class member's claim 'arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'") (internal citations omitted).

The claims asserted by Mr. Popovich are based on the same legal theory and arise out of the same course of events as the other putative class members' claims.  Mr. Popovich transacted in Alibaba securities, as did each member of the proposed class, at prices artificially inflated by Defendants' false and misleading statements and were damaged thereby.  *Logan v. QRx Pharma Ltd.*, No. 15 CIV. 4868, 2015 WL 5334024, at *3 (S.D.N.Y. Sept. 14, 2015) (finding the typicality requirement met where movants' claims and injuries arose from the same conduct from which the other class members' claims and injuries arose).  Thus, Mr. Popovich satisfies the typicality requirement of Rule 23(a).

### 2.        Mr. Popovich Will Fairly and Adequately Represent the Class' Interests

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4).  A lead plaintiff is adequate where it has retained counsel that is "qualified, experienced and generally able to conduct the litigation" and does not

10

have interests that are "antagonistic" to the class that it seeks to represent. *Indergit v. Rite Aid Corp.*, 293 F.R.D. 632, 654 (S.D.N.Y. 2013) (citing *In re Drexel Burnham Lambert*, 960 F.2d 285, 291 (2d Cir. 1992)). Here, Mr. Popovich's interests are clearly aligned with the members of the proposed class, and there is no evidence of any antagonism between Mr. Popovich's interests and those of the class. As detailed above, Mr. Popovich's claims raise similar questions of law and fact as claims of the members of the class, and Mr. Popovich's claims are typical of the members of the class.

Further, Mr. Popovich has demonstrated his adequacy and willingness to serve as and assume the responsibilities of a lead plaintiff. *See* Fox Decl., Ex. B. Having suffered substantial losses, Mr. Popovich will serve as a zealous advocate and fiduciary on behalf of the class. In addition, Mr. Popovich has selected Kaplan Fox – counsel highly experienced in prosecuting securities class actions – to represent him. *See* Fox Decl., Ex. D. Thus, the close alignment of interests between Mr. Popovich and the other members of the class, as well as Mr. Popovich's strong desire to prosecute the Related Actions on behalf of the class, provide ample reason to grant Mr. Popovich's motion for appointment as Lead Plaintiff in the Related Actions. Accordingly, Mr. Popovich satisfies the prerequisites for appointment as Lead Plaintiff pursuant to the Exchange Act.

### 3.    This Court Should Approve Mr. Popovich's Choice of Counsel

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also In re Deutsche Bank Aktiengesellschaft*, 2016 WL 5867497, at *5 ("There is a 'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'") (citations omitted). Mr. Popovich has retained Kaplan Fox to file moving papers on his behalf seeking

11

appointment as Lead Plaintiff and to serve as lead counsel to pursue this litigation on behalf of himself and the class. Kaplan Fox possesses extensive experience in the area of securities litigation and for decades has successfully prosecuted numerous securities class actions on behalf of injured investors. *See* Fox Decl., Ex. D. Thus, the Court may be assured that, in the event the instant motion is granted, the members of the class will receive the highest caliber of legal representation available.

## IV.   CONCLUSION

For all of the foregoing reasons, Mr. Popovich respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Mr. Popovich as Lead Plaintiff; (3) approve Mr. Popovich's selection of Kaplan Fox as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated:  January 12, 2021                              Respectfully submitted,

*/s/ Frederic S. Fox*
Frederic S. Fox
Donald R. Hall
Laurence D. King
Pamela A. Mayer
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
Email: ffox@kaplanfox.com
dhall@kaplanfox.com
lkingl@kaplanfox.com
pmayer@kaplanfox.com

*Counsel for Proposed Lead Plaintiff Thomas J. Popovich and Proposed Lead Counsel for the Proposed Class*

12

## CERTIFICATE OF SERVICE

I, Frederic S. Fox, hereby certify that, on January 12, 2021, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

*/s/ Frederic S. Fox*
Frederic S. Fox