UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURA CICCARELLO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, and MAGGIE WU,<br><br>Defendants. | Case No.  1:20-cv-09568-GBD<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DINESHCHANDRA MAKADIA AND YAN TONGBIAO FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND APPROVAL OF LEAD COUNSEL |
| ROBERT ROMNEK, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, and MAGGIE WU,<br><br>Defendants. | Case No.  1:20-cv-10267-GBD |
| ELISSA HESS, AS TRUSTEE FOR THE EH LIVING TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, and MAGGIE WU,<br><br>Defendants. | Case No.  1:21-cv-00136-UA |

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 2

STATEMENT OF FACTS ...................................................................................................... 3

ARGUMENT .......................................................................................................................... 5

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES.. 5

II.     MAKADIA AND TONGBIAO SHOULD BE APPOINTED CO-LEAD PLAINTIFFS . 6

        A.      Makadia and Tongbiao Are Willing to Serve as Class Representatives................. 7

        B.      Makadia and Tongbiao Have the "Largest Financial Interest" in the Related
                Actions ................................................................................................................. 7

        C.      Makadia and Tongbiao Otherwise Satisfy the Requirements of Rule 23 .............. 8

III.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED... 12

CONCLUSION...................................................................................................................... 13

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB),
2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018).............................................................................9

*Barnet v. Elan Corp., PLC*,
236 F.R.D. 158 (S.D.N.Y. 2005) ...........................................................................................11

*Bassin v. Decode Genetics, Inc.*,
230 F.R.D. 313 (S.D.N.Y. 2005) .............................................................................................6

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
141 F.R.D. 229 (2d Cir. 1992) ..............................................................................................10

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
252 F.R.D. 188 (S.D.N.Y. 2008) .............................................................................................5

*Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN),
2018 WL 3093965 (S.D.N.Y. June 21, 2018) .........................................................................8

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS),
2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018).......................................................................10

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ...........................................................................................10

*In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK),
2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) ..................................................................11, 12

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)...............................................................................................8, 11

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)........................................................................8, 13

*In re Drexel Burnham Lambert Grp., Inc.*,
960 F.2d 285 (2d Cir. 1992)....................................................................................................9

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
2009 WL 2259502 (S.D.N.Y. July 29, 2009) ......................................................................5, 6

*In re Molson Coors Brewing Co. Sec. Litig.*,
233 F.R.D. 147 (D. Del. 2005) ..............................................................................................12

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ......................................................................................8

*In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS),
  2008 WL 2811358 (S.D.N.Y. July 7, 2008) ........................................................................9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ...........................................................................................9

*In re Tronox, Inc. Sec. Litig.*,
  262 F.R.D. 338 (S.D.N.Y. 2009) .........................................................................................5

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 113 (S.D.N.Y. 2010) .......................................................................................10

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990)...............................................................................................5

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ...........................................................................................9

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) .......................................................................................12

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
  1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ..........................................................................8

*Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
  No. 2:11-CV-289, 2012 WL 12985571 (D. Vt. Apr. 27, 2012) ........................................12

*Malcolm v. Nat'l Gypsum Co.*,
  995 F.2d 346 (2d Cir. 1993)..................................................................................................5

*Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN),
  2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017)......................................................................8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) .........................................................................................8

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008)................................................................................12

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731,
  2014 WL 1395059 (E.D. Pa. Apr. 10, 2014) .....................................................................12

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001) .......................................................................................11

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ........................................................................ *passim*

Private Securities Litigation Reform Act of 1995 ................................................1, 2, 7

## Rules

Fed. R. Civ. P. 23 ................................................................................................ *passim*

Fed. R. Civ. P. 42 ................................................................................................1, 5

Dineshchandra Makadia[1] ("Makadia") and Yan Tongbiao[2] ("Tongbiao") respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42, for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Makadia and Tongbiao as Co-Lead Plaintiffs on behalf of a class consisting of all persons and entities that purchased or otherwise acquired Alibaba Group Holding Limited ("Alibaba" or the "Company") securities between July 9, 2020 and December 23, 2020, inclusive (the "Class Period") (the "Class"); and (3) approving proposed Co-Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[3]

---

[1] Makadia pursues claims in this litigation both on his own behalf and on behalf of his qualified employer-sponsored retirement plan, Dineshchandra Makadia, D.D.S. Defined Benefit Pension Plan, his wife, Asha Makadia, and his son, Dushyant Makadia, each from which he has received a valid assignment of those claims. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A.

[2] Tongbiao pursues claims in this litigation both on his own behalf and on behalf of a holding company he owns, Peaktop Holdings Limited, from which he has received a valid assignment of those claims. *See* Lieberman Decl., Ex. B.

