UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LAURA CICCARELLO, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:20-cv-09568-GBD |
| Plaintiff, | : : | CLASS ACTION |
| vs. | : : | |
| ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, and MAGGIE WU, | : : : | |
| Defendants. | : : | |
| ROBERT ROMNEK, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:20-cv-10267-GBD |
| Plaintiff, | : : | CLASS ACTION |
| vs. | : : | |
| ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, and MAGGIE WU, | : : : | |
| Defendants. | : : | |

[Caption continued on following page.]

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4835-2280-5462.v1

| | | |
|---|---|---|
| ELISSA HESS, AS TRUSTEE FOR THE EH LIVING TRUST, Individually and on Behalf of All Others Similarly Situated, | : : : : | Civil Action No. 1:21-cv-00136-UA <br><br> CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : | |
| ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG and MAGGIE WU, | : : : | |
| Defendants. | : : : | |

4835-2280-5462.v1

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1

II. SUMMARY OF THE ACTION ...........................................................................................2

III. ARGUMENT ........................................................................................................................4

    A. The Related Actions Should Be Consolidated ...........................................................4

    B. The Pension Fund Should Be Appointed Lead Plaintiff ............................................5

        1. The Pension Fund's Motion Is Timely ............................................................6

        2. The Pension Fund Possesses a Substantial Financial Interest .......................6

        3. The Pension Fund Satisfies the Rule 23 Typicality and Adequacy Requirements ...................................................................................................6

    C. The Pension Fund's Selection of Counsel Should Be Approved ..............................8

IV. CONCLUSION ....................................................................................................................10

4835-2280-5462.v1

## TABLE OF AUTHORITIES

Page

**CASES**

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*,
  269 F.R.D. 291 (S.D.N.Y. 2010) ................................................................................................7

*City of Roseville Emps.' Ret. Sys. v. Nokia Corp.*,
  No. 1:10-cv-00967-GBD, (S.D.N.Y. June 9, 2010) .....................................................................9

*Franchi v. SmileDirectClub, Inc.*,
  No. 3:19-cv-00962, (M.D. Tenn. Jan. 27, 2020) .........................................................................7

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
  No. 8:15-cv-00865-AG (C.D. Cal.) ..............................................................................................9

*In re Am. Realty Capital Props., Inc. Litig.*,
  No. 1:15-mc-00040-AKH, (S.D.N.Y. Jan. 21, 2020) ...................................................................9

*In re Cardinal Health, Inc. Sec. Litig.*,
  No. 2:04-cv-00575-ALM (S.D. Ohio) .........................................................................................10

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ........................................................................................................7

*In re Enron Corp. Sec. Litig.*,
  No. 4:01-cv-03624 (S.D. Tex.) ...................................................................................................10

*In re HealthSouth Corp. Sec. Litig.*,
  No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ................................................................................10

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
  No. 1:01-cv-01451-REB-KLM (D. Colo.) ..................................................................................10

*In re UnitedHealth Group Inc. Sec. Litig.*,
  No. 0:06-cv-01691-JMR-FLN (D. Minn.) ..................................................................................10

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
  No. 3:15-cv-07658-MAS-LHG (D.N.J.) .......................................................................................9

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ................................................................................................1, 5

*La. Sheriffs' Pension & Relief Fund v. Cardinal Health, Inc.*,
  2020 WL 3396660 (S.D. Ohio June 19, 2020) ............................................................................7

4835-2280-5462.v1

                                                                                                          **Page**

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
    No. 1:02-cv-05893 (N.D. Ill.) ..................................................................................................10

*Lopez v. CTPartners Exec. Search Inc.*,
    2015 WL 2431484 (S.D.N.Y. May 18, 2015) ...........................................................................6

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
    No. 1:08-cv-10783, (S.D.N.Y. May 2, 2016) ...........................................................................9

*Smilovits v. First Solar, Inc.*,
    No. 2:12-cv-00555-DGC (D. Ariz.)..........................................................................................9

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
    §78j(b)........................................................................................................................................1
    §78t(a) .......................................................................................................................................1
    §78u-4(a)(1) ..............................................................................................................................5
    §78u-4(a)(3)(A)(i) .....................................................................................................................5
    §78u-4(a)(3)(B)(i) .....................................................................................................................1
    §78u-4(a)(3)(B)(ii) ................................................................................................................1, 4
    §78u-4(a)(3)(B)(iii)................................................................................................................1, 5
    §78u-4(a)(3)(B)(iii)(I)(cc) .........................................................................................................6
    §78u-4(a)(3)(B)(v) .................................................................................................................2, 8

