UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURA CICCARELLO, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, and MAGGIE WU, <br><br> Defendants. | Case No.  1:20-cv-09568-GBD <br><br> MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF DINESHCHANDRA MAKADIA AND YAN TONGBIAO FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND APPROVAL OF LEAD COUNSEL |
| ROBERT ROMNEK, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, and MAGGIE WU, <br><br> Defendants. | Case No.  1:20-cv-10267-GBD |
| ELISSA HESS, AS TRUSTEE FOR THE EH LIVING TRUST, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, and MAGGIE WU, <br><br> Defendants. | Case No.  1:21-cv-00136-UA |

Movants Makadia and Tongbiao[1] respectfully submit this memorandum of law in further support of their motion for consolidation of the Related Actions, appointment as Lead Plaintiffs and approval of their selection of Pomerantz as Lead Counsel (Dkt. No. 13); and in response to the motions of Salem Gharsalli ("Gharsalli") (Dkt. No. 6) and 1100 SEIU Health Care Employees Pension Fund (the "Pension Fund") (Dkt. No. 16).[2]

## PRELIMINARY STATEMENT

The Related Actions are putative class action securities fraud lawsuits on behalf of investors in Alibaba securities.  As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as Lead Plaintiff the movant with the greatest financial interest in the outcome of the action; *and* who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant appears to be Gharsalli, having both (i) alleged a loss of approximately $2.93 million in connection with the Defendants' alleged fraud and (ii) made a preliminary showing of adequacy and typicality within the meaning of Rule 23.  *See generally* Dkt. No. 15. Should the Court decline to appoint Gharsalli for any reason, however, then Makadia and Tongbiao would then qualify as the presumptive "most adequate plaintiffs"—*i.e.*, the presumptive Lead Plaintiffs—pursuant to the Lead Plaintiff appointment process delineated in the PSLRA.

---

[1] All capitalized terms herein are defined in Makadia and Tongbiao's moving brief, unless otherwise indicated.  *See* Dkt. No. 15.

[2] Initially another putative class member, Thomas J. Popovich ("Popovich"), filed a similar motion.  *See* Dkt. No. 9.  On January 26, 2020, Popovich filed a notice of non-opposition to the competing motions, stating that "[h]aving reviewed the competing motions and memoranda in support, it appears that . . . Popovich does not possess the largest financial interest in the relief sought by the class."  Dkt. No. 25.

1

| Movant | Loss |
|---|---|
| Gharsalli | $2.93 million |
| Makadia and Tongbiao | $2.24 million |
| Pension Fund | $2 million |

As the table above reflects, Makadia and Tongbiao have alleged the next-largest loss in connection with the alleged fraud after Gharsalli, and thus have the next-largest financial interest in this litigation. *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018) (equating financial interest with economic loss); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017) (same).

Makadia and Tongbiao also satisfy the adequacy and typicality requirements of Rule 23. Makadia and Tongbiao are aware of no conflict between their interests and those of the Class, their losses incurred as a result of the alleged fraud give them a sufficient stake in the outcome of this action to ensure vigorous advocacy, and in Pomerantz, Makadia and Tongbiao have retained qualified and experienced counsel. *Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575, at *6 (S.D.N.Y. Apr. 12, 2018). Makadia and Tongbiao, like all members of the Class, purchased Alibaba securities at prices artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon disclosure of those misrepresentations or omissions. *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018).

Moreover, Makadia and Tongbiao comprise a small and cohesive partnership of investors who have further demonstrated their adequacy by the submission of a Joint Declaration contemporaneously with their motion, attesting to, *inter alia*, their shared understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA and their preparedness to coordinate their efforts to prosecute this action diligently on behalf of the Class. *See* Dkt. No. 20-6. In

*China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018), the Supreme Court recently affirmed the propriety of appointing such groups as lead plaintiff, finding that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups". *See also In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 U.S. Dist. LEXIS 207531, at *13 (E.D.N.Y. Dec. 15, 2017) (affirming adequacy of group of four investors to serve as Lead Plaintiff under similar circumstances).

For the reasons set forth herein, should the Court decline to appoint Gharsalli as Lead Plaintiff for any reason, then Makadia and Tongbiao respectfully request that the Court grant their motion in its entirety.

## ARGUMENT

**I.    MAKADIA AND TONGBIAO SHOULD BE APPOINTED AS LEAD PLAINTIFFS IF THE COURT DECLINES TO APPOINT GHARSALLI AS LEAD PLAINTIFF**

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The movant that has the largest financial interest must "make a *prima facie* showing that they meet [the requirements] of Rule 23."  *Aude*, 2018 U.S. Dist. LEXIS 57591, at *8; *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007).  Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, having alleged a loss of approximately $2.93 million in connection with the Defendants' alleged fraud and having made a *prima facie* showing that he is adequate and typical within the meaning of Rule 23, Gharsalli appears to be the presumptive Lead Plaintiff in this Action.  However, if the Court declines to appoint Gharsalli as Lead Plaintiff, then Makadia and

Tongbiao would become the presumptive Lead Plaintiffs in this litigation. Their significant loss of $2.24 million gives them the next-largest financial interest in the Related Actions after Gharsalli, and they have made the requisite *prima facie* showings of adequacy and typicality within the meaning of Rule 23.

### A. Makadia and Tongbiao Have the Largest Financial Interest in the Relief Sought by the Class After Gharsalli

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts recognize that the amount of financial loss is the most significant factor to be considered. *See*, *e.g.*, *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) ("[W]e, as have other courts, shall place the most emphasis on . . . the approximate loss suffered by the movant"); *Chahal*, 2018 U.S. Dist. LEXIS 104185, at *12 (equating financial interest with economic loss); *Nurlybaev*, 2017 U.S. Dist. LEXIS 187238, at *3 (same).

