**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAURA CICCARELLO, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:20-cv-09568-GBD |
| Plaintiff, | **SALEM GHARSALLI'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |
| v. | |
| ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, and MAGGIE WU, | |
| Defendants. | |
| ROBERT ROMNEK, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:20-cv-10267-GBD |
| Plaintiff, | |
| v. | |
| ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, and MAGGIE WU, | |
| Defendants. | |
| ELISSA HESS, AS TRUSTEE FOR THE EH LIVING TRUST, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21-cv-00136-GBD |
| Plaintiff, | |
| v. | |
| ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, and MAGGIE WU, | |
| Defendants. | |

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.    ARGUMENT .................................................................................................... 2

    A.    The PSLRA Mandated Procedure for Appointing a Lead Plaintiff ........................ 2

    B.    Gharsalli Is the Presumptively Most Adequate Plaintiff Because Gharsalli Has the Largest Financial Interest in the Relief Sought by the Class ................................. 3

    C.    The Presumption that Gharsalli Is the Most Adequate Plaintiff Has Not Been Rebutted ................................................................................................. 5

    D.    Gharsalli's Choice of Counsel Should Be Approved ............................................ 6

III.    CONCLUSION ................................................................................................ 7

i

## TABLE OF AUTHORITIES

**CASES**

*City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*,
269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................................ 4

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005) .................................................................................. 3, 4, 6

*In re Fuwei Films Sec. Litig.*,
247 F.R.D. 432 (S.D.N.Y. 2008) ....................................................................................... 3

*Jakobsen v. Aphria, Inc.*,
No. 18-cv-11376, 2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019)....................................... 5

*Kniffin v. Micron Tech*,
379 F. Supp. 3d 259 (S.D.N.Y. 2019)................................................................................ 6

*Sallustro v. CannaVest Corp.*,
93 F. Supp. 3d 265 (S.D.N.Y. 2015).................................................................................. 3

*Topping v. Deloitte Touche Tohmatsu CPA*,
95 F. Supp. 3d 607 (S.D.N.Y. 2015) ................................................................................. 6

*Tronox, Inc. Sec. Litig.*,
262 F.R.D. 338 (S.D.N.Y. 2009) ....................................................................................... 6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008)............................................................................. 4, 5

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B) .......................................................................................... *passim*

**RULES**

Fed. R. Civ. P. 23 ...................................................................................................... 2, 3, 5

Lead Plaintiff Movant Salem Gharsalli ("Gharsalli") respectfully submits this memorandum of law in opposition to the three competing motions for appointment as lead plaintiff and approval of lead counsel (Dkt. Nos. 9, 13, 16).[1]

## I.    INTRODUCTION

Four individuals (or groups of individuals) filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions were filed by Gharsalli (Dkt. No. 6); Dineshchandra Makadia and Yan Tongbiao (the "Makadia/Tongbiao Group") (Dkt. No. 13); 1199 SEIU Health Care Employees Pension Fund (the "Pension Fund") (Dkt. No. 16); and Thomas J. Popovich ("Popovich") (Dkt. No. 9). Popovich has since filed a notice informing the Court that he does not oppose the competing motions. *See* Dkt. No. 25. As such, only three lead plaintiff movants remain: Gharsalli, the Makadia/Tongbiao Group, and the Pension Fund.

With respect to the lead plaintiff determination, the question presently before the Court is which of these movants is the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

---

[1] All lead plaintiff movants agree that the related actions should be consolidated. As such, only appointment of lead plaintiff and approval of lead counsel are addressed herein.

