UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

LAURA CICCARELLO, Individually and on
Behalf of All Others Similarly Situated,

                      Plaintiff,

     vs.

ALIBABA GROUP HOLDING LIMITED,
DANIEL ZHANG, and MAGGIE WU,

                Defendants.

:  Civil Action No. 1:20-cv-09568-GBD

:  <u>CLASS ACTION</u>

----------------------------------------------------------------

ROBERT ROMNEK, Individually and on
Behalf of All Others Similarly Situated,

                      Plaintiff,

     vs.

ALIBABA GROUP HOLDING LIMITED,
DANIEL ZHANG, and MAGGIE WU,

                Defendants.

:  Civil Action No. 1:20-cv-10267-GBD

:  <u>CLASS ACTION</u>

---------------------------------------------------------------- x

[Caption continued on following page.]

**THE PENSION FUND'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF**

4818-3320-6746.v1

———————————————————— x

ELISSA HESS, AS TRUSTEE FOR THE EH       :    Civil Action No. 1:21-cv-00136-GBD
LIVING TRUST, Individually and on Behalf     :
of All Others Similarly Situated,            :    CLASS ACTION
                                             :
                     Plaintiff,              :
                                             :
        vs.                                  :
                                             :
ALIBABA GROUP HOLDING LIMITED,               :
DANIEL ZHANG and MAGGIE WU,                  :
                                             :
                     Defendants.             :
                                             :
                                             :
———————————————————— x

4818-3320-6746.v1

## I.    INTRODUCTION

Of the three remaining movants, only one satisfies *both* the financial interest and Rule 23 prongs of the Private Securities Litigation Reform Act of 1995 ("PSLRA"): 1199 SEIU Health Care Employees Pension Fund (the "Pension Fund"), a sophisticated New York-based institutional investor providing benefits to hundreds of thousands of current or former health care workers and their beneficiaries.  Indeed, the two other remaining movants – (1) Salem Gharsalli, an investor whose trading subjects him to a multitude of unique defenses that will distract him from adequately representing the class, and (2) Dineshchandra Makadia and Yan Tongbiao (the "Makadia Group"), a lawyer-driven amalgamation of unrelated investors formed solely in an attempt to achieve the largest financial interest designation – failed to substantively oppose the Pension Fund's motion, thus conceding that it is typical and adequate, and is not subject to any unique defenses.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  For good reason: the Pension Fund meets all of the statutory requirements as it filed a timely motion, suffered a substantial loss of more than $2 million in ADSs, and satisfies the Rule 23 requirements because it is not subject to any unique defenses.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

The Pension Fund's motion should be granted.

## II.    ARGUMENT

### A.    The Remaining Movants Concede that the Pension Fund Is Adequate and Typical

The Court's Local Civil Rules required all lead plaintiff movants to file their oppositions by January 26, 2021.  *See* Local Civil Rule 6.1(b).  Here, the remaining movants' opposition briefs made no "argument against [the Pension Fund] other than pointing out its relatively low[er] financial stake in the litigation."  *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *5 (D. Ariz. Apr. 7, 2008) (appointing movant that lacked the largest financial interest as lead plaintiff because it was the

- 1 -

first movant "that satisfie[d] both prongs of Rule 23"); *see* ECF Nos. 26, 28 (failing to make any arguments against the Pension Fund). Nor could they, as the Pension Fund is entirely typical and adequate – indeed, it is precisely the type of movant whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001).[1]

Accordingly, the Pension Fund is the only candidate that satisfies all of the PSLRA's requirements and its motion should be granted.[2]

### B.   The Remaining Movants Cannot Trigger the "Most Adequate Plaintiff" Presumption

As discussed in the Pension Fund's opposition, and as further outlined below, the remaining movants do not satisfy the Rule 23 requirements as they will be subject to a host of unique defenses that will become a significant focus of the litigation. *See* ECF No. 27.

