UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURA CICCARELLO, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, and MAGGIE WU, <br><br> Defendants. | Case No.  1:20-cv-09568-GBD <br><br> REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF DINESHCHANDRA MAKADIA AND YAN TONGBIAO FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND APPROVAL OF LEAD COUNSEL |
| ROBERT ROMNEK, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, and MAGGIE WU, <br><br> Defendants. | Case No.  1:20-cv-10267-GBD |
| ELISSA HESS, AS TRUSTEE FOR THE EH LIVING TRUST, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, and MAGGIE WU, <br><br> Defendants. | Case No.  1:21-cv-00136-UA |

Lead Plaintiff movants Makadia and Tongbiao[1] respectfully submit this reply memorandum of law in further support of their motion (Dkt. No. 13).

## PRELIMINARY STATEMENT

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" of the class—*i.e.*, the presumptive Lead Plaintiff—is the movant or group of movants with the greatest financial interest in the outcome of the litigation; and who satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). This presumption can ***only*** be rebutted by ***proof*** that the movant with the largest financial interest is atypical or inadequate, or subject to a unique defense. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, as discussed in Makadia and Tongbiao's opposition brief (*see generally* Dkt. No. 26), the presumptive Lead Plaintiff appears to be Gharsalli, who appears to possess the largest financial interest in this litigation by virtue of his alleged loss of approximately $2.93 million in connection with the Defendants' alleged fraud and has likewise made the requisite *prima facie* showing of adequacy and typicality within the meaning of Rule 23. *See* Dkt. No. 7. After Gharsalli, however, Makadia and Tongbiao have alleged the next-largest financial interest in this litigation. Having also satisfied the Rule 23 adequacy and typicality criteria, Makadia and Tongbiao would thus become the presumptive "most adequate plaintiffs" of the Class if the Court declines to appoint Gharsalli as Lead Plaintiff for any reason.

One competing movant, the Pension Fund, baselessly seeks to disqualify Makadia and Tongbiao from consideration on two grounds. First, the Pension Fund argues that Makadia and Tongbiao are not an appropriate lead plaintiff group permitted by the PSLRA. *See* Dkt. No. 27

---

[1] All capitalized terms herein are defined in Makadia and Tongbiao's moving or opposition briefs, unless otherwise indicated. *See* Dkt. Nos. 15, 26.

1

at 6-12. Second, the Pension Fund argues that because Makadia and Tongbiao pursue claims both on their own behalf and on behalf of other individuals and entities pursuant to valid assignments (collectively, the "Assignments")—for Makadia, on behalf of his wife, his son, and his qualified employer-sponsored retirement plan; and for Tongbiao, on behalf of a holding company that he owns—they are subject to unique defenses related to their standing. *Id.* at 13-14.

The Pension Plan's arguments lack merit. First, the PSLRA expressly permits lead plaintiff groups (15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)), and the Supreme Court has recently acknowledged their propriety. *See China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018) ("District courts often permit aggregation of plaintiffs into plaintiff groups"). Moreover, the Pension Plan's mischaracterization of Makadia and Tongbiao's propriety as a group willfully disregards the robust factual showing that Makadia and Tongbiao have made in their Joint Declaration regarding, *inter alia*, their cohesiveness, their understanding of this litigation, and their readiness to supervise their counsel in fulfilling their obligations to absent class members as Lead Plaintiffs appointed pursuant to the PSLRA. *See* Dkt. No. 20-6. Second, Makadia and Tongbiao's Assignments are clearly valid under U.S. law, and there is thus no basis to question Makadia and Tongbiao's standing. *See*, *e.g.*, *Schultz v. iGPS Co., LLC*, No. 10C71, 2011 U.S. Dist. LEXIS 92474, at *7-*9 (N.D. Ill. Aug. 16, 2011) ("Whether a party has standing to assert the jurisdiction of a federal court is a question of *federal law*.") (emphasis added) (citing *Rifkin v. Bear Stearns & Co.*, 248 F.3d 628 631 (7th Cir. 2001)). Tellingly, the Pension Plan has identified nothing about the assignments at issue that would be problematic in this respect, making this unsupported attack on Makadia and Tongbiao the very definition of speculation— and therefore well short of the high standard of "proof" required by the PSLRA. *See*, *e.g.*, *Foley*

*v. Transocean, Ltd.*, 272 F.R.D. 126, 131-33 (S.D.N.Y. 2011); *In re MGT Capital Invs., Inc.*, 16 Civ. 7415 (NRB) *et al.*, 2017 U.S. Dist. LEXIS 59130, at \*9-\*10 (S.D.N.Y. Apr. 11, 2017); *Kaplan v. Gelfond*, 240 F.R.D. 88, 95-96 (S.D.N.Y. 2007).

Accordingly, for the reasons set forth herein and in their moving and opposition briefs, Makadia and Tongbiao respectfully submit that if the Court declines to appoint Gharsalli as Lead Plaintiff for any reason, then the Court should grant Makadia and Tongbiao's motion in its entirety and deny the competing motion of the Pension Plan.

## ARGUMENT

### I.    MAKADIA AND TONGBIAO ARE AN APPROPRIATE GROUP

Contrary to the assertions by the Pension Plan, Makadia and Tongbiao are an appropriate co-lead plaintiff group.  As the Supreme Court acknowledged in *China Agritech*, "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups."  138 S. Ct. at 1807 n.3.  *See also In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 U.S. Dist. LEXIS 207531, at \*13 (E.D.N.Y. Dec. 15, 2017) (affirming adequacy of group of four investors to serve as Lead Plaintiff under similar circumstances); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiff).

