**ROBBINS GELLER**
**Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

David A. Rosenfeld
drosenfeld@rgrdlaw.com

May 5, 2021

VIA ECF

The Honorable George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street, Room 11A
New York, New York 10007

> Re:    *Ciccarello v. Alibaba Grp. Holdings Ltd.*,
>         No. 1:20-cv-09568-GBD and related cases

Dear Judge Daniels:

We represent 1199 SEIU Health Care Employees Pension Fund (the "Pension Fund"), one of the movants seeking appointment as Lead Plaintiff, in the above-captioned action. We would like to bring to the Court's attention two important items of concern that further underscore the risk of appointing Salem Gharsalli as Lead Plaintiff in this case.[1]

**Mr. Gharsalli Was Recently Arrested for Domestic Abuse**

Halfway through the Class Period, in April 2020, Mr. Gharsalli was arrested on charges of domestic abuse. Specifically, the arrest affidavit noted Mr. Gharsalli "did actually and intentionally touch or strike" a woman, "smacked [her] across the face with a[n] open hand and . . . pushed [her] over the bath tub in the bathroom," "pushed [her] onto the bed and sat on top of her putting both of his legs on her arms to prevent her from getting up" and caused "injuries to the side of her face and also on both of her arms." *See* Ex. A, attached hereto.[2]

---

[1]    *See In re Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019 WL 6052399, at *6 (N.D. Ill. Nov. 15, 2019) (recognized the propriety of competing movants investigating one another as "implicit in the [Private Securities Litigation Reform Act of 1995's] provision for an opportunity to rebut a movant's status as the presumptive lead plaintiff").

[2]    While it appears that Mr. Gharsalli was not prosecuted for the physical attack, it is unclear if it was a reluctance by the victim to press charges or for another reason and will be a unique issue that surely will be a focus of the defendants' challenges to his adequacy, if he is appointed lead plaintiff.

**Robbins Geller
Rudman & Dowd** LLP

Honorable George B. Daniels
May 5, 2021
Page 2

**Mr. Gharsalli Was Accused of Providing Inaccurate Testimony in a
Civil Litigation and Withholding Key Documents**

In a civil lawsuit in which Mr. Gharsalli was a plaintiff, the defendants moved against him for sanctions for providing inaccurate testimony. Specifically, and citing to deposition testimony, defendants contended that Salem Gharsalli provided inaccurate testimony and failed to produce relevant documents. *See* Ex. B, attached hereto, at 16, 22. Defendants further charged that "[t]he above testimony when taken as a whole shows the absolute disregard [Mr. Gharsalli] ha[s] for the authority of this Court and the civil litigation process. [Mr. Gharsalli's] testimony throughout has been deceitful, [he has] withheld documents that were relevant and that [he was] ordered to produce by this Court." *Id.* at 16. While the underlying lawsuit was ultimately resolved in Mr. Gharsalli's favor, these allegations of wrongdoing – which are unique to Mr. Gharsalli – will certainly be exploited by defendants in challenging Mr. Gharsalli's adequacy to represent the class.

**Mr. Gharsalli's Disturbing History Further Undermines His Adequacy to Serve as Lead Plaintiff**

"As a fiduciary for the class," Mr. Gharsalli "would be required to adhere to the highest standards of honesty and integrity." *Weisman v. Darneille*, 78 F.R.D. 669, 671 (S.D.N.Y. 1978). In this regard, courts understandably "[o]n more than one occasion . . . have found that an individual is an inadequate lead plaintiff due to unrelated misconduct which implicates the individual's ability to serve as a fiduciary." *In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721JM(POR), 2004 WL 5159061, at *7 (S.D. Cal. Jan. 5, 2004).

The disturbing evidence regarding Mr. Gharsalli's domestic abuse arrest along with his allegedly inaccurate testimony and failure to produce relevant documents not only casts a further shadow over his candidacy, it also precludes the Court's consideration of Mr. Gharsalli as the sole fiduciary for the class. *See Surebeam*, 2004 WL 5159061, at *7 ("Without comment or consideration of Mr. Brown's guilt or innocence as to the underlying charges, this court finds that there is at least a potential that Jamerica will be subject to unique defenses and will not fairly and adequately protect the interests of the class. Therefore, the court finds that Jamerica is incapable of serving as lead plaintiff."); *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1029 (N.D. Cal. 1999) (finding presumptive lead plaintiff was inadequate due to criminal fraud investigation of entity and its CEO's arrest).

Indeed, as this Court previously observed, "[t]here is no need to subject the class to these potential issues where there is another appropriate movant readily available." *Lundy v. Ideanomics, Inc.*, No. 20 Civ. 4944 (GBD), 2020 WL 7389027, at *3 (S.D.N.Y. Dec. 16, 2020) (Daniels, J.); *see also Batter v. Hecla Mining Co.*, No. 19-cv-4883 (ALC), 2020 WL 1444934, at *7 (S.D.N.Y. Mar.

**Robbins Geller
Rudman & Dowd** LLP

Honorable George B. Daniels
May 5, 2021
Page 3

25, 2020) (denying lead plaintiff candidate who claimed largest financial interest where "'there is at least a potential that [Mr. Gharsalli] will be subject to unique defenses.'").

For this reason, the Pension Fund reiterates that it is the only movant that meets all statutory requirements that govern the Court's choice of the presumptive lead plaintiff and that its motion should thus be granted. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Respectfully submitted,

*/s/ David A. Rosenfeld*

DAVID A. ROSENFELD

Enclosures

cc: Counsel of record