

Kara M. Wolke
kwolke@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
T: 310.201.9150

May 6, 2021

<u>VIA ECF</u>

The Honorable George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 11A
New York, New York 10007

    Re:    *Ciccarello v. Alibaba Grp. Holdings Ltd.*,
              No. 1:20-cv-09568-GBD and related cases

Dear Judge Daniels:

      Lead Plaintiff Movant Salem Gharsalli submits this response, through his undersigned counsel, to the letter submitted by counsel for 1199 SEIU Health Care Employees Pension Fund (the "Fund") dated May 5, 2021 (Dkt. No. 45, the "Letter").

      The Fund slings mud at Mr. Gharsalli in a late and desperate attempt to secure the Fund's appointment as lead plaintiff over Mr. Gharsalli, but makes no attempt to explain its late submission of this publicly-available information. Putting aside the utter lack of evidentiary support underlying either of the two allegations levied in the Letter, as discussed herein, the allegations themselves are irrelevant to Mr. Gharsalli's motion for appointment as lead plaintiff. In short, the Fund's late submission seems designed to harass or embarrass Mr. Gharsalli, and such last-ditch prejudicial tactics should not be countenanced.

      The lack of merit and evidentiary support is likely why the Fund did not raise these attacks in its opposition brief (Dkt. No. 27), its reply brief (Dkt. No. 29), or during the lengthy hearing on the lead plaintiff motions.[1] As the Fund's Letter concedes (at n.1), it is routine in securities actions to run background checks on competing lead plaintiff movants. Surely the Fund's counsel, an established firm, ran a background check on Mr. Gharsalli during the lead plaintiff motion briefing here. To be sure, the information the Fund now trumpets was readily available to the Fund and the other competing movants when their opposition memoranda were due. None raised these attacks, however, because they are meritless.

---

[1] The Letter amounts to an unauthorized sur-reply filed without seeking leave of court, in violation of this Court's Individual Rule and Practices IV.B, and should be stricken for that reason. The Fund's attacks should also be deemed waived because they are untimely. *See In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, 398 F. Supp. 2d 244, 250 n.7 (S.D.N.Y. 2005) ("Reply papers are not the proper place for new arguments or requests for relief.").

First, the Fund cites salacious allegations from an arrest report. The Fund admits that Mr. Gharsalli was not prosecuted, but then offers its own speculative and salacious suggestions as to why. *See* Letter at 1 n.2. The Fund, however, fails to inform the Court that the Florida State Attorney's Office abandoned its prosecution, seven months later, after determining that "further investigation of this case by the State Attorney's Office has revealed that further prosecution is not warranted." *See* Exhibit A, submitted herewith. To cite the allegations without including that the State Attorney's Office declined prosecution after an investigation is highly misleading.

Beyond the misleadingly incomplete narrative it offers, the Fund's attack is meritless. "[M]ost courts have rejected challenges to adequacy based on allegations that plaintiffs' backgrounds were alleged to include 'unrelated unsavory, unethical or even illegal conduct.'" *See Stinson v. City of New York*, 282 F.R.D. 360, 373 (S.D.N.Y. 2012) (citation omitted).[2] In *Chupa v. Armstrong Flooring, Inc.*, 2020 WL 1032420, at *3-*4 (C.D. Cal. Mar. 2, 2020), the court rejected a challenge to a presumptive lead plaintiff *who was actually convicted of armed bank robbery*, holding that prior "unsavory, unethical, or even illegal conduct" *may* be considered only in cases of "unrelated **criminal convictions** only in a 'few instances where issues of credibility' were raised by '**confirmed examples of past dishonesty** such as **fraud** or a criminal **conviction'** *for an offense that requires proof of dishonesty*." *Id.* (emphasis added). The court continued that "in general, Courts *only* disqualify a proposed lead plaintiff because of his prior criminal history if his prior convictions are *related* to the claims they seek to prosecute on behalf of the proposed class." *Id.* (emphasis in original).[3] As such, there is simply no basis for the Fund's claim that an unprosecuted allegation against Mr. Gharsalli "surely will be a focus of the defendants' challenges to his adequacy." Letter at n.2.[4]

The Fund alternatively cites allegations made in a motion for sanctions filed in a civil action in which Mr. Gharsalli was a plaintiff in 2014. But, again, the Fund omits critical information

---

[2] The Fund relies heavily on *In re Surebeam Corp. Sec. Litig.*, 2004 WL 5159061, at *7 (S.D. Cal. Jan. 5, 2004), but there the court rejected a movant who was "subject to over **sixty complaints to securities regulators** including misrepresentation, unauthorized trading in client accounts, and use of unsuitable investments." (emphasis added).

