UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
LAURA CICCARELLO, *individually and on behalf of others similarly situated*,

                            Plaintiff,

      -against-

ALIBABA GROUP HOLDING LIMITED, DANIEL ZHANG, MAGGIE WU,

                            Defendants.
------------------------------------ x

FEB 10 2022

MEMORANDUM DECISION AND ORDER

20 Civ. 9568 (GBD)

GEORGE B. DANIELS, District Judge:

Before this Court is a consolidated securities fraud class action suit against Alibaba Group Holding Limited ("Alibaba"), Daniel Zhang, and Maggie Wu (collectively, "Defendants").[1] Plaintiffs in all cases purchased shares of Alibaba and allege that Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Putative class members Salem Gharsalli ("Gharsalli"), Dineshchandra Makadia and Yan Tongbiao ("Makadia/Tongbiao Group"), and 1199 SEIU Health Care Employees Pension Fund (the "Pension Fund") each filed motions for

---

[1] *See* April 20, 2021 Order Granting Unopposed Motions to Consolidate, ECF No. 43: The consolidated actions are *Ciccarello v. Alibaba Grp. Holding Ltd. et al.*, No. 20 Civ. 9568 (GBD) (S.D.N.Y. November 13, 2020), *Romnek v. Alibaba Grp. Holding Ltd. et al.*, No. 20 Civ. 10267 (GBD) (S.D.N.Y. December 4, 2020), and *Hess v. Alibaba Grp. Holding Ltd. et al.*, No. 21 Civ. 136 (GBD) (S.D.N.Y January 7, 2021). Hereinafter, the actions shall be referred to collectively as *In re: Alibaba Group Holding Ltd. Securities Litigation*, No. 20 Civ. 9568 (GBD) (the "Consolidated Alibaba Class Action"). The Clerk of the Court shall file a copy of this Order in the separate file for each of the above-referenced Alibaba class action cases. Unless otherwise ordered by this Court, future filings in any Alibaba class action herein consolidated shall be filed and docketed only under docket number 20 Civ. 9568 (GBD). All counsel who have entered appearances in the above-referenced Alibaba class action cases shall be deemed to have entered an appearance in the Consolidated Alibaba Class Action under docket number 20 Civ. 9568 (GBD). Counsel is directed to alert the Clerk of Court to the filing or transfer of any case that might properly be consolidated as part of this litigation.

1

appointment as lead plaintiff and to appoint their attorneys as lead counsel.[2] For the reasons articulated below, this Court appoints Gharsalli as lead plaintiff and approves his selection of Glancy Prongay & Murray LLP as lead counsel.

## I. RELEVANT FACTS

Alibaba is the largest e-retailer in the world and operates, among other online marketplaces, Tmall, an online and mobile commerce platform. Alibaba also owns a 33% equity interest in Ant Small and Micro Financial Services Group Co., Ltd. ("Ant Group"), a financial technology company best known for operating Alipay, a mobile and online payment platform. (*Elissa Hess, as Trustee for the EH Living Trust v. Alibaba Group Holding Ltd.*, Case No. 1:21-cv-136, Dkt. No. 1 ("Hess Compl."), at ¶ 2.) Five relevant publications were released regarding the companies between July 2020 and December 2020: (1) a July 20, 2020 announcement that Ant Group was preparing for its initial public offering; (2) a November 2, 2020 *Financial Times* report that Chinese regulators had conducted "regulatory interviews" with Ant Group executives[3]; (3) a November 3, 2020 announcement that Ant Group suspended its IPO because it "may not meet listing qualifications or disclosure requirements due to material matters"; (4) draft rules published on November 10, 2020 by China's anti-monopoly regulator, the State Administration for Market Regulation, aimed at curtailing Alibaba's coercive cooperation pacts; and (5) the announcement by Chinese authorities on December 23, 2020 of an antitrust investigation into Alibaba. The

---

[2] Putative class member Thomas J. Popovitch also filed a motion for appointment as lead plaintiff, (ECF No. 9), but subsequently filed a notice of Non-Opposition to the Competing Motions for Lead Plaintiffs, (ECF No. 25).

