# EXHIBIT Z

## People's Republic of China

## Beijing Higher People's Court

# Written Decision of Civil Ruling

(2017) Docket No. #152

Plaintiff: Beijing Jingdong Century Trading Co., Ltd., located at Room 201, Floor 2, Block C, No. 18, Kechuang 11th Street, Beijing Economic and Technological Development Zone, Beijing, the People's Republic of China.

Legal Representative: Liu Qiangdong, Chairman of the Board.

Entrusted Litigation Attorney: Huang Wei, a lawyer of Beijing Tianyuan Law Firm.

Entrusted Litigation Attorney: Cheng Cheng, a lawyer of Beijing Zhong Lun Law Firm.

Plaintiff: Beijing Jingdong 360 Degrees Electronic Commerce Co., Ltd., located at Room 222, Floor 2, Block C, No. 18, Kechuang 11th Street, Beijing Economic and Technological Development Zone, Beijing, the People's Republic of China.

Legal Representative: Liu Qiangdong, Chairman of the Board.

Entrusted Litigation Attorney: Han Guizhen, a lawyer of Beijing Tianyuan Law Firm.

Entrusted Litigation Attorney: Zhang Li, a lawyer of Beijing Zhong Lun Law Firm.

Defendant: Zhejiang Tmall Network Co., Ltd., located at Floor 3, Building 3, No. 168, Wuchang Avenue, Wuchang Subdistrict, Yuhang District, Hangzhou City, Zhejiang Province, the People's Republic of China.

Legal Representative: Zhang Yong, Chairman of the Board and General Manager.

Entrusted Litigation Attorney: Ning Xuanfeng, a lawyer of Beijing King & Wood Mallesons Law Firm.

Entrusted Litigation Attorney: Shi Yusheng, a lawyer of Beijing King & Wood Mallesons Law Firm.

1

Defendant: Zhejiang Tmall Technology Co., Ltd., located at Room 507, Floor 5, Building 3, No. 969, Wenyi West Road, Wuchang Subdistrict, Yuhang District, Hangzhou City, Zhejiang Province, the People's Republic of China.

Legal Representative: Zhang Yong, Chairman of the Board and General Manager.

Entrusted Litigation Attorney: Peng Heyue, a lawyer of Beijing King & Wood Mallesons Law Firm.

Entrusted Litigation Attorney: Jiao Hongbin, a lawyer of Beijing King & Wood Mallesons Law Firm.

Defendant: Alibaba Group Holding Limited, with its address at P.O. Box 847, 4th Floor, One Capital Place, Grand Cayman, British Cayman Islands.

Legal Representative: Timothy A. Steinert, General Counsel and Corporate Secretary.

Entrusted Litigation Attorney: Shi Yusheng, a lawyer of Beijing King & Wood Mallesons Law Firm.

Entrusted Litigation Attorney: Xu Jing, a lawyer of Beijing King & Wood Mallesons Law Firm.

In the matter of the lawsuit filed by the plaintiff Beijing Jingdong Century Trading Co., Ltd. (hereinafter referred to as "Jingdong Trading Company") and the plaintiff Beijing Jingdong 360 Degrees Electronic Commerce Co., Ltd. (hereinafter referred to as "Jingdong 360 Degrees Company") against the defendant Zhejiang Tmall Network Co., Ltd. (hereinafter referred to as "Tmall Network Company"), the defendant Zhejiang Tmall Technology Co., Ltd. (hereinafter referred to as "Tmall Technology Company") and the defendant Alibaba Group Holding Limited (hereinafter referred to as "Alibaba Company") alleging abuse of dominant market position, this Court placed the case on record on December 7, 2017.

