**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: ALIBABA GROUP HOLDING LTD. SECURITIES LITIGATION | No.: 1:20-cv-09568-GBD-JW |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

**ANSWER**

The Amended Consolidated Class Action Complaint (the "Complaint") in this litigation arises out of Plaintiffs' alleged purchase of the American Depositary Shares ("ADSs") of Alibaba Group Holding Limited ("Alibaba" or the "Company"). Defendants Alibaba, Daniel Yong Zhang, and Maggie Wei Wu (collectively, "Defendants"), by and through their undersigned counsel, respond to the Complaint as follows.

**GENERAL DENIALS**

Defendants deny any and all liability under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission ("SEC") Rule 10b-5.

The Complaint contains purported excerpts from, and references to, a number of documents and third-party publications, some of which appear to be informal translations from their original language. Such documents and third-party publications speak for themselves, and Defendants refer to the respective documents and third-party publications in their original language for their contents. Defendants did not search for or review those documents to determine whether Plaintiffs correctly quoted or interpreted them.

Any allegations contained in the Complaint that state a legal conclusion do not require a response, and, to the extent that any response is required, such allegations are denied.

Defendants generally deny any averments in the Complaint's table of contents, headings, subheadings, unnumbered paragraphs, footnotes, appendices, and exhibits, except refer Plaintiffs to any referenced document and third-party publications to confirm the contents thereof.

Defendants deny the use of "Class Period" as it is used throughout the Complaint.

Any allegation that is not specifically admitted below is hereby denied.

**SPECIFIC RESPONSES**

1.      Defendants deny the allegations of Paragraph 1, except admit that Plaintiffs purport to bring a securities class action seeking to recover for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and on that basis deny each and every allegation contained therein, except admit that the principal executive offices of Alibaba's main operations are located in Hangzhou, China, that Alibaba's businesses are comprised of, among other things, Taobao, Tmall, and Alibaba.com, and that Alibaba's digital economy generated approximately RMB 7,053 billion in gross merchandise value ("GMV") in the twelve months ended March 31, 2020, and total revenue increased to approximately RMB 509,711 million in fiscal year 2020.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis deny each and every allegation contained therein.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis deny each and every allegation contained therein, except admit that the State Administration for Market Regulation ("SAMR") was formed as a new governmental agency to take over, among other things, the anti-monopoly enforcement functions from certain relevant departments, and refer Plaintiffs to the materials referenced in Paragraph 4 to confirm the contents thereof.  Paragraph 4 also asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

3

5.      Defendants deny the allegations of Paragraph 5, except admit that Alibaba has at certain times employed certain business practices which have been characterized by some as "Choose One Of Two."

6.      Defendants deny the allegations of Paragraph 6, except admit that on or about November 5, 2019, the SAMR held an administrative guidance meeting attended by Internet platform companies, including Alibaba, and that Winnie Jia Wen ("Wen"), who, as of July 9, 2020 was Vice President, Office of the Chairman at Alibaba and a Partner of the Alibaba Partnership, attended and spoke at the meeting.

7.      Defendants deny the allegations of Paragraph 7, except refer Plaintiffs to the materials referenced in Paragraph 7 to confirm the contents thereof.

8.      Defendants deny the allegations in Paragraph 8, except refer Plaintiffs to the materials referenced in Paragraph 8 to confirm the contents thereof.

9.      Defendants deny the allegations in Paragraph 9.

10.     Defendants deny the allegations in Paragraph 10, except admit that, on or around July 9, 2020, Alibaba filed an annual report for its fiscal year ended March 31, 2020 with the SEC on Form 20-F ("2020 Form 20-F"), and refer Plaintiffs to the materials referenced in Paragraph 10 to confirm the contents thereof.

11.     As per agreement with Plaintiffs' counsel, no response is required to Paragraph 11 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

12.     As per agreement with Plaintiffs' counsel, no response is required to Paragraph 12 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

13.     As per agreement with Plaintiffs' counsel, no response is required to Paragraph 13 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

14.     As per agreement with Plaintiffs' counsel, no response is required to Paragraph 14 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

15.     As per agreement with Plaintiffs' counsel, no response is required to Paragraph 15 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

16.     As per agreement with Plaintiffs' counsel, no response is required to Paragraph 16 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

17.     As per agreement with Plaintiffs' counsel, no response is required to Paragraph 17 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

18.     As per agreement with Plaintiffs' counsel, no response is required to Paragraph 18 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

19.     As per agreement with Plaintiffs' counsel, no response is required to Paragraph 19 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

20.     As per agreement with Plaintiffs' counsel, no response is required to Paragraph 20 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

21.     As per agreement with Plaintiffs' counsel, no response is required to Paragraph 21 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and on that basis deny each and every allegation therein.

23.     As per agreement with Plaintiffs' counsel, no response is required to Paragraph 23 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

24.     As per agreement with Plaintiffs' counsel, no response is required to Paragraph 24 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

25.     Defendants deny the allegations of Paragraph 25, except refer plaintiffs to the materials referenced in Paragraph 25 to confirm the contents thereof.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis deny each and every allegation therein. Paragraph 26 also asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

27.     Defendants deny the allegations of Paragraph 27, except refer Plaintiffs to the materials referenced in Paragraph 27 to confirm the contents thereof.

