# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| X<br>:<br>:<br>:<br>:<br>IN RE: ALIBABA GROUP HOLDING LTD.   :<br>SECURITIES LITIGATION   :<br>:<br>:<br>:<br>:<br>:<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | CIVIL ACTION NO.: 1:20-CV-09568 |

CIVIL ACTION NO.: 1:20-CV-09568

The proposed case management plan is approved.

SO ORDERED.

*Jennifer E. Willis*

Jennifer E. Willis
United States Magistrate Judge

May 9, 2023

## CASE MANAGEMENT PLAN AND REPORT OF
## RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Willis's Individual Rules, Lead Plaintiff Salem Gharsalli and additional plaintiffs Laura Ciccarello, Dineshchandra Makadia, and Yan Tongbiao (collectively, "Plaintiffs"), and defendants Alibaba Group Holding Limited ("Alibaba" or the "Company"), Daniel Zhang, and Maggie Wu (collectively, "Defendants," and together with Plaintiffs, the "Parties") met on April 6, 2023 and exchanged communications thereafter. The Parties hereby respectfully submit the following report for the Court's consideration:

### 2.       Summary of Claims, Defenses, and Relevant Issues

**Plaintiffs:**

This is a securities class action on behalf of all purchasers of Alibaba's American Depositary Shares ("ADS") during the period July 9, 2020 through and including December 23, 2020 (the "Class Period"), seeking to recover damages caused by Defendants' alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder (the "Class"). Plaintiffs allege that during the Class Period, Defendants made material misrepresentations and omissions concerning Alibaba's use of merchant

exclusivity practices, which required or coerced merchants to sell exclusively on Alibaba platforms, and the risks of legal and/or regulatory enforcement and penalties associated therewith.

On or about November 5, 2019, China's State Administration for Market Regulation ("SAMR") held an administrative guidance meeting during which it instructed Alibaba and other Chinese e-commerce companies that the use of merchant exclusivity practices was prohibited by Chinese law and ordered Alibaba and the other companies to stop using them. The SAMR reportedly stated that "The behaviors of 'Choose One of Two' and 'exclusive trading' in the Internet sector, which break the order of fair competition and harm the rights and interests of consumers, are clearly prohibited by the Electronic Commerce Law and also violate the Anti-Monopoly Law and Anti-Unfair Competition Law, among other laws and regulations." In July 2020, Alibaba signed a "commitment letter" with the SAMR pledging it would not require merchants to transact exclusively on its platforms or otherwise impose any unreasonable restrictions on the selections of platforms by merchants (the "Commitment Letter"). Unbeknownst to investors, however, Alibaba continued to use merchant exclusivity practices during the Class Period.

The Class Period begins on July 9, 2020, when Alibaba filed its Form 20-F for fiscal year 2020. Plaintiffs allege that in the Form 20-F and throughout the Class Period, Defendants made numerous material misstatements and omissions about Alibaba's use of exclusivity practices (including falsely describing its exclusivity practices as "prior" and "narrowly deployed"), its growth and merchant retention, its legal compliance, and its associated regulatory and legal risks.[1]

On December 23, 2020, Chinese authorities announced an antitrust investigation into Alibaba regarding its use of exclusivity practices. Upon announcement of the SAMR's investigation, the price of Alibaba's ADS fell approximately 13% at the close of trading on December 23, 2020—the Company's largest one-day drop since going public in 2014.

---

[1] Plaintiffs' Consolidated Class Action Complaint also alleged claims relating to the Ant IPO and claims against former Defendant Jack Ma. Those claims were dismissed and are no longer at issue in this action. ECF No. 83 at 31.

After the Class Period, the SAMR published its investigation findings confirming that Alibaba had employed illegal exclusivity practices prior to and throughout the Class Period, and fined Alibaba $2.8 billion for its violations.

On July 21, 2022, Defendants filed a motion to dismiss Plaintiffs' consolidated class action complaint. ECF No. 60. On March 22, 2023, the Court denied in part and granted in part Defendants' motion, holding that Plaintiffs could pursue the claims described above relating to Defendants' alleged misrepresentations and omissions about Alibaba's merchant exclusivity practices. ECF No. 83. At this time, Plaintiffs intend to proceed with discovery on their surviving claims. Plaintiffs do not anticipate moving to reconsider or to appeal the dismissed claims relating to the Ant IPO or the dismissal of Defendant Jack Ma.

