UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ALIBABA GROUP LTD. SECURITIES LITIGATION | Master File No. 1:20-CV-09568-GBD-JW |

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, Lead Plaintiff Salem Gharsalli, named Plaintiffs Laura Ciccarello, Dineshchandra Makadia, and Yan Tongbiao, and Defendants Alibaba Group Holding Limited ("Alibaba"), Daniel Zhang, and Maggie Wu (each a "Party" and collectively, the "Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

1.  Counsel for any party (including any third-party) may designate any document or information, in whole or in part, as "Confidential Information" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Any document or information containing or revealing documents or information designated as Confidential Information shall also be considered Confidential Information. Confidential Information shall not include any document or information that is publicly available or is obtained voluntarily by a Party without resort to compulsory legal process from a non-party source that does not have a

confidentiality obligation with respect to such material; a receiving party may challenge the Confidential Information designation of such document or information pursuant to Section 4 of this Order. Information and documents designated by a party as Confidential Information will be stamped "CONFIDENTIAL."

2. Counsel for any party (including any third-party) may designate any document or information, in whole or in part, as "Highly Confidential Information" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in highly confidential and sensitive non-public information. Any document or information containing or revealing documents or information designated as Highly Confidential Information shall also be considered Highly Confidential Information. Highly Confidential Information shall not include any document or information that is publicly available or is obtained voluntarily by a Party without resort to compulsory legal process from a non-party source that does not have a confidentiality obligation with respect to such material; a receiving party may challenge the Highly Confidential Information designation of such document or information pursuant to Section 4 of this Order. Information and documents designated by a party as Highly Confidential Information will be stamped "HIGHLY CONFIDENTIAL."

3. The Confidential and Highly Confidential Information (collectively, "Designated Information") disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4. In the event a party challenges another party's designation of confidentiality under this Order, counsel for the objecting party shall give written notice to counsel for the producing party of the reasons for the objection. Counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, either the challenging party or the producing party may seek

resolution by the Court. Any documents or information as to which such motion is made shall continue to be treated as Confidential or Highly Confidential Information, as applicable, until the Court's decision on such motion is issued or the producing party withdraws such designation in writing. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto, provided that any such challenge is made at least 45 days before the final pretrial conference in the action. Nothing in this Protective Order constitutes an admission by any party that Designated Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Designated Information.

5.  All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, directly or indirectly, except:

   a. The requesting Party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided that if the Plaintiffs choose an individual who is currently (*i.e.*, at the time, or in the course, of retention) employed by Alphabet, Inc.; Amazon.com, Inc.; Apple Inc.; Baidu, Inc.; Beijing Byte Dance Telecommunications Co., Ltd.; China UnionPay; eBay Inc.; Huawei Investment & Holding Co., Ltd.; JD.com, Inc.; Meituan-Dianping; Microsoft Corporation; PayPal Holdings, Inc.; PDD Holdings, Inc.; Ping An Insurance (Group) Company of China, Ltd.; Roadget Business Pte. Ltd. d/b/a SHEIN; Shopify Inc.; 360 Security

    Technology Inc.; Tencent Holdings Limited; Vipshop Holdings Ltd., or predecessors, successors, parents, subsidiaries, divisions, or consolidated affiliated entities (such as variable interest entities) of any of the above-listed entities, Plaintiffs shall notify Alibaba before disclosing any Confidential Information to that individual. If Alibaba objects to that individual having access to Confidential Information, Alibaba shall move within ten business days for a protective order governing or limiting such disclosure.

  d. The Court or other person having access to any Designated Information by virtue of his or her position with the Court;

  e. Any mediator and their supporting personnel;

  f. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel associated with such officer; and

  g. Any other person agreed to by the Parties in writing or on the record and on such conditions as may be agreed, provided that the Parties agree they will not unreasonably withhold their consent.

6. All documents designated as "HIGHLY CONFIDENTIAL" shall not be disclosed to any person, directly or indirectly, except:

  a. Glancy Prongay & Murray LLP, Pomerantz LLP, and Simpson Thacher & Bartlett LLP, as outside counsel for the respective Parties, including supporting personnel employed by such outside counsel; and

  b. Persons listed under Sections 5.c through 5.g of this Order.

7. Prior to disclosing or displaying the Designated Information to any person other than those persons identified and described in Sections 5.d and 6.a, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

8. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential or Highly Confidential Information. If a producing party produces documents or information that it considers to be "Confidential" or "Highly Confidential" without affixing the appropriate legend to such documents or information, the producing party may subsequently designate such material as "Confidential" or "Highly Confidential" by, promptly upon learning of the production without the required legend, delivering to the receiving parties (i) written notice of such designation and (ii) properly designated copies of such material, with the effect that such material thereafter be fully subject to the protections afforded by this Order. The receiving party must make a good faith effort to retrieve such materials, if disclosed to persons not permitted by this Order. Nothing in this Order shall prevent a producing party, in good faith, from correcting the designation of information that already has been produced to another party in undesignated form or with a different designation,

or designating as "Confidential" or "Highly Confidential" material that has previously been produced in undesignated form or with a different designation by another party.

9. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Designated Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the producing party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the undertaking in the form attached hereto.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft or otherwise for any improper or illegal purpose) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall

be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. Notwithstanding the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures with respect to filing under seal their own Designated Information. If a receiving party seeks to file with the Court or on appeal any Designated Information produced by another party, or any papers containing or revealing such Designated Information, the receiving party shall notify the producing party no less than three (3) business days prior to such filing and specifically identify the Designated Information that it seeks to file with the Court. The receiving party shall meet and confer with the producing party in an attempt to reach agreement concerning the potential filing of any Designated Information. Absent the consent of the producing party under this Section or order of the Court, the receiving party shall file the Designated Information under seal. The producing party shall, within five (5) business days of the filing of the Designated Information under seal, file a letter motion explaining the reasons for sealing the Designated Information.

13. If a Party seeks to use any Designated Information produced by another party in any open-court proceeding in the action, including, as evidence at any hearing or the trial, the proponent of the evidence shall use best efforts to advise the Court and the producing party in advance of the trial or proceedings that it intends to offer such Designated Information. The proponent of the evidence shall use best efforts to meet and confer with the producing party at least three (3) business days prior to use of Designated Information in an attempt to reach

agreement concerning the potential use of such Designated Information. Nothing in this Order, however, shall preclude a Party from using Designated Information in any proceeding in the action, including but not limited to use for impeachment purposes. Nor shall anything in this Order preclude a party from seeking an appropriate protective order from the Court should that party seek to maintain the confidentiality of Designated Information used in open court.

14. If any person uses Designated Information, or discloses any such Designated Information on the record of any proceeding before the Court or on appeal, the portion of the transcript, record, computer disk or any other recording method thereof that refers to such Designated Information shall be deemed subject to the provisions of this Order.

15. At the conclusion of litigation, Designated Information and any copies thereof shall be promptly (and in no event later than 60 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

16. Nothing herein shall preclude the Parties from disclosing Designated Information if otherwise required by law or pursuant to a valid subpoena. If a party is subpoenaed in another action or proceeding or served with a document demand or other similar legal process in another proceeding, including any proceeding before any other court, arbitration panel, regulatory agency, law enforcement or administrative body, and such subpoena or document demand seeks Designated Information that was produced by a person or entity other than the recipient of such subpoena or document demand, unless otherwise required by law, that party shall give written notice, as promptly as reasonably practicable and before the return date for such subpoena or document demand, to counsel for the person or entity who produced the Designated Information

at issue. The producing party shall bear all responsibility for its objection to the production of such Designated Information, except that the receiving party shall not voluntarily make any production of another's Designated Information, as applicable, until resolution of any objections interposed by the producing party, unless compelled or otherwise required by law. The receiving party shall make all reasonable good faith efforts to provide the producing party a reasonable period of time in which to seek to quash the subpoena or document demand or to move for any protection for the materials, before the receiving party takes any action to comply with the subpoena or document demand. Nothing in this Order shall be construed as authorizing a party to disobey any law or court order requiring production of Designated Information.

SO STIPULATED AND AGREED.

Dated: June 2, 2023

**GLANCY PRONGAY & MURRAY LLP**

By: ___/s/ *Kara M. Wolke*___
Kara M. Wolke (*pro hac vice*)
Jason L. Krajcer (*pro hac vice*)
Melissa C. Wright (*pro hac vice*)
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
kwolke@glancylaw.com
jkrajcer@glancylaw.com
mwright@glancylaw.com

*Lead Counsel for Plaintiffs and Putative Class*

Dated: June 2, 2023

**POMERANTZ LLP**

By: ___/s/ *Jonathan D. Park*___
Jeremy A. Lieberman
Jonathan D. Park
POMERANTZ LLP
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100

jalieberman@pomlaw.com
jpark@pomlaw.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
pdahlstrom@pomlaw.com

*Additional Counsel*

Dated: June 2, 2023

**SIMPSON THACHER & BARTLETT LLP**

By: ___*/s/ Stephen P. Blake*___
Stephen P. Blake
sblake@stblaw.com
Bo Bryan Jin (*pro hac vice*)
Bryan.jin@stblaw.com
2475 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

Jonathan K. Youngwood
jyoungwood@stblaw.com
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-3539
Facsimile: (212) 455-2502

*Counsel for Defendants Alibaba Group Holding Limited, Daniel Yong Zhang, and Maggie Wei Wu*

SO ORDERED this 5th day of June, 2023.

_____
HONORABLE JENNIFER E. WILLIS
UNITED STATES MAGISTRATE JUDGE

**AGREEMENT**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as Confidential or Highly Confidential Information. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

Signed in the presence of:

_____
(Attorney)