Exhibit 4

# Civil Ruling of Beijing Internet Court

(2020) Jing 0491 Min Chu No. 9268

Plaintiff: Xiao Qiao, female, born on August 12, 1995, Han nationality, Peking University student, domiciled at 18222, No. 5 Yiheyuan Road, Haidian District, Beijing.

Defendant: Zhejiang Taobao Network Co., Ltd., domiciled at Room 601, 6/F, Building 1, No. 969 Wenyi West Road, Wucheng Street, Yuhang District, Hangzhou, Zhejiang Province.

Legal Representative: Jiang Fan, Chairman and General Manager.

Defendant: Zhejiang Tmall Network Co., Ltd., domiciled at Room 506, 5/F, Building 3, No. 969 Wenyi West Road, Wucheng Street, Yuhang District, Hangzhou, Zhejiang Province.

Legal Representative: Jiang Fan, Chairman and General Manager.

Jointly Appointed Counsel: Chen Wenyan, Attorney of Beijing Saelink Law Firm.

Jointly Appointed Counsel: Cai Xiaoping, Attorney of Beijing Saelink Law Firm.

After this online liability infringement dispute between the Plaintiff Xiao Qiao and the Defendants Zhejiang Taobao Network Co., Ltd. (hereinafter referred to as Taobao Company) and Zhejiang Tmall Network Co., Ltd. (hereinafter referred to as Tmall Company) was accepted by this court on March 18, 2020, summary procedures were applied in accordance with the law, and a public trial was held on July 8, 2020.

Xiao Qiao filed a lawsuit with this court and requests us to: 1. Confirm that Taobao Company and Tmall Company's "pick one from two" practice through contract and technical means infringes on Xiao Qiao's right to autonomous choice and fair dealing as a consumer; 2. Order Taobao and Tmall to immediately cease the infringement; 3. Order Taobao and Tmall to compensate Xiao Qiao for the loss

- 1 -

of RMB 1. Facts and Reasoning: Xiao Qiao is a Taobao platform user. Taobao and Tmall operate Taobao APP and Tmall APP respectively. In order to obtain Taobao platform services, Xiao Qiao signed the "Taobao Platform Service Agreement" with Taobao Company, which also applies to Tmall Company. As a consumer of the e-commerce platform, Xiao Qiao enjoys the right to autonomous choice and fair dealing. However, Taobao has repeatedly signed so-called "exclusive cooperation agreements" with operators on the platform to restrict and exclude merchants from entering into transactions between merchants and other platforms by, among other technical methods, modifying backend parameters and data to quickly cut stores off from traffic and cause them to disappear with one click. The "pick one from two" conduct of Taobao Company and Tmall Company that infringes Xiao Qia's rights specifically includes: 1. On the afternoon of October 24, 2016, Tmall and Wanjia Window and Door held an exclusive strategic cooperation press conference at the Beijing Diaoyutai Hotel. On the day of the press conference, the Tmall Home Improvement Industry Director and the General Manager of Wanjia Window and Door signed a strategic cooperation agreement on behalf of both parties; 2. In May 2019, the store of a certain operator in the Taobao APP operated by Taobao Company was blocked, and users could not search for products from this factory; 3. Starting from May 29, 2019, Tmall Company used technical interference on the Galanz series of stores in the Tmall APP operated by Tmall, carried out comprehensive reduction of search weighting, blocking from sales ranking, etc.; 4. On August 28, 2019, Taobao and Tmall signed an exclusive cooperation agreement with multiple wineries, restricting merchants from providing services to consumers on other e-commerce platforms. Brands such as "3SongShu" and "Hanhou" also made centralized statements in early October 2019 that they would not join other e-commerce platforms such as Pinduoduo.  In these actions, consumers appear to be able to make "autonomous choice" in a variety of products and services, but the scope of such "autonomous choice" bore undue restrictions. Xiao Qiao believes that the above conduct of Taobao and Tmall diminished her opportunity to compare and select products; increased the difficulty of consumers in comparing, identifying and selecting products; caused consumers to choose products autonomously and

- 2 -

independently, and infringed on the right to autonomous choice and fair dealing Xiao Qiao enjoyed as a consumer. In summary, in order to protect her legal rights, Xiao Qiao filed a lawsuit with the court in accordance with the provisions of Article 9 of the *People's Republic of China Consumer Protection Law* (hereinafter referred to as the Consumer's Rights and Interests Protection Law), Article 6 of the *People's Republic of China Tort Liability Law*, Article 28 of the *People's Republic of China Civil Procedure Law* (hereinafter referred to as the Civil Procedure Law), and Article 24 of the *Interpretation of the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China.*

Taobao and Tmall argued that: Xiao Qiao is not a plaintiff with standing to file this lawsuit and requested the court to dismiss the lawsuit. The reasons are as follows:

1. According to Article 119 of the *Civil Procedure Law*, Xiao Qiao in this case is neither a citizen with a direct interest in this case, nor has she submitted evidence to prove that she has a direct interest in the facts alleged in this case. The understanding of "direct interest" is that the subject should have a direct interest in this case, and the rights and interests of the subject are directly infringed by others, or there is a direct dispute over the ownership of rights and obligations with them. In this case, the facts and reasoning claimed by Xiao Qiao and the evidence submitted do not meet the aforementioned conditions for filing the case.

2. Xiao Qiao filed an "online infringement liability dispute" as a "consumer", claiming that her "right to autonomous choice" and "right to fair dealing" were improperly restricted by Taobao and Tmall. However, from the facts provided by Xiao Qiao, it was not caused by her own consumption on the Taobao APP and Tmall APP. On the contrary, what Xiao Qiao claimed is that the transactional relationship between Taobao and Tmall and the merchants on the individual platforms as non-parties to the case indirectly affected Xiao Qiao's interests. This relationship obviously does not fall under the "direct interest" in the civil litigation system. First, from the relevant provisions of the *Consumer's Rights and Interests Protection Law*, the consumer's right to autonomous choice advocated by Xiao Qiao focuses on protecting the consumer's "autonomous" right, *i.e.* the right to

- 3 -

choose whether to accept a service or purchase products based on free will; the consumer's right to fair dealing focuses on protecting the consumer's ability to complete a transaction under "fair" conditions. However, Taobao and Tmall, as platform service providers, only provide auxiliary services for transactions between consumers and merchants, and are not counterparties to the transactions, and they can neither interfere with the choice of consumers, nor determine the conditions of the transactions. The transactional conduct of Taobao and Tmall in executing agreements with the non-parties is not directed at any specific consumer, including Xiao Qiao, and does not have a direct impact on a consumer's "free" will and "fair" transaction conditions. Secondly, based on the facts and reasons claimed by Xiao Qiao, her interest in Taobao and Tmall's alleged conduct in this case is extremely indirect and does not have a "direct" nature. Xiao Qiao did not explain how the facts involved in the case have an impact on the rights and interests she claimed. The reasons claimed by Xiao Qiao are that "the Defendants' cooperation with merchants diminished her opportunities to compare and select products, and made it more difficult for her to compare, identify, and select products." From these reasons and facts, Xiao Qiao believes that Taobao and Tmall did not directly infringe her rights, but the consequences of their cooperation with the non-parties and business conduct indirectly affected Xiao Qiao's interests. Finally, Xiao Qiao has not submitted evidence to prove that she actually made purchases in the stores involved in the transaction relationship with Taobao and Tmall, that is, there is no evidence to prove that she was a consumer of the stores affected by the conduct involved. That is, she cannot prove her status as a consumer. The fact that there was a potential for consumption cannot itself prove that the consumer rights claimed by Xiao Qiao are actually and directly affected. In this case, if Xiao Qiao claims the cause of action to be an "online infringement liability dispute", Xiao Qiao should provide the factual evidence and specific reasons to prove the cause of action for the claim.

