**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE: ALIBABA GROUP LTD. SECURITIES LITIGATION | Master File No. 1:20-CV-09568-GBD-JW |

**PLAINTIFFS' NOTICE OF LODGING SUPPLEMENTAL EVIDENCE IN ADVANCE OF CLASS CERTIFICATION HEARING**

Plaintiffs respectfully lodge the accompanying Exhibit P-41, which consists of additional excerpts from the deposition of Defendants' expert, Dr. Robert Glenn Hubbard, in advance of the hearing in the above-captioned matter scheduled for June 20, 2024.

Defendants sought and received leave to file a sur-reply, which they filed on May 17, 2024. ECF No. 117. Plaintiffs reserved all rights with respect to Defendants' proposed sur-reply. ECF No. 115.[1]

In their sur-reply, Defendants argued that Plaintiffs' expert, Dr. David Tabak, made a "concession of 'heterogeneous' investor beliefs" that, according to Defendants, "dooms the application of *Basic* and proves individual issues predominate." ECF No. 117 at 2. The following deposition testimony excerpts from Dr. Hubbard are relevant to Defendants' argument about "heterogenous" investor beliefs insofar as Dr. Hubbard concedes that it is both "not doable and not economically interesting" to determine "whether the entire market believed that Alibaba was continuing to practice exclusivity during the class period":

> Q: And when you say "the market was aware," what do you mean by "the market"?
>
> A: I think I define this earlier in -- around the report that I'm using analysts news commentary as a proxy for "the market."
>
> Q: So does your report opine on . . . whether the entire market believed that Alibaba was continuing to practice exclusivity during the class period?
>
> A: If I'm understanding your question, it would not be answerable nor relevant. ***The question is whether information is in the information set, which determines market prices.*** So it's both not doable and not economically interesting as a question.
>
> . . .
>
> Q: So when you -- did you say the information set, which determines market proxies or --

---

[1]Separately, on May 28, 2024, Plaintiffs filed a motion to strike portions of Defendants' sur-reply and supplemental declaration of Dr. Hubbard as improperly (1) including for the first time new arguments about evidence that was in Defendants' and Dr. Hubbard's possession prior to Defendants filing their opposition to class certification, and which Dr. Hubbard claimed to have considered before filing his opening report but chose not to address; (2) changing Dr. Hubbard's opinion insofar as he changed a "key question" presented on the topic of price maintenance; and (3) submitting for the first time new evidence on sur-reply in Dr. Hubbard's supplemental Appendix B. ECF Nos. 119-20.

1

A: Prices.

Q: Prices. Right. So information in that information set which supports your conclusion that the market was aware about ongoing exclusivity and information in the information set that's contrary to that opinion that the market was aware about Alibaba practicing exclusivity would both be reflected in the market prices?

A: ***Anything that's publicly available information should be in the market price, yes***.

Ex. P-41 (Hubbard Tr.) at 95:11-97:2 (emphasis added); *see also id.* at 42:4-22 (Dr. Hubbard: "The market is an integral over millions of individual investors, each of whom, as an individual or an institution, is reading a lot of things. . . .  I, as Glenn Hubbard, might think I only want to read the Morgan Stanley report. Others may prefer something else; others may look at a consensus. So it's all part of the information set for investors."  Q: "And in an efficient market, all of that information would be baked into the stock price?"  A: "Correct.").

Plaintiffs intend to rely on this evidence at the hearing to respond to Defendants' argument that the potential existence of "heterogeneous" beliefs among market participants precludes the application of the *Basic* presumption of reliance.

Dated: June 11, 2024

**GLANCY PRONGAY & MURRAY LLP**

By: */s/ Kara M. Wolke*
Kara M. Wolke (*pro hac vice*)
Melissa C. Wright (*pro hac vice*)
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
kwolke@glancylaw.com
mwright@glancylaw.com

*Lead Counsel and proposed Class Counsel*

Jeremy A. Lieberman
Jonathan D. Park
POMERANTZ LLP
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100

2

jalieberman@pomlaw.com
jpark@pomlaw.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
pdahlstrom@pomlaw.com

Peretz Bronstein
BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
peretz@bgandg.com

Frank R. Cruz
THE LAW OFFICES OF FRANK R. CRUZ
1999 Avenue of the Stars
Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007
info@frankcruzlaw.com

Lesley Portnoy
THE PORTNOY LAW FIRM
1800 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: 310-692-8883
lesley@portnoylaw.com

*Additional Counsel*

3

## PROOF OF SERVICE

I hereby certify that on this 11th day of June, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*s/ Kara M. Wolke*
Kara M. Wolke

4