EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ALIBABA GROUP HOLDING LTD. SECURITIES LITIGATION | Master File No. 1:20-CV-09568-GBD-JW |
| | Hon. George B. Daniels |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of October 25, 2024 (the "Stipulation"), is entered into between: (a) lead plaintiff Salem Gharsalli ("Lead Plaintiff"), and additional representative plaintiffs Laura Ciccarello, Dineshchandra Makadia, and Wusheng Hu (collectively, with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendants Alibaba Group Holding Ltd. ("Alibaba"), Daniel Yong Zhang ("Zhang"), and Maggie Wei Wu ("Wu") and former defendant Jack Yun Ma ("Ma") (Zhang, Wu, and Ma, collectively, the "Individual Defendants" and together with Alibaba, "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice, *inter alia*, the Action and all claims asserted therein.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

WHEREAS:

A.      On November 13, 2020, Plaintiff Laura Ciccarello initiated this Action by filing a Class Action Complaint for Violations of the Federal Securities Laws against defendants Alibaba, Zhang, and Wu in the United States District Court for the Southern District of New York.  ECF No. 1 (the "Initial Complaint"), Case No. 1:20-cv-09568-GBD.  The Initial Complaint alleged that Alibaba, Zhang, and Wu made materially misleading statements and omissions relating to the then-anticipated Initial Public Offering ("IPO") of Ant Group Co., Ltd. ("Ant Group"), in which Alibaba owned a 33% equity interest, in violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and that defendants Zhang and Wu violated Section 20(a) of the Exchange Act.

B.      Two related actions alleging violations of the Exchange Act against Alibaba, Zhang, and Wu were subsequently filed in the Southern District of New York: *Romnek v. Alibaba Group Holding Ltd. et al.* (Case No. 1:20-cv-10267) was filed on December 4, 2020; and *Hess v. Alibaba Group Holding Ltd. et al.* (Case No. 1:21-cv-00136) was filed on January 7, 2021.

C.      On January 12, 2021, four competing motions for consolidation and appointment of lead plaintiff and lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B) were filed with the Court.  ECF Nos. 6-20.

D.      On April 20, 2021, the Court entered an Order consolidating the actions and ordering that the consolidated action would thereafter be referred to as *In re: Alibaba Group Holding Ltd. Securities Litigation*, No. 20-CV-09568-GBD.  ECF No. 43.

E.      On April 27, 2021, the Court held a hearing and heard oral argument on the competing motions for appointment of lead plaintiff and lead counsel.  The Court thereafter took the matter under submission.

F.      On February 10, 2022, the Court entered an order: (i) appointing Salem Gharsalli as Lead Plaintiff for the Action pursuant to the PSLRA; and (ii) approving his selection of Glancy Prongay & Murray LLP ("Glancy Prongay & Murray" or "GPM") as Lead Counsel.  ECF 48.

G.      On April 22, 2022, Lead Plaintiff Salem Gharsalli, together with additional named plaintiffs Laura Ciccarello, Dineshchandra Makadia, and Yan Tongbiao, filed their Consolidated Amended Class Action Complaint, asserting claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder during the period July 10, 2020 through December 23, 2020, and adding Alibaba founder Jack Ma as a named defendant.  ECF 55 (the "Complaint").  Among other things, the Complaint alleged that all Defendants violated the Exchange Act by misrepresenting and/or scheming to conceal certain material regulatory or political risks relating to the then-anticipated IPO of Ant Group (the "Ant Group IPO Claim"). The Complaint also alleged that Alibaba, Zhang, and Wu violated the Exchange Act by misrepresenting and failing to disclose certain material facts relating to Alibaba's alleged use of merchant exclusivity practices in violation of Chinese laws (the "Antitrust Claim").  Regarding the Antitrust Claim, the Complaint alleged that during a Chinese State Administration for Market Regulation ("SAMR") administrative guidance meeting on November 5, 2019, the SAMR instructed Alibaba and other e-commerce platforms that exclusive partnerships and/or restricting the operations of merchants on other e-commerce platforms violated Chinese e-commerce, anti-trust, and anti-unfair competition laws, and that despite the SAMR's instructions, Alibaba thereafter continued to use unlawful merchant exclusivity practices.  Finally, the Complaint alleged that Ma violated SEC Rule 10b5-1 for selling or causing to be sold shares of Alibaba American Depositary Shares ("ADS") owned or beneficially owned by him while in possession of

material non-public information relating to the Ant Group IPO and Alibaba's alleged exclusivity practices.

H.    The Complaint averred that as result of the alleged misrepresentations and omissions relating to the Ant Group IPO and Alibaba's ongoing use of merchant exclusivity practices, the price of Alibaba's ADS was artificially inflated during the alleged class period.  The Complaint alleged that the suspension of the Ant Group IPO on November 3, 2020, in response to which Alibaba's ADS price fell $25.27 per share (8.13%), constituted a materialization of the undisclosed political and regulatory risks relating to Ant Group.  The Complaint also alleged that undisclosed risks relating to Alibaba's ongoing use of merchant exclusivity practices during the alleged class period partially materialized, and/or that the truth of Alibaba's ongoing use of such practices was partially revealed, when: (i) on November 10, 2020, multiple news outlets reported that the SAMR published new draft rules aimed at anti-competitive practices by online platforms, including exclusivity requirements like those allegedly imposed on merchants by Alibaba, in response to which news Alibaba's ADS price fell $23.99 per share (8.26%) to close at $266.54 per share on November 10, 2020; and (ii) after the close of trading on December 23, 2020, the SAMR announced that it launched an investigation in response to reports regarding Alibaba's alleged use of exclusivity practices, in response to which news Alibaba's ADS price fell $34.18 per share (13.3%) to close at $222.00 on December 24, 2020.

I.    On July 21, 2022, Defendants filed two separate motions to dismiss the Complaint for failure to state a claim.  ECF 60-67.  Among other things, Defendant Ma, in a motion joined by Alibaba, argued that: the Court lacked personal jurisdiction over Ma; the challenged statements in Ant Group's Hong Kong IPO prospectus are outside the territorial limit of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder; Plaintiffs, as investors in

Alibaba ADS, lacked standing to challenge statements in Ant Group's Hong Kong IPO prospectus; Ma was not the maker of any challenged statements about the Ant Group IPO; and Plaintiffs failed to plead falsity, scienter, scheme, insider trading, and control person liability. Meanwhile, Defendants Alibaba, Zhang, and Wu, in their motion joined by Ma, argued that among other things: Plaintiffs failed to plead falsity and scienter for the Ant Group IPO claims and failed to plead falsity, scienter, and loss causation for the exclusivity practice claims.

J.    On October 21, 2022, Plaintiffs filed their oppositions to Defendants' motions to dismiss. ECF 74-76. On December 21, 2022, Defendants filed replies in support of their motions. ECF 77-79. On January 11, 2023, the Court held a hearing and heard oral argument on Defendants' motions to dismiss, and thereafter took the matter under submission.

K.    On March 22, 2023, in a 31-page opinion, the Court granted in part and denied in part Defendants' motions to dismiss. ECF 83. The Court dismissed the claims alleged against Defendant Ma in their entirety, holding, *inter alia*, that the Court lacks personal jurisdiction over Ma for Plaintiffs' Sections 10(b) and 20(a) claims and that Plaintiffs failed to sufficiently allege an insider trading claim against Ma. *Id.* at 10-15. The Court also dismissed Plaintiffs' Ant Group IPO Claims in their entirety as to the other Defendants, holding that Plaintiffs lacked standing to challenge statements that "related to Ant's IPO, business, and regulatory environment." *Id.* at 10. The Court, however, held that Plaintiffs sufficiently alleged claims under Section 10(b) and SEC Rule 10b-5 against Alibaba, Zhang, and Wu relating to Alibaba's exclusivity business practices and related anti-trust risks (*i.e.*, the Antitrust Claim). The Court also held that Plaintiffs sufficiently alleged scienter and that the scienter of Zhang or Wu may be imputed to Alibaba. *Id.* at 23-26. Regarding loss causation, the Court rejected Plaintiffs' allegation that the news of new draft anti-trust regulations on November 10, 2020 constituted a partial materialization of risk and thus

dismissed Plaintiffs' claim of loss causation associated with the drop in Alibaba's ADS price on that date. *Id.* at 27. The Court, however, held that loss causation was sufficiently alleged regarding the SAMR's announcement of the investigation into Alibaba's exclusivity practices on December 23, 2020. *Id.* at 28. Finally, the Court denied Defendants' motion to dismiss the Section 20(a) control person liability claims alleged against Zhang and Wu. *Id.* at 30-31.

L.    On April 25, 2023, the Parties filed their Joint Rule 26(f) Case Management Plan and Report. ECF 87. On May 2, 2023, the Parties participated in an initial Case Management Conference before Magistrate Judge Jennifer E. Willis. ECF 88.

M.    On May 5, 2023, Defendants filed their Answer and Affirmative Defenses to the Complaint. ECF 90.

N.    On May 9, 2023, the Court approved and entered the Parties' proposed case schedule, which provided, among other things, that Plaintiffs would file their motion for class certification on or before October 6, 2023, and included a fact discovery cut-off date of January 31, 2025. ECF 91 (minute order); ECF 87 (case schedule at p. 15 of 17).

O.    On October 4, 2023, in advance of filing their motion for class certification, Plaintiffs filed the sworn PSLRA certification of Wusheng Hu, in anticipation of including Mr. Hu as an additional class certification movant and proposed class representative. ECF 98.

P.    On October 6, 2023, Plaintiffs filed their motion for class certification. ECF 99-102. Plaintiffs Gharsalli, Ciccarello, Makadia, and Hu moved to be appointed as class representatives.[2] In support of their motion, Plaintiffs analyzed each of the required elements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. This analysis included, among

---

[2] Yan Tongbiao, who was a named plaintiff in the Complaint, did not move to be appointed as a class representative.

other things, a thorough analysis of the factors demonstrating market efficiency to give rise to the "fraud-on-the-market" presumption of reliance for alleged false statements under *Basic Inc. v. Levinson*, 485 U.S. 224 (1988).  Plaintiffs also submitted the expert report of Dr. David Tabak on the topic of market efficiency.  ECF 101-1 (the "Tabak Report").

      Q.     Throughout November and December 2023, Defendants took the depositions of each of the four proposed class representatives (Mr. Gharsalli, Ms. Ciccarello, Dr. Makadia, and Mr. Hu), as well as Plaintiffs' expert, Dr. Tabak.  In total, Plaintiffs produced approximately 14,000 pages of documents to Defendants relevant to Plaintiffs' claims and to class certification, including documents produced by each of the four individual Plaintiffs and proposed class representatives, as well as documents relied on in the Tabak Report.