[3] The complaint in the first-filed of the Related Actions, styled *Ciccarello v. Alibaba Group Holding Limited et al.*, No. 1:20-cv-09568 (the "*Ciccarello* Action"), filed in this Court on November 13, 2020, alleges a class period that only includes persons and entities that purchased or otherwise acquired Alibaba securities between October 21, 2020 and November 3, 2020, inclusive. On December 4, 2020, Pomerantz filed the related action styled *Romnek v. Alibaba Group Holding Limited et al.*, No. 1:20-cv-10267 (the "*Romnek* Action") in this Court, alleging substantially the same wrongdoing against the same defendants, and with a larger class period including all persons and entities that purchased or otherwise acquired Alibaba securities between July 20, 2020 and November 3, 2020, inclusive. Finally, on January 7, 2021, the related action styled *Hess v. Alibaba Group Holding Limited et al.*, No. 1:21-cv-00136 (the "*Hess* Action") was also filed in this Court, alleging substantially the same wrongdoing as the other Related Actions against the same defendants, with a larger class period on behalf of a subset of investors including all purchasers of Alibaba American Depositary Shares ("ADSs") between July 9, 2020 and December 23, 2020, inclusive. Therefore, without conceding which of the Related Actions alleges the appropriate class or class period, and to avoid excluding any potential class members, this motion has adopted the largest class period alleged in the *Hess* Action and the broader class of investors specified in the *Ciccarello* Action and *Romnek* Action

PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. Alibaba investors, including Makadia and Tongbiao, incurred significant losses following the disclosure of the Company's alleged fraud, which caused Alibaba's share price to fall sharply, damaging Makadia, Tongbiao, and other Alibaba investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with their purchases of Alibaba securities during the Class Period, Makadia and Tongbiao collectively incurred losses of approximately $2,237,802. *See* Lieberman Decl., Ex. C. Accordingly, Makadia and Tongbiao believe that they have the largest financial interest in the relief sought in the Related Actions.

Beyond their considerable financial interest, Makadia and Tongbiao also meet the applicable requirements of Rule 23 because their claims are typical of absent Class members and because they will fairly and adequately represent the interests of the Class.

To fulfill their obligations as Co-Lead Plaintiffs and vigorously prosecute the Related Actions on behalf of the Class, Makadia and Tongbiao have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

---

on behalf of all persons and entities that purchased or otherwise acquired Alibaba securities, rather than merely purchasers of Alibaba ADSs.

Accordingly, Makadia and Tongbiao respectfully request that the Court enter an order consolidating the Related Actions, appointing Makadia and Tongbiao as Co-Lead Plaintiffs for the Class, and approving Makadia's and Tongbiao's selection of Pomerantz as Lead Counsel for the Class.

STATEMENT OF FACTS

As alleged in the complaints of the Related Actions, Alibaba is an online and mobile commerce company. Alibaba owns a 33% equity interest in Ant Small and Micro Financial Services Group Co., Ltd. ("Ant Group"), a financial technology company that is best known for operating Alipay, one of the largest mobile and online payments platforms.

On July 20, 2020, Ant Group announced that it had begun the process of a concurrent initial public offering ("IPO") on the Shanghai and Hong Kong stock exchanges. On October 26, 2020, Ant Group priced its IPO and was set to raise $34.5 billion, making it the largest public offering in history.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (i) Ant Group did not meet listing qualifications or disclosure requirements for certain material matters; (ii) certain impending changes in the Fintech regulatory environment would impact Ant Group's business; (iii) as a result of the foregoing, Ant Group's IPO was reasonably likely to be suspended; (iv) Alibaba had illicitly sought to circumvent Chinese laws and regulations, including laws regulating financial institutions and prohibiting anticompetitive behavior; (v) Alibaba had forced merchants using its Tmall platform to sign coercive exclusivity agreements and had engaged in other anticompetitive behavior; and (vi) as a result of the foregoing,

3

Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On November 2, 2020, *Financial Times* reported that Chinese regulators had met with Ant Group's controller Jack Ma, executive chairman Eric Jing, and Chief Executive Officer Simon Hu. The article stated that, though regulators did not provide details, "the Chinese word used to describe the interview – *yuetan* – generally indicates a dressing down by authorities." The article also included a statement from Ant Group that it will "implement the meeting opinions in depth."

On November 3, 2020, the IPO was suspended because Ant Group "may not meet listing qualifications or disclosure requirements due to material matters" related to the meeting with regulators the previous day and "the recent changes in the Fintech regulatory environment."

On this news, Alibaba's ADS price fell $25.27 per share, or 8%, to close at $285.57 per share on November 3, 2020, on unusually heavy trading volume.

On November 10, 2020, China's anti-monopoly regulator, the State Administration for Market Regulation, published draft rules aimed at curtailing Alibaba's exclusive cooperation pacts.

On this news, Alibaba's ADS price fell an additional 8%.

Then, on December 23, 2020, Chinese authorities revealed an antitrust investigation into Alibaba itself, acting on reports that Alibaba had improperly pressured merchants to exclusively sell goods on Tmall. Regulators stressed the need to "'guide Ant Group to implement financial supervision, fair competition and protect the legitimate rights and interests of consumers.'"

On this news, Alibaba's ADS price fell 13% – the biggest one-day decline ever.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs in the Related Actions and other Class members have suffered significant losses and damages.