Federal Rules of Civil Procedure
    Rule 23 ...........................................................................................................................1, 5, 6, 8
    Rule 42 ......................................................................................................................................1
    Rule 42(a)..................................................................................................................................4

## LEGISLATIVE HISTORY

H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730..........................8

4835-2280-5462.v1

**I.     INTRODUCTION**

Presently pending before this Court are three securities class action lawsuits (the "Related Actions") brought on behalf of purchasers of Alibaba Group Holding Limited ("Alibaba" or the "Company") shares seeking to pursue remedies under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") against the Company and certain of its senior executives.[1] Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, consolidation is appropriate under Rule 42 because the Related Actions involve common legal and factual questions.

After deciding consolidation, the PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, 1199 SEIU Health Care Employees Pension Fund (the "Pension Fund") is the "most adequate plaintiff" to represent the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition to timely filing its motion, the Pension Fund has a significant financial interest and meets the Rule 23 typicality and adequacy requirements. Finally, the Pension Fund has selected Robbins Geller Rudman & Dowd LLP, a firm with extensive experience

---

[1] The Related Actions are: (1) *Ciccarello v. Alibaba Group Holding Ltd.*, No. 1:20-cv-09568, filed on behalf of investors who purchased or otherwise acquired Alibaba securities between October 21, 2020 and November 3, 2020, inclusive; (2) *Romnek v. Alibaba Group Holding Ltd.*, No. 1:20-cv-10267, filed on behalf of investors who purchased or otherwise acquired Alibaba securities between July 20, 2020 and November 3, 2020, inclusive; and (3) *Elissa Hess, as Trustee for The EH Living Trust v. Alibaba Group Holding Ltd.*, No. 1:21-cv-00136, filed on behalf of investors who purchased or otherwise acquired Alibaba American Depositary Shares ("ADSs") between July 9, 2020 and December 23, 2020, inclusive. For purposes of this motion, the longest and most inclusive alleged class period is used – July 9, 2020 through December 23, 2020, inclusive (the "Class Period"). *See, e.g.*, *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) ("For the purposes of [the lead plaintiff] analysis, we use the longer class period with the earlier start date.").

prosecuting complex securities class actions, to serve as lead counsel for the putative class in the event its motion is granted. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

Because the Pension Fund satisfies the PSLRA criteria, its motion should be granted.

## II.   SUMMARY OF THE ACTION[2]

Alibaba is the largest e-retailer in the world and operates, among other online marketplaces, Tmall, an online and mobile commerce platform. Alibaba also owns a 33% equity interest in Ant Small and Micro Financial Services Group Co., Ltd. ("Ant Group"), a financial technology company best known for operating Alipay, a mobile and online payment platform. On July 20, 2020, Ant Group announced it was preparing for its initial public offering ("IPO"), which aimed to raise $34 billion. Alibaba represented that the IPO would be a significant boon to the Company, as the market was purportedly "assigning very little value to [its] stake in Ant Group." *Elissa Hess, as Trustee for The EH Living Trust*, ECF No. 1 at ¶3.

The complaints allege that throughout the Class Period, defendants violated the federal securities laws by disseminating false and misleading statements to the investing public and/or failing to disclose the following adverse facts: (a) that Alibaba had illicitly sought to circumvent Chinese laws and regulations, including laws regulating financial institutions and prohibiting anticompetitive behavior; (b) that Ant Group was predominantly a financial company subject to onerous Chinese banking regulations, including greater capital requirements than were disclosed to investors, rather than predominantly a technology company as represented; (c) that, as a result of the foregoing, Ant Group's growth, prospects and the value proposition of the Ant Group IPO were far smaller than represented; (d) that Alibaba had forced merchants using its Tmall platform to sign

---

[2]   These allegations are mostly based on the *Elissa Hess, as Trustee for The EH Living Trust* complaint.

coercive exclusivity agreements and had engaged in other anticompetitive behavior; and (e) as a result, Alibaba's public statements were materially false and/or misleading at all relevant times.