Under the foregoing analysis, among the competing movants, only Gharsalli has a larger financial interest in the litigation than Makadia and Tongbiao. The following chart summarizes the respective financial interests of the movants before the Court:

| Movant | Loss |
|---|---|
| Gharsalli | $2.93 million |
| *Makadia and Tongbiao* | *$2.24 million* |
| Pension Fund | $2 million |

As shown above, Makadia and Tongbiao suffered a loss of roughly $2.24 million in connection with the Defendants' alleged malfeasance—significantly more than the $2 million loss alleged by the Pension Fund, the only other movant beside Gharsalli. As such, after

Gharsalli, Makadia and Tongbiao clearly have the next-largest financial interest in this litigation within the meaning of the PSLRA.

### B.  Makadia and Tongbiao Satisfy the Requirements of Rule 23

Makadia and Tongbiao have also made the requisite *prima facie* showing that they satisfy the typicality and adequacy requirements of Rule 23.  *See Aude*, 2018 U.S. Dist. LEXIS 57591, at *8; *Kaplan*, 240 F.R.D. at 94.  First, Makadia and Tongbiao's claims satisfy the typicality requirement of Rule 23(a)(3) because their claims against Alibaba and the other Defendants are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.  *See*, *e.g.*, *In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008).  Second, Makadia and Tongbiao satisfy the adequacy requirement of Rule 23(a)(4) because "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Foley*, 272 F.R.D. at 131; *see also Dookeran*, 2018 U.S. Dist. LEXIS 62575, at *6.

### C.  Makadia and Tongbiao Satisfy the Requirements of Rule 23

Makadia and Tongbiao are an appropriate group, and as such the Court should consider their aggregate financial interest in this litigation in determining the most adequate plaintiff for the Class.  *See*, *e.g.*, *China Agritech*, 138 S. Ct. at 1807 n.3 ("District courts often permit aggregation of plaintiffs into plaintiff groups"); *Blue Apron*, 2017 U.S. Dist. LEXIS 207531, at *13; *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v.*

5

*Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiff); *Cendant*, 264 F.3d at 266 ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff") (citation omitted).

Here, Makadia and Tongbiao comprise a small, cohesive partnership of two investors, each of whom incurred significant losses in connection with their purchases of Alibaba securities. *See* Dkt. No. 20-3. Contemporaneously with their motion, Makadia and Tongbiao submitted a Joint Declaration attesting to, *inter alia*, their respective backgrounds and investment experience, their awareness of the posture of this litigation generally and of the significance of their motion specifically, their understanding of the responsibilities of lead plaintiffs, and their reasons for seeking appointment jointly as Co-Lead Plaintiffs in this Action. *See generally* Dkt. No. 20-6. Courts routinely appoint investor groups as lead plaintiff under such circumstances. *See, e.g.*, *Blue Apron*, 2017 U.S. Dist. LEXIS, at *17 (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *Brady v. Top Ships Inc.*, No. 17-CV-4987 (JFB) (SIL), 2018 U.S. Dist. LEXIS 121765, at *20 (E.D.N.Y. July 20, 2018) (appointing group of three investors as lead plaintiff, finding the group "sufficiently demonstrated its members' plans for cooperation and involvement in the litigation for the Court to find this group will best serve the class."); *West Palm Beach Police Pension Fund v. DFC Global Corp.*, No. 13-6731, 2014 U.S. Dist. LEXIS 49595, at *7 (E.D. Pa. Apr. 9, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-cv-289, 2012 U.S. Dist. LEXIS 89192, at *11 (D. Vt. Apr. 27,

2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

\* \* \* \*

Because Makadia and Tongbiao have the largest financial interest of any Lead Plaintiff candidate, other than Gharsalli, in the relief sought by the Class and otherwise satisfy the requirements of Rule 23, they would be the presumptive "most adequate plaintiffs" of the Class within the meaning of the PSLRA if the Court declines to appoint Gharsalli as Lead Plaintiff. To overcome the strong presumption entitling Makadia and Tongbiao to appointment as Lead Plaintiffs, the PSLRA would require "***proof***" that Makadia and Tongbiao are inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any speculative arguments to the contrary should be flatly rejected.

## II.  MAKADIA AND TONGBIAO'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P*., 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc*., 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *see also In re Molson Coors Brewing Co. Sec. Litig*., 233 F.R.D. 147, 151 (D. Del. 2005)).

Here, Makadia and Tongbiao have selected Pomerantz as Lead Counsel for the Class. As its resume reflects, Pomerantz is highly experienced in the area of securities litigation and class

actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. In 2018 alone, Pomerantz secured a settlement of nearly $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A.–Petrobras—the largest securities class action settlement in a decade—and an $80 million settlement on behalf of Yahoo Inc. investors. *See* Dkt. No. 20-7. Thus, the Court may be assured that by approving Makadia and Tongbiao's selection of counsel, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons and the reasons set forth in their motion brief (Dkt. No. 15), Makadia and Tongbiao respectfully submit that if the Court declines to appoint Gharsalli as Lead Plaintiff for any reason, then the Court should grant Makadia and Tongbiao's motion in all respects.

Dated: January 26, 2021

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
James M. LoPiano
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Dineshchandra Makadia and Yan Tongbiao and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Dineshchandra Makadia*

9