As demonstrated in Gharsalli's memorandum of points and authorities in support of his lead plaintiff motion (Dkt. No. 7), Gharsalli has the largest financial interest in the relief sought by the class. Gharsalli's financial interest, as measured by his last-in, first-out ("LIFO") loss, is $2,934,323.81. *See* Dkt. No. 8-3. As such, Gharsalli is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Gharsalli is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Gharsalli should be appointed lead plaintiff, and his selection of lead counsel should be approved.[2]

## II.   ARGUMENT

### A.   The PSLRA Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA mandates that the Court appoint "the most adequate plaintiff" to be lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the "most adequate plaintiff" is the movant that: (1) has either filed the complaint or made a motion in response to a notice; (2) in the determination of the Court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Once the Court identifies the presumptively most adequate plaintiff, the presumption may be rebutted only "upon proof . . . that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

---

[2] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

Here, as explained below, Gharsalli is the presumptively most adequate plaintiff because Gharsalli filed a lead plaintiff motion in response to a notice, has a larger financial interest than the competing lead plaintiff movants, and satisfies the requirements of Rule 23. Since no other movant can rebut this presumption, Gharsalli should be appointed as lead plaintiff.

**B.      Gharsalli Is the Presumptively Most Adequate Plaintiff Because Gharsalli Has the Largest Financial Interest in the Relief Sought by the Class**

Gharsalli satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). First, Gharsalli filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 6. Second, Gharsalli satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 7 at 10-12. Finally, as explained *infra*, Gharsalli has the largest financial interest in the relief sought by the class.

While the PSLRA does not specify a means of calculating the "largest financial interest" among movants, courts typically consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008); *see also Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 270 (S.D.N.Y. 2015) (collecting cases). Of these factors, losses suffered is the most important. *See Fuwei Films*, 247 F.R.D. at 437. Most courts agree that the preferred method to calculate financial losses requires class period sales to be matched to purchases on a last-in, first-out (LIFO) basis. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100-102 (S.D.N.Y. 2005). LIFO is the preferred accounting method because it "has been used not only for lead plaintiff

3

calculations, but also to determine compensation amounts for stockholders suffering losses due to securities fraud." *Id*. at 101.

Gharsalli has the largest financial interest of all competing movants based on every factor identified above. The following chart illustrates Gharsalli's position under the relevant factors as compared to the competing movants:[3]

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | Net Loss (LIFO) |
|---|---|---|---|---|
| Salem Gharsalli | 90,000 | 90,000 | $23,700,269.13 | $2,934,323.81 |
| *Dineshchandra Makadia* | *27,000* | *27,000* | *$7,540,000.00* | *$1,310,216.41* |
| *Yan Tongbiao* | *26,000* | *2,000* | *$1,389,051.00* | *$927,585.55* |
| Group Total | 53,000 | 29,000 | $8,929,051.00 | $2,237,801.95 |
| Pension Fund | 45,597 | 16,253 | $4,442,901.66 | $692,802.67[4] |
| Thomas Popovich | 52,206 | 9,232 | $2,266,216.27 | $284,070.20 |

Gharsalli prevails under every factor and he suffered a larger loss than every other movant. Gharsalli's loss is more than $1.6 million larger than Makidia's loss, the individual with the next largest loss.

While Makadia and Tongbiao claim a combined loss of approximately $2.24 million, the second most of any movant behind Gharsalli, they are not permitted to aggregate their losses because they have not put forward a sufficient evidentiary basis to demonstrate that aggregation is appropriate. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392

---

[3] The data included in the chart is derived from the movants' respective loss charts (Dkt. Nos. 8-3, 11-3, 18-3, 20-3) and certifications (Dkt. Nos. 8-2, 11-2, 18-2, 20-5).

[4] While the Pension Fund claims a loss of $2,055,371.66 in its Loss Chart (Dkt. No. 18-3), relying on the first-in, first-out (FIFO) methodology, this figure is still smaller than Gharsalli's loss (which is the same under both LIFO and FIFO). Moreover, "courts have . . . generally rejected FIFO as an appropriate means of calculating losses in securities fraud cases." *eSpeed*, 232 F.R.D. at 101 (internal quotation marks omitted); *see also City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 295 (S.D.N.Y. 2010) ("[C]ourts in this district and others have stated a preference for LIFO over FIFO in assessing loss for purposes of the appointment of lead plaintiff.").