#### 1.   Mr. Gharsalli Cannot Trigger the "Most Adequate Plaintiff" Presumption

Mr. Gharsalli cannot trigger the "most adequate plaintiff" presumption because he purchased *100%* of his Alibaba ADSs *after* the first corrective disclosure alleged in the *Elissa Hess, as Trustee*

---

[1]   *See, e.g.*, *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 294 (S.D.N.Y. 2010) (Buchwald, J.) ("The drafters of the PSLRA sought to reduce the influence of lawyers on class action securities suits by weighting the determination of lead plaintiff in favor of large institutional investors."); H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

[2]   The remaining movants are precluded from opposing the Pension Fund's motion for the first time in a reply brief. *See, e.g.*, *Altowaiti v. Cissna*, 2020 WL 2036703, at *4 (S.D.N.Y. Apr. 28, 2020) (Ramos, J.) ("Plaintiffs wholly fail to address any of these arguments in opposition and have therefore waived them.").

4818-3320-6746.v1

*for the EH Living Trust* action.  *See* ECF Nos. 8-2, 8-3; *Elissa Hess, as Trustee for the EH Living Trust*, ECF No. 1 at ¶2-¶3.  As such, Mr. Gharsalli "may be subject to [] unique defense[s] because he purchased ***all*** his class period shares after the" first alleged corrective disclosure.  *Lundy v. Ideanomics, Inc.*, 2020 WL 7389027, at \*3 (S.D.N.Y. Dec. 16, 2020) (Daniels, J.) (emphasis in original); *Erickson v. Snap, Inc.*, 2017 WL 11592635, \*3-\*4 (N.D. Cal. Sept. 18, 2017) (holding that movant purchasing 60% of his at-issue shares after the first of three alleged disclosures "might expose [him] to unique defenses regarding whether [he] actually relied on any alleged misrepresentations" because "Defendants may argue that the magnitude of [his] 'postdisclosure purchases suggest that [he] invested in [company] securities notwithstanding notice of defendants' misstatements and omissions'") (citation omitted); *GAMCO Invs., Inc. v. Vivendi, S.A.*, 927 F. Supp. 2d 88, 102 (S.D.N.Y. 2013) (Scheindlin, J.) (finding that defendants rebutted the fraud on the market presumption, in part, because GAMCO "doubled or tripled their holdings in Vivendi securities" after the fraud began to be revealed).

Here, based on the timing of his investment, "'there is at least a potential that [Mr. Gharsalli] will be subject to unique defenses.'"  *Batter v. Hecla Mining Co.*, 2020 WL 1444934, at \*7 (S.D.N.Y. Mar. 25, 2020) (Carter, Jr., J.) (citation omitted); *see also In re Bally Total Fitness Sec. Litig.*, 2005 WL 627960, at \*6 (N.D. Ill. Mar. 15, 2005) ("Our concern is that the time and attention [the proposed lead plaintiff] would be required to devote [to its unique defense] . . . would distract it from the claims of the rest of the class.").  But here, there is "no need to subject the class to these potential issues where there is another appropriate movant readily available" – the Pension Fund. *Lundy*, 2020 WL 7389027, at \*3.[3]

---

[3]    Although Mr. Gharsalli's opening brief remained entirely silent on the issue, his opposition switches gears entirely and now advocates for the last-in, first-out accounting method ("LIFO") in calculating losses over the first-in, first-out ("FIFO") method.  *Compare* ECF No. 7 *with* ECF No.