Here, Makadia and Tongbiao are a small and cohesive partnership of two investors who have made a robust proffer via their Joint Declaration.  *See* Dkt. No. 20-6.  The Joint Declaration attests, *inter alia*, to the movants' respective backgrounds, including their investment experience

(*id.* ¶¶ 2-3); their understanding of the current status of the litigation (*id.* ¶ 4); their awareness of the significance of their motion and understanding of the responsibilities of a lead plaintiff appointed pursuant to the PSLRA (*id.* ¶¶ 4, 7, 11); their reasons for seeking appointment as co-lead plaintiffs with one another (*id.* ¶¶ 5-6); their readiness to participate actively in this litigation, including their readiness to supervise counsel (*id.* ¶¶ 5-8, 11); and even a dispute-resolution mechanism in the unlikely event they are unable to reach consensus with respect to a litigation decision (*id.* ¶ 9). Courts in the Second Circuit and elsewhere routinely consider such declarations to demonstrate a group's propriety. *See, e.g.*, *Blue Apron*, 2017 U.S. Dist. LEXIS, at *17 (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *Brady v. Top Ships Inc.*, No. 17-CV-4987 (JFB) (SIL), 2018 U.S. Dist. LEXIS 121765, at *20 (E.D.N.Y. July 20, 2018) (appointing group of three investors as lead plaintiff, finding the group "sufficiently demonstrated its members' plans for cooperation and involvement in the litigation for the Court to find this group will best serve the class."); *West Palm Beach Police Pension Fund v. DFC Global Corp.*, No. 13-6731, 2014 U.S. Dist. LEXIS 49595, at *7 (E.D. Pa. Apr. 9, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-cv-289, 2012 U.S. Dist. LEXIS 89192, at *11 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

Makadia and Tongbiao respectfully submit that the Pension Fund's willful mischaracterization of this robust proffer as "skeletal" and consisting of only "rote recitations" (*see* Dkt. No. 27 at 9) strongly suggests that the Pension Fund would attack their propriety in the

4

face of literally *any* showing by Makadia and Tongbiao, no matter how robust or detailed, and that the Pension Fund's reflexive refusal to credit these good-faith representations by fellow Class members in fact says far more about its own fitness to serve as a class representative that of Makadia and Tongbiao.

## II.   MAKADIA AND TONGBIAO'S ASSIGNMENTS ARE VALID AND DO NOT CALL THEIR STANDING INTO QUESTION

The Pension Fund further claims that Makadia and Tongbiao have not "evidenced the validity of" the assignments of claims that they received from their family members and affiliated entities "under either Chinese or California law" and on this purported basis erroneously concludes that both Makadia and Tongbiao are subject to a "potential lack of standing." *See* Dkt. No. 27 at 13.

Once again, the Pension Fund's argument is unavailing. The validity of the Assignments at issue is a question of *U.S.* law, not California or Chinese law. *See*, *e.g.*, *Schultz*, 2011 U.S. Dist. LEXIS 92474, at *7-*9 ("Whether a party has standing to assert the jurisdiction of a federal court is a question of *federal law*.") (emphasis added) (citing *Rifkin*, 248 F.3d at 631). Under U.S. law, the assignments clearly pass muster. Each is a clear and uncomplicated statement, duly executed, to the effect that the relevant assignor has conveyed to the relevant assignee the right to pursue securities fraud claims in this litigation. *See* Dkt. Nos. 20-1, 20-2. Accordingly, the Assignments are substantively identical in all relevant respects to the types of assignments that U.S. federal courts routinely consider valid to confer standing to pursue claims. *See*, *e.g.*, *Sprint Communs. Co., L.P. v. APCC Servs.*, 554 U.S. 269, 285-86 (2008) (affirming that assignees "satisfy the Article III standing requirements"); *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106-10 (2d Cir. 2008) (discussing validity of assignments to confer standing). *Cf. CWCapital Asset Mgmt., LLC v. CHI. Props, LLC*, 610 F.3d 497, 501 (7th Cir.

5

2010) (distinguishing, for standing purposes, between "an assignee" and "a mere attorney."); *Am. Orthopedic & Sports Med. v. Independence Blue Cross Blue Shield*, 890 F.3d 445, 454 (3d Cir. 2018) (distinguishing an assignment of a claim from a power of attorney).

Conspicuously, the Pension Fund does not even claim to have identified any language in the Assignments that could be problematic under the law of any jurisdiction, let alone actually demonstrated that anything about the Assignments would render them invalid under U.S. law. Its argument that Makadia and Tongbiao may lack standing is thus the very definition of speculation and, as such, it falls well short of the high standard of ***proof*** that the PSLRA requires to rebut the presumption. *See*, *e.g.*, *Foley*, 272 F.R.D. at 131-33 (finding that the presumption "may only be rebutted upon 'proof'" of inadequacy or atypicality and rejecting challenge founded on speculation); *MGT Capital Invs.*, 2017 U.S. Dist. LEXIS 59130, at *9-*10 (rejecting "attempt to find something nefarious" in order "to discredit" a movant's certification); *Kaplan*, 240 F.R.D. at 95-96 (rejecting "inconclusive" argument proffered by competing movant in attempt to disqualify presumptive lead plaintiff).

## CONCLUSION

For the foregoing reasons and the reasons set forth in their motion brief (Dkt. No. 15), Makadia and Tongbiao respectfully submit that if the Court declines to appoint Gharsalli as Lead Plaintiff for any reason, then the Court should grant Makadia and Tongbiao's motion in all respects.

Dated:  February 2, 2021     Respectfully submitted,

           POMERANTZ LLP

           */s/ Jeremy A. Lieberman*
           Jeremy A. Lieberman
           J. Alexander Hood II
           James M. LoPiano
           600 Third Avenue

New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Dineshchandra Makadia and Yan
Tongbiao and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Dineshchandra Makadia*