[3] The court noted that "bank robbery is not a crime of dishonesty," and appointed the challenged lead plaintiff. *Id.* at *4. Other courts have similarly rejected adequacy challenges to plaintiffs with checkered pasts. *E.g.*, *Pearlstein v. BlackBerry Ltd.*, 2021 WL 253453, at *12-*13 (S.D.N.Y. Jan. 26, 2021) (appointing a class representative who was charged with assault, subject to restraining orders, indicted for felony arson, and subject to multiple civil judgements); *Levie v. Sears, Roebuck & Co.*, 496 F. Supp. 2d 944, 950 (N.D. Ill. 2007) ("Whether Monsky was in fact sanctioned by the [National Association of Securities Dealers] . . . bears upon his credibility only, but not on his qualifications to represent the class."); *In re: Facebook Priv. Litig.*, 2016 WL 4585817, at *6 (N.D. Cal. Sept. 2, 2016) (a "single felony embezzlement conviction" was not enough to disqualify a class representative).

[4] In addition, the Fund's argument ignores that the fact that an individual was arrested **but not convicted** of an unrelated crime would not be admitted at trial due to its highly prejudicial nature, which *overwhelmingly* outweighs its lack of probative value.

regarding these unsubstantiated allegations. While the sanctions motion argued that Mr. Gharsalli's alleged conduct in the litigation "warrant[ed] dismissal of the entire case and default judgments in favor of Defendants" (*see* Letter, Ex. B at 25), the court in that action—*i.e.*, the court best suited to judge the parties' conduct—clearly did not agree. In fact, far from the terminating sanctions the defendants sought, **Mr. Gharsalli ultimately prevailed in the action**, and the court ordered the defendants to pay Mr. Gharsalli's legal fees. *See* Exhibits B & C, submitted herewith.

Moreover, as counsel for the Fund is surely aware, motions seeking various forms of sanctions are not uncommon in hotly contested litigation, and mere allegations of misconduct are not proof. To be sure, the mere existence of long-ago and unsubstantiated allegations against Mr. Gharsalli falls *far short* of the "exacting proof" required to rebut the presumption in his favor to be appointed lead plaintiff. *See Murphy v. JBS S.A.*, 2017 WL 4480751, *6-*7 (S.D.N.Y. Oct. 6, 2017) (rejecting argument that a previous *decision* from the Securities and Exchange Commission of Brazil finding that the presumptive lead plaintiff had violated securities regulations and "demonstrated lack of care and diligence" subjected the plaintiff to unique defenses sufficient to rebut the presumption in his favor) (collecting cases).

A plaintiff's past conduct may be relevant only if it makes him "vulnerable to unique defenses and sharp attacks **relevant to the issues in the litigation**." *Stinson*, 282 F.R.D. at 373 (citation omitted, emphasis added); *Velez v. Novartis Pharm. Corp.*, 244 F.R.D. 243, 270 (S.D.N.Y. 2007) ("[A]ny allegations concerning the representative's adequacy must be relevant to the claims in the litigation."); *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 144 (S.D.N.Y. 2007) (same). While "courts may consider the honesty and trustworthiness of the named plaintiff" such considerations must too be "restricted to their relevance to issues in the litigation." *Pearlstein*, 2021 WL 253453, at *12 (citations omitted); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 417 (S.D.N.Y. 2004) (rejecting an attack on a lead plaintiff movant's adequacy in part because there was no "specific connection between the types of violations claimed and the execution fraud alleged [in the action]."). The Fund's Letter identifies no unique defense *relevant to the issues in this litigation*. Indeed, nothing in the Letter *proves* that Mr. Gharsalli "will not fairly or adequately protect the interests of the class" or "is subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. §§ 78u4(a)(3)(B)(iii)(II)(aa)-(bb).

In sum, the allegations cited by the Fund are unsubstantiated, not supported by evidence, and irrelevant to the issues in this litigation or Mr. Gharsalli's ability to serve as a lead plaintiff. We respectfully submit that the Court should decline the Fund's invitation to go down the slippery slope of probing irrelevant *allegations* relating to movants' past conduct ranging from domestic disputes to civil litigation advocacy. For these reasons, and because it is untimely, the Fund's belated mudslinging attack on Mr. Gharsalli should be rejected.

Sincerely,

*Kara M. Wolke*

Kara M. Wolke