[3] The article stated that the executives received a "dressing down by authorities" and included a statement from Ant Group that it will "implement the meeting opinions in depth".

authorities were acting on reports that Alibaba had improperly pressured merchants to exclusively sell goods on Tmall. (Hess Compl. at ¶ 3-8.)

After the November 3, November 20, and December 2020 disclosures, the Alibaba share price dropped roughly 8%, 8%, and 13%, respectively.

## II. GHARSALLI'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF IS GRANTED.

### A. Gharsalli is Entitled to a Rebuttable Presumption of Appropriate Lead Plaintiff

Under the Private Securities Litigation Reform Act ("PSLRA"), there is a rebuttable presumption that the appropriate lead plaintiff is the person that (1) "has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i)," (2) "has the largest financial interest in the relief sought by the class," and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Gharsalli provides enough evidence to support a rebuttable presumption that he is the most appropriate lead plaintiff.[4] First, Gharasalli timely filed his motion to be appointed as lead plaintiff on January 12, 2021 — well within the sixty-day period to make a motion under § 78u-4(a)(3)(A)(i). Second, out of all the putative class members who have filed motions for lead plaintiff, Gharsalli appears to have the largest financial interest. To determine the plaintiff with the largest financial interest, the following factors are considered:

> (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class

---

[4] Mem. of Law in Supp. of Mot. to Consol. the Related Actions, Appoint Salem Gharsalli as Lead Pl. and Approve the Selection of Lead Counsel ("Gharsalli Mem."), ECF No. 7, Mem. of Law in Opp. to Comp. Mot. For Appoint. Lead Pl. and Approval of Lead Counsel ("Gharsalli Opp."), ECF No. 28, Reply Mem. of Law in Supp. of Mot. For Appoint. Lead Pl. and Approval of Lead Counsel ("Gharsalli Reply"), ECF No. 30, Decl. of Gregory B. Linkh ("Linkh Declaration"), ECF No. 8.

3

period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered.

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008). Financial loss, the last factor, is the most important element of the test. *Id.* Gharasalli claims to have purchased 90,000 gross shares (90,000 net shares), expended $23,700,269.13, and had a net total loss of $2,934,323.81.[5] (Gharsalli Opp. at 4; Linkh Declaration at Ex. C.) Those figures are larger than any other putative class member. Third, Gharasalli makes the preliminary showing that he satisfies the typicality and adequacy requirements of Rule 23. *Clifford v. TRON Found.*, No. 20-CV-2804 (VSB), 2020 WL 3577923, at *2 (S.D.N.Y. June 30, 2020) ("This determination 'need not be as complete as would a similar determination for the purpose of class certification,' and the movant is only required to make a *prima facie* showing that it meets the typicality and adequacy requirements.") Gharsalli, like all members of the putative class, alleges that he purchased Alibaba securities in reliance on Defendants alleged misstatements and omissions. (Gharsalli Mem. at 8-9.) Additionally, Gharsalli has retained qualified, experienced counsel, he is not aware of any conflict between his claims and those asserted on behalf of the putative class, and he submits that he has sufficient incentive to provide vigorous advocacy in this litigation. (*Id.* at 9.) Thus, Gharsalli has sufficiently established a rebuttable presumption that he is the appropriate lead plaintiff.

---

[5] Makadia/Tongbiao Group has the second largest financial loss of $2,237,802.