Jingdong Trading Company and Jingdong 360 Degrees Company jointly claimed that Jingdong 360 Degrees Company is the owner of the website "www.jd.com" and the copyright holder of the mobile application of the website while Jingdong Trading Company is the technology service provider of the Jingdong website. The two plaintiffs provide a platform for online retail and related technology services to third party merchants through the "Jingdong Open Platform – Jingdong Marketplace". Tmall Network Company is the owner of the website "www.tmall.com"

2

and Tmall Technology Company is the copyright holder of the Tmall mobile application. The two defendants jointly operate the "Tmall Platform – Tmall Marketplace", which provides a platform for online retail and related technology services to third party merchants. The Alibaba Company is a holding company registered in the Cayman Islands, and its affiliated companies (registered in China, among other places) are responsible for carrying out the specific business operations in China. The Alibaba Company is the ultimate actual controlling entity of Tmall Network Company and Tmall Technology Company. It is also the ultimate actual controlling entity of the Tmall platform and Taobao platform operated by Tmall Network Company and Tmall Technology Company. Since 2013, the three defendants have, by various means, continuously carried out business conduct that includes, without limitation, prohibiting clothing, home furnishings and other branded merchants that opened stores on Tmall marketplace from: (1) participating in "June 18", "November 11" and other promotional activities on the Jingdong marketplace operated by the two plaintiffs; (2) opening stores on the Jingdong marketplace to do business; and even (3) opening any store on any platform other than the Tmall marketplace (hereinafter referred to as the "choose one of two" policy). The three defendants have a dominant market position in the B2C online retail platform market in mainland China. They have carried out business conduct that abuses their dominant market position, including the "choose one of two" policy, which has impeded normal market competition in China's B2C online retail platform market and infringed upon the legitimate rights and interests of the two plaintiffs, merchants and general consumers. The three defendants should bear the corresponding legal liabilities for the tort of abusing its dominant market position. Accordingly, the plaintiffs petition the Court to: (1) confirm that the three defendants have a dominant position in the relevant market determined in this case; (2) order the three defendants to cease abusing their dominant market position, including ceasing the conduct of restricting merchants to deal with the defendants only and restricting merchants from entering into transactions with the two plaintiffs; (3) order the three defendants to jointly and severally compensate the two plaintiffs for the economic losses caused to the two plaintiffs due to their abuse of market dominance, in the amount of RMB 1 billion; (4) order the three defendants to apologize to the two plaintiffs and eliminate the impact, specifically by publishing a statement of apology and elimination of influence approved by the Court on the home pages of the relevant websites "tmall.com" and "taobao.com"; (5) order the three defendants to jointly and severally bear the

reasonable expenses paid by the two plaintiffs for safeguarding their rights in this case, including notarization fees, economic analysis fees, legal fees, etc., provisionally totaling RMB 2 million.

During their submission of the Statement of Defense, Tmall Network Company, Tmall Technology Company and Alibaba Company raised an objection to the jurisdiction, claiming that this Court is neither the People's Court of the defendant's domicile, nor the People's Court of the places where the alleged infringement was committed or where the damage resulting from the infringement occurred. This Court has no basis or legal grounds for exercising jurisdiction over this case. This case should be transferred to the Zhejiang Higher People's Court of the People's Republic of China for proper jurisdiction.

Upon examination, this Court holds that Article 28 of the *Civil Procedure Law of the People's Republic of China* provides that "a lawsuit in tort shall be under the jurisdiction of the People's Court in the place where the infringement occurred or where the defendant has his domicile." Article 35 provides that "if two or more People's Courts have jurisdiction over a lawsuit, the plaintiff may file a lawsuit before any one of the People's Courts; if the plaintiff files a lawsuit before two or more People's Courts with jurisdiction, it shall be under the jurisdiction of the People's Court that first puts the case on record." Article 24 of the *Interpretation of the Supreme People's Court on the Application of the "Civil Procedure Law of the People's Republic of China"* provides that "'the place where the infringement occurred', as provided in Article 28 of the Civil Procedure Law, includes the places where the alleged infringement was committed and where the damage resulting from the infringement occurred."