28. Defendants deny the allegations of Paragraph 28, except refer Plaintiffs to the materials referenced in Paragraph 28 to confirm the contents thereof.

29. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 29 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

30. Paragraph 30 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations, except refer Plaintiffs to the materials referenced in Paragraph 30 to confirm the contents thereof.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and on that basis deny each and every allegation therein. Paragraph 31 also asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

32. Paragraph 32 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

33. Paragraph 33 asserts legal conclusions to which no response is required.

34. Paragraph 34 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

35. Paragraph 35 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

36. Defendants deny the allegations of Paragraph 36, except refer Plaintiffs to the Private Securities Litigation Reform Act ("PSLRA") certifications of Lead Plaintiff Salem Gharsalli. Defendants further lack knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 36, and on that basis deny each and every allegation contained therein.

37.    Defendants deny the allegations of Paragraph 37, except refer Plaintiffs to the PSLRA certifications of Plaintiff Laura Ciccarello.  Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and on that basis deny each and every allegation contained therein.

38.    Defendants deny the allegations of Paragraph 38, except refer Plaintiffs to the PSLRA certifications of Plaintiff Dineshchandra Makadia.  Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and on that basis deny each and every allegation contained therein.

39.    Defendants deny the allegations of Paragraph 39, except refer Plaintiffs to the PSLRA certifications of Plaintiff Yan Tongbiao.  Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and on that basis deny each and every allegation contained therein.

40.    Defendants deny the allegations of Paragraph 40, except admit that Alibaba is incorporated in the Cayman Islands, and that its ADSs are traded on the New York Stock Exchange ("NYSE") under the ticker symbol "BABA."

41.    Defendants deny the allegations of Paragraph 41, except admit that Defendant Daniel Yong Zhang ("Zhang") has served as Alibaba's Chairman since September 2019, as its Chief Executive Officer since May 2015, and as a member of its Board of Directors since September 2014.  Defendants further admit that Zhang previously held a number of positions, including but not limited to Alibaba's Chief Operating Officer, President of Tmall.com, Chief Financial Officer of Taobao Marketplace, and Senior Manager of PricewaterhouseCoopers'

Audit and Business Advisory Division, that Zhang is a founding member of the Alibaba Partnership, and that Zhang previously served as a member of the Board of Directors of Weibo Corp.

42. Defendants deny the allegations of Paragraph 42, except admit that Defendant Maggie Wei Wu ("Wu") has served as a member of Alibaba's Board of Directors since September 2020 and that she previously served as Alibaba's Chief Financial Officer between May 2013 and March 2022 and as its Head of Strategic Investments between June 2019 and March 2022. Defendants further admit that Wu previously held a number of positions, including but not limited to Chief Financial Officer of Alibaba.com and Audit Partner at KPMG, and that she is a member of the Association of Chartered Certified Accountants.

43. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 43 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

44. Defendants deny the allegations of Paragraph 44, except admit that the Complaint refers to Zhang, Wu, and dismissed Defendant Jack Yun Ma ("Ma") collectively as the "Individual Defendants."

45. Defendants deny the allegations of Paragraph 45, except admit that Ma was a lead founder of Alibaba, that the principal executive offices of Alibaba's main operations are located in Hangzhou, China, that Alibaba completed an initial public offering in 2014, and that Alibaba's ADSs are traded on the NYSE. Defendants further refer Plaintiffs to the materials referenced in Paragraph 45 to confirm the contents thereof.

46. Defendants deny the allegations of Paragraph 46, except admit that Alibaba's China commerce retail businesses include, among other things, Taobao and Tmall, that its China

commerce wholesale businesses include, among other things, 1688.com, that its international commerce retail businesses include, among other things, AliExpress, and that its international commerce wholesale businesses include, among other things, Alibaba.com.

47. Defendants deny the allegations of Paragraph 47, except refer Plaintiffs to the materials referenced in Paragraph 47 to confirm the contents thereof.

48. Defendants deny the allegations of Paragraph 48, except refer Plaintiffs to the materials referenced in Paragraph 48  to confirm the contents thereof.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and on that basis deny each and every allegation contained therein, except admit Alibaba faces competition principally from established Chinese Internet companies and their respective affiliates, global and regional e-commerce players, cloud service providers and digital media and entertainment providers.

50. Defendants deny the allegations of Paragraph 50, except admit that Alibaba faces competition principally from established Chinese Internet companies and their respective affiliates, global and regional e-commerce players, cloud service providers, and digital media and entertainment providers.

51. Defendants deny the allegations of Paragraph 51, except admit that, from July 9, 2020 through December 23, 2020, Ma, Joseph C. Tsai ("Tsai"), and Zhang were Partners of the Alibaba Partnership, that Tsai was Alibaba's Executive Vice Chairman, and that Zhang was Alibaba's Chief Executive Officer.