The principal disputed legal issues include, *inter alia*: (i) whether certain public statements made by Defendants during the Class Period were materially false or misleading, or omitted material facts necessary to make the statements not misleading and therefore actionable under the federal securities laws; (ii) whether Defendants' alleged false or misleading statements and omissions were material; (iii) whether Defendants made the alleged material false and misleading statements and omissions with scienter; (iv) whether Defendants had a duty to disclose any allegedly omitted information; (v) whether the price of Alibaba's ADS during the Class Period was artificially inflated because of Defendants' alleged false or misleading statements and omissions; (vi) whether Defendants' alleged false or misleading statements and omissions caused losses to Plaintiffs and the Class; (vii) whether Defendants Zhang and Wu acted as controlling persons of Alibaba for purposes of Section 20(a) of the Exchange Act; (viii) whether Plaintiffs and the Class sustained damages caused by the alleged false or misleading statements and omissions and, if so, the proper measure of damages; and (ix) whether this action may properly be certified as a class action under Rule 23 of the Federal Rules of Civil Procedure.

**Defendants**:

In their Amended Consolidated Complaint filed on April 22, 2022 (the "Complaint"), Plaintiffs seek to bring a securities class action against Alibaba, a technology company based in the People's Republic of China ("PRC"), and certain of its current and former directors and officers. Plaintiffs assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.   Following the Court's March 22, 2023 decision partially granting Defendants' Motions to Dismiss, all of the remaining claims in this case pertain to Plaintiffs' allegation that Defendants misled investors about Alibaba's compliance with evolving PRC antitrust laws, including regarding a business practice commonly referred to as "choose one of two," which were ultimately subject to an investigation and fine from PRC regulators  (the "Antitrust Claim").

The Complaint describes "choose one of two" as an overarching term for "a number of business practices that required or coerced merchants to sell exclusively" on a single e-commerce platform.   Alibaba publicly disclosed its deployment of a "choose one of two" practice that was based on allocation of traffic resources, which it believed did not violate PRC antitrust laws.  Alibaba also warned investors that PRC antitrust regulator the State Administration for Market Regulation ("SAMR") "has indicated its view that . . . arrangements seen as exclusivity arrangements[] may constitute violation of the anti-monopoly and unfair competition laws," and that the SAMR further "indicated its intention of initiating investigations into these arrangements."   Plaintiffs contend that this well-warned risk materialized when the SAMR initiated an investigation into Alibaba on December 23, 2020. Regulators subsequently imposed a fine on Alibaba in the amount of RMB18.228 billion (approximately US$2.8 billion).

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to Defendants as to any element of Plaintiffs' claims, and subject to Defendants' ongoing investigation, Defendants currently intend to assert the following defenses:

- Defendants did not make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the

circumstances under which they were made, not misleading, because, among other things:

- Defendants had no duty to disclose any alleged omissions;

- Defendants bespoke caution about the risks of investing in Alibaba in Alibaba's public filings with the SEC;

- Certain alleged misstatements were forward-looking statements, were identified as such, and were accompanied by meaningful cautionary language identifying important factors that could cause actual results to differ materially from those in the forward-looking statements, and are accordingly rendered non-actionable under the safe harbor provisions of the Private Securities Litigation Reform Act;

- Information that Defendants allegedly concealed was in fact already disclosed and/or was in the public domain at the time any challenged statements were made and, as such, was at all times known by the market and thus reflected in the price of Alibaba's securities;

- Certain of the facts that Plaintiffs allege were misstated or omitted in the Complaint were non-actionable statements that contain expressions of opinion that Plaintiffs have not alleged, and cannot prove, were not truly held when made;

- The alleged misstatements or omissions in the Complaint, if any were in fact made, had a reasonable basis in fact at the time they were made;

- Defendants did not act with scienter;

- Defendants acted in good faith and did not directly or indirectly induce any acts that are alleged in the Complaint to establish the liability of any Defendant, including but not limited to the purported making of the alleged misstatements or omissions referenced in the Complaint;

- Plaintiffs did not rely on the alleged misstatement or omission;

- Plaintiffs are not entitled to any recovery from Defendants to the extent that they (i)

purchased Alibaba stock with actual or constructive knowledge of the facts that they now allege were misrepresented or omitted, and thus waived any claim related thereto, or (ii) would have purchased Alibaba stock even with full knowledge of the facts that they now allege were misrepresented or omitted;

- Plaintiffs did not suffer any recoverable loss;

- Neither Defendants nor the alleged misrepresentations or omissions were the cause of the alleged injury, loss, or damages suffered by Plaintiffs. Plaintiffs' claims cannot be maintained to the extent that any portion or all of the alleged depreciation value of Plaintiffs' securities resulted from factors other than the alleged acts and/or omissions of Defendants, such as Plaintiffs' own conduct, the conduct of non-parties, and/or market, economic, or other superseding or intervening events;