The parties submitted evidence in accordance with the law regarding the litigated claims, and the court organized the parties to conduct discovery and cross-examination.

- 4 -

Xiao Qiao submitted the first set of evidence, including Exhibit 1: Screenshot of member registration page on the Taobao platform, to prove the matters: Xiao Qiao signed up for a Taobao account on www.taobao.com in October 2013. The member name was "942678 Come On," nicknamed "Read More and Sleep Less," Xiao Qiao submitted Exhibit 2: Screen recording of Taobao facial recognition login operation, Exhibit 3: *"Taobao Platform Service Agreement"* (August 19, 2019), to prove the matters: According to the Article 1 Definition clause of the "Taobao Platform Service Agreement," the Taobao platform includes Taobao and Tmall. Therefore, Xiao Qiao also registered to use Tmall in October 2013. Xiao Qiao is a user of the Taobao website and the Tmall website (including Taobao and Tmall APPs).

Taobao and Tmall acknowledge the authenticity of the page screenshots, operation screen recordings and the "Taobao Platform Service Agreement."

As the two Defendants do not object to the authenticity of the evidence set, this court also confirms.

Xiao Qiao submitted the second set of evidence, including Exhibit 4: Screenshot of the article, "Ultimate Tmall Curtains and Wanjia Window and Door: Curtains for the Entire Home, One-click Purchase," released by Sina Home Furnishing website released on October 25, 2016, stating the "Tmall Curtains & Wanjia Window and Door's Exclusive Strategic Cooperation Press Conference" Exhibit 5: Screenshot of the article published by Tonghuashun Finance Network on August 30, 2019, "Making 'Online Shopping for Beef'" Convenient and Quicker？！On the Cooperation Between Hengdu Agricultural Group and Tmall Big Food Innovation," Exhibit 6: Screenshot of the article on the "Exclusive Cooperation Agreement" that Taobao platform reached with a number of merchants, Exhibit 7: Screenshot of the article published by "Qudong China", "Tmall's 'Exclusive Cooperation' is Actually Driven by Search Engines and Reduced Authority to Force Merchants to Give In!" "Exhibit 8: Screenshot of the article published by Beijing Youth, "Reporter's Investigation on Picking One From Two: The Hidden Rules of e-Commerce Encountered by Leading Companies with Monthly Sales of Tens of Millions," the above evidence supporting the matters:

- 5 -

Since Taobao and Tmall put pressure on merchants on the platform through contractual and technical means, limiting Xiao Qiao's right as a consumer to select products and select service platforms, Xiao Qiao has standing to file a lawsuit.

Taobao Company and Tmall Company do not acknowledge the authenticity of the content on the pages of Exhibit 4, Exhibit 5, Exhibit 6, Exhibit 7, and Exhibit 8, all of which involved the cooperation agreement with third parties not involved in the case. The content of the above-mentioned evidence on the reduction of search weighting is a malicious attempt to slander Taobao and Tmall.

As the evidence in this set is all news report retrieved by Xiao Qiao on the Internet, and the content of the reports involves agreements signed by non-parties, the authenticity of the content of the reports cannot be verified, and this court does not confirm their authenticity.

Xiao Qiao submitted the third set of evidence, including Exhibit 9: "Statement on the Abnormal Search of Galanz on Tmall Platform" published by Guangzhou Galanz Life Electric Commercial Co., Ltd. on June 17, 2019, Exhibit 10: Screenshots and screen recordings of searches for "Galanz," to prove the matters: On April 12, 2020, Xiao Qiao searched the Tmall app and found the following: Blocking of the "Galanz Official Flagship Store," (1) Entered "Galanz Official Flagship Store" in the Tmall App search box, clicked on the store, and it displayed "Meow, it cannot be found"; (2) Entered "Galanz Official Flagship Store" in the Tmall App search box, and it displayed "Meow, it cannot be found"; (3) Entered "Galanz Microwave" in the Tmall App search box, clicked on the store, and "Galanz Official Flagship Store" did not appear in the top ten; (4) Clicked to enter the "Galanz Official Flagship Store." The monthly sales of the top two microwave ovens are 5,119 and 2,678 respectively. However, when entering "microwave oven" in the search box and clicking on the sales to sort, the top two products of "Galanz Official Flagship Store" did not appear in the corresponding sales rankings, nor did they appear in Tmall's "Microwave Oven Sales List." The microwave oven model sold by "Ganz Official Flagship Store" is P70D20N1P-G5 (WO), its original price was 299 yuan, and the discounted price was 279 yuan. Entered "Galanz Microwave" in the search box to sort the prices from low to high. The lowest-priced

- 6 -

products were sold at a discount of RMB 289. Even the original price of the same model of P70D20N1P-G5 (WO) microwave oven was RMB 329, and the discounted price was 289 yuan, which is higher than the 279 yuan price in the "Galanz Official Flagship Store." However, the products of the "Galanz Official Flagship Store" never appeared in the above search process. The Tmall platform blocked and reduced the search weighting of the "Galanz Official Flagship Store" products. The above blocking conduct is very likely to mislead Xiao Qiao's decision in purchasing products with higher prices. Exhibit 11: Screenshots and screen recordings of searches for "Wanjia Window and Door," to prove the matters: She could only choose the Tmall platform to purchase "Wanjia Window and Door" products, which violates Xiao Qiao's right to choose a service platform. For this set of evidence, Xiao Qiao claimed that she had a direct interest in this case, and the determination of "direct interest" should focus on considering whether the parties have legal substantive rights and obligations, rather than the issue of de facto identification of ownership and assumption of obligations.  Xiao Qiao's claim is based on Article 9 of the *Protection of Consumer Rights and Interests Law.* Because the Tmall platform signed an exclusive agreement with other platforms and it acted in reducing search authority, her rights and interests have been harmed, and there is an infringement legal relationship between the two parties. In addition, Xiao Qiao, as a registered user of the Taobao platform and Tmall platform, accepts services provided by the platform and has consumer status. The *Protection of Consumer Rights and Interests Law* for consumers purchasing, using products and receiving services is not limited to the protection after the consumption results are reached, but also includes the protection of the process in reaching the transaction. As stipulated in Article 9, Paragraph 3 of the *Protection of Consumer Rights and Interests Law*: "Consumers have the right to compare, identify, and select products or services when they choose their own products or services." Comparing and identifying selection are rights in the process before the outcome of the consumption is reached. Xiao Qiao discovered that while browsing the products (products from the "Galanz Microwave" and "Wanjia Window and Door" stores), the product sorting provided by Taobao and Tmall platforms was not displayed in