      R.     On January 19, 2024, Defendants filed their opposition to Plaintiffs' class certification motion.  ECF 107-109.  While Defendants did not challenge any of the elements of Rule 23(a), including the typicality and adequacy of Plaintiffs to serve as the proposed class representatives, Defendants did challenge the predominance of common issues under Rule 23(b)(3).  Among other things, Defendants sought to rebut the *Basic* presumption of reliance by arguing that there was no price impact associated with the challenged misstatements relating to Alibaba's exclusivity practices and anti-trust regulatory risk because, among other things, a comprehensive analysis of relevant market commentary shows that the market knew or believed that Alibaba continued to practice exclusivity during the proposed class period.  Defendants also argued that Plaintiffs' theory of the case was inconsistent with a price maintenance theory of inflation and that Plaintiffs could not show affirmative price inflation on the alleged misstatement dates.  In support of their opposition to class certification, Defendants submitted 35 exhibits, including the expert report of Dr. Glenn Hubbard, which sought to demonstrate the absence of

price impact based on quantitative analyses and a comprehensive qualitative review of approximately 2,000 analyst reports and 3,000 news articles. ECF 108; ECF 108-2 (the "Hubbard Report").

S.      On March 21, 2024, Lead Counsel took the deposition of Defendants' expert, Dr. Hubbard.

T.      On April 19, 2024, Plaintiffs filed their reply in support of class certification, together with 29 additional exhibits relevant to Defendants' price impact arguments, including the expert reply report of Dr. Tabak. ECF 113-14; ECF 114-1 ("Tabak Reply Report"). Among other things, Plaintiffs argued that a price maintenance theory of inflation applies in this case and that Defendants failed to carry their burden to prove the absence of price impact by a preponderance of the evidence. In support of their arguments about the price maintenance theory of inflation, Plaintiffs noted, among other things, that Defendants first published the challenged risk disclosure that included the "prior practices" statement regarding Alibaba's use of exclusive partnerships and the "we believe" statement about Alibaba's compliance with anti-monopoly and unfair competition laws in a Form 6-K filed with the SEC on November 13, 2019 (ECF 108-6), after the November 5, 2019 SAMR administrative guidance meeting and before the start of the alleged class period.

U.      Concurrent with the Parties' efforts to conduct discovery and complete briefing on Plaintiffs' motion class certification, counsel for Plaintiffs and Defendants also conducted extensive fact discovery relevant to the claims and defenses in the Action.

V.      On April 28, 2023, the Parties exchanged Initial Disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

W.     On June 2, 2023, the Parties filed their Joint Stipulation and [Proposed] Protective Order, which Magistrate Judge Willis approved and entered on June 5, 2023.  ECF 95-96.

X.     In conducting fact discovery, Plaintiffs propounded six sets of Requests for Production of Documents and one set of written Interrogatories upon Defendants.  Counsel for the Parties engaged in extensive efforts to meet and confer regarding the scope of discovery in this Action, including participating in numerous telephonic or video conference meetings and exchanging approximately 40 meet and confer letters, as well as dozens of e-mail.  Following these substantial negotiations, the Parties agreed to the parameters for Defendants' search of Electronically Stored Information (or "ESI"), pursuant to which Defendants agreed to search the e-mail and DingTalk messages of 28 custodians by applying 465 search terms (155 discrete terms searched in each English, simplified Chinese, and traditional Chinese).

Y.     In total, Plaintiffs' Counsel have reviewed more than 1.07 million pages of documents produced by Defendants and third parties in this Action.

Z.     At the time the agreement to settle was reached, as discussed further below, Plaintiffs were preparing for depositions of Alibaba witnesses to begin in Hong Kong in late September 2024, which depositions were anticipated to continue throughout the fall of 2024.

AA.    While the Parties' efforts to brief class certification and conduct discovery were ongoing, the Parties agreed to participate in private mediation.  The Parties selected former United States District Court Judge Layn R. Phillips to serve as mediator.  The Parties exchanged extensive mediation statements, including opening and reply briefs, together with exhibits, that addressed, among other things, issues related to liability and damages.  After class certification was fully briefed, the Parties participated in a full-day in-person mediation session on May 8, 2024.  The session ended without an agreement to settle, and the Parties continued with litigation.

BB.     While the mediation ended without an agreement to settle, the Parties continued to participate in settlement negotiations through the mediator's office to explore whether a settlement could be reached.  Following substantial additional negotiations over the course of approximately two months, Judge Phillips ultimately presented a mediator's recommendation that the Action be settled for US$433,500,000.  The Parties thereafter accepted the mediator's proposal, subject to certain terms and conditions memorialized in a term sheet (the "Term Sheet").  The Term Sheet sets forth, among other things, the Parties' agreement to settle and release all claims asserted against Defendants in the Action in return for a cash payment by Alibaba on behalf of Defendants and the other Defendants' Releasees of US$433,500,000 for the benefit of the Settlement Class, subject to certain terms and conditions, execution of a customary "long form" stipulation and agreement of settlement and related papers, and approval by the Court.  This Stipulation (together with exhibits hereto) reflects the final and binding agreement between the Parties.

CC.     Based upon their research and investigation, prosecution, and mediation of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Settlement as embodied in this Stipulation are fair, reasonable and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Plaintiffs have agreed to settle and release the claims that were asserted or could have been asserted in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (i) the substantial financial benefit that members of the Settlement Class will receive under the proposed Settlement; and (ii) the significant risks and costs of continued litigation and trial.

DD.     This Stipulation constitutes a compromise of matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden

and expense of further litigation. Each Defendant expressly denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of Defendants' Releasees with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

EE.    Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.    As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)    "Action" means the consolidated securities class action in the matter styled *In re: Alibaba Group Holding Ltd. Securities Litigation*, No. 20-CV-09568-GBD, and includes all actions consolidated therein.

(b)    "Alibaba" or the "Company" means Alibaba Group Holding Ltd.

(c)    "Alibaba ADS" or "ADS" means Alibaba's American Depositary Shares.

(d)    "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(e)    "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(f)    "Claims" means any and all manner of claims, demands, rights, actions, potential actions, causes of action, liabilities, duties, damages, losses, diminutions in value, obligations, agreements, suits, fees, attorneys' fees, expert or consulting fees, debts, expenses, costs, sanctions, judgments, decrees, matters, issues and/or controversies of any kind or nature whatsoever, whether known claims or Unknown Claims, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, which now exist, or heretofore or previously existed, or may hereafter exist (including, but not limited to, any claims arising under federal, state or foreign law, common law, bankruptcy law, statute, rule, or regulation relating to alleged fraud, breach of any duty, negligence, fraudulent conveyance, avoidance, violations of the Securities Act of 1933, as amended and rules promulgated thereunder, violations of the Securities Exchange Act of 1934, as amended and rules promulgated thereunder, violations of other federal securities laws, or otherwise), whether individual, class, direct, derivative, representative, on

behalf of others, legal, equitable, regulatory, governmental or of any other type or in any other capacity.

(g)    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

(h)    "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(i)    "Claims Administrator" means the firm retained by Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(j)    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(k)    "Complaint" means the Amended Consolidated Class Action Complaint filed by Plaintiffs in the Action on April 22, 2022.

(l)    "Court" means the United States District Court for the Southern District of New York.

(m)    "Defendants" means Alibaba and the Individual Defendants.

(n)    "Defendants' Counsel" means Simpson Thacher & Bartlett LLP.

(o)    "Defendants' Releasees" means (i) Alibaba, and its past, present and future, direct or indirect, parent entities, affiliates, and subsidiaries, each and all of their respective past, present, and future directors, officers, partners, stockholders, predecessors, successors, employees,

underwriters, advisors, attorneys, auditors, consultants, trustees, insurers, co-insurers, reinsurers, representatives, and assigns, in their capacities as such; (ii) the Individual Defendants and their respective Immediate Family members, in their capacities as such; (iii) any and all firms, trusts, corporations, and other entities in which any of the Defendants has a controlling interest, and, in their capacity as such, any and all officers, directors, employees, trustees, beneficiaries, settlers, attorneys, consultants, agents, or representatives of any such firm, trust, corporation or other entity; and (iv) in their capacity as such, the legal representatives, heirs, executors, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns of any of the foregoing. For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with Alibaba or the Individual Defendants.

(p)     "Defendants' Releasors" means Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, current and former officers and directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Defendants' Claims on behalf of any Defendant, in that capacity.

(q)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

(r)     "Escrow Account" means an interest-bearing account established by the Escrow Agent at The Huntington National Bank, a financial institution into which the Settlement Amount shall be transferred and held, subject to the Court's supervisory authority and under the control of the Escrow Agent.

(s)    "Escrow Agent" means The Huntington National Bank.

(t)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(u)    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(v)    "Immediate Family" means present, past and future children, parents, spouses, siblings, grandparents, grandchildren, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law, all of which include step and adoptive relationships.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(w)    "Individual Defendants" means Daniel Yong Zhang, Maggie Wei Wu, and Jack Yun Ma.

(x)    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(y)    "Lead Counsel" means the law firm of Glancy Prongay & Murray LLP.

(z)    "Lead Plaintiff" refers to Court-appoint lead plaintiff, Salem Gharsalli.

(aa)    "Litigation Expenses" means costs and expenses incurred by Plaintiffs' Counsel in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(bb)    "Named Plaintiffs" refers to Salem Gharsalli, Laura Ciccarello, Dineshchandra Makadia, Yan Tongbiao, and Wusheng Hu.

(cc)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(dd)    "Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be disseminated to Settlement Class Members in the manner ordered by the Court.

(ee)    "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notice to the Settlement Class; and (ii) administering the Settlement, including but not limited to

the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(ff)    "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(gg)    "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(hh)    "Plaintiffs" means Salem Gharsalli, Laura Ciccarello, Dineshchandra Makadia, and Wusheng Hu.

(ii)    "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action.

(jj)    "Plaintiffs' Releasees" means (i) Named Plaintiffs, Lead Counsel, all Settlement Class Members, any other plaintiffs in the Action and their counsel, and (ii) each of their respective Immediate Family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; all in their capacities as such.

(kk)    "Plaintiffs' Releasors" means (i) Named Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members (whether or not such Settlement Class Members execute and deliver the Proof of Claim or share in the Net Settlement Fund), (ii) each of their respective heirs, executors, predecessors, successors, assigns, parents, subsidiaries, current and former officers and directors, beneficiaries or legal representatives, in their capacities as such, and

(iii) any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, in that capacity.