ARGUMENT

I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same).  Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *1-*3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action is brought against the Company, as well as certain officers or directors of the

5

Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Alibaba's securities and subsequently damaged the Class when the Company's share price plummeted as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 WL 2259502, at *2 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## II. MAKADIA AND TONGBIAO SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

Makadia and Tongbiao should be appointed Co-Lead Plaintiffs because, to their knowledge, they have the largest financial interest in the Related Actions and otherwise satisfy the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

6

 (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Makadia and Tongbiao satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

A.    Makadia and Tongbiao Are Willing to Serve as Class Representatives

On November 13, 2020, counsel for plaintiff in the *Ciccarello* Action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "PSLRA Notice"), which announced that a securities fraud class action had been filed against Defendants, and which advised investors in Alibaba securities that they had 60 days from the date of the PSLRA Notice—*i.e.*, until January 12, 2021—to file a motion to be appointed as lead plaintiff.  *See* Lieberman Decl., Ex. D.

Makadia and Tongbiao have filed the instant motion pursuant to the PSLRA Notice, and have attached sworn Certifications attesting that they are willing to serve as representatives for the Class, and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. E. Accordingly, Makadia and Tongbiao satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

B.    Makadia and Tongbiao Have the "Largest Financial Interest" in the Related Actions

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of their knowledge, Makadia and Tongbiao have the largest financial interest of any Alibaba investor or investor group seeking to serve as Lead Plaintiffs.  For claims arising under federal securities laws, courts frequently assess

7

financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[4] these *Lax* factors have been adopted and routinely applied by courts in this judicial district.  *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, Makadia and Tongbiao collectively: (1) purchased 53,000 Alibaba ADSs; (2) expended $15,121,413 on their purchases of Alibaba ADSs; (3) retained 41,000 of their Alibaba ADSs; and (4) as a result of the disclosures of the fraud, incurred losses of approximately $2,237,802 in connection with their Class Period purchases of Alibaba securities. *See* Lieberman Decl., Ex. C.  To the extent that Makadia and Tongbiao possess the largest financial interest in the outcome of this litigation, they are the presumptive "most adequate" plaintiffs.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

C.      Makadia and Tongbiao Otherwise Satisfy the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must

---

[4] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

"otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required.").  Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 WL 1634872, at *3 ("[C]ourts need only consider the typicality and adequacy requirements."). Here, the complaints in the Related Actions sufficiently plead Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Makadia and Tongbiao.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).  "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are

factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

The claims of Makadia and Tongbiao are typical of those of the Class. Makadia and Tongbiao allege, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning Alibaba. Makadia and Tongbiao, as did all Class members, purchased Alibaba securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations and/or omissions that drove Alibaba's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Makadia and Tongbiao have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as the Related Actions, and submit their choice of Pomerantz to the Court for approval pursuant

10

to 15 U.S.C. § 78u-4(a)(3)(B)(v).  There is no evidence of antagonism or conflict between the interests of Makadia and Tongbiao and the interests of the Class.  Moreover, Makadia and Tongbiao have submitted signed Certifications declaring their commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. E), and the significant losses incurred by Makadia and Tongbiao demonstrate that they have a sufficient interest in the outcome of this litigation to ensure vigorous adequacy.

Moreover, Makadia and Tongbiao constitute an appropriate group of the type routinely appointed to serve as Co-Lead Plaintiffs.  *See, e.g.*, *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiffs); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d. Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff.") (citation omitted).

Further demonstrating their adequacy, Makadia and Tongbiao have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that they are prepared to take to cooperatively prosecute this litigation on behalf of the Class.  *See* Lieberman Decl., Ex. F. Courts routinely appoint more than one investor as Lead Plaintiffs under such circumstances.

11

*See, e.g.*, *Blue Apron*, 2017 WL 6403513, at \*4 (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731, 2014 WL 1395059, at \*7-\*9, \*12 (E.D. Pa. Apr. 10, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-CV-289, 2012 WL 12985571, at \*3 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

## III.   CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with lead plaintiffs' choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Makadia and Tongbiao have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  *See* Lieberman Decl., Ex. G.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo

Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See* Lieberman Decl., Ex. G. Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See* THE WALL STREET JOURNAL, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-for-110-million-11554746066).

As a result of Pomerantz's extensive experience in securities litigation and class actions involving issues similar to those raised in the Related Actions, Pomerantz has the skill and knowledge necessary to enable the effective and expeditious prosecution of the Related Actions. Thus, the Court may be assured that by approving the selection of counsel by Makadia and Tongbiao, the members of the Class will receive the best legal representation available.

CONCLUSION

For the foregoing reasons, Makadia and Tongbiao respectfully request that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Makadia and Tongbiao as Co-Lead Plaintiffs for the Class; and (3) approving proposed Co-Lead Plaintiffs' selection of Pomerantz as Lead Counsel for the Class.

Dated: January 12, 2021                    Respectfully submitted,

                                           POMERANTZ LLP

                                           */s/ Jeremy A. Lieberman*
                                           Jeremy A. Lieberman
                                           J. Alexander Hood II
                                           James M. LoPiano
                                           600 Third Avenue

13

New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Dineshchandra Makadia and Yan
Tongbiao and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Dineshchandra Makadia*

14