The Class Period begins on July 9, 2020, when Alibaba filed its annual report on Form 20-F with the U.S. Securities and Exchange Commission stating that Alibaba's "business practices do not violate anti-monopoly or unfair competition laws." Thereafter, on July 20, 2020, Ant Group announced it was preparing for its IPO, which aimed to raise $34 billion. In the release, Ant Group's Executive Chairman and Alibaba director Eric Jing stated that the IPO was possible due to recent exchange rule changes that would allow "'global investors to access leading-edge technology companies from the most dynamic economies in the world.'" *Elissa Hess, as Trustee for The EH Living Trust*, ECF No. 1 at ¶26. Defendants also represented that the IPO would be a significant boon to the Company because of Alibaba's financial stake in Ant Group. For example, on September 30, 2020, Alibaba's CFO, defendant Maggie Wu, addressing the Company's Investor Day audience, asserted that "the market is also assigning very little value to our stake in Ant Group. Well, since many of you want to invest in Ant and you're looking for allocation, you know the valuation, and the market will soon tell the valuation." *Id.* at ¶27.

On November 2, 2020, the *Financial Time*s reported that Chinese regulators had conducted "regulatory interviews" with Ant Group's controller Jack Ma, executive chairman Eric Jing, and Chief Executive Officer Simon Hu. The article stated that the executives received a "dressing down by authorities." *Id.* at ¶31. The article also included a statement from Ant Group that it will "'implement the meeting opinions in depth.'" *Id.* On November 3, 2020, Ant Group suspended its IPO because Ant Group "may not meet listing qualifications or disclosure requirements due to material matters." *Id.* at ¶33. As *Bloomberg* explained, "[i]f the Ant IPO gets back on track, analysts are predicting a much lower valuation with multiples closer to banks, as the regulatory risks

show it's more 'fin' than 'tech.'" *Id.* at ¶35. On this news, the price of Alibaba's ADSs fell more than 8%.

Then, on November 10, 2020, China's anti-monopoly regulator, the State Administration for Market Regulation ("SAMR"), published draft rules aimed at curtailing Alibaba's coercive cooperation pacts, causing Alibaba ADSs to suffer another 8% decline.

Finally, on December 23, 2020, Chinese authorities revealed an antitrust investigation into Alibaba itself, acting on reports that Alibaba had improperly pressured merchants to exclusively sell goods on Tmall. Regulators stressed the need to "'guide Ant Group to implement financial supervision, fair competition and protect the legitimate rights and interests of consumers.'" *Id.* at ¶38. On this news, the price of Alibaba's ADSs fell an additional 13% – Alibaba's biggest one-day decline ever.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of Alibaba shares, the Pension Fund and other class members have suffered significant losses and damages.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present

- 4 -

sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.'" *Kaplan*, 240 F.R.D. at 91.

Here, the Related Actions present nearly identical factual and legal issues, allege identical claims in overlapping class periods, and name identical defendants.[3] *See generally Ciccarello*, ECF No. 1; *Romnek*, ECF No. 1; *Elissa Hess, as Trustee for The EH Living Trust*, ECF No. 1. Accordingly, consolidation is appropriate here.

### B.     The Pension Fund Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

>  (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  The Pension Fund meets each of these requirements and should therefore be appointed Lead Plaintiff.

---

[3]   The *Ciccarello* and the *Romnek* actions seek to represent investors who purchased Alibaba securities while the *Elissa Hess, as Trustee for The EH Living Trust* action seeks to represent investors who purchased Alibaba ADSs.

- 5 -

### 1. The Pension Fund's Motion Is Timely

On November 13, 2020, notice of the first-filed *Ciccarello* action was published on *Business Wire* advising class members of the pendency of the action, its alleged claims, its class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days. *See* Declaration of David A. Rosenfeld in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A. Because the Pension Fund's motion was timely filed by the statutory deadline, the Pension Fund is entitled to be considered for appointment as lead plaintiff.

### 2. The Pension Fund Possesses a Substantial Financial Interest

During the Class Period, the Pension Fund purchased 45,597 Alibaba ADSs and suffered approximately $2 million in losses. *See* Rosenfeld Decl., Exs. B, C. To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3. The Pension Fund Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). While Rule 23 has four requirements for class certification, "[a]t this early stage of litigation" "'only the last two factors – typicality and adequacy – are pertinent.'" *Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015) (citation omitted). "A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted). "A lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'" *Id.* (citation omitted).