(S.D.N.Y. 2008) (groups must "provide[] a sufficient evidentiary basis for aggregation" and cannot be "assembled as a makeshift by attorneys for the purpose of amassing an aggregation of investors purported to have the greatest financial interest in the action") (collecting cases); *see also Jakobsen v. Aphria, Inc.*, No. 18-cv-11376, 2019 WL 1522598, at *2 (S.D.N.Y. Mar. 27, 2019) ("The proposed plaintiff group has the burden of showing that aggregation is appropriate pursuant to the *Varghese* factors."). As demonstrated in their Joint Declaration submitted with their lead plaintiff motion (Dkt. No. 20-6), Makadia and Tongbiao have no pre-litigation relationship. Their involvement thus far in the litigation has been limited to discussions with counsel and the filing of their lead plaintiff motion. The group has not provided a plan for cooperation, and the group appears to have been assembled by its counsel. Accordingly, the *Varghese* factors weigh against permitting aggregation. *See Aphria*, 2019 WL 1522598, at *2; *Varghese*, 589 F. Supp. 2d at 392. As such, Gharsalli's loss is more than $1.6 million larger than the next largest movant.

*       *       *

Since Gharsalli has the largest financial interest in the relief sought by the class, filed a timely motion, and satisfies the requirements of Rule 23, Gharsalli is the presumptively most adequate plaintiff.

### C.    The Presumption that Gharsalli Is the Most Adequate Plaintiff Has Not Been Rebutted

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

5

No proof has been presented that Gharsalli would be inadequate or subject to unique defenses. Moreover, as explained in Gharsalli's declaration in support of his lead plaintiff motion,[5] Gharsalli lives in Tampa, Florida but is originally from Tunisia, where he served four years in the Tunisian Air Force. After immigrating to the United States, he founded a restaurant chain called Salem's Fresh Eats where he is currently the CEO. Gharsalli is a sophisticated individual, and more than capable of adequately representing the class. As such, Gharsalli should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (the lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").[6]

### D.      Gharsalli's Choice of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the approval of the Court, *see* 15 U.S.C. § 78u-4(a)(3)(B)(v), and "[t]here is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015). As such, Gharsalli's selection of Glancy Prongay & Murray LLP should be approved.

Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to effectively conduct this litigation. *See* Dkt. No. 8-5 (Glancy Prongay & Murray LLP firm résumé). The firm has decades of experience successfully representing injured investors. *See id.* By approving Gharsalli's selection of counsel, the Court will ensure that the class will receive the highest caliber of legal representation. *See Kniffin v. Micron Tech.*, 379 F. Supp. 3d 259, 266

---

[5] Declaration of Salem Gharsalli in Support of His Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Counsel (Dkt. No. 8-4).

[6] The Court should reject any movant's request that the Court conduct a comparative analysis between the movants. *See eSpeed*, 232 F.R.D. at 98-99 (S.D.N.Y. 2005) ("The lead plaintiff determination does not depend on the court's judgment of which party would be best lead plaintiff for the class, but rather which candidate fulfils the requirements of the Act.").

6

(S.D.N.Y. 2019) ("Glancy Prongay & Murray LLP, is competent and experienced."). Accordingly, Gharsalli's selection of lead counsel for the class should be approved.

## III.    CONCLUSION

For the foregoing reasons, Gharsalli respectfully requests that the Court grant his motion and enter an Order: (1) consolidating the Related Actions; (2) appointing Gharsalli as Lead Plaintiff; (3) approving Gharsalli's selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (4) denying the competing motions.

Respectfully submitted,

DATED: January 26, 2021

**GLANCY PRONGAY & MURRAY LLP**

By:  */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

and

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
info@glancylaw.com

*Counsel for Lead Plaintiff Movant Salem Gharsalli*
*and Proposed Lead Counsel for the Class*

**THE PORTNOY LAW FIRM**
Lesley Portnoy (LP-1941)
1800 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: 310-692-8883
lesley@portnoylaw.com

*Additional Counsel*

7

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On January 26, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 26, 2021, at New York, New York.


*/s/ Gregory B. Linkh*
Gregory B. Linkh