- 3 -

### 2. The Makadia Group Cannot Trigger the "Most Adequate Plaintiff" Presumption

Both the Pension Fund and Mr. Gharsalli are in agreement as to one issue: the Makadia Group cannot be appointed lead plaintiff because its submission confirms that the group – two individuals on opposite sides of the Pacific Ocean – was cobbled together "by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel," and, "based on this history," that the members of that 'group' could not be counted on to monitor counsel in a sufficient manner." *Cendant*, 264 F.3d at 267; *see* ECF No. 28 at 4-5 (arguing that the Makadia Group members are "not permitted to aggregate their losses" because*, inter alia*, "the group appears to have been assembled by its counsel"). The Makadia Group did not provide any evidence of a pre-litigation relationship which, as this Court has previously pointed out, "***strongly*** suggests that their lawyers arranged the group." *Jakobsen v. Aphria, Inc.*, 2019 WL 1522598, at *2 (S.D.N.Y. Mar. 27, 2019) (Daniels, J.) (emphasis added). Indeed, the only evidence before the Court ***supports*** exactly that inference. *See* ECF No. 27 at 11 (explaining that the Makadia Group's opening brief identifies a second law firm in its signature block as "Additional Counsel" for only one of the two group members and that Dineshchandra Makadia and Yan Tongbiao's Certifications are in entirely different formats). Consequently, the Makadia Group has failed to meet its burden to demonstrate that its formation was designed to accomplish something other than attaining the largest financial interest. *See Nakamura v. BRF S.A.*, 2018 WL 3217412, at *3 (S.D.N.Y. July 2, 2018) (Castel, J.) (recognizing that a "proposed plaintiff group has the burden of showing that aggregation is appropriate").

Nor should the Court retroactively amend the Makadia Group's motion by considering one of its members separately, particularly since none of the members timely moved for appointment

---

28. This Court need not determine whether to adopt FIFO or LIFO as applying either accounting method yields no change to the remaining movants' relative loss ordering.

- 4 -

4818-3320-6746.v1

individually.  *See Chauhan v. Intercept Pharm.*, 2021 WL 235890, at *6 (S.D.N.Y. Jan. 25, 2021) (Liman, J.) ("The PSLRA requires a purported class member who wishes to be considered for the position of lead plaintiff to make a motion, and to make it within the sixty-day window.  Neither Sapan nor Awaida moved to be considered individually as an alternative if their group was rejected, which they should have done if they wished to be considered individually and which would have permitted orderly consideration of their applications viewed individually."); *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 624 n.4 (S.D.N.Y. 2015) (Rakoff, J.) (refusing to appoint group member with the largest individual alleged loss because it "at no time sought to serve as individual lead plaintiff"); *Tsirekidze*, 2008 WL 942273, at *4 ("The Farrukh Group moved for lead plaintiff as a group and will be evaluated as such.").

Compounding the Makadia Group's inability to trigger the "most adequate plaintiff" presumption is the fact that it failed to timely evidence the validity of its assignments under either Chinese or California law (*see* ECF Nos. 20-1, 20-2) – a crucial, if not fatal, oversight here given that any *post hoc* attempt to cure assignment deficiencies would be futile.  *In re Bard Assocs., Inc.*, 2009 WL 4350780, at *3 (10th Cir. 2009) (finding no abuse of district court's discretion in adopting a "bright line rule requiring lead plaintiff movants to establish Article III standing by the time the lead plaintiff motions are due").  It is, therefore, a virtual certainty that defendants will attempt to exploit this issue, causing a "needless litigation sideshow" "rais[ing] complex and novel issues of law which would require extensive factual and foreign legal analysis." *Baydale v. Am. Express Co.*, 2009 WL 2603140, at *3 (S.D.N.Y. Aug. 14, 2009) (Pauley, J.).

The Makadia Group's motion should thus be denied.

- 5 -

## III.    CONCLUSION

The Pension Fund is the only movant that satisfies the PSLRA's lead plaintiff requirements and its motion is substantively unopposed.  Accordingly, the Pension Fund's motion should be granted.

DATED:  February 2, 2021                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
BRIAN E. COCHRAN
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
bcochran@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 6 -

4818-3320-6746.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on February 2, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
      & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4818-3320-6746.v1

# Mailing Information for a Case 1:20-cv-09568-GBD Ciccarello v. Alibaba Group Holding Limited et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Frederic Scott Fox , Sr**
  ffox@kaplanfox.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Charles H. Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com,echang@glancylaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)