### B. The Presumption Has Not Been Rebutted

Competing putative class members have failed to rebut the presumption that Gharsalli is the appropriate lead plaintiff. The PSLRA allows other putative class members to rebut the presumption of the appropriate lead plaintiff by presenting proof that "the presumptively most adequate plaintiff (1) will not fairly and adequately protect the interests of the class, or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Pension Fund, relying primarily on *Erickson v. Snap, Inc.*, 2017 WL 11592635 (N.D. Cal. Sept. 18, 2017), *GAMCO Invs., Inc. v. Vivendi, S.A.*, 917 F. Supp. 2d 246 (S.D.N.Y. 2013) and this Court's decision in *Lundy v. Ideanomics, Inc.*, 2020 WL 7389027 (S.D.N.Y. Dec. 16, 2020), argues that the timing of Gharsalli's Alibaba stock purchases will subject him to a unique defense if Gharsalli is appointed lead plaintiff. (Pension Fund's Opp. to Competing Lead Pl. Mots., ECF No. 27, at 2-6.). It asserts that the November 2, 2020 and November 3, 2020 publications were corrective disclosures and the fact that Gharsalli purchased "100% of his Alibaba [shares]" after those publications undermines his ability to rely on the fraud-on-the-market presumption of reliance. *Id.* at 4. The publications in both *Lundy* and *Erickson* specifically disclosed or at least partially disclosed the alleged fraud to the market.[6] *See Lundy*, 2020 WL 7389027 at n. 5 (publications alleged "various misrepresentations by [defendants]") and *Erickson*, 2017 WL 11592635 at *3 (Half of plaintiff's shares were purchased after "news surfaced

---

[6] The Court in *GAMCO Invs. Inc.* had already certified the class and conducted a jury trial—a wholly separate stage of litigation than this present action. 917 F. Supp. 2d at 260. Indeed, the Court in *GAMCO Invs.* even stated that plaintiff's citations to cases on class certification were "inapposite at this stage in the litigation. . . ." *Id.*

5

questioning the strength of the [defendant's] growth" and more than 60% were purchased after an allegation of fraud).

Here, the November 2 and 3 publications did not reveal any alleged misstatements or omissions—they disclosed that Ant Group met with Chinese regulators and that Ant Group "may not meet listing qualifications or disclosure requirements due to material matters. . . ." (Hess Compl. at ¶¶ 5-6.) The fact that Ant Group met with regulators does not necessarily amount to a corrective disclosure, even if the meeting was allegedly described as a "dressing down". Similarly inconclusive is that Ant Group *may* not meet listing qualifications or disclosure requirements— this was simply a possibility not a previously undisclosed fact. *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 511 (2d Cir. 2010) ("[N]one of these matters even purported to reveal some then-undisclosed fact with regard to the specific misrepresentations alleged in the complaint"); *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 355 (S.D.N.Y. 2011) ("Since the article could not actually concede the existence of the fraudulent schemes at issue in this litigation, such a disclosure cannot have provided any curative disclosure.") (citation omitted); *compare In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 346 (S.D.N.Y. 2009) (Partial corrective disclosure did not mention fraud or government investigations or "sufficiently correct" defendant's "prior false and misleading statements" or make class members "actually aware of the fraud.") with *In re Hebron Tech. Co., Ltd. Sec. Litig.*, No. 20 CIV. 4420 (PAE), 2020 WL 5548856, at n.7 (S.D.N.Y. Sept. 16, 2020) (Public presentation expressly concluded that [defendant corporation] was an "insider enrichment scheme without economic basis" and this was the only cited disclosure that provided information to the market.)

Further, the Pension Fund does not articulate how knowledge that Ant Group met with regulators sufficiently corrects prior statements made by Defendants (in their Form 6-Ks or

elsewhere). *See Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 175 n. 4 (2d Cir. 2005) (Defendant's buy/sell recommendation did not amount to a corrective disclosure because it did not "reveal to the market the falsity of the prior recommendations.")[7] Thus, the timing of Gharsalli's purchases will not necessarily subject him to unique defenses because the publications issued before his purchases did not reveal the alleged fraud. The Pension Funds have failed to rebut the presumption that Gharsalli is the appropriate lead plaintiff.[8]