This case is a civil lawsuit brought by Jingdong Trading Company and Jingdong 360 Degrees Company against Tmall Network Company, Tmall Technology Company and Alibaba Company, alleging that they abused their market dominant position. In a tort dispute over abuse of dominant market position, to define the places where the alleged infringement was committed and where the damage resulting from the infringement occurred, a specific judgment should be made according to the nature of the legal relationship of the dispute. The legislative purpose of the *Anti-Monopoly Law of the People's Republic of China* is to prevent and restrain monopolistic acts, protect fair competition in the market, safeguard the consumer interests and social public interests, and prohibit business operators with dominant market positions from abusing their dominant market positions. In this case, Jingdong Trading Company and Jingdong 360 Degrees Company

claimed that, although the direct targets of the "choose one of two" policy carried out by Tmall Network Company, Tmall Technology Company and Alibaba Company are the merchants of various brands that have opened stores on the online platform to do business, however, based on the characteristics of the online platform, its impact on the market competition is not limited to the domicile of each of the defendants or the places where each of the defendants directly carried out the above-mentioned acts. Under the definition of the *Anti-Monopoly Law*, the above-mentioned acts would have an impact on free competition in the relevant market. This of course includes Beijing, which is under the jurisdiction of this Court. In addition, Jingdong Trading Company and Jingdong 360 Degrees Company claimed that Tmall Network Company, Tmall Technology Company and Alibaba Company not only actually carried out the alleged "choose one of two" policy in Beijing, but also claimed that the consequences of the above-mentioned acts have extended to the Beijing region, which further proves that Beijing is among the places where the alleged infringement was committed and where the damage resulting from the infringement occurred. In summary, since Beijing is the place where the alleged infringement was committed and where the damage resulting from the infringement occurred in this case, this Court has jurisdiction over this case. Given that Jingdong Trading Company and Jingdong 360 Degrees Company have filed a lawsuit with the Court, the objection to jurisdiction raised by Tmall Network Company, Tmall Technology Company and Alibaba Company is not tenable, and the Court will deny it according to law.

In accordance with the provisions of Article 28, Article 127 and item 2 of paragraph 1 of Article 154 of the *Civil Procedure Law of the People's Republic of China* and Article 24 of the *Interpretation of the Supreme People's Court on the Application of the "Civil Procedure Law of the People's Republic of China"*, this Court's ruling is as follows:

Deny the objections raised by Zhejiang Tmall Network Co., Ltd., Zhejiang Tmall Technology Co., Ltd. and Alibaba Group Holding Limited to the jurisdiction of this case.

The case acceptance fee of RMB 70 shall be jointly borne by Zhejiang Tmall Network Co., Ltd., Zhejiang Tmall Technology Co., Ltd. and Alibaba Group Holding Limited (to be paid within seven days from the effective date of this ruling).

If any one of Beijing Jingdong Century Trading Co., Ltd., Beijing Jingdong 360 Degrees Electronic Commerce Co., Ltd., Zhejiang Tmall Network Co., Ltd. or Zhejiang Tmall Technology

Co., Ltd. is not satisfied with this ruling, the party may submit an appeal to the Court within 10 days from the date of service of the ruling, while Alibaba Group Holding Limited may submit an appeal to the Court within 30 days from the date of service of the ruling. The appeal would be heard by the Supreme People's Court of the People's Republic of China.

Chief Judge Xie Zhenke

Judge Zhou Bo

Judge Tao Jun

[seal: Beijing Higher People's Court]

December 17, 2018

Clerk Jin Mengmeng

Upon checking, this document is identical to the original.