52. Defendants refer Plaintiffs to the materials referenced in Paragraph 52 to confirm the contents thereof.

53.    Defendants deny the allegations of Paragraph 53, except admit that Ma, Zhang, and Wu were Partners of the Alibaba Partnership between July 9, 2020 and December 23, 2020.

54.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 54 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

55.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 55 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

56.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 56 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

57.    Defendants deny the allegations of Paragraph 57, except refer Plaintiffs to the materials referenced in Paragraph 57 to confirm the contents thereof.

58.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 58 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

59.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 59 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

60.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 60 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

61. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 61 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

62. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 62 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

63. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 63 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and on that basis deny each and every allegation contained therein.

65. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and on that basis deny each and every allegation contained therein, except refer Plaintiffs the materials referenced in Paragraph 65 to confirm the contents thereof.

66. Defendants deny the allegations of Paragraph 66, except refer Plaintiffs the materials referenced in Paragraph 66 to confirm the contents thereof.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and on that basis deny each and every allegation contained therein, except refer Plaintiffs to the materials referenced in Paragraph 67 to confirm the contents thereof.

68.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and on that basis deny each and every allegation therein.

69.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and on that basis deny each and every allegation contained therein, except admit that in March 2018, the SAMR was formed as a new governmental agency to take over, among other things, the anti-monopoly enforcement functions from certain departments, including, among others, the State Administration for Industry and Commerce ("SAIC"), and refer Plaintiffs to the materials referenced in Paragraph 69 to confirm the contents thereof.  Paragraph 69 also asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

70.    Paragraph 70 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

71.    Paragraph 71 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

72.    Paragraph 72 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except refer Plaintiffs to the materials referenced in Paragraph 72 to confirm the contents thereof.

73.    Paragraph 73 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except refer Plaintiffs to the materials referenced in Paragraph 73 to confirm the contents thereof.

74.    Paragraph 74 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except refer Plaintiffs to the materials referenced in Paragraph 74 to confirm the contents thereof.

75.    Paragraph 75 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except refer Plaintiffs to the materials referenced in Paragraph 75 to confirm the contents thereof.

76.    Paragraph 76 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except refer Plaintiffs to the materials referenced in Paragraph 76 to confirm the contents thereof.

77.    Defendants deny the allegations of Paragraph 77, except refer Plaintiffs to the materials referenced in Paragraph 77 to confirm the contents thereof.

78.    Defendants deny the allegations of Paragraph 78, except refer Plaintiffs to the materials referenced in Paragraph 78 to confirm the contents thereof.

79.    Defendants deny the allegations of Paragraph 79, except refer Plaintiffs to the materials referenced in Paragraph 79 to confirm the contents thereof.

80.    Defendants deny the allegations of Paragraph 80, except refer Plaintiffs to the materials referenced in Paragraph 80 to confirm the contents thereof.

81.    Defendants deny the allegations of Paragraph 81, except refer Plaintiffs to the materials referenced in Paragraph 81 to confirm the contents thereof.

82.    Defendants deny the allegations of Paragraph 82, except refer Plaintiffs to the materials referenced in Paragraph 82 to confirm the contents thereof.

83.    Defendants deny the allegations of Paragraph 83, except refer Plaintiffs to the materials referenced in Paragraph 83 to confirm the contents thereof.

84.    Defendants deny the allegations of Paragraph 84, except refer Plaintiffs to the materials referenced in Paragraph 84 to confirm the contents thereof.

85.    Defendants deny the allegations of Paragraph 85, except refer Plaintiffs to the materials referenced in Paragraph 85 to confirm the contents thereof.

86.    Paragraph 86 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except refer Plaintiffs to the materials referenced in Paragraph 86 to confirm the contents thereof.

87.    Paragraph 87 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except refer Plaintiffs to the materials referenced in Paragraph 87 to confirm the contents thereof.

88.    Paragraph 88 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that Alibaba has at certain times employed certain business practices which have been characterized by some as "Choose One of Two."

89.    Paragraph 89 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that Alibaba has at certain times employed certain business practices which have been characterized by some as "Choose One of Two."

90.    Defendants deny the allegations of Paragraph 90, except refer Plaintiffs to the materials referenced in Paragraph 90 to confirm the contents thereof.

91.    Defendants deny the allegations of Paragraph 91, except admit that in 2017, Beijing Jingdong Shiji Trading Co., Ltd. and Beijing Jingdong 360 E-commerce Co., Ltd. sued Zhejiang Tmall Technology Co., Ltd., Zhejiang Tmall Network Co., Ltd. and Alibaba Group Holding Limited for abuse of dominant market position, and refer Plaintiffs to the materials referenced in Paragraph 91 to confirm the contents thereof.

15

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and on that basis deny each and every allegation therein.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and on that basis deny each and every allegation therein.

94.     Defendants deny the allegations of Paragraph 94, except refer Plaintiffs to the materials referenced in Paragraph 94 to confirm the contents thereof.