- Any recovery to which Plaintiffs may be entitled from each of the Defendants is limited to the percentage of responsibility of that Defendant in proportion to the total fault of all covered persons, pursuant to the proportionate liability provisions of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f);

- The recovery of damages allegedly incurred by Plaintiffs, if any, is subject to offset in the amount of any benefits, and the amount of any tax benefits, actually received by Plaintiffs;

- Plaintiffs' claims are barred to the extent that they are not properly maintainable as class action claims;

- Plaintiffs' claims are barred to the extent they are not real parties in interest and/or lack standing; and

- Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, unjust enrichment, unclean hands, and/or other equitable doctrines.

Defendants reserve the right to supplement or amend these defenses as they advance their investigation of these matters and defense of the lawsuit.

3.        **Basis of Subject Matter Jurisdiction**

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 27 of the Exchange Act, 15 U.S.C. § 78aa.  Defendants do not dispute or contest the Court's subject matter jurisdiction.

4.        **Subjects on Which Discovery May Be Needed**

**Plaintiffs:**

Plaintiffs anticipate taking discovery on the following subjects, without prejudice to their right to seek discovery on subjects that may be or become relevant in this action:

- Alibaba's merchant/customer agreements;

- Alibaba's merchant exclusivity policies and practices;

- The November 2019 and July 2020 SAMR meetings and any other meetings between Defendants and SAMR or other market regulators relating to Alibaba's merchant exclusivity practices;

- Alibaba's documents and communications with the SAMR or other market regulators regarding the Company's merchant exclusivity practices;

- DingTalk (or similar platform) communications relating to Alibaba's merchant exclusivity policies and practices;

- The July 2020 Commitment Letter;

- SAMR's antitrust investigation into Alibaba announced in December 2020;

- All documents and materials identified in the SAMR April 2021 report;

- Alibaba's Class Period SEC filings and public disclosures discussing the Company's e-commerce business practices, legal compliance, and regulatory risks;

- Minutes and agendas for meetings of Alibaba's Board of Directors, Strategy Decision Committee, and the Alibaba Partnership;

- Alibaba's compliance with administrative guidance issued by the SAMR relating to merchant exclusivity policies or practices;

- Alibaba's compliance with China's Anti-Monopoly Law ("AML"), including but not limited to the New AML Regulations published on or about September 1, 2019; draft amendments to the AML published on or about January 2, 2020; and additional new rules under the AML published on or about November 10, 2020;

- Alibaba's compliance with China's January 2019 E-Commerce Law;

- Alibaba's compliance with China's Anti-Unfair Competition Law;

- Other litigation in which Alibaba's merchant exclusivity practices were challenged, including but not limited to the lawsuit filed by JD.com in or around November 2017; by Galanz in or around June 2019; by VIPshop in or around November 2019; by Pinduoduo in or around November 2019;

- Alibaba revenue sources and financial condition;

- Alibaba's efforts to grow and maintain its market position by restricting merchants from opening shops and/or participating in promotions on competitive platforms;

- Alibaba's corporate governance relating to the Company's public disclosure controls, policies, and practices;

- Business plans relating to Alibaba's use and implementation of merchant exclusivity policies and practices;

- Increase/decrease in the price of Alibaba's ADS during the Class Period;

- Purchases/sales of Alibaba ADS by Company insiders during the Class Period;

- Employment agreements for Daniel Zhang and Maggie Wu and their respective roles in Alibaba's management and operation;

- Alibaba's document retention policies and practices; and

- Alibaba's document custodians.

**Defendants:**

Defendants anticipate taking discovery on the following subjects, without prejudice to their right to seek discovery on subjects that may be or become relevant in this action, or that emerge during the course of discovery:

- Plaintiffs' transactions in Alibaba securities;
- Plaintiffs' transactions intended to serve as hedges for the purchase of Alibaba securities;
- Plaintiffs' research or analysis related to Alibaba;
- Plaintiffs' investment policies, philosophies, strategies, and practices;
- Plaintiffs' communications concerning investments in Alibaba;
- Plaintiffs' consideration of any investment alternatives to Alibaba;
- Communications between Plaintiffs and any Defendants or employees of Alibaba;
- Plaintiffs' participation in and decision to act as lead/named Plaintiffs in this litigation;
- Plaintiffs' relationship with and selection and engagement of counsel;
- Potential conflicts between Plaintiffs' claim and the claims of any other member or potential member of the alleged class;
- Accusations or convictions of a crime, filings for bankruptcy, discharge or denial of employment because of alleged wrongdoing or misconduct, failure to pay any federal, state, or local taxes; and
- Plaintiffs' participation or attempted participation in prior litigation.