full accordance with the search criteria. During the search of the products from the "Wanjia Window and Door" store on different e-commerce platforms, she learned that "Wanjia Window and Door" signed an exclusive sales agreement with the Tmall platform, and only sold on the Tmall platform. Xiao Qiao was subject to undue interference and restrictions in the selection and identification of the products. Therefore, Xiao Qiao has consumer status and is a subject protected under the *Protection of Consumer Rights and Interests Law*.

Taobao Company and Tmall Company do not acknowledge the authenticity of the above screen recordings of searches, and believe that the source of the screen recordings of searches cannot be confirmed. Due to differences in search time, purchase records and other factors, the search results on the Taobao platform and Tmall platform have individual characteristics. It cannot prove that the two platforms have engaged in conduct to block and reduce the rights of users. At the same time, Xiao Qiao has not submitted evidence to prove that she made purchases in the stores involved in the transaction, and it was impossible to prove Xiao Qiao's status as a "consumer" in this case. In addition, Galanz also withdrew the lawsuit against Taobao and Tmall, and there is no direct interest with Xiao Qiao.

The parties should provide evidence to prove the facts on which their claims are based or the facts on which the other party's claims are based. If the People's Court, after reviewing the evidence provided by the party bearing the burden of proof, is convinced that the existence of the fact to be proved is highly likely, based on the relevant facts, it shall determine that the fact exists. If the parties fail to provide evidence or the evidence is insufficient to prove their claim of fact before a judgment is made, the party with the burden of proof shall bear the adverse consequences. Although Taobao and Tmall do not acknowledge the authenticity of this set of evidence, they have not provided evidence to the contrary to support it, so this court does not accept it. Upon verification by the court, this court confirms the authenticity of Exhibit 9, Exhibit 10 and Exhibit 11.

Taobao and Tmall submitted the first set of evidence: The article, "Exclusive Transactions are Normal Business Competition, Not 'Picking One from Two'," that was published on August 20, 2019 under the account name "Global Times Website";

- 8 -

the article "Anti-Monopoly Law Analysis of the "Picking One From Two" Conduct" published on August 20, 2018 under the name "Financial Economics and Law" ; the article "It's Time to Replace "Picking One From Two" With Its True Nature" that was published on August 21, 2019 under the account name "China Economics Website"; the article, "No Inference of Guilt Can Be Drawn From "Picking One From Two" Internet Platforms that was published on May 17, 2019 under the account name "China Finance"; "US Medical and Health Information Platform WebMD Exclusively Joins Tencent" as shown on the Sohu platform; the article, "The Battle Between Coca-Cola and Pepsi-Cola, One Supporting McDonald's and the Other Supporting KFC" that was published on May 12, 2018 under the account name "Xunwei Anhui"; the article "Rising + Meituan VS Starbucks + Ele.me, Must Compete With Each Other in the Coffee Delivery Market" that was published on December 19, 2018 under the account name "The Cover"; the webpage showing "SKT and Syngenta Signed an Exclusive Distribution Agreement for Timorex Gold® to Enter the Australian and New Zealand Markets"; and the article "Carrefour East China Region Introduces Local Special, 'Lights of France'" that was published on January 16, 2018 under the account name, "Lianshang.com." To prove the matters: Exclusive cooperation is economically reasonable and is a common business practice.

Xiao Qiao acknowledges the authenticity of the first set of evidence submitted by Taobao and Tmall, but does not acknowledge the relevance and purpose of proof. Business practices are not legal, and illegal and improper business practices must also be regulated and corrected by law. This set of evidence cannot prove that the "picking one from two" business model is reasonable and legal. Whether the "exclusive agreement" and "picking one from two" business practices are legal should be determined by the court.

As both parties acknowledge the authenticity of this set of evidence, this court does not object.

Taobao and Tmall submitted the second set of evidence: The article, "Alibaba Releases Financial Report for the Third Quarter of Fiscal Year 2020: Revenue Increased by 38% and Monthly Active Mobile Users Exceeded 800 million" that

was published on February 13, 2020 under the account "Caijing.com"; the article "Tencent Financial Report: WeChat Users Exceeded 1 Billion for the First Time, QQ User Activity Continues to Decline" published on May 17, 2018 by "The Paper"; seven articles including "Pinduoduo's Active Users Reach 440 million" on May 27, 2019 by the account name "Lunyujun."  To prove the matters: The online trading platform has a large number of users, and it cannot be determined that all users have a "direct interest" in the transactions reached between the platform and the participants in the platform ecosystem, so Xiao Qiao does not have standing to file the lawsuit.

Xiao Qiao does not acknowledge the authenticity and relevance of the second set of evidence submitted by Taobao and Tmall. She believes that it is only a news report for the user volume, not the data provided by the two defendants' backends. In addition, although the e-commerce platform has a large number of users, it cannot prove that users have no standing to sue for acts that harm their legitimate rights and interests due to the exclusivity agreements signed by the platform with specific merchants, and it cannot be a reason why Xiao Qiao has no right to sue. In addition, so-called "the Plaintiff has a direct interest in this case" means that the party's own civil rights and interests have been infringed or there is a dispute with others. Only those who file a lawsuit to protect their own civil rights are plaintiffs with standing in this case. A "direct interest" is a legal relationship of rights and obligations, and the standard of judgment should be based on whether the plaintiff has a normative basis for claims in substantive law, rather than whether the defendant's behavior is actually directed against the plaintiff. As long as the plaintiff names a clear defendant and meets other prosecution conditions, the people's court should accept the case and enter the substantive review process, and form a judgment on the rights, obligations and civil liabilities of both parties in the form of a judgment.

The evidence in this set is all Internet news reports of Taobao and Tmall, and the content of the report involves the relevant content of registered users and active users of Taobao and Tmall platforms, so the authenticity cannot be verified. This court does not confirm their authenticity.