(ll) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(mm) "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(nn) "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(oo) "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(pp) "Released Defendants' Claims" means any and all Claims, including Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution or settlement of the claims asserted in the Action. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

(qq) "Released Plaintiffs' Claims" means any and all Claims, including Unknown Claims, that (i) are currently or were previously alleged or asserted in the Action, regardless of whether such Claims have been dismissed by the Court, or (ii) could have been alleged or asserted in the Action or could in the future be alleged or asserted in any federal, state, or foreign court, tribunal, forum, or proceeding that arise out of, relate to or are based upon the allegations, acts, transactions, facts, events, matters, occurrences, representations, statements or omissions involved,

18

set forth, or referred to in the Action and that relate to the purchase, acquisition, holding, sale, or disposition of any Alibaba ADS.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

(rr)  "Released Claims" means Released Plaintiffs' Claims and Released Defendants' Claims.

(ss)  "Releasee(s)" means Plaintiffs' Releasees and Defendants' Releasees.

(tt)  "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(uu)  "Releasors" means Plaintiffs' Releasors and Defendants' Releasors.

(vv)  "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(ww)  "Settlement Amount" means FOUR HUNDRED THIRTY-THREE MILLION FIVE HUNDRED THOUSAND U.S. DOLLARS ($433,500,000.00) in cash.

(xx)  "Settlement Class" means all persons and entities that purchased or otherwise acquired Alibaba American Depositary Shares (NYSE:BABA), during the period November 13, 2019 through December 23, 2020, inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are: (a) persons and entities who suffered no compensable losses; (b) Defendants; the present and former officers and directors of Alibaba at all relevant times; members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (b), has or had a controlling interest at any time; (c) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (d) present and former parents, subsidiaries, assigns, successors, and

predecessors of Alibaba; and (e) Defendants' liability insurance carriers.  Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

(yy)    "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(zz)    "Settlement Class Period" means the period between November 13, 2019 through December 23, 2020, inclusive.

(aaa) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(bbb) "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(ccc) "Submitted Claim" means a Proof of Claim Form submitted to the Claims Administrator by or on behalf of a Claimant.

(ddd) "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(eee) "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(fff)  "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff Releasor does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant Releasor does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Named Plaintiffs and each of the Defendants shall expressly waive, and each of the other Releasors shall be deemed to have waived, and by operation of the final judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code§ 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Named Plaintiffs, any other Settlement Class Member, Defendants, and the other Releasors may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Named Plaintiffs and each of the Defendants shall expressly waive, and each of the other Releasors shall be deemed to have waived, and by operation of the final judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a

breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Named Plaintiffs and each of the Defendants acknowledge, and each of the other Releasors shall be deemed by operation of the final judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Promptly upon execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.  Defendants will not oppose the motion for preliminary approval of the Settlement or the scheduling of a hearing for consideration of final approval of the Settlement.

## **RELEASE OF CLAIMS**

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs' Releasors shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.  This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants' Releasors shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Named Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.  This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.      Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.      In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Alibaba, on behalf of all Defendants and other Defendant Releasees, shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than thirty (30) calendar days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; and (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.  The Settlement Amount is an all-in settlement number, meaning that it includes all attorneys' fees, administrative costs, taxes, expenses, Settlement Class Member benefits, class representative awards, and costs of any kind associated with the resolution of this Action.  No Defendant other than Alibaba shall pay, or be liable to pay, any part of the Settlement Amount.  Under no circumstances shall Defendants be required to pay more than the Settlement Amount pursuant to this Stipulation.

## USE OF SETTLEMENT FUND

9.      The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-30 below.

10.      Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction

of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury bills, a U.S. Treasury Fund, or a bank account that is either: (a) fully insured by the Federal Deposit Insurance Corporation; or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates. Defendants shall not bear any responsibility for or liability related to the investment of the Settlement Fund by the Escrow Agent.

11.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the

Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants' Releasees shall have no responsibility or liability whatsoever for Taxes.  Further, no opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

13.     The Settlement is non-recapture, *i.e.*, it is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Alibaba, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15.    Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.  Defendants' Releasees shall not have any liability or responsibility whatsoever for any such attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

16.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any

appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

17.    Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.    As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Submitted Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than Alibaba's obligation to provide its securities holders records as provided in ¶ 19 below, none of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of

the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members or Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail or email the Notice and Proof of Claim Form to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, Alibaba shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its security lists (consisting of names, addresses, and, if available, email addresses) of the purchasers of Alibaba ADSs during the Settlement Class Period to the extent that such information is reasonably available to Alibaba and/or its depository bank.

20.    The Claims Administrator shall determine whether each Submitted Claim is valid, in whole or part, and, for each valid Submitted Claim, determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim compared to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

21.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

22.     Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and this Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action in the event that the Effective Date occurs.

23.     Any Settlement Class Member seeking to exclude himself, herself or itself from the Class must timely submit records of all of his, her, or its transactions in Alibaba ADSs during the Settlement Class Period sufficient to calculate the amount of his, her or its losses as calculated under the Plan of Allocation.

24.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member.  Lead Counsel shall

have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

25.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation

the extent, if any, to which each Submitted Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Submitted Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Submitted Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Submitted Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Submitted Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Submitted Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

26.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Submitted Claim, and the Submitted Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Submitted Claim.  No discovery shall be

allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

27.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of Submitted Claims; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Submitted Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

29.     No person or entity shall have any Claim against Plaintiffs, Lead Counsel, Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Plaintiffs and Defendants, and their respective counsel, and Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the

determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Submitted Claims, shall be subject to the jurisdiction of the Court.  All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

31.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

32.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)    Defendants have not validly exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 36 below);

(d)    Plaintiffs have not validly exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

33.    Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)    Plaintiffs and Defendants shall revert to their respective positions in the Action as of July 3, 2024.

(c)    The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 14, 16, 38, 59, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)    Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Alibaba (or such other persons or entities as Alibaba may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Alibaba (or such other persons or entities as Alibaba may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 16 above.

35.    It is further stipulated and agreed that Plaintiffs, provided they unanimously agree, and Defendants, provided they unanimously agree, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment or Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court, and the provisions of ¶ 34 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall

not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

36.    In addition to the grounds set forth in ¶ 35 above, Alibaba shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Alibaba's confidential supplemental agreement with Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiffs and Alibaba concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

37.    If Alibaba fails to cause the Settlement Amount, or any portion thereof, to be paid in accordance with the terms of this Stipulation, Plaintiffs may apply to the Court to enforce the terms of the Settlement.

## NO ADMISSION OF WRONGDOING

38.    Neither the Term Sheet executed by the Parties, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Named Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

39.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.     [intentionally omitted]

41.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 34 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 34.

42.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or

without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Judge Phillips, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.    Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.  While retaining their right to deny liability, Defendants agree that, based upon the publicly available information at the time, the Action was filed in good faith and with an adequate basis in fact, was not frivolous, and is being settled voluntarily by Defendants after consultation with competent legal counsel.

44.    Plaintiffs and Plaintiffs' Counsel agree that they continue to be bound by the terms of the "Stipulation and Protective Order," entered on June 5, 2023 in the Action (ECF No. 96), and further agree that in accordance with paragraph 15 of the Stipulation and Protective Order, within sixty (60) days from the Effective Date, they will destroy all Designated Information (as defined in the Stipulation and Protective Order) and each Plaintiffs' Counsel that had possession of any Designated Information shall certify such destruction in writing to Defendants' Counsel by the aforementioned date.

45.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

46.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

47.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

48.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

49.    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

50.    This Stipulation may be executed in one or more counterparts, including by a .pdf/.tif image of the signature transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

51.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

52.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

53.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

54.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

55.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

56.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

57.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

|  |  |
|---|---|
| If to Plaintiffs or Lead Counsel: | Glancy Prongay & Murray LLP<br>Kara M. Wolke, Esq.<br>Robert V. Prongay, Esq.<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90068<br>Telephone: 310-301-9150<br>Email: kwolke@glancylaw.com<br>rprongay@glancylaw.com |
| If to Defendants: | Simpson Thacher & Bartlett LLP<br>Stephen P. Blake, Esq.<br>Bryan Jin, Esq.<br>2475 Hanover Street<br>Palo Alto, CA 94304<br>Telephone: (650) 251-5000<br>Email: sblake@stblaw.com<br>bryan.jin@stblaw.com |

58.     Except as otherwise provided herein, each Party shall bear its own costs.

59.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

60.     Defendants shall be responsible for sending notices required by the Class Action Fairness Act, 28 U.S.C. §1715, and for all costs and expenses related thereto.

61.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of October 25, 2024.

**SIMPSON THACHER & BARTLETT LLP**

By: _____

Stephen P. Blake
Bo Bryan Jin
2475 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002
sblake@stblaw.com
bryan.jin@stblaw.com

Jonathan K. Youngwood
jyoungwood@stblaw.com
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-3539
Facsimile: (212) 455-2502

*Counsel for Defendants Alibaba Group Holding Ltd.,*
*Daniel Yong Zhang, Maggie Wei Wu, and Former*
*Defendant Jack Yun Ma*

**GLANCY PRONGAY & MURRAY LLP**

By: _____

Robert V. Prongay
Kara M. Wolke
Melissa C. Wright
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
rprongay@glancylaw.com
kwolke@glancylaw.com
mwright@glancylaw.com

*Lead Counsel for Plaintiffs and the Settlement Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
Jonathan D. Park
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
jpark@pomlaw.com

44

Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
pdahlstrom@pomlaw.com

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
peretz@bgandg.com

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars
Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007
info@frankcruzlaw.com

**THE PORTNOY LAW FIRM**
Lesley Portnoy
1800 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: 310-692-8883
lesley@portnoylaw.com

*Additional Counsel*

EXHIBIT A

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ALIBABA GROUP HOLDING LTD. SECURITIES LITIGATION | Master File No. 1:20-CV-09568-GBD-JW <br><br> Hon. George B. Daniels |

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court entitled *In re Alibaba Group Holding Ltd. Securities Litigation*, Case No. 1:20-cv-09568-GBD-JW (the "Action");

WHEREAS, (a) lead plaintiff Salem Gharsalli ("Lead Plaintiff"), and additional representative plaintiffs Laura Ciccarello, Dineshchandra Makadia, and Wusheng Hu (collectively, with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants Alibaba Group Holding Ltd. ("Alibaba"), Daniel Yong Zhang ("Zhang"), and Maggie Wei Wu ("Wu") (Zhang, Wu, and former defendant Jack Yun Ma ("Ma"), collectively, the "Individual Defendants"; and with together with Alibaba, "Defendants"; and together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated October 25, 2024 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the

Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and/or entities that purchased or otherwise acquired Alibaba American Depositary Shares ("ADS"; NYSE: BABA) between November 13, 2019 and December 23, 2020, inclusive (the "Settlement Class Period").  Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; (b) Defendants; the present and former officers and directors of Alibaba at all relevant times; members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (b), has or had a controlling interest at any time; (c) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (d) present and former parents, subsidiaries, assigns, successors, and predecessors of Alibaba; and (e) Defendants' liability insurance carriers. Also excluded from the Settlement Class are any persons or entities that exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.      **<u>Class Findings</u>** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs Salem Gharsalli, Laura Ciccarello, Dineshchandra Makadia, and Wusheng Hu are adequate class representatives and certifies them as Class Representatives for the Settlement Class.  The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      **<u>Settlement Hearing</u>** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2025 at __:__ _.m. in Courtroom 11A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided

for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.    The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.    **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)    within ten (10) business days of the date of entry of this Order, Alibaba shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its security holder lists (consisting of names, mailing addresses, and, if available, email addresses) of the purchasers of Alibaba ADSs during the Settlement Class Period to the extent that such information is reasonably available to Alibaba and/or its depository bank;

(b)      not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall: (i) cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Alibaba or in the records which Alibaba caused to be provided, or who otherwise may be identified through further reasonable effort; or (ii) where email addresses are available, the Claims Administrator shall email a link to the Notice Packet to potential Settlement Class Members at the email addresses set forth in the records provided by Alibaba or in the records which Alibaba caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)      contemporaneously with the mailing and/or emailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)      not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)      not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing or emailing and of publication.