- 6 -

As its Certification and loss chart evidence, the Pension Fund purchased Alibaba ADSs during the Class Period and suffered harm when defendants' alleged misconduct was revealed. *See* Rosenfeld Decl., Exs. B, C.  In addition, the Pension Fund's substantial stake in the outcome of the case indicates that it has the requisite incentive to vigorously represent the class's claims.  The Pension Fund is not aware of any conflicts between its claims and those asserted on behalf of the putative class and is not subject to any unique defenses.

Moreover, the Pension Fund – a multi-employer Taft-Hartley defined benefit plan providing benefits to approximately 260,000 current or former health care workers, and their beneficiaries, in New York City and the surrounding areas – is a sophisticated institutional investor with approximately $11 billion in assets under management.  The Pension Fund is also familiar with the requirements and responsibilities of overseeing complex class action litigation and has discharged those duties as a lead plaintiff in other securities class actions.  *See, e.g.*, *La. Sheriffs' Pension & Relief Fund v. Cardinal Health, Inc.*, 2020 WL 3396660 (S.D. Ohio June 19, 2020) (appointing the Pension Fund as lead plaintiff); *Franchi v. SmileDirectClub, Inc.*, No. 3:19-cv-00962, ECF No. 68 (M.D. Tenn. Jan. 27, 2020) (same).

The Pension Fund is thus precisely the type of movant whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001); *see City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 294 (S.D.N.Y. 2010) ("The drafters of the PSLRA sought to reduce the influence of lawyers on class action securities suits by weighting the determination of lead plaintiff in favor of large institutional

investors."); H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Finally, as discussed below, the Pension Fund has selected qualified counsel experienced in securities litigation as lead counsel. Thus, the Pension Fund's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel confirm its satisfaction of the Rule 23 requirements.

### C. The Pension Fund's Selection of Counsel Should Be Approved

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, the Pension Fund has selected Robbins Geller to serve as Lead Counsel for the proposed class.[4]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *City of Roseville Emps.' Ret. Sys. v. Nokia Corp.*, No. 1:10-cv-00967-GBD, ECF No. 38 (S.D.N.Y. June 9, 2010) (Daniels, J.) (appointing Robbins Geller as lead counsel

---

[4] For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

and recognizing that the Firm is "qualified, experienced and generally able to conduct the litigation"); *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (concerning Robbins Geller's role as lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (concerning Robbins Geller's role as lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers. They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law. I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute . . . . Counsel, you can all be proud of what you've done for your clients. You've done an extraordinarily good job.").

Notably, in 2020, Robbins Geller recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty*, $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) (pending final approval), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury

returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[5]

Thus, the Court can be assured that by approving the Pension Fund's choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber of representation.

## IV. CONCLUSION

The Related Actions are nearly identical and should be consolidated for all purposes. Additionally, the Pension Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Pension Fund respectfully requests that the Court consolidate the Related Actions, appoint it as Lead Plaintiff, and approve its selection of Lead Counsel.

DATED: January 12, 2021                    Respectfully submitted,

                                              ROBBINS GELLER RUDMAN
                                                 & DOWD LLP
                                              SAMUEL H. RUDMAN
                                              DAVID A. ROSENFELD

                                                      *s/ David A. Rosenfeld*
                                                      DAVID A. ROSENFELD

---

[5] *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

        58 South Service Road, Suite 200
        Melville, NY  11747
        Telephone:  631/367-7100
        631/367-1173 (fax)
        srudman@rgrdlaw.com
        drosenfeld@rgrdlaw.com

        ROBBINS GELLER RUDMAN
          & DOWD LLP
        DANIELLE S. MYERS
        BRIAN E. COCHRAN
        JUAN CARLOS SANCHEZ
        655 West Broadway, Suite 1900
        San Diego, CA  92101-8498
        Telephone:  619/231-1058
        619/231-7423 (fax)
        dmyers@rgrdlaw.com
        bcochran@rgrdlaw.com
        jsanchez@rgrdlaw.com

        [Proposed] Lead Counsel for [Proposed] Lead
        Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 12, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
   & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4835-2280-5462.v1

# Mailing Information for a Case 1:20-cv-09568-GBD Ciccarello v. Alibaba Group Holding Limited et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Frederic Scott Fox , Sr**
  ffox@kaplanfox.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`