Finally, Gharsalli submits that he "is willing to add an additional plaintiff in the amended complaint to assuage any concerns . . . ." (Gharsalli Reply at 10.) According to Gharsalli, his counsel at Glancy Prongay & Murray LLP already represents "the investor, Laura Ciccarello, that filed the initial complaint in this action, and she is willing to serve as additional plaintiff going forward."[9] (*Id.*) Laura Ciccarello may be added as a named plaintiff in the amended complaint. *See Hevesi v. Citigroup Inc.*, 366 F.3d 70, 83 (2d Cir. 2004) ("[T]he PSLRA does not in any way prohibit the addition of named plaintiffs to aid the lead plaintiff in representing a class."); *Christian v. BT Grp. PLC*, 2017 WL 3705804, at *8 (D.N.J. Aug. 28, 2017) ("I take some comfort in the Pension Fund's offer to 'include an additional class representative who held shares of BT group

---

[7] Some courts in this Circuit have found that the announcement of a governmental investigation into the precise subject matter which forms the basis of the fraudulent practices at issue can qualify as a partial corrective disclosure. *See Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016) (citing *In re Gentiva Sec. Litig.*, 932 F. Supp. 2d 352, 388 (E.D.N.Y. 2013)); *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 288 (S.D.N.Y. 2008). However, the announcement of a meeting with regulators is not the same as the announcement of a governmental investigation.

[8] Makadia/Tongbiao Group asserts that it should be appointed Lead Plaintiff if the Court declines to appoint Gharsalli. (Mem. of Law in Further Supp. Of Mo. of Dineshchandra Makadia and Yan Tongbiao for Consol. and Appoint. As Co-Lead Pls. and Approval of Lead Counsel, ECF No. 26, at 3-7.) Since this Court is appointing Gharsalli, it need not address Makadia/Tongbiao Group's motion.

[9] Laura Ciccarello purchased 70 shares of Alibaba stock on October 30, 2020. (Ciccarello Compl. at 22.)

through the final disclosure' in an amended complaint.") (citing *In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 286 (S.D.N.Y. 2003)).

### C. Glancy Prongay & Murray LLP is Appointed as Lead Counsel

Under the PLSRA, "the most adequate plaintiff shall, subject to approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly selected lead plaintiff's decision as to counsel." Gharsalli selected Glancy Prongay & Murray LLP, whose "resume indicates that it has extensive experience in the field of securities litigation, and that it has successfully prosecuted numerous securities fraud class actions." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F.Supp.3d 607, 624 (S.D.N.Y. 2015); (*see also* Linkh Declaration, Ex. E.) The Court is persuaded that Glancy Prongay & Murray LLP can capably represent the class here, given the firm's experience in litigating class action lawsuits. *Plymouth County Retirement Association v. Innovative Technology, Inc. et al.*, No. 21 CIV. 4390 (VM), 2021 WL 4298191, at *6 (S.D.N.Y. Sept. 21, 2021). Gharsalli's selection of lead counsel is approved.

### III. CONCLUSION[10]

Makadia/Tongbiao Group and Pension Fund's motions for appointment as lead plaintiff and lead counsel, (ECF Nos. 13 and 16), are DENIED. Gharsalli's motion for appointment as lead

---

[10] The Court has considered the assertions (about the abandoned prosecution of Gharsalli for battery and the motion for sanctions filed against him in a civil action where he ultimately prevailed) made by Pension Funds in their letters submitted to this Court after briefing on the motions concluded (and Gharsalli's letter in response). *See* (1) Letter, dated May 5, 2021, ECF No. 45; (2) Letter, dated May 6, 2021, and (3) Letter, dated May 10, 2021, ECF No. 47. The Court finds the assertions unavailing as they do not make Gharsalli "vulnerable to unique defenses and sharp attacks relevant to the issues in the litigation." *Stinson v. City of New York*, 282 F.R.D. 360, 373 (S.D.N.Y. 2012) (citing *German v. Federal Home Mortg. Corp.*, 168 F.R.D. 145, 155 (S.D.N.Y.1996)).

plaintiff and approval of Glancy Prongay & Murray LLP as lead counsel, (ECF No. 6), is GRANTED.

Dated: New York, New York
February 10, 2022

SO ORDERED.

GEORGE B. DANIELS
United States District Judge