# 中华人民共和国
# 北京市高级人民法院
# 民事裁定书

（2017）京民初字 152 号

原告：北京京东世纪贸易有限公司，住所地中华人民共和国北京市北京经济技术开发区科创十一街 18 号 C 座 2 层 201 室。

法定代表人：刘强东，董事长。

委托诉讼代理人：黄伟，北京市天元律师事务所律师。

委托诉讼代理人：程诚，北京市中伦律师事务所律师。

原告：北京京东叁佰陆拾度电子商务有限公司，住所地中华人民共和国北京市北京经济技术开发区科创十一街 18 号 C 座 2 层 222 室。

法定代表人：刘强东，董事长。

委托诉讼代理人：韩桂珍，北京市天元律师事务所律师。

委托诉讼代理人：张力，北京市中伦律师事务所律师。

被告：浙江天猫网络有限公司，住所地中华人民共和国浙江省杭州市余杭区五常街道五常大道 168 号 3 号楼三层。

法定代表人：张勇，董事长兼总经理。

委托诉讼代理人：宁宣凤，北京市金杜律师事务所律师。

委托诉讼代理人：史玉生，北京市金杜律师事务所律师。

被告：浙江天猫技术有限公司，住所地中华人民共和国浙江省杭州市余杭区五常街道文一西路 969 号 3 幢 5 层 507 室。

1

法定代表人：张勇，董事长兼总经理。

委托诉讼代理人：彭荷月，北京市金杜律师事务所律师。

委托诉讼代理人：矫鸿彬，北京市金杜律师事务所律师。

被告：阿里巴巴集团控股有限公司，住所地英属开曼群岛大开曼岛资本大厦一座四层 847 号邮箱。

法定代表人：蒂莫西·A·斯坦纳特，首席法务官兼公司秘书。

委托诉讼代理人：史玉生，北京市金杜律师事务所律师。

委托诉讼代理人：徐静，北京市金杜律师事务所律师。

原告北京京东世纪贸易有限公司（以下简称京东贸易公司）、原告北京京东叁佰陆拾度电子商务有限公司（以下简称京东叁佰陆拾度公司）诉被告浙江天猫网络有限公司（以下简称天猫网络公司）、被告浙江天猫技术有限公司（以下简称天猫技术公司）、被告阿里巴巴集团控股有限公司（以下简称阿里巴巴公司）滥用市场支配地位纠纷一案，本院于 2017 年 12 月 7 日立案。

京东贸易公司、京东叁佰陆拾度公司共同诉称，京东叁佰陆拾度公司为 www.jd.com 网站的所有者和移动版 APP 的著作权人，京东贸易公司是京东网站的技术服务提供者，两原告在京东开放平台-京东商城为第三方商家提供网上零售的平台和相关技术服务。天猫网络公司为 www.tmall.com 网站所有者，天猫技术公司为天猫手机 APP 版权所有者，两被告共同运营天猫平台-天猫商城，为第三方商家提供网上零售的平台和相关技术服务。阿里巴巴公司是在英属开曼群岛注册的控股公司，其在中国等地注册的关联公司负责具体开

2

展在中国的经营业务。阿里巴巴公司是天猫网络公司、天猫技术公司的最终实际控制主体，也是天猫网络公司、天猫技术公司经营的天猫平台以及淘宝平台的最终实际控制主体。2013 年以来，三被告不断以各种手段实施包括但不限于要求在天猫商城开设店铺的服饰、家居等众多品牌商家不得在两原告运营的京东商城参加 618、双 11 等促销活动、不得在京东商城开设店铺进行经营，甚至只能在天猫商城一个平台开设店铺进行经营行为（以下简称"二选一"行为）。三被告在中国大陆 B2C 网上零售平台市场上具有市场支配地位，实施了包括"二选一"行为在内的滥用市场支配地位行为，损害了中国 B2C 网上零售平台市场的正常竞争秩序，侵犯了两原告、商家及广大消费者的合法权益，三被告应当对其滥用市场支配地位的侵权行为承担相应的法律责任。据此，请求法院：1、确认三被告在本案所确定的相关市场具有市场支配地位；2、判令三被告停止滥用市场支配地位的行为，包括停止限定商家只能与被告进行交易、停止限定商家不得与两原告进行交易等行为；3、判令三被告向两原告连带赔偿因其实施的滥用市场支配地位行为给两原告造成的经济损失人民币 10 亿元；4、判令三被告向两原告赔礼道歉、消除影响，具体形式包括三被告在官网域名为 tmall.com、taobao.com 的相关网站首页，以及相应 APP 主页上刊登经法院认可的道歉及消除影响声明；5、判令三被告连带承担两原告在本案中为维权而支付的合理开支，包括公证费、经济分析费用、律师费等，暂计人民币 200 万元。