95.     Defendants deny the allegations of Paragraph 95, except refer Plaintiffs to the materials referenced in Paragraph 95 to confirm the contents thereof.

96.     Defendants deny the allegations of Paragraph 96, except refer Plaintiffs to the materials referenced in Paragraph 96 to confirm the contents thereof.

97.     Defendants deny the allegations of Paragraph 97, except refer Plaintiffs to the materials referenced in Paragraph 97 to confirm the contents thereof.

98.     Defendants deny the allegations of Paragraph 98, except refer Plaintiffs to the materials referenced in Paragraph 98 to confirm the contents thereof.

99.     Paragraph 99 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

100.     Defendants deny the allegations of Paragraph 100, except refer Plaintiffs to the materials referenced in Paragraph 100 to confirm the contents thereof.

101.     Defendants deny the allegations of Paragraph 101, except admit that on or about November 5, 2019, the SAMR held an administrative guidance meeting attended by Internet platform companies, including Alibaba.

102.     Paragraph 102 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

103.    Defendants deny the allegations of Paragraph 103, except refer Plaintiffs to the materials referenced in Paragraph 103 to confirm the contents thereof.

104.    Defendants deny the allegations of Paragraph 104, except refer Plaintiffs to the materials referenced in Paragraph 104 to confirm the contents thereof.

105.    Defendants deny the allegations of Paragraph 105, except refer Plaintiffs to the materials referenced in Paragraph 105 to confirm the contents thereof.

106.    Defendants deny the allegations of Paragraph 106, except refer Plaintiffs to the materials referenced in Paragraph 106 to confirm the contents thereof.

107.    Defendants deny the allegations of Paragraph 107, except refer Plaintiffs to the materials referenced in Paragraph 107 to confirm the contents thereof.

108.    Defendants deny the allegations of Paragraph 108, except refer Plaintiffs to the materials referenced in Paragraph 108 to confirm the contents thereof.

109.    Defendants deny the allegations of Paragraph 109, except refer Plaintiffs to the materials referenced in Paragraph 109 to confirm the contents thereof.

110.    Defendants deny the allegations of Paragraph 110, except refer Plaintiffs to the materials referenced in Paragraph 110 to confirm the contents thereof.

111.    Defendants deny the allegations of Paragraph 111, except admit that as of July 9, 2020, Wen was Vice President, Office of the Chairman at Alibaba and a Partner of the Alibaba Partnership, and refer Plaintiffs to the materials referenced in Paragraph 111 to confirm the contents thereof.

112.    Defendants deny the allegations of Paragraph 112, except refer Plaintiffs to the materials referenced in Paragraph 112 to confirm the contents thereof.

113.    Defendants deny the allegations of Paragraph 113, except refer Plaintiffs to the materials referenced in Paragraph 113 to confirm the contents thereof.

114.    Defendants deny the allegations of Paragraph 114, except admit that in or around July 2020, the SAMR held a conference attended by Internet platform companies, including Alibaba, and refer Plaintiffs to the materials referenced in Paragraph 114 to confirm the contents thereof.

115.    Defendants deny the allegations of Paragraph 115, except refer Plaintiffs to the materials referenced in Paragraph 115 to confirm the contents thereof.

116.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, except refer Plaintiffs to the materials referenced in Paragraph 116 to confirm the contents thereof.

117.    Defendants deny the allegations of Paragraph 117, except refer Plaintiffs to the materials referenced in Paragraph 117 to confirm the contents thereof.

118.    Defendants deny the allegations of Paragraph 118, except refer Plaintiffs to the materials referenced in Paragraph 118 to confirm the contents thereof.

119.    Defendants deny the allegations of Paragraph 119, except refer Plaintiffs to the materials referenced in Paragraph 119 to confirm the contents thereof.

120.    Defendants deny the allegations of Paragraph 120, except refer Plaintiffs to the materials referenced in Paragraph 120 to confirm the contents thereof.

121.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and on that basis deny each and every allegation contained therein, except refer Plaintiffs to the materials referenced in Paragraph 121 to confirm the contents thereof.

122.    Defendants deny the allegations of Paragraph 122.

123.    Defendants deny the allegations of Paragraph 123, except refer Plaintiffs to the materials referenced in Paragraph 123 to confirm the contents thereof.

124.    Defendants deny the allegations of Paragraph 124, except refer Plaintiffs to the materials referenced in Paragraph 124 to confirm the contents thereof.

125.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, and on that basis deny each and every allegation therein. Paragraph 125 also asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

126.    Defendants deny the allegations of Paragraph 126.

127.    Defendants deny the allegations of Paragraph 127, except refer Plaintiffs to the materials referenced in Paragraph 127 to confirm the contents thereof.

128.    Defendants deny the allegations of Paragraph 128, except refer Plaintiffs to the materials referenced in Paragraph 128 to confirm the contents thereof.

129.    Defendants deny the allegations of Paragraph 129, except refer Plaintiffs to the materials referenced in Paragraph 129 to confirm the contents thereof.

130.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and on that basis deny each and every allegation therein, except refer Plaintiffs to the materials referenced in Paragraph 130 to confirm the contents thereof.