Defendants reserve the right to supplement or amend these categories as they advance their investigation of these matters and defense of the lawsuit.

### 5.  Informal Disclosures

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be **_disclosed by Plaintiffs_** on April 28, 2023.  In addition, on or before May 12, 2023, Plaintiffs will

produce an initial set of relevant documents identified in their Initial Disclosures and will continue to supplement their production, subject to the entry of a suitable protective order.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be ***disclosed by Defendants*** on April 28, 2023.  In addition, on or before May 12, 2023, Defendants will produce an initial set of relevant documents identified in their Initial Disclosures and will continue to supplement their production, subject to the entry of a suitable protective order.

### 6.   Formal Discovery

Discovery in this case is particularly complex given the location of documents and witnesses in China. Additional time will be required to obtain translations of documents produced in Chinese. Moreover, additional time may be necessary in view of PRC laws regarding the exportation of documents and data, including but not limited to the Data Security Law, the Personal Information Protection Law, the Law on Guarding State Secrets, the Cybersecurity Law, and the Criminal Law. Also, a significant number of depositions will occur in a mutually-agreeable location in Asia (likely Hong Kong) and will require translation, necessitating extensive travel and coordination.  With these complexities in mind, the Parties jointly propose to the Court the following discovery plan and the full case schedule set forth in Exhibit A:

All fact discovery must be completed by January 31, 2025.

Depositions: Depositions shall be completed by the discovery deadline and limited to no more than 20 depositions per side.  The Parties agree to further meet and confer should discovery reveal that additional depositions beyond 20 are necessary.  Absent an agreement between the Parties or an order from the Court, non-party depositions shall follow initial party depositions.

Interrogatories: All interrogatories must be served no later than  3 0days prior to the discovery deadline.

Requests for Admission: All requests for admission must be served no later than 30 days prior to the discovery deadline.

Requests for Production: All requests for production must be served no later than 30 days prior to the discovery deadline.  The Parties intend to serve initial requests for production no later than May 12, 2023.

Supplementation: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

### 7.   Anticipated Discovery Disputes

The Parties currently do not anticipate any particular discovery disputes that will require the Court's attention.

### 8.   Amendments to Pleadings

The Parties do not presently anticipate additional amendments to their respective pleadings.

Last date to amend the Complaint: December 29, 2023

### 9.   Joinder of Parties

There are no other necessary parties that need to be joined at this time, and the Parties do not presently anticipate joinder of other parties.

Last date to join other parties: December 29, 2023

### 10.   Expert Witness Disclosures

At this time, the Parties anticipate utilizing experts.  Expert discovery shall be completed by May 30, 2025.

### 11.   Electronic Discovery and Preservation of Documents and Information

The Parties have discussed electronic discovery.  The Parties intend to continue the discussion and to agree on an electronic discovery protocol within 30 days following the service of Plaintiffs' initial requests for production.

The Parties also agree that a protective order is necessary in this action due to the confidential nature of certain business and personal information that may be exchanged.  To that end, the Parties have discussed utilizing the Court's proposed model protective order as a starting point.  Should the Parties apply for a protective order that differs from the Court's model, the

Parties will attach the proposed order showing a comparison of how the proposed order differs from the Court's model in accordance with the Court's Individual Practices. The Parties anticipate submitting a proposed stipulated protective order for the Court's consideration by April 28, 2023.

**12. Anticipated Motions**

Plaintiffs intend to move for class certification in accordance with the schedule set forth in Exhibit A. The Parties will determine whether to move for summary judgment as soon as practicable following the close of expert discovery. The Parties also anticipate filing pre-trial motions if the case is not terminated through summary judgment.

**13. Early Settlement or Resolution**

The Parties have not discussed the possibility of settlement and agree that they are not yet able to determine whether they propose to engage in settlement discussions or mediation and, if so, the appropriate timing for the same. As such, the Parties believe it is premature to request that a settlement conference be held by a date certain.

**14. Trial**

The Parties anticipate that this case will be ready for trial by the last quarter of 2025. The Parties believe it is premature to set a length for trial but, to the extent necessary, they anticipate that the trial of this case will require two to four weeks. The Parties request a jury trial. The Parties do not consent to Magistrate Judge jurisdiction at this time.

**15. Other Matters**

A proposed case schedule is attached as Exhibit A. There are no additional matters the Parties anticipate raising with the Court at the May 2, 2023 conference.