Taobao and Tmall submitted a third set of evidence: Search the JD platform and Pinduoduo platform for the branded products of "Galanz", the branded products of Wanjia Window and Door and the branded products of Jinjing, Hengdu, three squirrels, Hanjin and other branded products of Wanjia Window and Door, and prove that: Xiao Qiao claimed that only brands sold on Tmall and Taobao platforms actually had products sold on other e-commerce platforms. Searched on the Tmall platform using "Galanz Official Flagship Store," "Galanz," "Galanz Induction Oven," "Galanz Oven," "Galanz Microwave" and other keywords as the key words, to prove the matters: It is intended to prove that the Tmall platform did not block the Galanz Official Flagship Store. Searched the JD mobile app using "TV," "mobile phone," "air-conditioning," "headphones," and "heels," as the keywords, there were also products displayed, to prove the matters: It is intended to prove that the "HOT" logo did not meet the characteristics of Taobao platform.

Xiao Qiao acknowledges the authenticity of the third set of evidence submitted by Taobao and Tmall, but does not acknowledge the relevance and purpose of proof. She believes that the relevant branded products sold on JD.com and Pinduoduo were not products from the official flagship store, but from unofficial stores and individual stores. The back-end algorithm of Tmall platform for the official flagship store of Galanz violates the principle of displaying products and providing services to users in Article 5.1 of the "User Agreement" and the contract signed with Taobao platform and Tmall platform is a service Agreement, which are considered joint infringers.

 As both parties acknowledge the authenticity of this set of evidence, this Court does not object.

Taobao and Tmall submitted the fourth set of evidence: Searched "Tencent 360 Controversy" on Baidu Encyclopedia, "Tencent's Letter to QQ Users" published by Daqin.com, and "Tencent Forces Users to Choose One" published by NetEase Technology Network: Unable to Use QQ After Installing 360"; searched for the "701 project" on Baidu Encyclopedia, "600,000 Reported to Blackmail Alibaba for 2.6 million and Smear Alibaba!" published by Huyou.com. Further exposed JD.com's employment contract with Fang Xingdong and other web search

- 11 -

contents. To prove the matters: The business model of "picking one from two" is commercial hype. The relevant discussion intentionally smears the public image of Taobao and Tmall. Xiao Qiao is not an ordinary consumer and has no direct interest in this case.

By signing exclusive agreements and reducing search weighting, Xiao Qiao believes that the "picking one from two" business model is essentially a direct restriction on consumers' rights to autonomous choice and fair dealing, and Xiao Qiao has a direct interest in filing a lawsuit for the protection of her own rights and interests.

As the evidence in this group is news reports retrieved by Taobao and Tmall on the Internet, and the content of the report involves information related to non-parties, the authenticity of the content of the reports cannot be verified, and this Court does not confirm its authenticity.

The facts determined by this court after trial are as follows: Xiao Qiao registered her Taobao account at www.taobao.com in October 2013. The account member was called "942678 Come On", and it was nicknamed "Read More and Sleep Less". The scope of application of the "Taobao Platform Service Agreement" signed by Xiao Qiao and Taobao Company includes Taobao APP and Tmall APP, and Tmall APP is operated by the defendant Tmall Company. On April 12, 2020, Xiao Qiao searched the Tmall app and found that: Blocking of the "Galanz Official Flagship Store," (1) Entered "Galanz Official Flagship Store" in the Tmall App search box, clicked on the store, and it displayed "Meow, it cannot be found"; (2) Entered "Galanz Official Flagship Store" in the Tmall App search box, and it displayed "Meow, it cannot be found"; (3) Entered "Galanz Microwave" in the Tmall App search box, clicked on the store, and "Galanz Official Flagship Store" did not appear in the top ten; (4) Clicked to enter the "Galanz Official Flagship Store." The monthly sales of the top two microwave ovens are 5,119 and 2,678 respectively. However, when entering "microwave oven" in the search box and clicking on the sales to sort, the top two microwave ovens are 5,119 and 2,678 respectively. However, when entering "microwave oven" in the search box and clicking on the sales to sort, the top two products of "Galanz Official Flagship

- 12 -

Store" did not appear in the corresponding sales rankings, nor did they appear in Tmall's "Microwave Oven Sales List." The microwave oven model sold by "Ganz Official Flagship Store" is P70D20N1P-G5 (WO), its original price was 299 yuan, and the discounted price was 279 yuan. In the search box, "Galanz Microwave" was entered to sort the prices from low to high, and the lowest-priced products were sold at a discount of RMB 289.

On the Tmall platform, searches were conducted using the keywords "Official flagship store of Galanz," "Grams," "Induction Oven of Galanz," "Oven of Galanz," "Microwave of Galanz" and other keywords, and the merchandise sold under the brand of "Grams" were displayed. Searched the JD platform and Pinduoduo platform for branded products such as "Galanz" branded products, Wanjia Window and Door and Jinjing branded products under Wanjia Window and Door, Hengdu, 3songshu, Hanhou and other branded products, which showed that the above-mentioned related branded products were available for sale in the two platforms. During the trial, Xiao Qiao believed that due to the exclusive sales agreement signed with Taobao and Tmall, the products sold on the JD.com and Pinduoduo platforms were not sold by the official flagship stores, but the sales conduct of individual stores.

In addition, on June 17, 2019, Guangdong Galanz Life Electric Commercial Co., Ltd. issued a "Statement on the Abnormal Search of Galanz on Tmall Platform" and filed a lawsuit against Zhejiang Tmall Network Co., Ltd. and Zhejiang Tmall Technology Co., Ltd. with the Guangzhou Intellectual Property Court. On June 15, 2020, Guangdong Galanz Life Electric Commercial Co., Ltd. withdrew the lawsuit against Zhejiang Tmall Network Co., Ltd. and Zhejiang Tmall Technology Co., Ltd.

This court believes that in this case, Xiao Qiao filed the lawsuit on the basis of online infringement liability dispute, claiming that her rights to autonomous choice and fair dealing as a consumer had been improperly restricted and infringed, and requested Taobao and Tmall to cease their infringement. Therefore, whether Xiao Qiao has a direct interest in this case has become a prerequisite for the trial of this case, and it is also a focus issue for the review of this case.

According to Article 119 of the *Civil Procedure Law*, the lawsuit must meet

- 13 -

the conditions of "the Plaintiff is a citizen, legal person and other organization with a direct interest in this case." "Direct interest" refers to a dispute in which the property rights or moral rights or other rights and interests of a citizen, legal person or other organization are directly infringed by others or the direct dispute over the ownership of rights and obligations. As a condition of civil lawsuits, the "direct interest" between the parties and the case should be understood as that the factual conduct of the case has an impact on the rights and interests claimed by the parties, and the parties may be the subject of the disputed legal relationship. If the facts in dispute are actually related to the rights and interests claimed by the parties with the help of other facts or actors, it does not meet the "direct interest" condition in the above provisions.