8.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1,

2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are disseminated.

9.    **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Alibaba ADS during the Settlement Class Period for the benefit of another person or entity shall, within seven (7) calendar days of receipt of the Notice: (a) request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and, within seven (7) calendar days of receipt of those Notice Packets, forward them to all such beneficial owners; (b) request a link to the Notice Packet and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) provide a list of the names, mailing addresses and email addresses (to the extent

available) of all such beneficial owners to *In re Alibaba Group Holding Ltd. Sec. Litigation*, c/o A.B. Data Ltd., P.O. Box , P.O. Box 173006, Milwaukee WI, 53217, in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Nominees that choose to follow procedures (a) or (b) shall also send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed.  Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed: (a) $0.02 per name, mailing address, and email address (to the extent available) provided to Claims Administrator; (b) $0.02 per email for emailing notice; or (c) $0.02 per Notice Packet, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Notice Packet, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Nominees are not authorized to print the Notice Packet themselves for mailing.  Notice Packets may only be printed by the court-appointed Claims Administrator.

10.  **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing Claim Forms that are submitted late, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim Form, a person or entity shall be deemed to have submitted to the

jurisdiction of the Court with respect to his, her or its Submitted Claim and the subject matter of the Settlement.

11.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.    Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation

8

and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

      13.    **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *In re Alibaba Group Holding Ltd. Sec. Litigation*, EXCLUSIONS, c/o A.B. Data Ltd., P.O. Box 173001, Milwaukee, WI 53217, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Alibaba Group Holding Ltd. Sec. Litigation*, Case No. 1:20-cv-09568"; (iii) state the number of shares of Alibaba ADS that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; (iv) provide adequate supporting documentation for the transactions for which the Settlement Class Member seeks exclusion in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claim Administrator; and (v) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.  The failure of any request for exclusion to contain all of the information necessary for the

Parties or the Claim Administrator to determine the loss, if any, suffered by the individual or entity seeking such exclusion will constitute sufficient grounds to deny any such request for exclusion.

14.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15.    Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

16.    **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may

otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| <u>**Lead Counsel**</u> | <u>**Defendants' Counsel**</u> |
|---|---|
| Glancy Prongay & Murray LLP | Simpson Thacher & Bartlett LLP |
| Kara M. Wolke, Esq. | Stephen P. Blake, Esq. |
| 1925 Century Park East, Suite 2100 | 2475 Hanover Street |
| Los Angeles, CA 90067 | Palo Alto, CA 94304 |

18. Any objections, filings and other submissions by the objecting Settlement Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) include documents sufficient to prove membership in the Settlement Class, including the

number of shares of Alibaba ADS that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Named Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

21.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in

administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22.    **Settlement Fund** – The contents of the Settlement Fund held by Huntington Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.    **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of July 3, 2024, as provided in the Stipulation.

25.    **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants'

Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Named Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26.   **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an

award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2024.

_____
Hon. George B. Daniels
United States District Judge

# EXHIBIT A-1

**Exhibit A-1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ALIBABA GROUP HOLDING LTD. SECURITIES LITIGATION | Master File No. 1:20-CV-09568-GBD-JW<br><br>Hon. George B. Daniels |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court"), if you purchased or otherwise acquired Alibaba Group Holding Limited ("Alibaba") American Depositary Shares ("ADS"; NYSE ticker symbol: BABA), during the period November 13, 2019 through December 23, 2020, inclusive (the "Settlement Class Period").[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Plaintiffs in the above-captioned action, on behalf of themselves and the Settlement Class (as defined in ¶25 below), have reached a proposed settlement of the Action for $433,500,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Alibaba, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶84 below).**

1.  **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Alibaba, Daniel Yong Zhang ("Zhang"), Maggie Wei Wu ("Wu"), and

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated October 25, 2024 (the "Stipulation"), which is available at www.AlibabaClassActionSettlement.com.

former defendant Jack Yun Ma ("Ma") (collectively, "Defendants")[2] violated the federal securities laws by making false and misleading statements regarding Alibaba. A more detailed description of the Action is set forth in ¶¶11-21 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 25 below.

2.    **Statement of the Settlement Class's Recovery:** Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $433,500,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in ¶¶53-76 below.

3.    **Estimate of Average Amount of Recovery Per ADS:** Plaintiffs' damages expert estimates approximately 683.3 million shares of Alibaba ADS purchased during the Settlement Class Period may have been affected by the conduct at issue in the Action. If all eligible Settlement Class Members elect to participate in the Settlement, the estimated average recovery would be $0.63 per affected share of Alibaba ADS (before the deduction of any Court-approved fees, expenses and costs as described herein). Settlement Class Members should note, however, that the foregoing is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Alibaba ADS, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* ¶¶53-76 below) or such other plan of allocation as may be ordered by the Court.

4.    **Average Amount of Damages Per ADS:** The Parties do not agree on the average amount of damages per Alibaba ADS that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.    **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2020, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Glancy Prongay & Murray LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 30% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $1,500,000, which may include an application for payment pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") to Plaintiffs for an amount not to exceed $85,000 (in total) related to their representation of the Settlement Class. Any fees and expenses

---

[2]    Defendants Zhang, Wu, and Ma are collectively referred to herein as the "Individual Defendants."

awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  If the maximum amounts are requested and the Court approves Lead Counsel's fee and expense application, the estimated average amount of fees and expenses, assuming claims are filed for all affected shares, will be approximately $0.19 per affected Alibaba ADS.

6.  **Identification of Attorneys' Representatives:**  Plaintiffs and the Settlement Class are represented by Kara M. Wolke, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888) 773-9224, settlements@glancylaw.com.

7.  **Reasons for the Settlement:**  Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
| --- | --- |
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN _____, 2025.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶34 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶36 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2025.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2025.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2025 AT __:__ __.M., AND FILE A NOTICE OF INTENTION** | Filing a written objection and notice of intention to appear by _____, 2025 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for |

| **TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2025.** | attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
|---|---|
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? .......... Page 4
What Is This Case About? .......... Page 5
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class? .......... Page 8
What Are Plaintiffs' Reasons For The Settlement? .......... Page 8
What Might Happen If There Were No Settlement? .......... Page 9
How Are Settlement Class Members Affected By The Action
  And The Settlement? .......... Page 9
How Do I Participate In The Settlement?  What Do I Need To Do? .......... Page 12
How Much Will My Payment Be? .......... Page 12
What Payment Are The Attorneys For The Settlement Class Seeking?
  How Will The Lawyers Be Paid? .......... Page 19
What If I Do Not Want To Be A Member Of The Settlement Class?
  How Do I Exclude Myself? .......... Page 19
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
   Don't Like The Settlement? .......... Page 20
What If I Bought Shares On Someone Else's Behalf? .......... Page 22
Can I See The Court File?  Whom Should I Contact If I Have Questions? .......... Page 22

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Alibaba ADS during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims

administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* ¶83 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

**WHAT IS THIS CASE ABOUT?**

11.    On November 13, 2020, Plaintiff Laura Ciccarello initiated this Action by filing a Class Action Complaint for Violations of the Federal Securities Laws against defendants Alibaba, Zhang, and Wu in the Court (the "Initial Complaint") in *Ciccarello v. Alibaba Group Holding Ltd. et al.*, Case No. 1:20-cv-09568-GBD.  The Initial Complaint alleged that Alibaba, Zhang, and Wu made materially false and/or misleading statements relating to the then-anticipated Initial Public Offering ("IPO") of Ant Group Co., Ltd. ("Ant Group"), in which Alibaba owned a 33% equity interest, in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

12.    On February 10, 2022, pursuant to the PSLRA, the Court entered an order appointing Salem Gharsalli as Lead Plaintiff in the Action, and approving his selection of Glancy Prongay & Murray LLP as Lead Counsel.

13.    On April 22, 2022, Lead Plaintiff Salem Gharsalli, together with additional named plaintiffs Laura Ciccarello, Dineshchandra Makadia, and Yan Tongbiao, filed the Consolidated Amended Class Action Complaint (the "Complaint"), asserting claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder during the period July 10, 2020 through December 23, 2020, and adding Alibaba founder Jack Ma as a named defendant.  Among other things, the Complaint alleged that Alibaba and Ma violated the Exchange Act by misrepresenting and/or scheming to conceal certain material regulatory or political risks relating to the then-anticipated IPO of Ant Group (the "Ant Group IPO Claim").  The Complaint also alleged that Alibaba, Zhang, and Wu violated the Exchange Act by misrepresenting and failing to disclose certain material facts relating to Alibaba's alleged use of merchant exclusivity practices in violation of Chinese laws (the "Antitrust Claim").  In particular, the Complaint alleged that during a Chinese State Administration for Market Regulation ("SAMR") administrative guidance meeting on November 5, 2019, the SAMR instructed Alibaba and other e-commerce platforms that the use of exclusive partnerships and/or restricting the operations of merchants on other e-commerce platforms violated Chinese e-commerce, anti-trust, and anti-unfair competition laws, and that despite the SAMR's instructions, Alibaba thereafter continued to use unlawful merchant exclusivity practices.  Finally, the Complaint alleged that Ma violated SEC Rule 10b5-1 for selling

5

or causing to be sold shares of Alibaba American Depositary Shares ("ADS") owned or beneficially owned by him while in possession of material non-public information relating to the Ant Group IPO and Alibaba's alleged exclusivity practices.