天猫网络公司、天猫技术公司、阿里巴巴公司在提交答

3

辩状期间，对管辖权提出异议认为，本院并非本案被告住所地人民法院，亦非被控侵权行为实施地和侵权行为结果地人民法院，本院对本案没有行使管辖权的基础和法律依据，本案应当移送中华人民共和国浙江省高级人民法院管辖。

本院经审查认为，《中华人民共和国民事诉讼法》第二十八条规定："因侵权行为提起的诉讼，由侵权行为地或被告住所地人民法院管辖。"第三十五条规定："两个以上人民法院都有管辖权的诉讼，原告可以向其中一个人民法院起诉；原告向两个以上有管辖权的人民法院起诉的，由最先立案的人民法院管辖。"《最高人民法院关于适用<中华人民共和国民事诉讼法>的解释》第二十四条规定："民事诉讼法第二十八条规定的侵权行为地，包括侵权行为实施地、侵权结果发生地。"

本案是京东贸易公司、京东叁佰陆拾度公司认为天猫网络公司、天猫技术公司、阿里巴巴公司滥用市场支配地位而提起的民事诉讼，界定滥用市场支配地位侵权纠纷的侵权行为地和侵权结果地，应当根据纠纷的法律关系性质进行具体判断。《中华人民共和国反垄断法》的立法目的系为预防和制止垄断行为，保护市场公平竞争，维护消费者利益和社会公共利益，禁止具有市场支配地位的经营者滥用其市场支配地位。本案中，京东贸易公司、京东叁佰陆拾度公司主张天猫网络公司、天猫技术公司、阿里巴巴公司所实施的"二选一"行为，虽然行为的直接对象是在网络平台开设店铺进行经营行为的各品牌商家，但基于网络平台特性，其对市场竞争秩序的影响则不限于各被告的住所地或各被告实施上述

4

行为的直接行为地，在反垄断法意义上，上述行为将对该相关市场内的自由竞争产生产生影响，这当然涵盖了本院管辖的北京市。同时，京东贸易公司、京东叁佰陆拾度公司亦主张天猫网络公司、天猫技术公司、阿里巴巴公司不仅在北京地区实际实施了被控的"二选一"行为，而且上述行为的后果也已经及于北京地区，从而进一步证明北京地区属于被诉侵权行为的实施地和侵权结果发生地。综上，基于北京地区是本案被控侵权行为实施地和被控侵权行为结果发生地，故本院对本案具有管辖权。在京东贸易公司、京东叁佰陆拾度公司已向本院提起诉讼的情况下，天猫网络公司、天猫技术公司、阿里巴巴公司所提管辖权异议均不成立，本院依法不予支持。

依照《中华人民共和国民事诉讼法》第二十八条、第一百二十七条、第一百五十四条第一款第二项、《最高人民法院关于适用＜中华人民共和国民事诉讼法＞的解释》第二十四条之规定，裁定如下：

驳回浙江天猫网络有限公司、浙江天猫技术有限公司、阿里巴巴集团控股有限公司对本案管辖权提出的异议。

案件受理费人民币七十元，由浙江天猫网络有限公司、浙江天猫技术有限公司、阿里巴巴集团控股有限公司共同负担（于本裁定生效之日起七日内交纳）。

如不服本裁定，北京京东世纪贸易有限公司、北京京东叁佰陆拾度电子商务有限公司、浙江天猫网络有限公司、浙江天猫技术有限公司可在裁定书送达之日起十日内向本院递交上诉状，阿里巴巴集团控股有限公司可在裁定书送达之

5

日起三十日内向本院递交上诉状，上诉于中华人民共和国最
高人民法院。

审　判　长　　谢甄珂

审　判　员　　周　波

审　判　员　　陶　钧

二〇一八年十二月十七日

本件与原本核对无异

书　记　员　　金萌萌



City of New York, State of New York, County of New York

I, Shayna Himelfarb, hereby certify that the document "民事裁定书（管辖异议一审）" is, to the best of my knowledge and belief, a true and accurate translation from Chinese into English.

Shayna Himelfarb

Sworn to before me this
July 19, 2022

Signature, Notary Public



Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM

OFFICES IN 90 CITIES WORLDWIDE