131.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and on that basis deny each and every allegation therein. Paragraph 131 also asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

132. Defendants deny the allegations of Paragraph 132, except refer Plaintiffs to the materials referenced in Paragraph 132 to confirm the contents thereof.

133. Defendants deny the allegations of Paragraph 133, except refer Plaintiffs to the materials referenced in Paragraph 133 to confirm the contents thereof.

134. Defendants deny the allegations of Paragraph 134, except refer Plaintiffs to the materials referenced in Paragraph 134 to confirm the contents thereof.

135. Defendants deny the allegations in Paragraph 135.

136. Defendants deny the allegations of Paragraph 136, except refer Plaintiffs to the materials referenced in Paragraph 136 to confirm the contents thereof.

137. Defendants deny the allegations of Paragraph 137, except refer Plaintiffs to the materials referenced in Paragraph 137 to confirm the contents thereof.

138. Defendants deny the allegations of Paragraph 138, except refer Plaintiffs to the materials referenced in Paragraph 138 to confirm the contents thereof.

139. Defendants deny the allegations of Paragraph 139, except refer Plaintiffs to the materials referenced in Paragraph 139 to confirm the contents thereof.

140. Defendants deny the allegations of Paragraph 140, except refer Plaintiffs to the materials referenced in Paragraph 140 to confirm the contents thereof.

141. Defendants deny the allegations of Paragraph 141, except refer Plaintiffs to the materials referenced in Paragraph 141 to confirm the contents thereof.

142. Defendants deny the allegations of Paragraph 142, except refer Plaintiffs to the materials referenced in Paragraph 142 to confirm the contents thereof.

143. Defendants deny the allegations of Paragraph 143, except  refer Plaintiffs to the materials referenced in Paragraph 143 to confirm the contents thereof.

144. Defendants deny the allegations of Paragraph 144, except refer Plaintiffs to the materials referenced in Paragraph 144 to confirm the contents thereof.

145. Defendants deny the allegations of Paragraph 145, except refer Plaintiffs to the materials referenced in Paragraph 145 to confirm the contents thereof.

146. Defendants deny the allegations of Paragraph 146, except refer Plaintiffs to the materials referenced in Paragraph 146 to confirm the contents thereof.

147. Defendants deny the allegations of Paragraph 147, except admit that, on or around April 12, 2021, Alibaba filed with the SEC a press release dated April 11, 2021 as an exhibit to a Form 6-K, and refer Plaintiffs to the materials referenced in Paragraph 147 to confirm the contents thereof.

148. Defendants deny the allegations of Paragraph 148, except refer Plaintiffs to the materials referenced in Paragraph 148 to confirm the contents thereof.

149. Defendants deny the allegations of Paragraph 149, except admit that Alibaba hosted a business update call on or around April 12, 2021, and refer Plaintiffs to the transcript of that conference call to confirm the contents thereof.

150. Defendants deny the allegations of Paragraph 150, except refer Plaintiffs to the transcript of the conference call referenced in Paragraph 150 to confirm the contents thereof.

151. Defendants deny the allegations of Paragraph 151, except refer Plaintiffs to the transcript of the conference call referenced in Paragraph 151 to confirm the contents thereof.

152. Defendants deny the allegations of Paragraph 152, except admit that Alibaba held a conference call on or around May 13, 2021 to discuss its financial results for the fiscal year ended March 31, 2021, and refer Plaintiffs to the transcript of that conference call to confirm the contents thereof.

153.    Defendants deny the allegations of Paragraph 153, except refer Plaintiffs to the materials referenced in Paragraph 153 to confirm the contents thereof.

154.    Defendants deny the allegations of Paragraph 154, except refer Plaintiffs to the materials referenced in Paragraph 154 to confirm the contents thereof.

155.    Defendants deny the allegations of Paragraph 155, except refer Plaintiffs to the materials referenced in Paragraph 155 to confirm the contents thereof.

156.    Defendants deny the allegations of Paragraph 156.

157.    Defendants deny the allegations of Paragraph 157, except refer Plaintiffs to the materials referenced in Paragraph 157 to confirm the contents thereof.

158.    Defendants deny the allegations of Paragraph 158, except refer Plaintiffs to the materials referenced in Paragraph 158 to confirm the contents thereof.