Respectfully submitted this 25th day of April, 2023.

ATTORNEYS FOR PLAINTIFFS:

GLANCY PRONGAY & MURRAY LLP

By:___/s/ Kara M. Wolke_____
Kara M. Wolke (*pro hac vice*)
Jason L. Krajcer (*pro hac vice*)
Melissa C. Wright (*pro hac vice*)
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
kwolke@glancylaw.com
jkrajcer@glancylaw.com
mwright@glancylaw.com

*Lead Counsel for Plaintiffs and Putative
Class*

Jeremy A. Lieberman
Jonathan D. Park
POMERANTZ LLP
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
jpark@pomlaw.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
pdahlstrom@pomlaw.com

Peretz Bronstein
BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
peretz@bgandg.com

Frank R. Cruz
THE LAW OFFICES OF FRANK R.
CRUZ
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007
info@frankcruzlaw.com

ATTORNEYS FOR DEFENDANTS:

SIMPSON THACHER & BARTLETT LLP

By:___/s/ Stephen P. Blake_____
Stephen P. Blake
sblake@stblaw.com
Bo Bryan Jin (*pro hac vice*)
Bryan.jin@stblaw.com
2475 Hanover Street
Palo Alto, California  94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

Jonathan K. Youngwood
jyoungwood@stblaw.com
425 Lexington Avenue
New York, New York  10017
Telephone: (212) 455-3539
Facsimile: (212) 455-2502

*Counsel for Defendants Alibaba Group
Holding Limited, Daniel Yong Zhang, and
Maggie Wei Wu*

Junbo Hao
HAO LAW FIRM
BEIJING HAO JUNBO LAW FIRM
Room 3-401 No. 2 Building,
No. 1 Shuangliubei Street
100024 Beijing
People's Republic of China
Telephone: +86 137-1805-2888
jhao@haolaw.cn

*Additional Counsel*

**Exhibit A**
**Proposed Case Schedule**

| Event | Proposed Timing |
|---|---|
| Simultaneous Exchange of the Information Required by Rule 26(a)(1) of the Federal Rules of Civil Procedure | April 28, 2023 |
| Defendants' Filing of Answer to the Amended Complaint | May 5, 2023 |
| Simultaneous Production of an Initial Set of Relevant Documents Identified in Each Side's Initial Disclosures (Subject to the Entry of A Suitable Protective Order) | May 12, 2023 |
| Service of Initial Requests for Production | May 12, 2023 |
| Substantial Completion of Document Production Related to Class Certification Issues | August 18, 2023 |
| Plaintiffs' Filing of Motion for Class Certification | October 6, 2023 |
| Last Day for Plaintiffs to Make Any Expert(s) Related to Any Declarations, Reports, and/or Analyses Included in Plaintiffs' Motion for Class Certification Available for a Deposition | November 17, 2023 |
| Last Day to Amend the Complaint | December 29, 2023 |
| Last Day to Join Other Parties | December 29, 2023 |
| Defendants' Filing of Response to Plaintiffs' Motion for Class Certification | January 19, 2024 |
| Last Day for Defendants to Make any Expert(s) Related to Any Declarations, Reports, and/or Analyses Included in Defendants' Response to Plaintiffs' Motion for Class Certification Available for a Deposition | March 1, 2024 |
| Plaintiffs' Filing of Reply in Support of Their Motion for Class Certification | April 5, 2024 |
| Substantial Completion of Document Production in Response to All Requests for Production Served on or Before June 1, 2024 | October 11, 2024 |
| Last Day to Serve Discovery Requests | January 1, 2025 |
| Conclusion of Fact Discovery | January 31, 2025 |
| Simultaneous Disclosure of Expert Report(s) On issues for Which a Party Bears the Burden of Proof | March 14, 2025 |
| Simultaneous Disclosure of Rebuttal Expert Report(s) | April 25, 2025 |
| Conclusion of Expert Discovery | May 30, 2025 |
| Filing of Summary Judgment Motions & Daubert Motions | June 30, 2025 |
| Filing of Oppositions to Summary Judgment Motions & Daubert Motions | August 29, 2025 |

| Event | Proposed Timing |
|---|---|
| Filing of Reply In Support of Summary Judgment Motions & Daubert Motions | September 30, 2025 |
| Filing of Motions in Limine and Other Pre-Trial Papers at the Court's Direction | If necessary, six weeks following decision on summary judgment motions |

## **PROOF OF SERVICE**

I hereby certify that on this 25th day of April 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*s/ Kara M. Wolke*
Kara M. Wolke