Firstly, Xiao Qiao claimed that the Taobao and Tmall shopping platforms operated by the two Defendants have repeatedly signed so-called "exclusive cooperation agreements" with the operators on the platform, as well as modifying backend parameters, cutting off data and other traffic blocking and reduction measures. The technical methods of store weighting excludes merchants from entering, restricts the platform to trade with other platforms, reduces Xiao Qiao's opportunities to compare and choose products, and infringes on Xiao Qiao's right to autonomous choice and fair dealing as a consumer. The facts of the case claimed by Xiao Qiao are all based on news reports on cooperation agreements signed between third-party merchants and e-commerce platforms outside the case or on their entry into the e-commerce platform. They cannot prove that the infringing conduct of the two defendants has affected Plaintiff Xiao Qiao's rights and interests, that Xiao Qiao's rights and interests have been affected, that Xiao Qiao's property rights, individual rights or other rights and interests were directly infringed upon by the two defendants, or there was a direct dispute over the ownership of rights and obligations between them.

Second, the evidence provided by Xiao Qiao showed that she registered on the Taobao platform in October 2013. As of the time when the plaintiff Xiao Qiao filed a lawsuit with this court, she had not provided any information about the actual transactions on the Taobao platform or the Tmall platform. Factual evidence

- 14 -

advocating the "picking one from two" behavior causes undue restrictions and damage to the right to fair dealing and the right to autonomous choice.

In summary, Xiao Qiao is not a plaintiff with standing in this case. In accordance with the provisions of Article 119 of the *Civil Procedure Law of the People's Republic of China*, and Article 1 of the *Civil Procedure Law of the Supreme People's Court*, it is ruled as follows:

Dismiss Plaintiff Xiao Qiao's complaint.

The case acceptance fee is RMB 25, which shall be borne by the Plaintiff Xiao Qiao (has been paid).

If you are not satisfied with the ruling, you may file an appeal to the court within ten days from the date of service of the ruling, and the appeal shall be made to the Beijing Fourth Intermediate People's Court.

Judge        Li Wenchao

[seal:] Beijing Internet Court

[stamp:] This document is the same as the original verification

October 19, 2020

Clerk  Li Xinyu

- 15 -

# 北京互联网法院
# 民事裁定书

(2020)京 0491 民初 9268 号

原告：肖俏，女，1995 年 8 月 12 日出生，汉族，北京大学学生，住北京市海淀区颐和园路 5 号 18222。

被告：浙江淘宝网络有限公司，住所地浙江省杭州市余杭区五常街道文一西路 969 号 1 幢 6 楼 601 室。

法定代表人：蒋凡，董事长兼总经理。

被告：浙江天猫网络有限公司，住所地浙江省杭州市余杭区五常街道文一西路 969 号 3 幢 5 层 506 室。

法定代表人：蒋凡，董事长兼总经理。

共同委托诉讼代理人：陈文煊，北京世宁律师事务所律师。

共同委托诉讼代理人：蔡小萌，北京世宁律师事务所律师。

原告肖俏与被告浙江淘宝网络有限公司（以下简称淘宝公司）、浙江天猫网络有限公司（以下简称天猫公司）网络侵权责任纠纷一案，本院于 2020 年 3 月 18 日立案后，依法适用简易程序，于 2020 年 7 月 8 日公开开庭进行了审理。

肖俏向本院提出诉讼请求：1. 确认淘宝公司、天猫公司通过合同手段和技术手段实施的"二选一"行为侵害肖俏作为消费者的自主选择权、公平交易权；2. 判令淘宝公司、天猫公司立即停止侵权行为；3. 判令淘宝公司、天猫公司向肖俏赔偿损失人民币 1 元。

事实和理由：肖俏是淘宝平台用户，淘宝公司、天猫公司分别为淘宝 APP、天猫 APP 的经营者。为获淘宝平台服务，肖俏与淘宝公司签订《淘宝平台服务协议》，该协议同样适用天猫公司。肖俏作为电子商务平台的消费者，享有自主选择权与公平交易权，而淘宝平台多次以与平台内经营者签订所谓的"独家合作协议"的合同手段，以修改后台参数、数据让店铺迅速断流一键消失等流量屏蔽和降低店铺权重的技术手段，排除商家入驻，限制入驻商家与其他平台进行交易。淘宝公司、天猫公司侵犯肖俏权利的"二选一"行为具体包括：1. 2016 年 10 月 24 日下午，天猫公司与万家帘品在北京钓鱼台大酒店召开独家战略合作发布会。发布会当天，天猫家装行业总监与万家帘品总经理代表双方签署了战略合作协议；2. 2019 年 5 月，淘宝公司经营的淘宝 APP 内某经营者的店铺被屏蔽，用户无法搜索到该工厂的产品；3. 2019 年 5 月 29 日开始，天猫公司在其经营的天猫 APP 内对格兰仕系列店铺采取技术干扰，进行综合搜索降权，销量排名屏蔽等行为；4. 2019 年 8 月 28 日，天猫公司与恒都农业集团独家战略合作签约新闻发布会在北京举行；5. 2019 年 8 月至 10 月，淘宝公司、天猫公司分别与多个葡萄酒庄签订独家合作协议，限制各商家于其他电商平台向消费者提供服务，"三只松鼠""韩后"等品牌亦于 2019 年 10 月初集中声明，未进驻拼多多等其他电商平台。在上述行为中，消费者看似能在各种商品和服务中进行"自主选择"，但这种"自主选择"的范围是经过不当限制之后的结果。肖俏认为，淘宝公

– 2 –

司与天猫公司上述行为减少了其比较、选择商品的机会，提升了消费者对商品进行比较、鉴别、挑选的难度，使消费者自主、独立选择产品的行为受到不当干扰和诱导，侵犯了肖俏作为消费者所享有的自主选择权、公平交易权。综上，为维护自身合法权益，肖俏依据《中华人民共和国消费者保护法》（以下简称消费者权益保护法）第九条、《中华人民共和国侵权责任法》第六条、《中华人民共和国民事诉讼法》（以下简称民事诉讼法）第二十八条、《最高人民法院关于适用<中华人民共和国民事诉讼法>的解释》第二十四条之规定，向贵院提起诉讼。

淘宝公司、天猫公司辩称：肖俏并非提起本案诉讼的适格原告，请求法院裁定驳回起诉。理由如下：

一、根据民事诉讼法第一百一十九条规定，本案肖俏既非与本案具有直接利害关系的公民，亦未提交证据证明其与本案所指称的事实之间存在直接利害关系。对"直接利害关系"的理解为主体应当与本案具有直接利害关系，主体的权益直接遭受他人侵害或者直接与之发生权利义务归属的争议。本案中，肖俏主张的事实、理由及所提交的证据均不符合前述立案受理条件。

二、肖俏以"消费者"身份提起"网络侵权责任纠纷"，称其"自主选择权"及"公平交易权"受到淘宝公司、天猫公司的不当限制，但从肖俏所提供的事实依据看，并不是其自己在淘宝APP、天猫 APP 的消费过程中产生的。与之相反，肖俏所主张的是，淘宝公司、天猫公司与作为案外人的个别平台内商家相互缔结的