14.    The Complaint averred that as result of the alleged misrepresentations and omissions relating to the Ant Group IPO and Alibaba's ongoing use of merchant exclusivity practices, the price of Alibaba ADS was artificially inflated during the alleged class period.  The Complaint alleged that the suspension of the Ant Group IPO on November 3, 2020, in response to which Alibaba's ADS price fell $25.27 per share (8.13%), constituted a materialization of the undisclosed political and regulatory risks relating to Ant Group.  The Complaint also alleged that undisclosed risks relating to Alibaba's ongoing use of merchant exclusivity practices partially materialized, and/or that the truth of Alibaba's ongoing use of such practices was partially revealed, when: (i) on November 10, 2020, multiple news outlets reported that the SAMR published new draft rules aimed at anti-competitive practices by online platforms, including merchant exclusivity practices like those allegedly used by Alibaba, in response to which Alibaba's ADS price fell $23.99 per share (8.26%) on November 10, 2020; and (ii) after the close of trading on December 23, 2020, the SAMR announced that it launched an investigation in response to reports regarding Alibaba's alleged use of exclusivity practices, in response to which Alibaba's ADS price fell $34.18 per share (13.34%) on December 24, 2020.

15.    On July 21, 2022, Defendants filed two separate motions to dismiss the Complaint for failure to state a claim.  The motions were fully briefed and oral argument on the motions was held on January 11, 2023.  On March 22, 2023, the Court entered its Memorandum and Order that granted in part and denied in part Defendants' motions.  The Ant Group IPO Claim and the insider trading claims against defendant Ma were dismissed in their entirety,[3] but the Antitrust Claims were sustained, in part.  Notably, the Court dismissed the alleged price drops on November 3, 2020 and November 10, 2020, holding that the news prompting those two price drops did not constitute corrective disclosures of fraudulently misrepresented or concealed facts.

16.    On May 5, 2023, Defendants filed their Answer and Affirmative Defenses to the Complaint.

17.    On October 4, 2023, in advance of filing their motion for class certification, Plaintiffs filed the sworn PSLRA certification of Wusheng Hu, in anticipation of including Mr. Hu as an additional class certification movant and proposed class representative.

18.    On October 6, 2023, Plaintiffs filed their motion for class certification, which included an expert report by Dr. David Tabak, Ph.D., on the topic of market efficiency.  Throughout November and December 2023, Defendants took the depositions of each of the four proposed class representatives (Mr. Gharsalli, Ms. Ciccarello, Dr. Makadia, and Mr. Hu), as well as Plaintiffs'

---

[3] Regarding the Ant Group IPO Claim, the Court held that Plaintiffs, as investors in Alibaba's ADS, did not purchase the securities about which the alleged misstatements were made (*i.e.*, Ant Group securities) and, therefore, lacked standing to challenge statements relating to Ant Group. Regarding the other claims against Mr. Ma, the Court held that it lacked personal jurisdiction over him and that he did not violate insider trading rules because Plaintiffs did not plausibly allege that Mr. Ma knowingly possessed material nonpublic information regarding Alibaba's exclusivity practices when he allegedly sold Alibaba ADS.

expert, Dr. Tabak.[4]  On January 19, 2024, Defendants filed their opposition to Plaintiffs' class certification motion, together with the expert report of Dr. Glenn Hubbard, which sought to defeat class certification by demonstrating the absence of price impact associated with the alleged misrepresentations.  On March 21, 2024, Plaintiffs took the deposition of Defendants' expert, Dr. Hubbard.  On April 19, 2024, Plaintiffs filed their reply in support of class certification, together with the expert reply report of Dr. Tabak, which sought to rebut Dr. Hubbard's opinions.

19.    Counsel for Plaintiffs and Defendants have conducted extensive fact discovery relevant to the claims and defenses in the Action.  Following extensive negotiations over the parameters of discovery, Defendants ultimately produced, and Plaintiffs' Counsel reviewed, more than 1.07 million pages of documents in this Action.  At the time the agreement to settle was reached, Plaintiffs were preparing for depositions of Alibaba witnesses to begin in Hong Kong in or around September 2024.

20.    While the Parties believe in the merits of their respective positions, they also recognized the risks attendant to this litigation and the benefits that would accrue if they could reach an agreement to resolve the Action.  Thus, the Parties agreed to participate in private mediation and selected former United States District Court Judge Layn R. Phillips to serve as mediator.  In advance of the mediation, the Parties exchanged, and provided to Judge Phillips, detailed mediation statements, including opening and reply briefs, together with exhibits that addressed issues of both liability and damages.  On May 8, 2024, the Parties engaged in a full-day mediation session with Judge Phillips.  The mediation ended without any agreement being reached.

21.    While the mediation ended without an agreement to settle, the Parties continued to participate in settlement negotiations through the mediator's office to explore whether a settlement could be reached.  Following substantial additional negotiations over the ensuing months, Judge Phillips ultimately presented a mediator's recommendation that the Action be settled for $433,500,000.  The Parties accepted the mediator's proposal.

22.    Based on the investigation and mediation of the case and Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

23.    Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants expressly denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶36 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.  Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims

---

[4] Yan Tongbiao, who was a named plaintiff in the Complaint, did not move to be appointed as a class representative.

asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

24.    On _____, 202_, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

25.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons and/or entities that purchased or otherwise acquired Alibaba ADS between November 13, 2019 and December 23, 2020, inclusive.

Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; (b) Defendants; the present and former officers and directors of Alibaba at all relevant times; members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (b), has or had a controlling interest at any time; (c) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (d) present and former parents, subsidiaries, assigns, successors, and predecessors of Alibaba; and (e) Defendants' liability insurance carriers.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page 19 below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN SUBMITTED ONLINE OR POSTMARKED NO LATER THAN _____, 202_.**

---

**WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?**

---

26.    Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through class certification, trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Indeed, the Court had already narrowed the case significantly by dismissing the Ant Group IPO Claim in its entirety and dismissing the insider trading claims against Alibaba's founder, Mr. Jack Ma.  With respect to the remaining Antitrust Claims, Plaintiffs and Lead Counsel recognized that Defendants had numerous factual and legal defenses that could preclude any recovery.  For example,

Defendants would assert that Plaintiffs could not prove that the challenged statements relating to the surviving Antitrust Claim were materially false or misleading, and that even if Plaintiffs did prevail in proving that the challenged statements were materially false or misleading, the statements were not made with the requisite state of mind to support the securities fraud claims alleged  (which requires intent to defraud or recklessness).  As a result, Plaintiffs faced the very real risk that a jury would conclude that statements alleged to be materially false and misleading were not; and that the Defendants did not act with the requisite culpable mental state.  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statement would be hotly contested because Defendants have strongly challenged loss causation in this case, arguing, among other things, that the alleged misrepresentations did not cause the ADS price drop December 23, 2020 and/or that other factors caused or contributed to the price drop on that day.  Plaintiffs would also have had to prevail at several other litigation stages, including class certification, summary judgment, and trial, and if they prevailed on those, they would have to further prevail on the appeals that were likely to follow, in order to recover money for the class.  In short, there were very significant risks attendant to the continued prosecution of the Action and no guarantee that an amount greater than $433,500,000 would be recovered, or that there would be any recovery at all.

27.    In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $433,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after class certification, summary judgment, trial and appeals, possibly years in the future.

28.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

29.    If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other Settlement Class Members would recover anything from Defendants.  Also, if Defendants succeeded in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

30.    As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed

in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

31.   If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," below.

32.   If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

33.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs' Releasors (as defined in ¶34 below) shall be deemed to have, and by operation of law and of the final judgment shall have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶35 below) against the Defendants and the other Defendants' Releasees (as defined in ¶36 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

34.   "Plaintiffs' Releasors" (i) Named Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members (whether or not such Settlement Class Members execute and deliver the Proof of Claim or share in the Net Settlement Fund), (ii) each of their respective heirs, executors, predecessors, successors, assigns, parents, subsidiaries, current and former officers and directors, beneficiaries or legal representatives, in their capacities as such, and (iii) any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, in that capacity.

35.   "Released Plaintiffs' Claims" means any and all Claims, including Unknown Claims, that (i) are currently or were previously alleged or asserted in the Action, regardless of whether such Claims have been dismissed by the Court, or (ii) could have been alleged or asserted in the Action or could in the future be allege or assert in any federal, state, or foreign court, tribunal, forum, or proceeding that arise out of, relate to or are based upon the allegations, acts, transactions, facts, events, matters, occurrences, representations, statements or omissions involved, set forth, or referred to in the Action and that relate to the purchase, acquisition, holding, sale, or disposition of any Alibaba ADS.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

36.   "Defendants' Releasees" means (i) Alibaba, and its past, present and future, direct or indirect, parent entities, affiliates, and subsidiaries, each and all of their respective past, present, and future directors, officers, partners, stockholders, predecessors, successors, employees, underwriters, advisors, attorneys, auditors, consultants, trustees, insurers, co-insurers, reinsurers, representatives, and assigns, in their capacities as such; (ii) the Individual Defendants and their

respective Immediate Family members, in their capacities as such; (iii) any and all firms, trusts, corporations, and other entities in which any of the Defendants has a controlling interest, and, in their capacity as such, any and all officers, directors, employees, trustees, beneficiaries, settlers, attorneys, consultants, agents, or representatives of any such firm, trust, corporation or other entity; and (iv) in their capacity as such, the legal representatives, heirs, executors, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns of any of the foregoing. For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with Alibaba or the Individual Defendants.

37.    "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff Releasor does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant Releasor does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Named Plaintiffs and each of the Defendants shall expressly waive, and each of the other Releasors shall be deemed to have waived, and by operation of the final judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Named Plaintiffs, any other Settlement Class Member, Defendants, and the other Releasors may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Named Plaintiffs and each of the Defendants shall expressly waive, and each of the other Releasors shall be deemed to have waived, and by operation of the final judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Named Plaintiffs and each of the Defendants acknowledge, and each of the other Releasors shall be deemed by operation of the final judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

38.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants' Releasors (as defined in ¶39 below) shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶40 below) against Named Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶41 below),

and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

39.    "Defendants' Releasors" means Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, current and former officers and directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Defendants' Claims on behalf of any Defendant, in that capacity.

40.    "Released Defendants' Claims" any and all Claims, including Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution or settlement of the claims asserted in the Action.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

41.    "Plaintiffs' Releasees" (i) Named Plaintiffs, Lead Counsel, all Settlement Class Members, any other plaintiffs in the Action and their counsel, and (ii) each of their respective Immediate Family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; all in their capacities as such.

| **HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?** |
| --- |

42.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **submitted online or postmarked no later than _____, 2025**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.AlibabaClassActionSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-869-0223.  Please retain all records of your ownership of, and transactions, in Alibaba ADS, as they may be needed to document your Submitted Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| **HOW MUCH WILL MY PAYMENT BE?** |
| --- |

43.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

44.    Pursuant to the Settlement, Alibaba has agreed to pay or caused to be paid FOUR HUNDRED THIRTY-THREE MILLION FIVE HUNDRED THOUSAND U.S. DOLLARS ($433,500,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the

Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

45.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

46.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

47.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

48.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form online or postmarked on or before _____, 2025 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.