159.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 159 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

160.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 160 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

161.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 161 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

162.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 162 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

163. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 163 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

164. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 164 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

165. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 165 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

166. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 166 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

167. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 167 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

168. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 168 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

169. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 169 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

170.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 170 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

171.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 171 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

172.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 172 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

173.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 173 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

174.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 174 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

175.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 175 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

176.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 176 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

177.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 177 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

178.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 178 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

179.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 179 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

180.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 180 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

181.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 181 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

182.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 182 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

183.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 183 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

184. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 184 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

185. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 185 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

186. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 186 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

187. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 187 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

188. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 188 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

189. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 189 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

190. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 190 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

191.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 191 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

192.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 192 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

193.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 193 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

194.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 194 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

195.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 195 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

196.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 196 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

197.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 197 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

198.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 198 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

199.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 199 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

200.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 200 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

201.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 201 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

202.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 202 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

203.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 203 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

204.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 204 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

205. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 205 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

206. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 206 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

207. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 207 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

208. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 208 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

209. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 209 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

210. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 210 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

211. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 211 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

212.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 212 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

213.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 213 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

214.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 214 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

215.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 215 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

216.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 216 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

217.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 217 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

218.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 218 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

219.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 219 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

220.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 220 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

221.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 221 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

222.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 222 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

223.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 223 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

224.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 224 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

225.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 225 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

226. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 226 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

227. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 227 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

228. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 228 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

229. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 229 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

230. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 230 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

231. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 231 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

232. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 232 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

233.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 233 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

234.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 234 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

235.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 235 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

236.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 236 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

237.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 237 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

238.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 238 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

239.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 239 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

240.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 240 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

241.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 241 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

242.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 242 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

243.    Paragraph 243 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except refer Plaintiffs to the materials referenced in Paragraph 243 to confirm the contents thereof.

244.    Paragraph 244 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except refer Plaintiffs to the materials referenced in Paragraph 244 confirm the contents thereof.

245.    Paragraph 245 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except refer Plaintiffs to the materials referenced in Paragraph 245 to confirm the contents thereof.

246.    Paragraph 246 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except refer Plaintiffs to the materials referenced in Paragraph 246 to confirm the contents thereof.

247.    Defendants deny the allegations in Paragraph 247, except refer Plaintiffs to the materials referenced in Paragraph 247 to confirm the contents thereof.

248.    Paragraph 248 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except refer Plaintiffs to the materials referenced in Paragraph 248 to confirm the contents thereof.

249.    Defendants deny the allegations in Paragraph 249, except refer Plaintiffs to Alibaba's 2020 Form 20-F to confirm the contents thereof.

250.    Defendants deny the allegations of Paragraph 250.

251.    Paragraph 251 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

252.    Paragraph 252 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except refer Plaintiffs to the materials referenced in Paragraph 252 to confirm the contents thereof.

253.    Defendants deny the allegations of Paragraph 253, except admit that on or around July 9, 2020, Alibaba filed an annual report bearing Zhang's signature for its fiscal year ended March 31, 2020 with the SEC on Form 20-F, and refer Plaintiffs to the materials referenced in Paragraph 253 to confirm the contents thereof.

254.    Paragraph 254 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

255.    Paragraph 255 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except refer Plaintiffs to Alibaba's 2020 Form 20-F to confirm the contents thereof.

256.    Defendants deny the allegations of Paragraph 256, except refer Plaintiffs to Alibaba's 2020 Form 20-F to confirm the contents thereof.

257.    Paragraph 257 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

258.    Defendants deny the allegations of Paragraph 258, except refer Plaintiffs to Alibaba's 2020 Form 20-F to confirm the contents thereof.

259.    Paragraph 259 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

260.    Paragraph 260 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

261.    Defendants deny the allegations of Paragraph 261, except admit that, on or around August 20, 2020, Alibaba filed a Form 6-K bearing Wu's signature with the SEC, and refer Plaintiffs to the materials referenced in Paragraph 261 to confirm the contents thereof.

262.    Paragraph 262 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

263.    Defendants deny the allegations in Paragraph 263, except admit Alibaba hosted a 2020 Investor Day event at which Wu spoke, and refer Plaintiffs to the materials referenced in Paragraph 263 to confirm the contents thereof.

264.    Paragraph 264 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

265.    Defendants admit that, on or around November 5, 2020, Alibaba filed a Form 6-K bearing Wu's signature with the SEC, and refer Plaintiffs to the materials referenced in Paragraph 265 to confirm the contents thereof.

266.    Paragraph 266 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except refer Plaintiffs to the materials referenced in Paragraph 266 to confirm the contents thereof.

267.    Defendants deny the allegations of Paragraph 267, except refer Plaintiffs to the materials referenced in Paragraph 267 to confirm the contents thereof.

268.    Paragraph 268 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

269.    Defendants deny the allegations of Paragraph 269, except admit that, on or around December 18, 2020, Alibaba filed a Form 6-K bearing Timothy Steinert's signature with the SEC, and refer Plaintiffs to the materials referenced in Paragraph 269 to confirm the contents thereof.

270.    Defendants deny the allegations of Paragraph 270.

271.    Defendants deny the allegations of Paragraph 271, except refer Plaintiffs to the materials referenced in Paragraph 271 to confirm the contents thereof.

272.    Defendants deny the allegations of Paragraph 272, except refer Plaintiffs to the materials referenced in Paragraph 272 to confirm the contents thereof.