交易关系、间接影响到了肖俏的利益，这一关系显然不属于民事诉讼制度上的"直接利害关系"。首先，从消费者权益保护法的相关规定看，肖俏所主张的消费者的自主选择权侧重于保护消费者"自主"权利，即根据自由意志自主选择是否接受一项服务或购买商品的权利；消费者的公平交易权则侧重于保护消费者在"公平"的条件下完成交易。然而，淘宝公司、天猫公司作为平台服务商仅为消费者与商家之间的交易提供辅助服务，既不是交易相对方、无法干预消费者的选择自由、亦无法决定交易条件。淘宝公司、天猫公司与案外人缔结合同的交易行为，也完全不针对包括肖俏在内的任何特定的消费者，并不对消费者的"自由"意志和"公平"交易条件产生直接影响。其次，根据肖俏所主张的事实和理由，其与本案中淘宝公司、天猫公司被指称的行为之间的利害关系是极其间接的，不具有"直接"性，肖俏并未说明涉案事实是如何径行对其主张的权益产生影响。肖俏主张的理由为"被告与商家的合作行为减少了其比较、选择商品的机会，提升了其对商品进行比较、鉴别、挑选的难度"，从这些理由和事实可知，肖俏认为淘宝公司、天猫公司并未直接侵害其权利，而是与案外人的合作方式和经营行为的后果，间接影响到了肖俏的利益。最后，肖俏没有提交证据证明其实际上与淘宝公司、天猫公司之间缔结了涉案交易关系的店铺中进行了消费，也即并没有证据证明其是涉案行为所影响店铺的消费者，也即无法证明其"消费者"身份。具有潜在消费的可能性这事实本身，无法证明肖俏所主张

– 4 –

的消费者权益受到了现实的、直接的影响。本案中，若肖俏主张"网络侵权责任纠纷"案由，则肖俏应当提供证明其主张案由的事实经过和具体理由。

当事人围绕诉讼请求依法提交了证据，本院组织当事人进行了证据交换和质证。

肖俏提交第一组证据，包括证据 1：淘宝平台会员注册页面截图，证明事项：肖俏于 2013 年 10 月在网址 www.taobao.com 注册淘宝账户。会员名为"942678 加油"，昵称为"多读少睡"，肖俏提交证据 2：淘宝人脸识别登录的操作录屏，证据 3：《淘宝平台服务协议》（2019 年 8 月 19 日），证明事项：根据《淘宝平台服务协议》第一条定义条款，淘宝平台包括淘宝、天猫，故肖俏亦于 2013 年 10 月注册使用天猫，肖俏是淘宝网站、天猫网站（包括淘宝和天猫 APP）用户。

淘宝公司和天猫公司认可页面截图、操作录屏及《淘宝平台服务协议》的真实性。

因两被告对该组证据的真实性不持异议，本院亦予以确认。

肖俏提交第二组证据，包括证据 4：新浪家居网于 2016 年 10 月 25 日发布的《天猫窗帘与万家帘品放大招：全屋窗帘，一键购买》文章截图，载明"天猫窗帘＆万家帘品独家战略合作发布会"证据 5：同花顺财经网于 2019 年 8 月 30 日发布的《让"网购牛肉"方便更快捷？！恒都农业集团与天猫大食品创新合作》文章截图，证据 6：淘宝平台与多个商家达成"独家合作协议"文章截图，证

据 7："驱动中国"发布的《天猫的'独家合作'，背后竟是动搜索、降权重逼商家就范！》文章截图；证据 8：北京青年报发布的《记者二选一调查：月销千万的头部企业遭遇的电商潜规则》文章截图，上述证据的证明事项：淘宝公司和天猫公司通过合同手段和技术手段给平台内商家施加压力，限制了肖俏作为消费者选择商品和选择服务平台的权利，肖俏有权提起诉讼。

淘宝公司和天猫公司不认可证据 4、证据 5、证据 6、证据 7、证据 8 页面内容的真实性，均涉及案外第三方的合作协议，上述证据中关于搜索降权的报道内容系恶意抹黑淘宝公司和天猫公司。

因该组证据均为肖俏在互联网上检索的新闻报道，且报道内容中涉及案外人所签署协议及相关内容，无法核实报道内容的真伪，本院对其真实性不予确认。

肖俏提交第三组证据，包括证据 9：广州格兰仕生活电器商业有限公司于 2019 年 6 月 17 日发布的"关于格兰仕在天猫平台出现搜索异常的声明"，证据 10："格兰仕"检索截图及录屏，证明事项：2020 年 4 月 12 日肖俏在天猫 APP 进行搜索，有如下发现：对"格兰仕官方旗舰店"店铺的屏蔽，（1）在天猫 APP 搜索框输入"格兰仕官方旗舰店"，点击店铺，显示"喵，没有找到呢"；（2）在天猫 APP 搜索框输入"格兰仕官方旗舰店"进行销量排序，显示"喵，没有找到呢"；（3）在天猫 APP 搜索框输入"格兰仕微波炉"，点击店铺，前十名中未出现"格兰仕官方旗舰店"；（4）

－ 6 －

点击进入"格兰仕官方旗舰店"，销量前两名微波炉月销量分别为 5119 笔、2678 笔，但在搜索框输入"微波炉"，点击销售进行排序"格兰仕官方旗舰店"的前两款产品均未在相应销量排序位置出现，亦未在天猫"微波炉销量榜"中出现以"格兰仕官方旗舰店"销量的微波炉型号为 P70D20N1P-G5（WO），其原价为 299元，折后售价为 279 元。而在搜索框输入"格兰仕微波炉"进行价格从低到高排序，最低价格产品折后售价 289 元，甚至同型号的 P70D20N1P-G5（WO）的微波炉原价为 329 元，折后价为 289 元，均高于"格兰住官方旗舰店"的 279 元售价。但"格兰仕官方堆舰店"的产品从未出现于上述搜索过程，天猫平台对"格兰仕官方旗舰店"产品进行屏蔽和搜索降权，上述屏蔽行为极有可能对肖俏决策产生误导，购买价格较高的产品。证据 11："万家帘品"检索截图及录屏，证明事项：只能选择天猫平台购买"万家帘品"产品，侵犯了肖俏选择服务平台的权利。本组证据，肖俏主张，自己与本案具有直接利害关系，判断"直接利害关系"应侧重于考量当事人是否存在法律上的实体权利义务关系，而非事实上的权属认定、责任承担等问题。肖俏的请求权基础为《消费者权益保护法》第九条，因天猫品平台与其平台签订独家协议、进行搜索降权的行为权益受损，双方存在侵权法律关系。此外，肖俏作为淘宝平台、天猫平台的注册用户，接受平台提供的服务，具有消费者身份。《消费者权益保护法》对消费者购买、使用商品以及接受服务的保护不仅限于达成消费结果后的保护，还应当包括