49.    Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Alibaba ADS held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those ADS that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of Alibaba ADS during the Settlement Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

50.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Submitted Claim of any Settlement Class Member.

51.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

52.    Only Settlement Class Members, *i.e.*, persons and/or entities that purchased or otherwise acquired Alibaba ADS during the Settlement Class Period and suffered compensable losses as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only securities that are included in the Settlement are the Alibaba ADS.

## PROPOSED PLAN OF ALLOCATION

53.    The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

54.    The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants.  The Plan of Allocation is not a formal damage analysis. Recognized Loss Amounts are based primarily on the decline in the price of Alibaba ADS[5] over the period which Plaintiffs allege corrective information was entering the market place.

55.    In this Action, the first date on which Defendants made false or misleading statements and/or omitted material facts resulting in artificial inflation in Alibaba's ADS price was November 13, 2019.  Plaintiffs allege that the price of Alibaba's ADS remained artificially inflated through and including December 23, 2020, when, after the close of trading, the SAMR announced its investigation into Alibaba's merchant exclusivity practices (the "Corrective Disclosure").

56.    The estimated alleged artificial inflation in the price of Alibaba ADS during the Settlement Class Period is reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of Alibaba ADS during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the December 23, 2020 public announcement that allegedly corrected the misrepresentations alleged by Plaintiffs.  The estimated alleged artificial inflation in the price of Alibaba ADS also reflects the Court's order on Defendants' motion to dismiss the Complaint, which dismissed certain alleged corrective events, as well as Lead Counsel's assessment of potential loss causation defenses associated with alleged corrective events.

57.    In order to have recoverable damages, disclosures correcting the alleged misrepresentations must be the cause of the decline in the price of the Alibaba ADS.  In this Action, a corrective disclosure allegedly removed the artificial inflation from the price of Alibaba ADS on December 23, 2020 (the "Corrective Disclosure Date").  Accordingly, in order to have a Recognized Loss Amount, Alibaba ADS must have been purchased or acquired during the Settlement Class Period and held through the Corrective Disclosure Date.  If an Alibaba ADS was sold or otherwise disposed of before December 24, 2020, the Recognized Loss for that ADS is $0.00, and any loss suffered is not compensable under the federal securities laws.

---

[5] During the Settlement Class Period, Alibaba ADS were listed on the New York Stock Exchange ("NYSE") under the symbol "BABA."  Each ADS represents eight Alibaba Ordinary Shares.  In November 2019, the Company completed its public offering in Hong Kong and trading of its Ordinary Shares on the Hong Kong Stock Exchange commenced on November 26, 2019 under the stock code "9988."  Alibaba ADS purchased or otherwise acquired during the Settlement Class Period are the only security eligible to participate in the Settlement.

58.     To the extent a Claimant does not satisfy one of the conditions set forth in the preceding paragraph, his, her, or its Recognized Loss Amount for those transactions will be zero.

| Table 1 Artificial Inflation in Alibaba ADS | | |
|---|---|---|
| **From** | **To** | **Per-Share Inflation** |
| November 13, 2019 | December 23, 2020 | $34.04 |
| December 24, 2020 | Thereafter | $0.00 |

59.     The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss Amount. The limitations on the calculation of the Recognized Loss Amount imposed by the PSLRA are applied such that losses on Alibaba ADS purchased/acquired during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such ADS and the average price of the ADS during the 90-Day Lookback Period. The Recognized Loss Amount on Alibaba ADS purchased/acquired during the Settlement Class Period and sold (or otherwise disposed of) during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such ADS and the rolling average price of the ADS during the portion of the 90-Day Lookback Period elapsed as of the date of sale/disposition.

60.     In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero. Any transactions in Alibaba ADS executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

61.     Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of Alibaba ADS during the Settlement Class Period (i.e., November 13, 2019 through December 23, 2020, inclusive) that is listed in the Claim Form and for which adequate documentation is provided.

62.     For each Alibaba ADS that was purchased/acquired during the period November 13, 2019 through December 23, 2020, inclusive:

   a. that was sold or otherwise disposed of prior to December 24, 2020, the Recognized Loss Amount is $0.00.

   b. that was sold or otherwise disposed of during the period December 24, 2020 through March 23, 2021, inclusive (i.e., the 90-Day Lookback Period), the Recognized Loss Amount is *the least of*:

      i.    $34.04; or

      ii.   the purchase price *minus* the sale/disposition price; or

iii.    the purchase price *minus* the "90-Day Lookback Value" on the date of sale/disposition as appears in Table 2 below.

c.  that was still held as of the close of trading on March 23, 2021, the Recognized Loss Amount is *the lesser of*:

i.    $34.04; or

ii.    the purchase price *minus* the average closing price for Alibaba ADS during the 90-Day Lookback Period, which is $246.12.

| Table 2 | | | | | |
| --- | --- | --- | --- | --- | --- |
| **Sale/ Disposition Date** | **90-Day Lookback Value** | **Sale/ Disposition Date** | **90-Day Lookback Value** | **Sale/ Disposition Date** | **90-Day Lookback Value** |
| 12/24/2020 | $222.00 | 1/26/2021 | $240.40 | 2/24/2021 | $251.19 |
| 12/28/2020 | $222.18 | 1/27/2021 | $241.31 | 2/25/2021 | $250.93 |
| 12/29/2020 | $226.87 | 1/28/2021 | $242.15 | 2/26/2021 | $250.62 |
| 12/30/2020 | $229.75 | 1/29/2021 | $242.64 | 3/1/2021 | $250.42 |
| 12/31/2020 | $230.35 | 2/1/2021 | $243.52 | 3/2/2021 | $250.07 |
| 1/4/2021 | $229.93 | 2/2/2021 | $243.94 | 3/3/2021 | $249.77 |
| 1/5/2021 | $231.43 | 2/3/2021 | $244.66 | 3/4/2021 | $249.36 |
| 1/6/2021 | $230.95 | 2/4/2021 | $245.46 | 3/5/2021 | $249.03 |
| 1/7/2021 | $230.50 | 2/5/2021 | $246.16 | 3/8/2021 | $248.58 |
| 1/8/2021 | $231.07 | 2/8/2021 | $246.70 | 3/9/2021 | $248.37 |
| 1/11/2021 | $230.73 | 2/9/2021 | $247.34 | 3/10/2021 | $248.09 |
| 1/12/2021 | $230.31 | 2/10/2021 | $247.98 | 3/11/2021 | $247.95 |
| 1/13/2021 | $230.69 | 2/11/2021 | $248.62 | 3/12/2021 | $247.65 |
| 1/14/2021 | $231.57 | 2/12/2021 | $249.18 | 3/15/2021 | $247.33 |
| 1/15/2021 | $232.36 | 2/16/2021 | $249.80 | 3/16/2021 | $246.96 |
| 1/19/2021 | $233.57 | 2/17/2021 | $250.38 | 3/17/2021 | $246.71 |
| 1/20/2021 | $235.44 | 2/18/2021 | $250.76 | 3/18/2021 | $246.53 |
| 1/21/2021 | $236.81 | 2/19/2021 | $251.10 | 3/19/2021 | $246.42 |
| 1/22/2021 | $237.96 | 2/22/2021 | $251.18 | 3/22/2021 | $246.26 |
| 1/25/2021 | $239.13 | 2/23/2021 | $251.21 | 3/23/2021 | $246.12 |

## ADDITIONAL PROVISIONS

63.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶66 below) is $10.00 or greater.

64.    **FIFO Matching:** If a Settlement Class Member has more than one purchase/acquisition or sale of Alibaba ADS, all purchases/acquisitions and sales of Alibaba ADS shall be matched on a First In, First Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

65.     **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss Amounts for all Alibaba ADS.

66.     **Determination of Distribution Amount:**  The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

67.     **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales or dispositions of Alibaba ADS shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Alibaba ADS during the Settlement Class Period shall not be deemed a purchase, acquisition, or sale of Alibaba ADS for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Alibaba ADS unless (i) the donor or decedent purchased or otherwise acquired such Alibaba ADS during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Alibaba ADS; and (iii) it is specifically so provided in the instrument of gift or assignment.

68.     **Conversions between Alibaba Ordinary Shares Trading in Hong Kong (9988) and ADS:** Alibaba ADS acquired through the conversion of Alibaba Ordinary Shares are eligible to participate in the Settlement *only* if the Ordinary Shares were purchased on the Hong Kong Stock Exchange during the Settlement Class Period, converted to ADS during the Settlement Class Period, and the ADS were held over the Corrective Disclosure Date.  In the calculation of the Recognized Loss Amount for Alibaba ADS acquired during the Settlement Class Period through the conversion of Alibaba Ordinary Shares trading in Hong Kong, (i) the ADS acquisition date shall be the date the ADS were received by the investor; and (ii) the ADS "purchase price" shall be the closing market price of Alibaba ADS (denominated in U.S. Dollars) on the day the ADS were received.[6]

69.     Alibaba ADS purchased/acquired during the Settlement Class Period that were subsequently converted to Alibaba Ordinary Shares during the Settlement Class Period are not eligible for a recovery in the Settlement.

70.     For Alibaba ADS purchased/acquired during the Settlement Class Period that were subsequently converted to Alibaba Ordinary Shares during the 90-Day Lookback Period, (i) the disposition date for the ADS shall be the date the ADS were cancelled; and (ii) the "sale" price

---

[6] In order to convert Ordinary Shares to ADS, an investor must deposit the Ordinary Shares with the depositary's custodian in exchange for ADS.  If the ADS were received by the investor outside of regular trading hours for the U.S. financial markets, the acquisition of the ADS shall be deemed to have occurred during the next regular U.S. trading session.

applied to that disposition shall be the closing market price of Alibaba ADS on the day the ADS were cancelled.[7]

71.    **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Alibaba ADS.  The date of a "short sale" is deemed to be the date of sale of Alibaba ADS.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has a short position in Alibaba ADS, the earliest Settlement Class Period purchases or acquisitions of that security shall be matched against such short position, and not be entitled to a recovery, until that short position is fully covered.

72.    **Alibaba ADS Purchased/Sold Through the Exercise of Publicly Traded Options:** Option contracts are not securities eligible to participate in the Settlement.  With respect to Alibaba ADS purchased or sold through the exercise of an option, the purchase/sale date of Alibaba ADS is the exercise date of the option and the purchase/sale price of Alibaba ADS is the exercise price of the option.