273.    Defendants deny the allegations of Paragraph 273.

274.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 274 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

275.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 275 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

276.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 276 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

277.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 277 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

278.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 278 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

279.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 279 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

280.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 280 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

281.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 281 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

282.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 282 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

283.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 283 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

284.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 284 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

285.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 285 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

286.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 286 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

287.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 287 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

288.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 288 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

289.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 289 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

290. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 290 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

291. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 291 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

292. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 292 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

293. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 293 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

294. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 294 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

295. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 295 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

296. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 296 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

297.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 297 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

298.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 298 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

299.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 299 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

300.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 300 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

301.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 301 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

302.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 302 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

303.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 303 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

304.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 304 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

305.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 305 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

306.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 306 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

307.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 307 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

308.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 308 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

309.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 309 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

310.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 310 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

311.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 311 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

312.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 312 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

313.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 313 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

314.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 314 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

315.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 315 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

316.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 316 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

317.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 317 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

318.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 318 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

319.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 319 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

320.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 320 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

321.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 321 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

322.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 322 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

323.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 323 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

324.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 324 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

325. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 325 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

326. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 326 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

327. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 327 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

328. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 328 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

329. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 329 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

330. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 330 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

331. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 331 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

332. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 332 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

333. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 333 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

334. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 334 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

335. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 335 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

336. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 336 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

337. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 337 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

338. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 338 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

339.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 339 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

340.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 340 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

341.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 341 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

342.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 342 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

343.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 343 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

344.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 344 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

345.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 345 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

346. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 346 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

347. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 347 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

348. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 348 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

349. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 349 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

350. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 350 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

351. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 351 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

352. As per agreement with Plaintiffs' counsel, no response is required to Paragraph 352 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

353.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 353 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

354.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 354 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

355.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 355 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

356.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 356 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

357.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 357 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

358.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 358 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

359.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 359 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

360.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 360 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

361.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 361 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

362.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 362 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

363.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 363 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

364.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 364 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

365.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 365 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

366.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 366 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. To the extent a response is required, Defendants deny the allegations.

367.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 367 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

368.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 368 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

369.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 369 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

370.    Defendants deny the allegations of Paragraph 370.

371.    Defendants deny the allegations of Paragraph 371.

372.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 372 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

373.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 373, and on that basis deny the allegations of Paragraph 373.

374.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 374, and on that basis deny each and every allegation contained therein, except refer Plaintiffs to the materials cited in Paragraph 374 to confirm the contents thereof.

375.    Defendants deny the allegations of Paragraph 375.

376.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 376, and on that basis deny each and every allegation contained

therein, except admit that on or around November 26, 2019, Alibaba listed its ordinary shares on the main board of The Stock Exchange of Hong Kong, and refer Plaintiffs to the materials referenced in Paragraph 376 to confirm the contents thereof.

377.    Defendants deny the allegations of Paragraph 377, except refer Plaintiffs to Alibaba's 2020 Form 20-F to confirm the contents thereof.

378.    Defendants deny the allegations of Paragraph 378, except refer Plaintiffs to the materials referenced in Paragraph 378 to confirm the contents thereof.

379.    Defendants deny the allegations of Paragraph 379, except refer Plaintiffs to the materials referenced in Paragraph 379 to confirm the contents thereof.

380.    Defendants deny the allegations of Paragraph 380, except admit that certain agreements that Alibaba and/or its affiliates entered into with their customers were not publicly available between July 9, 2020 and December 23, 2020.

381.    Defendants deny the allegations of Paragraph 381.

382.    Paragraph 382 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

383.    Paragraph 383 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

384.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 384 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

385.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 385 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

386.    As per agreement with Plaintiffs' counsel, no response is required to Paragraph 386 in view of the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  To the extent a response is required, Defendants deny the allegations.

387.    Defendants deny the allegations of Paragraph 387, except admit that the Complaint is brought as a purported class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class.

388.    Paragraph 388 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

389.    Paragraph 389 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

390.    Paragraph 390 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

391.    Paragraph 391 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

392.    Paragraph 392 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

393.    Paragraph 393 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

394.    Paragraph 394 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

395.    Defendants repeat and re-allege each and every response set forth above as if fully set forth herein.

396.    Defendants deny the allegations of Paragraph 396.

397.    Defendants deny the allegations of Paragraph 397.

398.    Defendants deny the allegations of Paragraph 398.

399.    Defendants deny the allegations of Paragraph 399.

400.    Paragraph 400 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

401.    Defendants repeat and re-allege each and every response set forth above as if fully set forth herein.

402.    Paragraph 402 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

403.    Paragraph 403 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

404.    Defendants deny the allegations of Paragraph 404.

405.    Defendants deny the allegations of Paragraph 405.

## PRAYER FOR RELIEF

The Complaint's Prayer for Relief asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any form of recovery from Defendants for the allegations set forth in the Complaint.

## DEMAND FOR TRIAL BY JURY

Defendants admit that Plaintiffs purport to demand a trial by jury.

## DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to Defendants as to any element of Plaintiffs' claims, whether brought individually or on behalf of the purported class, Defendants assert the following defenses:

## FIRST DEFENSE

The Complaint fails, in whole or part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or part, because Defendants did not make any material misrepresentations or omissions.

## THIRD DEFENSE

The claims asserted in the Complaint are contradicted by documentary evidence.