对达成交易的过程的保护。正如《消费者权益保护法》第九条第三款规定的："消费者在自主选择商品或服务时，有权进行比较、鉴别和挑选"，比较、鉴别挑选即是达成消费结果前，过程中的权利。肖俏在浏览商品（"格兰仕微波炉"与"万家帘品"店铺的商品）的过程中，发现淘宝平台、天猫平台提供的商品排序并没有完全按照搜索标准呈现。在对不同电商平台间"万家帘品"店铺的商品进行检索时，得知"万家帘品"与天猫平台签订了独家销售协议，只在天猫平台上进行销售。肖俏在挑选、鉴别商品的过程中，受到了不当干扰和限制。因此，肖俏具有消费者身份，属于《消费者权益保护法》保护的主体。

淘宝公司和天猫公司不认可上述检索录屏的真实性，认为无法确认检索录屏的来源，并因检索时间、购买记录等因素差异，在淘宝平台和天猫平台检索结果具有个性化特征，不能证明两平台存在屏蔽和降权行为。同时，肖俏未提交证据证明在涉案交易关系的店铺中进行了消费，无法证明肖俏在本案中的"消费者"身份。此外，格兰仕公司亦撤回了对淘宝公司和天猫公司的起诉，与肖俏没有直接利害关系。

当事人对自己提出的诉讼请求所依据的事实或者反驳对方诉讼请求所依据的事实，应当提供证据加以证明。对负有举证证明责任的当事人提供的证据，人民法院经审查并结合相关事实，确信待证事实的存在具有高度可能性的，应当认定该事实存在。在作出判决前，当事人未能提供证据或者证据不足以证明其事实主

- 8 -

张的，由负有举证证明责任的当事人承担不利的后果。淘宝公司与天猫公司虽不认可该组证据真实性，但未提供相反证据加以佐证，故本院不予采纳。经当庭核验，本院确认证据 9、证据 10、证据 11 的真实性。

淘宝公司和天猫公司提交第一组证据：账号名为"环球网"于 2019 年 8 月 20 日发布文章《独家交易是正常商业竞争，不是"二选一"》；名为《财经法学》于 2018 年第 5 期发布文章《"二选一"行为的反垄断法分析》；账号名为"中国经济网"于 2019 年 8 月 21 日发布文章《该给恶名化的"二选一"正名了》；账号名为"中国财经"于 2019 年 5 月 17 日发布文章《对互联网平台"二选一"不能作有罪推论》；搜狐平台显示《美国医疗健康信息平台 WebMD 独家入驻腾讯》；账号名为"寻味安徽"于 2018 年 5 月 12 日发布文章《可口可乐与百事可乐的争夺战，一个支持麦当劳，一个支持肯德基》；账号名为"封面新闻"于 2018 年 12 月 19 日发布文章《瑞星+美团 VS 星巴克+饿了吗，咖啡外卖市场要拼竞争合力》；网页显示《SKT 与先正达签订独家分销协议 Timorex Gold®进入澳新市场》；账号名为"联商网"于 2018 年 1 月 16 日发布文章《家乐福华东区引入地方特此"法国之光"》等共 16 篇新闻报道或网页搜索内容。证明事项：独家合作方式在经济学上具有合理性，并且是普遍商业惯例。

肖俏对淘宝公司和天猫公司提交的第一组证据真实性认可，但对关联性、证明目的不认可，商业惯例不是法律规定，不合法、

- 9 -

不正当的商业惯例也要受到法律的规制与矫正，该组证据不能证明"二选一"的商业模式具有合理性、合法性，"独家协议"和"二选一"的商业行为是否合法应由法院认定。

因双方当事人均认可该组证据的真实性，本院亦不持异议。

淘宝公司和天猫公司提交第二组证据：账号名为"财经网"于 2020 年 2 月 13 日发布文章《阿里巴巴发布 2020 财年第三季度财报：收入增长 38% 移动月活跃用户超 8 亿》；账号名为"澎湃新闻"于 2018 年 5 月 17 日发布文章《腾讯财报：微信用户首次突破 10 亿，QQ 用户活跃度继续下降》；账号名为"论娱君"于 2019 年 5 月 27 日发布文章《拼多多的活跃用户数达 4.4 亿》等 7 篇文章。证明事项：网络交易平台用户众多，不能认定所有用户均对平台与平台生态的参与者之间所达成的交易具有"直接的利害关系"，因此肖俏不符合起诉条件。

肖俏对淘宝公司和天猫公司提交的第二组证据真实性、关联性不予认可。其认为仅为用户量仅为新闻报道，不是两被告后台提供数据。此外，电商平台虽然拥有海量用户，但无法证明用户不得因平台与特定商家签订独家协议造成自身合法权益受损行为提起诉讼，不能成为肖俏没有诉权的理由。此外，所谓"原告与本案有直接利害关系"是指，当事人自己的民事权益受到侵害或者与他人发生争议。只有为保护自己的民事权益而提起诉讼的人，即是本案的合格原告。"直接利害关系"是法律上的权利义务关系，应以原告是否具有实体法上的请求权规范基础为判断标准，

– 10 –

而非事实上被告行为是否直接针对原告做出。只要原告提出了明确的被告，且符合其他的起诉条件，人民法院就应当受理并进入实体审查程序，以判决形式对双方权利义务与民事责任做出裁判。

该组证据均为淘宝公司与天猫公司的互联网新闻报道，且报道内容中涉及淘宝平台与天猫平台注册用户、活跃用户的相关内容，无法核实真伪，本院对其真实性不予确认。

淘宝公司和天猫公司提交第三组证据：在京东平台、拼多多平台搜索"格兰仕"品牌商品、万家帘品及万家帘品旗下金蝉品牌商品、恒都、三只松鼠、韩后等品牌商品记录，证明事项：肖俏诉称仅在天猫、淘宝平台销售的品牌，实际在其他电商平台均有产品销售。在天猫平台以"格兰仕官方旗舰店""格兰仕""格兰仕电磁炉""格兰仕烤箱""格兰仕微波炉"等作为关键词在平台进行检索，证明事项：拟证明天猫平台未屏蔽格兰仕官方旗舰店。京东手机端APP以"电视""手机""空调""耳机""高跟鞋"作为关键词在京东手机端 App 进行检索，亦有商品显示，证明事项：拟证明"HOT"标识不止符合淘宝平台特点。

肖俏对淘宝公司和天猫公司提交的第三组证据真实性认可，但对关联性、证明目的不认可，认为在京东、拼多多上出售相关品牌产品并非官方旗舰店的产品，而是非官方店、是个人店铺；天猫平台针对格兰仕官方旗舰店的后台算法，违反了《用户协议》5.1 条为用户展示商品、提供服务的原则，且与淘宝平台和天猫平台签订的是一个服务协议，属于共同侵权方。