73.    **Alibaba ADS Acquired Through the Exercise, Conversion or Exchange of Non-Publicly Traded Securities:** Notwithstanding any of the above, shares of Alibaba ADS acquired through the exercise, conversion, or exchange of non-publicly traded securities of Alibaba are not eligible to participate in the Settlement.

74.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

75.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Named Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Named Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have

---

[7] In order to convert ADS to Ordinary Shares, an investor must request cancellation of the ADS. If the ADS were cancelled outside of regular trading hours for the U.S. financial markets, the ADS disposition date shall be the next regular U.S. trading session.

no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

76.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.AlibabaClassActionSettlement.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

77.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 30% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $1,500,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class in an aggregate amount not to exceed $85,000.[8]  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

78.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *In re Alibaba Group Holding Ltd. Sec. Litigation*, EXCLUSIONS, c/o A.B. Data Ltd., P.O. Box 173001, Milwaukee, WI 53217.  The

---

[8] The attorney fee application will be made collectively on behalf of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067 ("GPM"); Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016 ("Pomerantz"), The Portnoy Law Firm, 1800 Century Park East, Suite 600, Los Angeles, CA 90067 ("Portnoy"), Bronstein, Gewirtz & Grossman, LLC, 60 East 42nd, Street, Suite 4600, New York, NY 10165 ("Bronstein"), The Law Offices of Frank R. Cruz**,** 1999 Avenue of the Stars, Suite 1100, Los Angeles, CA 90067 ("Cruz"), and the Hao Law Firm, Room 3-401 No. 2 Building, No. 1 Shangliubei Street, 100024 Beijing, China ("Hao"). Any attorneys' fees awarded by the Court will be divided between Lead Counsel GPM (80%) and Pomerantz (20%) pursuant to a fee sharing agreement.  In addition, GPM intends to share a portion of its net attorneys' fees with Cruz and Portnoy, and Pomerantz intends to share a portion of its net attorneys' fees with Bronstein and Hao.

exclusion request must be **received** no later than _____, 2025.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Alibaba Group Holding Ltd. Sec. Litigation*, Case No. 1:20-cv-09568"; (c) state the number of shares of Alibaba ADS that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between November 13, 2019 and December 23, 2020, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; (d) provide adequate supporting documentation for the transactions for which the Settlement Class Member seeks exclusion in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claim Administrator; and (e) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

79.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

80.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

81.   Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

82.   **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

83.   The Settlement Hearing will be held on _____, 2025 at __:__ _.m., before the Honorable George B. Daniels at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 11A, 500 Pearl Street, New York, NY 10007.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

84.   Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any

written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 2025.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are ***received*** **on or before _____, 2025**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court | **Glancy Prongay &** | **Simpson Thacher &** |
| Southern District of New York | **Murray LLP** | **Bartlett LLP** |
| Clerk of the Court | Kara M. Wolke, Esq. | Stephen P. Blake, Esq. |
| United States Courthouse | 1925 Century Park East, | 2475 Hanover Street |
| 500 Pearl Street | Suite 2100 | Palo Alto, CA 94304 |
| New York, NY 10007 | Los Angeles, CA 90067 | |

85.    Any objection must: (a) state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) include documents sufficient to prove membership in the Settlement Class, including the number of shares of Alibaba ADS that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between November 13, 2019 and December 23, 2020, inclusive), as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

86.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

87.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received*** **on or before _____, 2025**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

88.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶84 above so that the notice is ***received*** **on or _____, 2025**.

89. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

90. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

91. If you purchased or otherwise acquired Alibaba ADS between November 13, 2019 and December 23, 2020, inclusive, for the beneficial interest of persons or entities other than yourself, within seven (7) calendar days of receipt of this Notice, you must either: (a) request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and, within seven (7) calendar days of receipt of those Notice Packets, forward them to all such beneficial owners; (b) request a link to the Notice Packet and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) provide a list of the names, mailing addresses and email addresses (to the extent available) of all such beneficial owners to *In re Alibaba Group Holding Ltd. Sec. Litigation*, c/o A.B. Data Ltd., P.O. Box 173006, Milwaukee, WI 53217. If you choose option (c), the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Nominees that choose to follow procedures (a) or (b) shall also send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed.

92. Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed: (a) $0.02 per name, mailing address, and email address (to the extent available) provided to Claims Administrator; (b) $0.02 per email for emailing notice; or (c) $0.02 per Notice Packet, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Notice Packet, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. **YOU ARE NOT AUTHORIZED TO PRINT THE NOTICE PACKET YOURSELF. NOTICE PACKETS MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR**.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

93. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted

on the website maintained by the Claims Administrator, www.AlibabaClassActionSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| *In re Alibaba Group Holding Ltd. Sec.* | and/or | Kara M. Wolke, Esq. |
| *Litigation* | | GLANCY PRONGAY |
| c/o A.B. Data Ltd., | | & MURRAY LLP |
| P.O. Box 173006 | | 1925 Century Park East, Suite 2100 |
| Milwaukee, WI 53217 | | Los Angeles, CA 90067 |
| (877) 869-0223 | | (888) 773-9224 |
| info@AlibabaClassActionSettlement.com | | settlements@glancylaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2025

By Order of the Court
United States District Court
Southern District of New York

23

# EXHIBIT A-2

**Exhibit A-2**

*Alibaba Securities Litigation*
*c/o* **A.B. Data Ltd.,**
*P.O. Box* **173006**
**Milwaukee WI, 53217**
**Toll Free Number: (877) 869-0223**
**Settlement Website: www.AlibabaClassActionSettlement.com**
**Email:  info@AlibabaClassActionSettlement.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address **postmarked, no later than _____, 2025, or submit it online at www.AlibabaClassActionSettlement.com by _____, 2025.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN ALIBABA ADS** | **7** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **9** |

1

## PART I – CLAIMANT INFORMATION

### (Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

| City | State | Zip Code |
|------|-------|----------|
|      |       |          |

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

| Telephone Number (home) | Telephone Number (work) |
|-------------------------|-------------------------|
|                         |                         |

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (account(s) through which the securities were traded)[1]:

Claimant Account Type (check appropriate box):
- ☐ Individual (includes joint owner accounts)
- ☐ Corporation
- ☐ IRA/401K
- ☐ Pension Plan
- ☐ Estate
- ☐ Other _____ (please specify)
- ☐ Trust

---

[1] If the account number is unknown, you may leave blank. If the same legal entity traded through more than one account you may write "multiple." Please see paragraph 12 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

## PART II – GENERAL INSTRUCTIONS

1.     It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.     This Claim Form is directed to the "Settlement Class," which is all persons and entities that purchased or otherwise acquired Alibaba Group Holding Ltd. ("Alibaba") American Depositary Shares ("ADS"; NYSE: BABA), during the period November 13, 2019 through December 23, 2020, inclusive (the "Settlement Class Period").  All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3.     Excluded from the Settlement Class are: (a) persons and entities who suffered no compensable losses; (b) Defendants; the present and former officers and directors of Alibaba at all relevant times; members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (b), has or had a controlling interest at any time; (c) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (d) present and former parents, subsidiaries, assigns, successors, and predecessors of Alibaba; and (e) Defendants' liability insurance carriers.  Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

4.     If you are not a Settlement Class Member do not submit a Claim Form.  YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.  THUS, IF YOU ARE EXCLUDED FROM THE CLASS (AS SET FORTH IN ¶3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.     If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class.  Thus, if you are a Settlement Class Member, the Judgment will release, and you will be barred and enjoined from prosecuting, any and all of the Released Plaintiffs' Claims (including Unknown Claims) against Defendants' Releasees.

6.     You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.     Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.     Use the Schedules of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable Alibaba ADS.  On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions, sales, and conversions of the applicable Alibaba ADS, whether such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.     Please note:  Only Alibaba ADS purchased/acquired during the Settlement Class Period (*i.e.*, from November 13, 2019 through December 23, 2020, inclusive) are eligible under the Settlement.  However, because the PSLRA provides for a "90-Day Lookback Period" (described in the Plan of Allocation set forth in the Notice), you must provide documentation related to your purchases and sales of Alibaba ADS during the period from December 24, 2020 through and including March 23, 2021 (*i.e.*, the 90-Day Lookback Period) in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your claim.

10.     Shares of Alibaba ADS acquired through the conversion of Alibaba Ordinary Shares are eligible to participate in the Settlement *only* if: (a) the Ordinary Shares (stock code "9988") were purchased on the Hong Kong Stock Exchange during the Settlement Class Period, (b) the Ordinary Shares were converted to ADS during the Settlement Class Period, and (c) the ADS were held over the alleged December 23, 2020 corrective disclosure date.

11.     You are required to submit genuine and sufficient documentation for all of your transactions and holdings of the applicable Alibaba ADS set forth in the Schedules of Transactions in Parts III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Alibaba ADS.   IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

12.     Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all

4

accounts on one Claim Form).

13.    All joint beneficial owners must sign this Claim Form.  If you purchased or otherwise acquired Alibaba ADS during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased or otherwise acquired Alibaba ADS during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

14.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a)    expressly state the capacity in which they are acting;

    (b)    identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Alibaba ADS; and

    (c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

15.    By submitting a signed Claim Form, you will be swearing that you:

    (a)    own(ed) the Alibaba ADS you have listed in the Claim Form; or

    (b)    are expressly authorized to act on behalf of the owner thereof.

16.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

17.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing.  This could take substantial time.  Please be patient.

18.    PLEASE NOTE:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its pro rata share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

19.    If you have questions concerning the Claim Form or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data Ltd., at *In re Alibaba Group Holding Ltd. Sec. Litigation* c/o A.B. Data Ltd., P.O. Box 173006, Milwaukee, WI 53217 by email at info@AlibabaClassActionSettlement.com, or by toll-free phone at (877) 869-0223 or you may download the documents from the Settlement Website,

www.AlibabaClassActionSettlement.com.

20.    NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions, including filers submitting Claims on behalf of multiple beneficial owners ("Representative Filers"), may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement Website at www.AlibabaClassActionSettlement.com or you may email the Claims Administrator's electronic filing department at efiling@abdata.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efiling@abdata.com to inquire about your file and confirm it was received and acceptable.

21.    NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.AlibabaClassActionSettlement.com.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@AlibabaClassActionSettlement.com or (877) 869-0223. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (877) 869-0223.**

## PART III – SCHEDULE OF TRANSACTIONS IN ALIBABA ADS

Complete this Part III if and only if you purchased/acquired Alibaba ADS during the period from November 13, 2019 through and including December 23, 2020.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraphs 9-11, above.  Do not include information in this section regarding securities other than Alibaba ADS, as instructed below.