## FOURTH DEFENSE

Defendants bespoke caution about the risks of investing in Alibaba in Alibaba's public filings with the SEC.

## FIFTH DEFENSE

Defendants are not liable to Plaintiffs to the extent that certain alleged misstatements were forward-looking statements, were identified as such, and were accompanied by meaningful cautionary language identifying important factors that could cause actual results to differ materially from those in the forward-looking statements, and are accordingly rendered non-actionable under the safe harbor provisions of the Private Securities Litigation Reform Act.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or part, because certain of the facts that Plaintiffs allege were misstated or omitted in the Complaint were non-actionable statements that contain expressions of opinion that Plaintiffs have not alleged, and cannot prove, were not truly held when made.

55

**SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the facts that Plaintiffs allege were misstated in or omitted in the Complaint were not material to the investment decisions of a reasonable investor and/or Plaintiffs.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because information that Defendants allegedly concealed was in fact already disclosed and/or was in the public domain at the time any challenged statements were made and, as such, was at all times known by the market and thus reflected in the price of Alibaba's securities.

**NINTH DEFENSE**

Plaintiffs are not entitled to any recovery from Defendants to the extent that Plaintiffs (i) purchased Alibaba stock with actual or constructive knowledge of the facts that they now allege were misrepresented or omitted, and thus waived any claim related thereto, or (ii) would have purchased Alibaba stock even with full knowledge of the facts that they now allege were misrepresented or omitted.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or part, because Plaintiffs and members of the purported putative class did not reasonably rely on the alleged misrepresentations or omissions in the Complaint.

**ELEVENTH DEFENSE**

Pursuant to Section 20(a) of the Exchange Act, Plaintiffs' claims are barred, in whole or in part, because Defendants acted in good faith and did not directly or indirectly induce any acts that are alleged in the Complaint to establish the liability of any defendant, including but not

56

limited to the purported making of the alleged misstatements or omissions referenced in the Complaint.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the conduct of Defendants was not likely to mislead.

## THIRTEENTH DEFENSE

Defendants are entitled to recover contribution and/or indemnity from others for any liability they incur as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the Complaint.

## FOURTEENTH DEFENSE

Any recovery to which Plaintiffs may be entitled from each of the Defendants is limited to the percentage of responsibility of that Defendant in proportion to the total fault of all covered persons, pursuant to the proportionate liability provisions of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f).

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because at all relevant times Defendants had no duty to disclose the allegedly omitted information.

## SIXTEENTH DEFENSE

Plaintiffs' claims against Defendants are barred because Defendants did not breach any duty owing to Plaintiffs.

## SEVENTEENTH DEFENSE

Plaintiffs and members of the purported putative class cannot show scienter by Defendants.

57

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged misstatements or omissions in the Complaint, if any were in fact made, had a reasonable basis in fact at the time they were made.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because neither Defendants nor the alleged misrepresentations or omissions were the cause of the alleged injury, loss, or damages suffered by Plaintiffs.  Plaintiffs' claims cannot be maintained to the extent that any portion or all of the alleged depreciation value of Plaintiffs' securities resulted from factors other than the alleged acts and/or omissions of Defendants, such as Plaintiffs' own conduct, the conduct of non-parties, and/or market, economic, or other superseding or intervening events.

## TWENTIETH DEFENSE

Any losses allegedly incurred by Plaintiffs were caused by market conditions or other factors over which Defendants had no control or responsibility.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or part, for lack of proximate causation between Defendants' alleged conduct and the alleged harm and by superseding and intervening causes.

## TWENTY-SECOND DEFENSE

Defendants deny that Plaintiffs are entitled to recovery of attorneys' fees, accountants' fees, experts' fees, or other costs and disbursements.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' claims are not properly maintainable as class action claims.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs, including but not limited to Lead Plaintiff Salem Gharsalli, are not real parties in interest and/or lack standing to pursue the claims against Defendants in this action.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or part, to the extent that they are beyond the applicable statute(s) of limitations and/or repose.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, unjust enrichment, unclean hands, and/or other equitable doctrines.

**<u>ADDITIONAL DEFENSES RESERVED</u>**

In addition to the defenses described above, Defendants specifically reserve all rights to all other defenses that become known through the course of discovery or further investigation in this action or that they may otherwise be entitled to assert by law for any reason whatsoever.

DATED:  May 5, 2023

SIMPSON THACHER & BARTLETT LLP

By:    /s/ *Stephen P. Blake*
Jonathan K. Youngwood
jyoungwood@stblaw.com
425 Lexington Avenue
New York, New York  10017
Telephone: (212) 455-3539
Facsimile: (212) 455-2502

Stephen P. Blake
sblake@stblaw.com
Bo Bryan Jin (*pro hac vice*)
Bryan.jin@stblaw.com
2475 Hanover Street
Palo Alto, California  94304
Telephone: (650) 251-5000

59

Facsimile: (650) 251-5002

*Counsel for Defendants Alibaba Group Holding Limited, Daniel Yong Zhang, and Maggie Wei Wu.*