- 11 -

因双方当事人均认可该组证据的真实性，本院亦不持异议。

淘宝公司和天猫公司提交第四组证据：在百度百科检索"腾讯 360 之争"，大秦网刊载的《腾讯公司致广大 QQ 用户的一封信》，网易科技网刊载的《腾讯逼迫用户二选一：装了 360 就不能用 QQ》，在百度百科检索"701 项目"，狐友网刊登的《60 万写报告黑阿里 260 万搞臭阿里！再曝京东雇佣方兴东合同》等网页检索内容。证明事项："二选一"的商业模式是商业炒作，相关论述故意抹黑淘宝公司与天猫公司公众形象，肖俏不是普通消费者，与本案没有直接利害关系。

肖俏认为"二选一" 商业模式实质是通过签订独家协议与搜索降权，直接限制消费者的自主选择权与公平交易权，肖俏为维护自身权益提起本案诉讼，具有直接利害关系。

因该组证据均为淘宝公司和天猫公司在互联网上检索的新闻报道，且报道内容中涉及案外人相关信息，无法核实报道内容的真伪，本院对其真实性不予确认。

本院经审理认定事实如下：肖俏于 2013 年 10 月在网址 www.taobao.com 注册淘宝账户，账户会员名为"942678 加油"，昵称为"多读少睡"。肖俏与淘宝公司签订的《淘宝平台服务协议》适用范围包括淘宝 APP 和天猫 APP，而天猫 APP 由被告天猫公司运营。2020 年 4 月 12 日，肖俏在天猫 APP 进行搜索发现：在天猫 APP 搜索框输入"格兰仕官方旗舰店"，点击店铺，显示"喵，没有找到呢"；在天猫 APP 搜索框输入"格兰仕官方旗舰店"进

– 12 –

行销量排序，显示"喵，没有找到呢"；在天猫 APP 搜索框输入"格兰仕微波炉"，点击店铺，前十名中未出现"格兰仕官方旗舰店"；点击进入"格兰仕官方旗舰店"，销量前两名微波炉月销量分别为 5119 笔、2678 笔，但在搜索框输入"微波炉"，点击销售进行排序"格兰仕官方旗舰店"的前两款产品均未在相应销量排序位置出现，亦未在天猫"微波炉销量榜"中出现以"格兰仕官方旗舰店"销量的微波炉型号为 P70D20N1P-G5（WO），其原价为 299 元，折后售价为 279 元。而在搜索框输入"格兰仕微波炉"进行价格从低到高排序，最低价格产品折后售价 289 元。

在天猫平台以"格兰仕官方旗舰店""格兰仕""格兰仕电磁炉""格兰仕烤箱""格兰仕微波炉"等作为关键词进行检索，显示有"格兰仕"品牌的在售商品。在京东平台、拼多多平台搜索"格兰仕"品牌商品、万家帘品及万家帘品旗下金蝉品牌商品、恒都、三只松鼠、韩后等品牌商品，显示两平台内有上述有关品牌的在售商品。庭审中，肖俏认为相关品牌因与淘宝公司和天猫公司签有"二选一"的独家销售协议，在京东、拼多多等平台上的并非官方旗舰店所售产品，而是个人店铺的销售行为。

另查，2019 年 6 月 17 日，广东格兰仕生活电器商业有限公司发布"关于格兰仕在天猫平台出现搜索异常的声明"，并向广州知识产权法院起诉浙江天猫网络有限公司、浙江天猫技术有限公司。2020 年 6 月 15 日，广东格兰仕生活电器商业有限公司撤回对浙江天猫网络有限公司、浙江天猫技术有限公司起诉。

本院认为，本案中肖俏以网络侵权责任纠纷为案由进行诉讼，并称其作为消费者的自由选择权与公平交易权受到不当限制与侵害，要求淘宝公司、天猫公司停止侵权行为。因此，肖俏是否与本案有直接利害关系成为本案审理的先决条件，亦是本案审查的焦点问题。

根据民事诉讼法第一百一十九条规定，起诉必须符合"原告是与本案有直接利害关系的公民、法人和其他组织"的条件。"直接利害关系"是指公民、法人或者其他组织的财产权或人身权或其他权益直接遭到他人的侵害或者直接与之发生权利、义务归属的争议。作为民事案件的起诉条件，当事人与案件所具"直接利害关系"，应理解为案件事实径行对当事人主张的权益产生影响，当事人可作为争议法律关系的一方主体。如争议事实借助其他事实、行为方与当事人说主张的权益发生实际联系，则不符合上述规定中"直接利害关系"的情形。

第一，肖俏诉称两被告经营的淘宝、天猫购物平台多次以与平台内经营者签订所谓的"独家合作协议"的合同手段，以及修改后台参数、数据断流等流量屏蔽和降低店铺权重的技术手段，排除商家入驻，限制入驻平台与其他平台进行交易，减少肖俏比较、选择商品的机会，侵犯了肖俏作为消费者所享有的自主选择权、公平交易权。肖俏所主张的案件事实均是依据案外第三方商户与电商平台签署合作协议或入驻情况的新闻报道，并不能证明其主张两被告的侵权行为径行对原告肖俏权益产生影响，亦或肖

– 14 –

俏财产权或人身权或其他权益直接遭到两被告的侵害或者直接与之发生权利、义务归属的争议。

第二，肖俏提供的证据显示其注册淘宝平台的时间为 2013 年 10 月，截至原告肖俏向本院起诉时，其未提供在淘宝平台或天猫平台的实际交易中因原告肖俏所主张"二选一"行为致使公平交易权与自由选择权受到不当限制与损害的事实证据。

综上所述，肖俏在本案中不具备适格的原告主体资格。依照《中华人民共和国民事诉讼法》第一百一十九条、《最高人民法院关于民事诉讼证据的若干规定》第一条规定，裁定如下：

驳回原告肖俏的起诉。

案件受理费 25 元，由原告肖俏负担（已交纳）。

如不服本裁定，可以在裁定书送达之日起十日内，向本院递交上诉状，上诉于北京市第四中级人民法院。



审　判　员　　李文超

二〇二〇年十月十九日

**本件与原本核对无异**

书　记　员　　李昕豫

－ 15 －

I, **KELLY LEE**, hereby certify that I am competent to translate from Chinese to English and that the attached translation is, to the best of my knowledge and belief, a true and accurate translation of the document entitled "Civil Ruling of Beijing Internet Court, 2020" from Chinese to English.


Kelly Lee

Sworn to before me this
January 12, 2024


KAREN LEE
Notary Public, State of New York
Reg. No. 02LE6270452
Qualified in Richmond County
Commission Expires ___3/20/2025___

Signature, Notary Public