**1.  BEGINNING HOLDINGS** – State the total number of shares of Alibaba ADS held as of the close of trading on November 12, 2019.  (Must be documented.)  If none, write "zero" or "0." _____

**2a.  PURCHASES/ACQUISITIONS OF ALIBABA ADS DURING THE SETTLEMENT CLASS PERIOD THROUGH MARCH 23, 2021** – Separately list each and every purchase/acquisition (including free receipts) of Alibaba ADS from after the opening of trading on November 13, 2019, through and including the close of trading on March 23, 2021.  (Must be documented.) If you acquired Alibaba ADS via conversion from Alibaba Ordinary Shares, those transactions should be listed in section 2b, below.

| Date of Purchase/Acquisition of ADS (List Chronologically) (Month/Day/Year) | Number of ADS Purchased/ Acquired | Purchase/ Acquisition Price Per ADS | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /      / | | $ | $ |
| /      / | | $ | $ |
| /      / | | $ | $ |
| /      / | | $ | $ |
| /      / | | $ | $ |

**2b.  CONVERSIONS OF ALIBABA ORDINARY SHARES TO ADS DURING THE SETTLEMENT CLASS PERIOD THROUGH MARCH 23, 2021** – Separately list each and every conversion of Alibaba Ordinary Shares to ADS from after the opening of trading on November 13, 2019, through and including the close of trading on March 23, 2021.  (Must be documented.)  If you acquired Alibaba ADS via conversion from Ordinary Shares, please also complete section 2c, below.

| Date of Conversion to ADS (List Chronologically) (Month/Day/Year) | Number of ADS acquired in Conversion |
|---|---|
| /      / | |
| /      / | |
| /      / | |
| /      / | |

7

**2c. PURCHASES OF ALIBABA ORDINARY SHARES THAT WERE CONVERTED TO ADS DURING THE SETTLEMENT CLASS PERIOD THROUGH MARCH 23, 2021** – If you identified Alibaba ADS acquired via conversion of Ordinary Shares in section 2b, above, separately list each and every purchase of Alibaba Ordinary Shares purchased on the Hong Kong Stock Exchange through and including the close of trading on March 23, 2021.

| Date of Purchase/Acquisition of Alibaba Ordinary Shares (List Chronologically) (Month/Day/Year) | Number of Alibaba Ordinary Shares Purchased/Acquired |
|---|---|
| /    / | |
| /    / | |
| /    / | |
| /    / | |

**3a. SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH MARCH 23, 2021** – Separately list each and every sale/disposition (including free deliveries) of Alibaba ADS from after the opening of trading on November 13, 2019, through and including the close of trading on March 23, 2021. (Must be documented.) If you cancelled Alibaba ADS via conversion to Alibaba Ordinary Shares, those transactions should be listed in section 3b, below.

**IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**3b. CANCELLATION OF ALIBABA ADS VIA CONVERSION TO ALIBABA ORDINARY SHARES DURING THE SETTLEMENT CLASS PERIOD THROUGH MARCH 23, 2021** – Separately list each and every cancellation of Alibaba ADS via conversion to Alibaba Ordinary Shares from after the opening of trading on November 13, 2019, through and including the close of trading on March 23, 2021. (Must be documented.)

| Date of ADS Cancellation (List Chronologically) (Month/Day/Year) | Number of ADS Cancelled |
|---|---|

| | |
|---|---|
| /     / | |
| /     / | |
| /     / | |
| /     / | |
| /     / | |

**4. ENDING HOLDINGS –** State the total number of shares of Alibaba ADS held as of the close of trading on March 23, 2021. (Must be documented.) If none, write "zero" or "0." _____

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

---

### *PART VI – RELEASE OF CLAIMS AND SIGNATURE*

### *YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN*

### *ON PAGE 10-11 OF THIS CLAIM FORM.*

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation and Agreement of Settlement dated October 25, 2024 ("Stipulation"), I (we), on behalf of myself (ourselves), and on behalf of my (our) (the claimant(s)') heirs, executors, predecessors, successors, assigns, parents, subsidiaries, current and former officers and directors, beneficiaries and legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Plaintiffs' Claims (as defined in the Stipulation and in the Notice), shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees (as defined in the Stipulation and in the Notice), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

     1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

     2.    that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the

Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Notice and in paragraph 3 on page 3 of this Claim Form;

3.      that I (we) own(ed) the Alibaba ADS identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      that the Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Alibaba ADS and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

6.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

7.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

8.      that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.      that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he, she or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of Claimant                                              Date

_____
Print your name here

_____
Signature of joint Claimant, if any                               Date

_____
Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

10

Signature of person signing on behalf of Claimant                    Date

Print your name here

CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC*. (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 14 ON PAGE 5 OF THIS CLAIM FORM.)

## **REMINDER CHECKLIST:**

1. Please sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original security certificates or documentation. These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (877) 869-0223.**

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@AlibabaClassActionSettlement.com, or toll-free at (877) 869-0223 or visit www.AlibabaClassActionSettlement.com. Please DO NOT call Alibaba, the Individual Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2025**, ADDRESSED AS FOLLOWS:

*In re Alibaba Group Holding Ltd. Sec. Litigation*
c/o A.B. Data Ltd.,
P.O. Box 173006
Milwaukee, WI 53217
(877) 869-0223

OR SUBMITTED ONLINE AT WWW.ALIBABACLASSACTIONSETTLEMENT.COM **ON OR BEFORE _____, 2025**.

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2025 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the

Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT A-3

**Exhibit A-3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ALIBABA GROUP HOLDING LTD. SECURITIES LITIGATION | Master File No. 1:20-CV-09568-GBD-JW

Hon. George B. Daniels |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING;
AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:  All persons and entities that purchased or otherwise acquired Alibaba American
Depositary Shares ("ADS"; NYSE ticker symbol: BABA) during the period between
November 13, 2019 and December 23, 2020 inclusive (the "Settlement Class"):**[1]

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED
BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil
Procedure and an Order of the United States District Court for the Southern District of New York,
that the above-captioned litigation (the "Action") has been certified as a class action on behalf of
the Settlement Class, except for certain persons and entities who are excluded from the Settlement
Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and
Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of
Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed
settlement of the Action for $433,500,000.00 in cash (the "Settlement"), that, if approved, will
resolve all claims in the Action.

A hearing will be held on _____, 2025 at __:__ _.m., before the Honorable
George B. Daniels at the United States District Court for the Southern District of New York, Daniel
Patrick Moynihan United States Courthouse, Courtroom 11A, 500 Pearl Street, New York, NY
10007, to determine (i) whether the proposed Settlement should be approved as fair, reasonable,
and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and
the Releases specified and described in the Stipulation (and in the Notice) should be granted; (iii)

---

[1] All capitalized terms used in this Summary Notice that are not otherwise defined herein have the
meanings ascribed to them in the Stipulation and Agreement of Settlement dated October 25, 2024
(the "Stipulation"), which is available at www.AlibabaClassActionSettlement.com.

whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *In re Alibaba Group Holding Ltd. Sec. Litigation*, c/o A.B. Data Ltd., P.O. Box 173006, Milwaukee, WI 53217, (877)-869-0223. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.AlibabaClassActionSettlement.com.

If you are a member of the Settlement Class, to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *online or postmarked* no later than _____, 2025. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2025, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2025, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Alibaba, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Kara M. Wolke, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(888) 773-9224
settlements@glancylawlaw.com

Requests for the Notice and Claim Form should be made to:

*In re Alibaba Group Holding Ltd. Sec. Litigation*
c/o A.B. Data Ltd.,
P.O. Box 173006

Milwaukee, WI 53217
(877)-869-0223
info@AlibabaClassActionSettlement.com

By Order of the Court

EXHIBIT B

**Exhibit B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ALIBABA GROUP HOLDING LTD. SECURITIES LITIGATION | Master File No. 1:20-CV-09568-GBD-JW |
| | Hon. George B. Daniels |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *In re Alibaba Group Holding Ltd. Securities Litigation*, Case No. 1:20-cv-09568-GBD-JW (the "Action");

WHEREAS, (a) lead plaintiff Salem Gharsalli ("Lead Plaintiff"), and additional representative plaintiffs Laura Ciccarello, Dineshchandra Makadia, and Wusheng Hu (collectively, with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants Alibaba Group Holding Ltd. ("Alibaba"), Daniel Yong Zhang ("Zhang"), Maggie Wei Wu ("Wu"), and former defendant Jack Yun Ma ("Ma") (Zhang, Wu, and Ma, collectively, the "Individual Defendants"; and together with Alibaba, "Defendants"; and together with Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated October 25, 2024 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2024 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____, 2025 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all Parties and each of the Settlement Class Members.

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on October 25, 2024; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____, 2024.

2

3.        **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and/or entities that purchased or otherwise acquired Alibaba American Depositary Shares ("ADS"; NYSE: BABA) between November 13, 2019 and December 23, 2020, inclusive (the "Settlement Class Period").  Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; (b) Defendants; the present and former officers and directors of Alibaba at all relevant times; members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (b), has or had a controlling interest at any time; (c) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (d) present and former parents, subsidiaries, assigns, successors, and predecessors of Alibaba; and (e) Defendants' liability insurance carriers. [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.]

4.        **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class.  Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.      <u>**Notice**</u> – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6.      <u>**Final Settlement Approval and Dismissal of Claims**</u> – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.  The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.    The Action and all claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.    **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9.    **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.   The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Plaintiffs' Releasors shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

(b)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants' Releasors shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled,

5

released, resolved, relinquished, waived and discharged each and every Released Defendants'
Claim against Named Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred
enjoined from prosecuting any or all of the Released Defendants' Claims against any of the
Plaintiffs' Releasees.  [This Release shall not apply to any person or entity listed on Exhibit 1
hereto.]

10.    Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar
any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this
Judgment.

11.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their
respective counsel have complied in all respects with the requirements of Rule 11 of the Federal
Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement
of the Action.

12.    **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether
or not consummated), including the exhibits thereto and the Plan of Allocation contained therein
(or any other plan of allocation that may be approved by the Court), the negotiations leading to the
execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in
connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any
arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants' Releasees as evidence of, or
construed as, or deemed to be evidence of any presumption, concession, or admission by any of
the Defendants' Releasees with respect to the truth of any fact alleged by Named Plaintiffs or the
validity of any claim that was or could have been asserted or the deficiency of any defense that has
been or could have been asserted in this Action or in any other litigation, or of any liability,

6

negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13.    **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion

to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

14.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of July 3, 2024, as provided in the Stipulation.

17.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2025.


_____
Hon. George B. Daniels
United States District Judge

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**