# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ALIBABA GROUP LTD. SECURITIES LITIGATION | Master File No. 1:20-CV-09568-GBD-JW |

**DECLARATION OF ADAM D. WALTER REGARDING:**
**(A) MAILING OF NOTICE AND CLAIM FORM;**
**(B) PUBLICATION OF SUMMARY NOTICE; AND**
**(C) REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

I, Adam D. Walter, declare as follows:

1.      I am a Director of A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"), whose Corporate Office is located in Milwaukee, Wisconsin.[1]  Pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice entered on October 28, 2024 (ECF No. 139, the "Preliminary Approval Order"), A.B. Data was appointed to act as the Claims Administrator in connection with the Settlement of the above-captioned action (the "Action").  I submit this Declaration to provide the Court and the Parties to the Action information regarding, among other things, the mailing of the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), and Proof of Claim Form (the "Claim Form", and together with the Notice, the "Notice Packet") and publication of the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Summary Notice"), as well as updates concerning other aspects of the settlement administration process.  The following statements are based on my personal knowledge and, if called as a witness, I could and would testify competently thereto.

## MAILING OF THE NOTICE PACKET

2.      Pursuant to the Preliminary Approval Order, A.B. Data mailed the Notice Packet to potential Settlement Class Members.  A true and correct copy of the Notice Packet is attached hereto as Exhibit A.

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated October 25, 2024 (ECF No. 136-1, the "Stipulation").

1

3.      On November 18, 2024, A.B. Data received from Defendants' Counsel a list containing the names and addresses of record holders ("Record Holder List") for the purchasers of Alibaba Group Holding Limited ("Alibaba") American Depository Shares ("ADS") during the Settlement Class Period.

4.      Additionally, as in most securities class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the respective nominees, on behalf of the beneficial purchasers.  A.B. Data maintains a proprietary database with the names and addresses of the largest and most common banks, brokers, and other nominees (the "Broker Mailing Database").

5.      On November 26, 2024, A.B. Data caused the Notice Packet to be sent by First-Class Mail to the combined 4,933 mailing records contained in the Record Holder List and the Broker Mailing Database.

6.      Contemporaneously with the mailing of the Notice Packet, A.B. Data posted downloadable copies of: (a) the Notice; and (b) the Claim Form online at www.AlibabaClassActionSettlement.com (the "Settlement Website").  Upon request, A.B. Data mailed copies of the Notice and/or Claim Form to Settlement Class Members, and will continue to do so until the deadline to submit a Claim Form has passed.

7.      A.B. Data also sent an email to each of the nominees on the Broker Mailing Database, which included a copy of the Notice Packet, eFiling Guidelines, and an eFiling Template.  A true and correct copy of the email is attached hereto as Exhibit B.

8.      The Notice Packet directed those who purchased or otherwise acquired Alibaba ADSs during the period November 13, 2019 through December 23, 2020, both dates inclusive, for

the beneficial interest of persons or entities other than themselves to, within seven (7) calendar days of receipt of the Claims Administrator's notice of the Settlement, either: (a) request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; (b) request a link to the Notice Packet and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) provide a list of the names, mailing addresses, and email addresses (to the extent available) of all such beneficial owners to *In re Alibaba Group Holding Ltd., Sec. Litigation*, c/o A.B. Data, Ltd., P.O. Box 173006, Milwaukee, WI 53217.

9.    As of February 10, 2025, A.B. Data received an additional 210,977 names and addresses of potential Settlement Class Members from individuals or brokerage firms, banks, institutions, and other nominees.  A.B. Data has also received requests from Nominees for 413,805 Notice Packets to forward directly by the Nominees to their customers.  Additionally, A.B. Data received a request from Broadridge Financial Solutions ("Broadridge") to provide an email link to the Notice Packet to send to its list of potential Settlement Class Members.  Broadridge has confirmed that it disseminated the link to the Notice Packet to 453,095 individuals and entities that are potential Settlement Class Members.  All such requests have been, and will continue to be, honored in a timely manner.

10.    As of February 10, 2025, a total of 635,096 Notice Packets have been mailed to potential Settlement Class Members and their nominees.  Of these, A.B. Data re-mailed 5,381 Notice Packets to persons and entities whose original mailings were returned by the United States Postal Service ("USPS") and for whom updated addresses were either provided to A.B. Data by the USPS or ascertained through a third-party information provider.

11.     In sum, as of February 10, 2025, notice of the Settlement has been disseminated to 1,088,190 potential Settlement Class Members and nominees, which includes 635,095 mailed Notice Packets and 453,095 emailed links to the Notice Packet.

## PUBLICATION OF THE SUMMARY NOTICE

12.     In accordance with paragraph 7(d) of the Preliminary Approval Order, A.B. Data caused the Summary Notice to be published in *Investor's Business Daily* and released via *PR Newswire* on December 9, 2024.  True and correct copies of proof of publication of the Summary Notice in *Investor's Business Daily* and over *PR Newswire* are attached hereto as Exhibits C and D, respectively.

## TELEPHONE HELPLINE

13.     On November 26, 2024, A.B. Data established a case-specific, toll-free telephone helpline, 877-869-0223, with an interactive voice response system and live operators, to: (a) accommodate potential Settlement Class Members with questions about the Action and the Settlement; and/or (b) request a Notice and Claim Form.  The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions.  Callers requiring further help have the option of being transferred to a live operator during business hours.  A.B. Data continues to maintain the telephone helpline and will update the interactive voice response system as necessary throughout the administration of the Settlement.

14.     As of February 10, 2025, A.B. Data has received a total of 1,229 calls to the toll-free number dedicated to the Settlement, including 126 that were handled by a live operator. A.B. Data has promptly responded to each telephone inquiry and will continue to address potential Settlement Class Members' inquiries.

**SETTLEMENT WEBSITE**

15.     In accordance with paragraph 7(c) of the Preliminary Approval Order, A.B. Data designed, implemented, and currently maintains the Settlement Website, a case-specific website dedicated to the Settlement.  The Settlement Website became operational on November 26, 2024, and is accessible 24 hours a day, 7 days a week.  Among other things, the Settlement Website includes general information regarding the Settlement, including the exclusion, objection, and claim-filing deadlines, as well as the date and time of the Court's Settlement Hearing.  In addition, A.B. Data posted downloadable copies of the Stipulation, Preliminary Approval Order, Notice, Claim Form, Complaint, and other relevant Court documents related to the Action to the Settlement Website.

16.     Moreover, the Settlement Website allows potential Settlement Class Members to file claims online and provides instructions and a claim filing template for institutional investors.

17.     As of February 10, 2025, there have been 29,939 unique visitors to the Settlement Website and 60,263 pageviews

18.     The Settlement Website will continue to be updated with relevant case information and Court Documents.

**REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

19.     The Notice informed potential Settlement Class Members that requests for exclusion are to be sent to the Claims Administrator, such that they are received no later than March 6, 2025.  The Notice also sets forth the information that must be included in each request for exclusion.  As of February 10, 2025, A.B. Data has received six (6) requests for exclusion.  A list containing the exclusion identification number, name, city, state, country, and date of each request is attached hereto as Exhibit E, together with a redacted copy of the request.

5

20.    According to the Notice, Settlement Class Members wishing to object to the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses are required to submit their objection in writing to the Court and mail copies to Lead Counsel and Defendants' Counsel such that the papers were received on or before March 6, 2025.  Despite these instructions, Settlement Class Members sometimes send objections to the Claims Administrator instead.  As of the date of this Declaration, A.B. Data has not received any objections, and is not aware of any objections being filed with the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 10, 2025.

Adam D. Walter

6

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: ALIBABA GROUP HOLDING LTD. SECURITIES LITIGATION | Master File No. 1:20-CV-09568-GBD-JW<br><br>Hon. George B. Daniels |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**
*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court") if you purchased or otherwise acquired Alibaba Group Holding Limited ("Alibaba") American Depositary Shares ("ADS"; NYSE ticker symbol: BABA) during the period November 13, 2019 through December 23, 2020, inclusive (the "Settlement Class Period").[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Plaintiffs in the above-captioned action, on behalf of themselves and the Settlement Class (as defined in ¶25 below), have reached a proposed settlement of the Action for $433,500,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Alibaba, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶93 below).**

1.  **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Alibaba, Daniel Yong Zhang ("Zhang"), Maggie Wei Wu ("Wu"), and former defendant Jack Yun Ma ("Ma") (collectively, "Defendants")[2] violated the federal securities laws by making false and misleading statements regarding Alibaba.  A more detailed description of the Action is set forth in ¶¶11-21 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶25 below.

2.  **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $433,500,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth in ¶¶53-76 below.

3.  **Estimate of Average Amount of Recovery Per ADS:**  Plaintiffs' damages expert estimates approximately 683.3 million shares of Alibaba ADS purchased during the Settlement Class Period may have been affected by the conduct at issue in the Action.  If all eligible Settlement Class Members elect to participate in the Settlement, the estimated average recovery would be $0.63 per affected share of Alibaba ADS (before the deduction of any Court-approved fees, expenses, and costs as described herein).  Settlement Class Members should note, however, that the foregoing is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Alibaba ADS, and the total number of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* ¶¶53-76 below) or such other plan of allocation as may be ordered by the Court.

4.  **Average Amount of Damages Per ADS:**  The Parties do not agree on the average amount of damages per Alibaba ADS that would be recoverable if Plaintiffs were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.  **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2020, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel, Glancy Prongay & Murray LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 30% of the

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated October 25, 2024 (the "Stipulation"), which is available at www.AlibabaClassActionSettlement.com.

[2]  Defendants Zhang, Wu, and Ma are collectively referred to herein as the "Individual Defendants."

Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $1,500,000, which may include an application for payment pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") to Plaintiffs for an amount not to exceed $85,000 (in total) related to their representation of the Settlement Class.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  If the maximum amounts are requested and the Court approves Lead Counsel's fee and expense application, the estimated average amount of fees and expenses, assuming claims are filed for all affected shares, will be approximately $0.19 per affected Alibaba ADS.

6.  **Identification of Attorneys' Representatives:**  Plaintiffs and the Settlement Class are represented by Kara M. Wolke, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888) 773-9224, settlements@glancylaw.com.

7.  **Reasons for the Settlement:**  Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN MARCH 26, 2025.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶35 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶36 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN MARCH 6, 2025.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN MARCH 6, 2025.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON MARCH 27, 2025, AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN MARCH 6, 2025.** | Filing a written objection and notice of intention to appear by March 6, 2025, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement, and you will be bound by any judgments or orders entered by the Court in the Action. |

| WHAT THIS NOTICE CONTAINS | |
|---|---|

| Why Did I Get This Notice? | Page 3 |
|---|---|
| What Is This Case About? | Page 3 |
| How Do I Know If I Am Affected By The Settlement? | |
|    Who Is Included In The Settlement Class? | Page 5 |
| What Are Plaintiffs' Reasons For The Settlement? | Page 5 |
| What Might Happen If There Were No Settlement? | Page 5 |
| How Are Settlement Class Members Affected By The Action | |
|    And The Settlement? | Page 5 |
| How Do I Participate In The Settlement?  What Do I Need To Do? | Page 7 |

How Much Will My Payment Be?                                                                                Page 7

What Payment Are The Attorneys For The Settlement Class Seeking?

  How Will The Lawyers Be Paid?                                                                      Page 10

What If I Do Not Want To Be A Member Of The Settlement Class?

   How Do I Exclude Myself?                                                                        Page 11

When And Where Will The Court Decide Whether To Approve The Settlement?

   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
   Don't Like The Settlement?                                                                     Page 11

What If I Bought Shares On Someone Else's Behalf?                                           Page 12

Can I See The Court File?  Whom Should I Contact If I Have Questions?           Page 12

## WHY DID I GET THIS NOTICE?

8.  The Court directed that this Notice be mailed to you because you or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired Alibaba ADS during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.  The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* ¶83 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.  On November 13, 2020, Plaintiff Laura Ciccarello initiated this Action by filing a Class Action Complaint for Violations of the Federal Securities Laws against defendants Alibaba, Zhang, and Wu in the Court (the "Initial Complaint") in *Ciccarello v. Alibaba Group Holding Ltd., et al.*, Case No. 1:20-cv-09568-GBD.  The Initial Complaint alleged that Alibaba, Zhang, and Wu made materially false and/or misleading statements relating to the then-anticipated Initial Public Offering ("IPO") of Ant Group Co., Ltd. ("Ant Group"), in which Alibaba owned a 33% equity interest, in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

12.  On February 10, 2022, pursuant to the PSLRA, the Court entered an order appointing Salem Gharsalli as Lead Plaintiff in the Action, and approving his selection of Glancy Prongay & Murray LLP as Lead Counsel.

13.  On April 22, 2022, Lead Plaintiff Salem Gharsalli, together with additional named plaintiffs Laura Ciccarello, Dineshchandra Makadia, and Yan Tongbiao, filed the Consolidated Amended Class Action Complaint (the "Complaint"), asserting claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder during the period July 10, 2020, through December 23, 2020, and adding Alibaba founder Jack Ma as a named defendant.  Among other things, the Complaint alleged that Alibaba and Ma violated the Exchange Act by misrepresenting and/or scheming to conceal certain material regulatory or political risks relating to the then-anticipated IPO of Ant Group (the "Ant Group IPO Claim").  The Complaint also alleged that Alibaba, Zhang, and Wu violated the Exchange Act by misrepresenting and failing to disclose certain material facts relating to Alibaba's alleged use of merchant exclusivity practices in violation of Chinese laws (the "Antitrust Claim").  In particular, the Complaint alleged that during a Chinese State Administration for Market Regulation ("SAMR") administrative guidance meeting on November 5, 2019, the SAMR instructed Alibaba and other e-commerce platforms that the use of exclusive partnerships and/or restricting the operations of merchants on other e-commerce platforms violated Chinese e-commerce, anti-trust, and anti-unfair competition laws, and that despite the SAMR's instructions, Alibaba thereafter continued to use unlawful merchant exclusivity practices.  Finally, the Complaint alleged that Ma violated SEC Rule 10b5-1 for selling or causing to be sold Alibaba ADS owned or beneficially owned by him while in possession of material non-public information relating to the Ant Group IPO and Alibaba's alleged exclusivity practices.

14.  The Complaint averred that as a result of the alleged misrepresentations and omissions relating to the Ant Group IPO and Alibaba's ongoing use of merchant exclusivity practices, the price of Alibaba ADS was artificially inflated during the alleged class period.  The Complaint alleged that the suspension of the Ant Group IPO on November 3, 2020, in response to which Alibaba's ADS price fell $25.27 per share (8.13%), constituted a materialization of the undisclosed political and regulatory risks relating to Ant Group.  The Complaint also alleged that undisclosed risks relating to Alibaba's ongoing use of merchant exclusivity practices partially materialized, and/or that the truth of Alibaba's ongoing use of such practices was partially revealed, when: (i) on November 10, 2020, multiple news outlets reported that the SAMR published new draft rules aimed at anti-competitive practices by online platforms, including merchant exclusivity practices like those allegedly used by Alibaba, in response to which Alibaba's ADS price fell $23.99 per share (8.26%) on

November 10, 2020; and (ii) after the close of trading on December 23, 2020, the SAMR announced that it launched an investigation in response to reports regarding Alibaba's alleged use of exclusivity practices, in response to which Alibaba's ADS price fell $34.18 per share (13.34%) on December 24, 2020.

15. On July 21, 2022, Defendants filed two separate motions to dismiss the Complaint for failure to state a claim. The motions were fully briefed and oral argument on the motions was held on January 11, 2023. On March 22, 2023, the Court entered its Memorandum and Order that granted in part and denied in part Defendants' motions. The Ant Group IPO Claim and the insider trading claims against defendant Ma were dismissed in their entirety,[3] but the Antitrust Claims were sustained, in part. Notably, the Court dismissed the alleged price drops on November 3, 2020 and November 10, 2020, holding that the news prompting those two price drops did not constitute corrective disclosures of fraudulently misrepresented or concealed facts.

16. On May 5, 2023, Defendants filed their Answer and Affirmative Defenses to the Complaint.

17. On October 4, 2023, in advance of filing their motion for class certification, Plaintiffs filed the sworn PSLRA certification of Wusheng Hu, in anticipation of including Mr. Hu as an additional class certification movant and proposed class representative.

18. On October 6, 2023, Plaintiffs filed their motion for class certification, which included an expert report by Dr. David Tabak, Ph.D., on the topic of market efficiency. Throughout November and December 2023, Defendants took the depositions of each of the four proposed class representatives (Mr. Gharsalli, Ms. Ciccarello, Dr. Makadia, and Mr. Hu), as well as Plaintiffs' expert, Dr. Tabak.[4] On January 19, 2024, Defendants filed their opposition to Plaintiffs' class certification motion, together with the expert report of Dr. Glenn Hubbard, which sought to defeat class certification by demonstrating the absence of price impact associated with the alleged misrepresentations. On March 21, 2024, Plaintiffs took the deposition of Defendants' expert, Dr. Hubbard. On April 19, 2024, Plaintiffs filed their reply in support of class certification, together with the expert reply report of Dr. Tabak, which sought to rebut Dr. Hubbard's opinions.

19. Counsel for Plaintiffs and Defendants have conducted extensive fact discovery relevant to the claims and defenses in the Action. Following extensive negotiations over the parameters of discovery, Defendants ultimately produced, and Plaintiffs' Counsel reviewed, more than 1.07 million pages of documents in this Action. At the time the agreement to settle was reached, Plaintiffs were preparing for depositions of Alibaba witnesses to begin in Hong Kong in or around September 2024.

20. While the Parties believe in the merits of their respective positions, they also recognized the risks attendant to this litigation and the benefits that would accrue if they could reach an agreement to resolve the Action. Thus, the Parties agreed to participate in private mediation and selected former United States District Court Judge Layn R. Phillips to serve as the mediator. In advance of the mediation, the Parties exchanged, and provided to Judge Phillips, detailed mediation statements, including opening and reply briefs, together with exhibits that addressed issues of both liability and damages. On May 8, 2024, the Parties engaged in a full-day mediation session with Judge Phillips. The mediation ended without any agreement being reached.

21. While the mediation ended without an agreement to settle, the Parties continued to participate in settlement negotiations through the mediator's office to explore whether a settlement could be reached. Following substantial additional negotiations over the ensuing months, Judge Phillips ultimately presented a mediator's recommendation that the Action be settled for $433,500,000. The Parties accepted the mediator's proposal.

22. Based on the investigation and mediation of the case and Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

23. Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants expressly denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶36 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

24. On October 28, 2024, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

[3] Regarding the Ant Group IPO Claim, the Court held that Plaintiffs, as investors in Alibaba's ADS, did not purchase the securities about which the alleged misstatements were made (*i.e.*, Ant Group securities) and, therefore, lacked standing to challenge statements relating to Ant Group. Regarding the other claims against Mr. Ma, the Court held that it lacked personal jurisdiction over him and that he did not violate insider trading rules because Plaintiffs did not plausibly allege that Mr. Ma knowingly possessed material nonpublic information regarding Alibaba's exclusivity practices when he allegedly sold Alibaba ADS.

[4] Yan Tongbiao, who was a named plaintiff in the Complaint, did not move to be appointed as a class representative.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? |
| --- |
| WHO IS INCLUDED IN THE SETTLEMENT CLASS? |

25.  If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons and/or entities that purchased or otherwise acquired Alibaba ADS between November 13, 2019 and December 23, 2020, inclusive.

Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; (b) Defendants; the present and former officers and directors of Alibaba at all relevant times; members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (b), has or had a controlling interest at any time; (c) any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (d) present and former parents, subsidiaries, assigns, successors, and predecessors of Alibaba; and (e) Defendants' liability insurance carriers.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" on page 11 below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN SUBMITTED ONLINE OR POSTMARKED NO LATER THAN MARCH 26, 2025.**

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| --- |

26.  Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through class certification, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Indeed, the Court had already narrowed the case significantly by dismissing the Ant Group IPO Claim in its entirety and dismissing the insider trading claims against Alibaba's founder, Mr. Jack Ma.  With respect to the remaining Antitrust Claims, Plaintiffs and Lead Counsel recognized that Defendants had numerous factual and legal defenses that could preclude any recovery.  For example, Defendants would assert that Plaintiffs could not prove that the challenged statements relating to the surviving Antitrust Claim were materially false or misleading, and that even if Plaintiffs did prevail in proving that the challenged statements were materially false or misleading, the statements were not made with the requisite state of mind to support the securities fraud claims alleged (which requires intent to defraud or recklessness).  As a result, Plaintiffs faced the very real risk that a jury would conclude that statements alleged to be materially false and misleading were not; and that the Defendants did not act with the requisite culpable mental state.  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statement would be hotly contested because Defendants have strongly challenged loss causation in this case, arguing, among other things, that the alleged misrepresentations did not cause the ADS price drop on December 23, 2020, and/or that other factors caused or contributed to the price drop on that day.  Plaintiffs would also have had to prevail at several other litigation stages, including class certification, summary judgment, and trial, and if they prevailed on those, they would have to further prevail on the appeals that were likely to follow, in order to recover money for the class.  In short, there were very significant risks attendant to the continued prosecution of the Action and no guarantee that an amount greater than $433,500,000 would be recovered, or that there would be any recovery at all.

27.  In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $433,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery, after class certification, summary judgment, trial, and appeals, possibly years in the future.

28.  Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
| --- |

29.  If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other Settlement Class Members would recover anything from Defendants.  Also, if Defendants succeeded in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
| --- |

30.  As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

31.  If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," below.

32.  If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

33.  If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs' Releasors (as defined in ¶34 below) shall be deemed to have, and by operation of law and of the final judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶35 below) against the Defendants and the other Defendants' Releasees (as defined in ¶36 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

34.  "Plaintiffs' Releasors" means (i) Named Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members (whether or not such Settlement Class Members execute and deliver the Proof of Claim or share in the Net Settlement Fund), (ii) each of their respective heirs, executors, predecessors, successors, assigns, parents, subsidiaries, current and former officers and directors, beneficiaries, or legal representatives, in their capacities as such, and (iii) any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, in that capacity.

35.  "Released Plaintiffs' Claims" means any and all Claims, including Unknown Claims, that (i) are currently or were previously alleged or asserted in the Action, regardless of whether such Claims have been dismissed by the Court, or (ii) could have been alleged or asserted in the Action or could in the future be alleged or asserted in any federal, state, or foreign court, tribunal, forum, or proceeding that arise out of, relate to, or are based upon the allegations, acts, transactions, facts, events, matters, occurrences, representations, statements, or omissions involved, set forth, or referred to in the Action and that relate to the purchase, acquisition, holding, sale, or disposition of any Alibaba ADS.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

36.  "Defendants' Releasees" means (i) Alibaba, and its past, present, and future, direct or indirect, parent entities, affiliates, and subsidiaries, each and all of their respective past, present, and future directors, officers, partners, stockholders, predecessors, successors, employees, underwriters, advisors, attorneys, auditors, consultants, trustees, insurers, co-insurers, reinsurers, representatives, and assigns, in their capacities as such; (ii) the Individual Defendants and their respective Immediate Family members, in their capacities as such; (iii) any and all firms, trusts, corporations, and other entities in which any of the Defendants has a controlling interest, and, in their capacity as such, any and all officers, directors, employees, trustees, beneficiaries, settlors, attorneys, consultants, agents, or representatives of any such firm, trust, corporation, or other entity; and (iv) in their capacity as such, the legal representatives, heirs, executors, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns of any of the foregoing. For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by, or are under common control with Alibaba or the Individual Defendants.

37.  "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff Releasor does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant Releasor does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Named Plaintiffs and each of the Defendants shall expressly waive, and each of the other Releasors shall be deemed to have waived, and by operation of the final judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Named Plaintiffs, any other Settlement Class Member, Defendants, and the other Releasors may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Named Plaintiffs and each of the Defendants shall expressly waive, and each of the other Releasors shall be deemed to have waived, and by operation of the final judgment shall have fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Named Plaintiffs and each of the Defendants acknowledge, and each of the other Releasors shall be deemed by operation of the final judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

38.  The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants' Releasors (as defined in ¶39 below) shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled,

released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶40 below) against Named Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶41 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

39.  "Defendants' Releasors" means Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, current and former officers and directors, agents, fiduciaries, beneficiaries, or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Defendants' Claims on behalf of any Defendant, in that capacity.

40.  "Released Defendants' Claims" means any and all Claims, including Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

41.  "Plaintiffs' Releasees" means (i) Named Plaintiffs, Lead Counsel, all Settlement Class Members, any other plaintiffs in the Action and their counsel, and (ii) each of their respective Immediate Family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; all in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

42.  To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **submitted online or postmarked no later than March 26, 2025**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.AlibabaClassActionSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator tollfree at 1-877-869-0223.  Please retain all records of your ownership of, and transactions in, Alibaba ADS, as they may be needed to document your Submitted Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

43.  At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

44.  Pursuant to the Settlement, Alibaba has agreed to pay or cause to be paid FOUR HUNDRED THIRTY-THREE MILLION FIVE HUNDRED THOUSAND U.S. DOLLARS ($433,500,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

45.  The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

46.  Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

47.  Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

48.  Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form online or postmarked on or before March 26, 2025, shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.

49.  Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Alibaba ADS held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those ADS that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of Alibaba ADS during the Settlement Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

50.  The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Submitted Claim of any Settlement Class Member.

51. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

52. Only Settlement Class Members, *i.e.*, persons and/or entities that purchased or otherwise acquired Alibaba ADS during the Settlement Class Period and suffered compensable losses as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are the Alibaba ADS.

## PROPOSED PLAN OF ALLOCATION

53. The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

54. The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis. Recognized Loss Amounts are based primarily on the decline in the price of Alibaba ADS[5] over the period which Plaintiffs allege corrective information was entering the market place.

55. In this Action, the first date on which Defendants made false or misleading statements and/or omitted material facts resulting in artificial inflation in Alibaba's ADS price was November 13, 2019. Plaintiffs allege that the price of Alibaba's ADS remained artificially inflated through and including December 23, 2020, when, after the close of trading, the SAMR announced its investigation into Alibaba's merchant exclusivity practices (the "Corrective Disclosure").

56. The estimated alleged artificial inflation in the price of Alibaba ADS during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Alibaba ADS during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the December 23, 2020, public announcement that allegedly corrected the misrepresentations alleged by Plaintiffs. The estimated alleged artificial inflation in the price of Alibaba ADS also reflects the Court's order on Defendants' motion to dismiss the Complaint, which dismissed certain alleged corrective events, as well as Lead Counsel's assessment of potential loss causation defenses associated with alleged corrective events.

57. In order to have recoverable damages, disclosures correcting the alleged misrepresentations must be the cause of the decline in the price of the Alibaba ADS. In this Action, a corrective disclosure allegedly removed the artificial inflation from the price of Alibaba ADS on December 23, 2020 (the "Corrective Disclosure Date"). Accordingly, in order to have a Recognized Loss Amount, Alibaba ADS must have been purchased or acquired during the Settlement Class Period and held through the Corrective Disclosure Date. If an Alibaba ADS was sold or otherwise disposed of before December 24, 2020, the Recognized Loss for that ADS is $0.00, and any loss suffered is not compensable under the federal securities laws.

| Table 1 | | |
| Artificial Inflation in Alibaba ADS | | |
| **From** | **To** | **Per-Share Inflation** |
| --- | --- | --- |
| November 13, 2019 | December 23, 2020 | $34.04 |
| December 24, 2020 | Thereafter | $0.00 |

58. To the extent a Claimant does not satisfy one of the conditions set forth in the preceding paragraph, his, her, or its Recognized Loss Amount for those transactions will be zero.

59. The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss Amount. The limitations on the calculation of the Recognized Loss Amount imposed by the PSLRA are applied such that losses on Alibaba ADS purchased/acquired during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such ADS and the average price of the ADS during the 90-Day Lookback Period. The Recognized Loss Amount on Alibaba ADS purchased/acquired during the Settlement Class Period and sold (or otherwise disposed of) during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such ADS and the rolling average price of the ADS during the portion of the 90-Day Lookback Period elapsed as of the date of sale/disposition.

60. In the calculations below, all purchase and sale prices shall exclude any fees, taxes, and commissions. If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero. Any transactions in Alibaba ADS executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

---

[5] During the Settlement Class Period, Alibaba ADS were listed on the New York Stock Exchange ("NYSE") under the symbol "BABA." Each ADS represents eight Alibaba Ordinary Shares. In November 2019, the Company completed its public offering in Hong Kong and trading of its Ordinary Shares on the Hong Kong Stock Exchange commenced on November 26, 2019, under the stock code "9988." Alibaba ADS purchased or otherwise acquired during the Settlement Class Period are the only security eligible to participate in the Settlement.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale/Disposition Date | 90-Day Lookback Value | Sale/Disposition Date | 90-Day Lookback Value | Sale/Disposition Date | 90-Day Lookback Value |
| 12/24/2020 | $222.00 | 1/26/2021 | $240.40 | 2/24/2021 | $251.19 |
| 12/28/2020 | $222.18 | 1/27/2021 | $241.31 | 2/25/2021 | $250.93 |
| 12/29/2020 | $226.87 | 1/28/2021 | $242.15 | 2/26/2021 | $250.62 |
| 12/30/2020 | $229.75 | 1/29/2021 | $242.64 | 3/1/2021 | $250.42 |
| 12/31/2020 | $230.35 | 2/1/2021 | $243.52 | 3/2/2021 | $250.07 |
| 1/4/2021 | $229.93 | 2/2/2021 | $243.94 | 3/3/2021 | $249.77 |
| 1/5/2021 | $231.43 | 2/3/2021 | $244.66 | 3/4/2021 | $249.36 |
| 1/6/2021 | $230.95 | 2/4/2021 | $245.46 | 3/5/2021 | $249.03 |
| 1/7/2021 | $230.50 | 2/5/2021 | $246.16 | 3/8/2021 | $248.58 |
| 1/8/2021 | $231.07 | 2/8/2021 | $246.70 | 3/9/2021 | $248.37 |
| 1/11/2021 | $230.73 | 2/9/2021 | $247.34 | 3/10/2021 | $248.09 |
| 1/12/2021 | $230.31 | 2/10/2021 | $247.98 | 3/11/2021 | $247.95 |
| 1/13/2021 | $230.69 | 2/11/2021 | $248.62 | 3/12/2021 | $247.65 |
| 1/14/2021 | $231.57 | 2/12/2021 | $249.18 | 3/15/2021 | $247.33 |
| 1/15/2021 | $232.36 | 2/16/2021 | $249.80 | 3/16/2021 | $246.96 |
| 1/19/2021 | $233.57 | 2/17/2021 | $250.38 | 3/17/2021 | $246.71 |
| 1/20/2021 | $235.44 | 2/18/2021 | $250.76 | 3/18/2021 | $246.53 |
| 1/21/2021 | $236.81 | 2/19/2021 | $251.10 | 3/19/2021 | $246.42 |
| 1/22/2021 | $237.96 | 2/22/2021 | $251.18 | 3/22/2021 | $246.26 |
| 1/25/2021 | $239.13 | 2/23/2021 | $251.21 | 3/23/2021 | $246.12 |

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

61.  Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of Alibaba ADS during the Settlement Class Period (*i.e.*, November 13, 2019 through December 23, 2020, inclusive) that is listed on the Claim Form and for which adequate documentation is provided.

62.  For each Alibaba ADS that was purchased/acquired during the period November 13, 2019, through December 23, 2020, inclusive:

a.  that was sold or otherwise disposed of prior to December 24, 2020, the Recognized Loss Amount is $0.00.

b.  that was sold or otherwise disposed of during the period December 24, 2020 through March 23, 2021, inclusive (*i.e.*, the 90-Day Lookback Period), the Recognized Loss Amount is *the least of*:

i.  $34.04; or

ii.  the purchase price *minus* the sale/disposition price; or

iii.  the purchase price *minus* the "90-Day Lookback Value" on the date of sale/disposition as appears in Table 2 below.

c.  that was still held as of the close of trading on March 23, 2021, the Recognized Loss Amount is *the lesser of*:

i.  $34.04; or

ii.  the purchase price *minus* the average closing price for Alibaba ADS during the 90-Day Lookback Period, which is $246.12.

## ADDITIONAL PROVISIONS

63.  The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶66 below) is $10.00 or greater.

64.  **FIFO Matching:** If a Settlement Class Member has more than one purchase/acquisition or sale of Alibaba ADS, all purchases/acquisitions and sales of Alibaba ADS shall be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

65.  **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss Amounts for all Alibaba ADS.

66.  **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

67.  **"Purchase/Sale" Dates:** Purchases or acquisitions and sales or dispositions of Alibaba ADS shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Alibaba ADS during the Settlement Class Period shall not be deemed a purchase, acquisition, or sale of Alibaba ADS for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim

relating to the purchase/acquisition of any Alibaba ADS unless (i) the donor or decedent purchased or otherwise acquired such Alibaba ADS during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Alibaba ADS; and (iii) it is specifically so provided in the instrument of gift or assignment.

68. **Conversions Between Alibaba Ordinary Shares Trading in Hong Kong (9988) and ADS:** Alibaba ADS acquired through the conversion of Alibaba Ordinary Shares are eligible to participate in the Settlement *only* if the Ordinary Shares were purchased on the Hong Kong Stock Exchange during the Settlement Class Period, converted to ADS during the Settlement Class Period, and the ADS were held over the Corrective Disclosure Date. In the calculation of the Recognized Loss Amount for Alibaba ADS acquired during the Settlement Class Period through the conversion of Alibaba Ordinary Shares trading in Hong Kong, (i) the ADS acquisition date shall be the date the ADS were received by the investor; and (ii) the ADS "purchase price" shall be the closing market price of Alibaba ADS (denominated in U.S. Dollars) on the day the ADS were received.[6]

69. Alibaba ADS purchased/acquired during the Settlement Class Period that were subsequently converted to Alibaba Ordinary Shares during the Settlement Class Period are not eligible for a recovery in the Settlement.

70. For Alibaba ADS purchased/acquired during the Settlement Class Period that were subsequently converted to Alibaba Ordinary Shares during the 90-Day Lookback Period, (i) the disposition date for the ADS shall be the date the ADS were cancelled; and (ii) the "sale" price applied to that disposition shall be the closing market price of Alibaba ADS on the day the ADS were cancelled.[7]

71. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Alibaba ADS. The date of a "short sale" is deemed to be the date of sale of Alibaba ADS. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has a short position in Alibaba ADS, the earliest Settlement Class Period purchases or acquisitions of that security shall be matched against such short position, and not be entitled to a recovery, until that short position is fully covered.

72. **Alibaba ADS Purchased/Sold Through the Exercise of Publicly Traded Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to Alibaba ADS purchased or sold through the exercise of an option, the purchase/sale date of Alibaba ADS is the exercise date of the option and the purchase/sale price of Alibaba ADS is the exercise price of the option.

73. **<u>Alibaba ADS Acquired Through the Exercise, Conversion, or Exchange of Non-Publicly Traded Securities</u>:** Notwithstanding any of the above, shares of Alibaba ADS acquired through the exercise, conversion, or exchange of non-publicly traded securities of Alibaba are not eligible to participate in the Settlement.

74. After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

75. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Named Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Named Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

76. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.AlibabaClassActionSettlement.com.

---

[6] In order to convert Ordinary Shares to ADS, an investor must deposit the Ordinary Shares with the depositary's custodian in exchange for ADS. If the ADS were received by the investor outside of regular trading hours for the U.S. financial markets, the acquisition of the ADS shall be deemed to have occurred during the next regular U.S. trading session.

[7] In order to convert ADS to Ordinary Shares, an investor must request cancellation of the ADS. If the ADS were cancelled outside of regular trading hours for the U.S. financial markets, the ADS disposition date shall be the next regular U.S. trading session.

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? |
|---|

77. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 30% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $1,500,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class in an aggregate amount not to exceed $85,000.[8] The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

| WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF? |
|---|

78. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *In re Alibaba Group Holding Ltd. Sec. Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. The exclusion request must be *received* no later than March 6, 2025. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Alibaba Group Holding Ltd. Sec. Litigation*, Case No. 1:20-cv-09568"; (c) state the number of shares of Alibaba ADS that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between November 13, 2019 and December 23, 2020, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; (d) provide adequate supporting documentation for the transactions for which the Settlement Class Member seeks exclusion in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; and (e) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

79. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

80. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

81. Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

| WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT? |
|---|

82. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing**.

83. The Settlement Hearing will be held on March 27, 2025, at 10:00 a.m., before the Honorable George B. Daniels at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 11A, 500 Pearl Street, New York, NY 10007. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

84. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before March 6, 2025. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before March 6, 2025**.

---

[8] The attorney fee application will be made collectively on behalf of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067 ("GPM"); Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016 ("Pomerantz"); The Portnoy Law Firm, 1800 Century Park East, Suite 600, Los Angeles, CA 90067 ("Portnoy"); Bronstein, Gewirtz & Grossman, LLC, 60 East 42nd Street, Suite 4600, New York, NY 10165 ("Bronstein"); The Law Offices of Frank R. Cruz**,** 1999 Avenue of the Stars, Suite 1100, Los Angeles, CA 90067 ("Cruz"), and the Hao Law Firm, Room 3-401 No. 2 Building, No. 1 Shangliubei Street, 100024 Beijing, China ("Hao"). Any attorneys' fees awarded by the Court will be divided between Lead Counsel GPM (80%) and Pomerantz (20%) pursuant to a fee sharing agreement. In addition, GPM intends to share a portion of its net attorneys' fees with Cruz and Portnoy, and Pomerantz intends to share a portion of its net attorneys' fees with Bronstein and Hao.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| **United States District Court** | **Glancy Prongay &** | **Simpson Thacher & Bartlett** |
| **Southern District of New York** | **Murray LLP** | **LLP** |
| Clerk of the Court | Kara M. Wolke, Esq. | Stephen P. Blake, Esq. |
| United States Courthouse | 1925 Century Park East | 2475 Hanover Street |
| 500 Pearl Street | Suite 2100 | Palo Alto, CA 94304 |
| New York, NY 10007 | Los Angeles, CA 90067 | |

85. Any objection must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) include documents sufficient to prove membership in the Settlement Class, including the number of shares of Alibaba ADS that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between November 13, 2019 and December 23, 2020, inclusive), as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

86. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

87. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before March 6, 2025**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

88. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶84 above so that the notice is *received* **on or before March 6, 2025**.

89. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

90. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

91. If you purchased or otherwise acquired Alibaba ADS between November 13, 2019 and December 23, 2020, inclusive, for the beneficial interest of persons or entities other than yourself, within seven (7) calendar days of receipt of this Notice, you must either: (a) request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and, within seven (7) calendar days of receipt of those Notice Packets, forward them to all such beneficial owners; (b) request a link to the Notice Packet and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) provide a list of the names, mailing addresses, and email addresses (to the extent available) of all such beneficial owners to *In re Alibaba Group Holding Ltd. Sec. Litigation*, c/o A.B. Data, Ltd., P.O. Box 173006, Milwaukee, WI 53217. If you choose option (c), the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Nominees that choose to follow procedures (a) or (b) shall also send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed.

92. Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed: (a) $0.02 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator; (b) $0.02 per email for emailing notice; or (c) $0.02 per Notice Packet, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Notice Packet, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. **YOU ARE NOT AUTHORIZED TO PRINT THE NOTICE PACKET YOURSELF. NOTICE PACKETS MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR**.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

93. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. Additionally, copies of the Stipulation and any related

orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.AlibabaClassActionSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| | | |
|---|---|---|
| *In re Alibaba Group Holding Ltd. Sec. Litigation* | and/or | Kara M. Wolke, Esq. |
| c/o A.B. Data, Ltd. | | GLANCY PRONGAY |
| P.O. Box 173006 | | & MURRAY LLP |
| Milwaukee, WI 53217 | | 1925 Century Park East, Suite 2100 |
| (877) 869-0223 | | Los Angeles, CA 90067 |
| info@AlibabaClassActionSettlement.com | | (888) 773-9224 |
| | | settlements@glancylaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: November 26, 2024

By Order of the Court
United States District Court
Southern District of New York

***Alibaba Securities Litigation***
***c/o* A.B. Data, Ltd.**
**P.O. Box 173006**
**Milwaukee, WI 53217**
**Toll Free Number: (877) 869-0223**
**Settlement Website: www.AlibabaClassActionSettlement.com**
**Email:  info@AlibabaClassActionSettlement.com**

### PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by First-Class Mail to the above address **postmarked no later than March 26, 2025, or submit it online at www.AlibabaClassActionSettlement.com by March 26, 2025.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **1** |
| **PART II – GENERAL INSTRUCTIONS** | **2** |
| **PART III – SCHEDULE OF TRANSACTIONS IN ALIBABA ADS** | **4** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **5** |

### PART I – CLAIMANT INFORMATION

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City                            State                            Zip Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                            Telephone Number (work)

Email address (Email address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (account(s) through which the securities were traded)[1]

Claimant Account Type (check appropriate box):

☐  Individual (includes joint owner accounts)   ☐ Pension Plan   ☐ Trust
☐  Corporation                                   ☐ Estate
☐  IRA/401K                                       ☐ Other _____ (please specify)

## PART II – GENERAL INSTRUCTIONS

1.    It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.    This Claim Form is directed to the "Settlement Class," which is all persons and entities that purchased or otherwise acquired Alibaba Group Holding Ltd. ("Alibaba") American Depositary Shares ("ADS"; NYSE: BABA) during the period November 13, 2019 through December 23, 2020, inclusive (the "Settlement Class Period").  All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3.    Excluded from the Settlement Class are: (a) persons and entities who suffered no compensable losses; (b) Defendants; the present and former officers and directors of Alibaba at all relevant times; members of their Immediate Families and their legal representatives, heirs, successors, or assigns; and any entity in which any of the Defendants, or any person excluded under this subsection (b), has or had a controlling interest at any time; (c) any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (d) present and former parents, subsidiaries, assigns, successors, and predecessors of Alibaba; and (e) Defendants' liability insurance carriers.  Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

4.    If you are not a Settlement Class Member do not submit a Claim Form.  YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.  THUS, IF YOU ARE EXCLUDED FROM THE CLASS (AS SET FORTH IN ¶3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.    If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class.  Thus, if you are a Settlement Class Member, the Judgment will release, and you will be barred and enjoined from prosecuting, any and all of the Released Plaintiffs' Claims (including Unknown Claims) against Defendants' Releasees.

6.    You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.    Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.    Use the Schedules of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable Alibaba ADS.  On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions, sales, and conversions of the applicable Alibaba ADS, whether such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.    Please note:  Only Alibaba ADS purchased/acquired during the Settlement Class Period (*i.e.*, from November 13, 2019 through December 23, 2020, inclusive) are eligible under the Settlement.  However, because the PSLRA provides for a "90-Day Lookback Period" (described in the Plan of Allocation set forth in the Notice), you must provide documentation related to your purchases and sales of Alibaba ADS during the period from December 24, 2020 through and including March 23, 2021 (*i.e.*, the 90-Day Lookback Period) in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your claim.

10.  Shares of Alibaba ADS acquired through the conversion of Alibaba Ordinary Shares are eligible to participate in the Settlement *only* if: (a) the Ordinary Shares (stock code "9988") were purchased on the Hong Kong Stock Exchange during the Settlement Class Period, (b) the Ordinary Shares were converted to ADS during the Settlement Class Period, and (c) the ADS were held over the alleged December 23, 2020 corrective disclosure date.

---

[1] If the account number is unknown, you may leave blank.  If the same legal entity traded through more than one account, you may write "multiple."  Please see paragraph 12 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

11. You are required to submit genuine and sufficient documentation for all of your transactions and holdings of the applicable Alibaba ADS set forth in the Schedules of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Alibaba ADS. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

12. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

13. All joint beneficial owners must sign this Claim Form. If you purchased or otherwise acquired Alibaba ADS during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired Alibaba ADS during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

14. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a) expressly state the capacity in which they are acting;

(b) identify the name, account number, Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Alibaba ADS; and

(c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

15. By submitting a signed Claim Form, you will be swearing that you:

(a) own(ed) the Alibaba ADS you have listed in the Claim Form; or

(b) are expressly authorized to act on behalf of the owner thereof.

16. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

17. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

18. PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

19. If you have questions concerning the Claim Form or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at *In re Alibaba Group Holding Ltd. Sec. Litigation,* c/o A.B. Data, Ltd., P.O. Box 173006, Milwaukee, WI 53217, by email at info@AlibabaClassActionSettlement.com, or by telephone (toll-free) at (877) 869-0223, or you may download the documents from the Settlement Website, www.AlibabaClassActionSettlement.com.

20. NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions, including filers submitting Claims on behalf of multiple beneficial owners ("Representative Filers"), may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement Website at www.AlibabaClassActionSettlement.com or you may email the Claims Administrator's electronic filing department at efiling@abdata.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efiling@abdata.com to inquire about your file and confirm it was received and acceptable.

21. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.AlibabaClassActionSettlement.com. If you are not acting as a Representative

Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated email confirming receipt once your Claim Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@AlibabaClassActionSettlement.com or (877) 869-0223. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

### IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT (877) 869-0223.**

### PART III – SCHEDULE OF TRANSACTIONS IN ALIBABA ADS

Complete this Part III if and only if you purchased/acquired Alibaba ADS during the period from November 13, 2019, through and including December 23, 2020.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraphs 9-11, above.  Do not include information in this section regarding securities other than Alibaba ADS, as instructed below.

**1. BEGINNING HOLDINGS** – State the total number of shares of Alibaba ADS held as of the close of trading on November 12, 2019. (Must be documented.)  If none, write "zero" or "0." _____

**2a.   PURCHASES/ACQUISITIONS OF ALIBABA ADS DURING THE SETTLEMENT CLASS PERIOD THROUGH MARCH 23, 2021** – Separately list each and every purchase/acquisition (including free receipts) of Alibaba ADS from after the opening of trading on November 13, 2019, through and including the close of trading on March 23, 2021.  (Must be documented.) If you acquired Alibaba ADS via conversion from Alibaba Ordinary Shares, those transactions should be listed in section 2b, below.

| Date of Purchase/Acquisition of ADS (List Chronologically) (Month/Day/Year) | Number of ADS Purchased/Acquired | Purchase/ Acquisition Price Per ADS | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

**2b.   CONVERSIONS OF ALIBABA ORDINARY SHARES TO ADS DURING THE SETTLEMENT CLASS PERIOD THROUGH MARCH 23, 2021** – Separately list each and every conversion of Alibaba Ordinary Shares to ADS from after the opening of trading on November 13, 2019, through and including the close of trading on March 23, 2021.  (Must be documented.)  If you acquired Alibaba ADS via conversion from Ordinary Shares, please also complete section 2c, below.

| Date of Conversion to ADS (List Chronologically) (Month/Day/Year) | Number of ADS acquired in Conversion |
|---|---|
| / / | |
| / / | |
| / / | |

**2c. PURCHASES OF ALIBABA ORDINARY SHARES THAT WERE CONVERTED TO ADS DURING THE SETTLEMENT CLASS PERIOD THROUGH MARCH 23, 2021** – If you identified Alibaba ADS acquired via conversion of Ordinary Shares in section 2b, above, separately list each and every purchase of Alibaba Ordinary Shares purchased on the Hong Kong Stock Exchange through and including the close of trading on March 23, 2021.

| Date of Purchase/Acquisition of Alibaba Ordinary Shares (List Chronologically) (Month/Day/Year) | Number of Alibaba Ordinary Shares Purchased/Acquired |
|---|---|
| / / | |
| / / | |
| / / | |

**3a. SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH MARCH 23, 2021** – Separately list each and every sale/disposition (including free deliveries) of Alibaba ADS from after the opening of trading on November 13, 2019, through and including the close of trading on March 23, 2021.  (Must be documented.) If you cancelled Alibaba ADS via conversion to Alibaba Ordinary Shares, those transactions should be listed in section 3b, below.

**IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

| 3b. **CANCELLATION OF ALIBABA ADS VIA CONVERSION TO ALIBABA ORDINARY SHARES DURING THE SETTLEMENT CLASS PERIOD THROUGH MARCH 23, 2021** – Separately list each and every cancellation of Alibaba ADS via conversion to Alibaba Ordinary Shares from after the opening of trading on November 13, 2019, through and including the close of trading on March 23, 2021. (Must be documented.) | |
|---|---|
| Date of ADS Cancellation (List Chronologically) (Month/Day/Year) | Number of ADS Cancelled |
| /    / | |
| /    / | |
| /    / | |

**4. ENDING HOLDINGS** – State the total number of shares of Alibaba ADS held as of the close of trading on March 23, 2021. (Must be documented.) If none, write "zero" or "0." _____

| **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS AND THE PRIOR PAGE AND CHECK THIS BOX.** **IF YOU DO NOT CHECK THIS BOX, THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED.** | ☐ |
|---|---|

## *PART VI – RELEASE OF CLAIMS AND SIGNATURE*
### *YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 6 OF THIS CLAIM FORM.*

I (We) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation and Agreement of Settlement dated October 25, 2024 ("Stipulation"), I (we), on behalf of myself (ourselves), and on behalf of my (our) (the claimant(s)') heirs, executors, predecessors, successors, assigns, parents, subsidiaries, current and former officers and directors, beneficiaries, and legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Plaintiffs' Claims (as defined in the Stipulation and in the Notice), shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees (as defined in the Stipulation and in the Notice), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s), or the person(s) who represent(s) the Claimant(s), certifies (certify) as follows:

1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice and in paragraph 2 on page 2 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Notice and in paragraph 3 on page 2 of this Claim Form;

3.    that I (we) own(ed) the Alibaba ADS identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.    that the Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Alibaba ADS and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.    that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

6.    that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

7.    that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

8.    that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.    that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he, she, or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE

TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant                                                            Date

_____

Print your name here

_____

Signature of joint Claimant, if any                                         Date

_____

Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of Claimant                           Date

_____

Print your name here

CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC*. (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 14 ON PAGE 3 OF THIS CLAIM FORM.)

<u>**REMINDER CHECKLIST:**</u>

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at (877) 869-0223.**

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@AlibabaClassActionSettlement.com, toll-free at (877) 869-0223, or visit www.AlibabaClassActionSettlement.com.  Please DO NOT call Alibaba, the Individual Defendants, or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN MARCH 26, 2025**, ADDRESSED AS FOLLOWS:

***In re Alibaba Group Holding Ltd. Sec. Litigation***
c/o A.B. Data, Ltd.
P.O. Box 173006
Milwaukee, WI 53217
(877) 869-0223

OR SUBMITTED ONLINE AT WWW.ALIBABACLASSACTIONSETTLEMENT.COM **ON OR BEFORE MARCH 26, 2025**.

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before March 26, 2025, is indicated on the envelope and it is mailed first-class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT B

Greetings:

Attached please find the Notice Of (I) Pendency Of Class Action, Certification Of Settlement Class, And Proposed Settlement; (II) Settlement Fairness Hearing; And (III) Motion For An Award Of Attorneys' Fees And Reimbursement Of Litigation Expenses and Proof of Claim and Release Form for the case entitled *In Re: Alibaba Group Holding Ltd. Securities Litigation*, Master File No. 1:20-CV-09568-GBD-JW pending in the United States District Court Southern District of New York. Also provided for your convenience is a copy of the Electronic Claims Filing Guidelines and the Electronic Claims Filing Template.

Ticker Symbol:  BABA
CUSIP: 01609W102
ISIN: US01609W1027

Pursuant to page 12, paragraph 91 of the Notice, if you purchased or otherwise acquired Alibaba ADS between November 13, 2019 and December 23, 2020, inclusive, for the beneficial interest of Persons other than yourself within seven (7) calendar days of receipt of the Claims Administrator's notice of the Settlement you must either:

(a) request from the Claims Administrator sufficient copies of the Notice and Claim Form ("Notice Packet" to forward to all **such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners;**

(b) **request a link to the Notice Packet and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or**

(c) provide a list of the names, mailing addresses and email addresses (to the extent available) of all such beneficial owners to *In re Alibaba Group Holding Ltd. Sec. Litigation*, c/o A.B. Data, Ltd., P.O. Box 173006, Milwaukee, WI 53217.

If you choose option (c), the Claims Administrator will send a copy of the Notice Packet to the beneficial owners.  Nominees that choose to follow procedures (a) or (b) shall also send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed.

Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed: (a) $0.02 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator; (b) $0.02 per email for emailing notice; or (c) $0.02 per Notice Packet, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Notice Packet, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court.

You are not authorized to print the Notice Packet yourself.  Notice Packets may only be printed by the Court-Appointed Claims Administrator. Additional copies of the Postcard Notice may be requested by contacting the Claims Administrator by phone at (877) 869-0223 or by email at info@AlibabaClassActionSettlement.com.

All communications concerning the foregoing should be directed to the Claims Administrator by email to **info@AlibabaClassActionSettlement.com** or by mail to:

*In Re Alibaba Group Holding Ltd. Sec. Litigation*
c/o A.B. Data
P.O. Box 173006
Milwaukee, WI 53217


Or:
*In Re Alibaba Group Holding Ltd. Sec. Litigation*
c/o A.B. DATA, LTD.
ATTN:  FULFILLMENT DEPARTMENT
3410 WEST HOPKINS STREET
MILWAUKEE, WI  53216

1-877-311-3740
fulfillment@abdata.com


If you wish to be removed from this e-list, please reply to this email and write "Please Remove" in the subject line.


CLAIMS ADMINISTRATOR

# EXHIBIT C

## INVESTOR'S CORNER

# Is Earnings Growth For Real? Margins Reveal Profit Quality

BY KEN SHREVE
INVESTOR'S BUSINESS DAILY

Earnings growth is perhaps the most important metric investors will want to see when looking to buy a stock. Right alongside it? Profit margins.

Expressed as a percentage, a profit margin is simply the portion of revenue a company gets to keep after subtracting costs. A margin of 50% would mean the company generated 50 cents of profit for each dollar of revenue.

Margin alone, however, isn't especially informative. What investors will want to pay attention to are a company's margin trends and where its margin stands in relation to other companies in its sector.

Margin trends can tell you a lot about where a company is in its growth cycle. If a company is spending more money to generate profit, its margins will shrink. But that's not necessarily a bad thing, especially if the company is generating meaningful revenue.

Amazon.com (AMZN) lost money for years as it was building out its infrastructure. But Wall Street knew that investments and steady revenue from its flagship e-commerce business would eventually fuel profit growth down the line.

Conversely, if a company is growing more efficiently, its profit margin will expand as expenses fall relative to total revenue. So-called margin expansion — Wall Street parlance for increasing profitability — is thus a sign of a company whose stock could be primed for a move upward.

Whatever the trend, it's crucial to compare a company's margin to industry peers. Margins above the industry average would show whether a company is a standout performer in its industry.

Keep in mind that average margins vary widely, depending on the industry. For example, research from New York University's Stern School of Business shows that semiconductor equipment, entertainment software and oil-and-gas industries generate pretax margins (excluding options compensation) well above 30%. Auto parts, regional banks and food wholesalers have margins below 7%.

Profit margins can be parsed several ways. One measure to pay attention to is the after-tax profit margin for each quarter. Look for that margin to be at or close to its highest levels over the past several quarters. And ideally, margins should be among the best in the company's industry.

Investors also should check annual pretax margin. IBD research has found that the biggest stock-market winners often have an average annual pretax margin of at least 18% before major price moves.

Nvidia shares traded between 40 and 50 in the second half of 2023. But the stock started rising to new highs in January of this year. Let's take a look at what was happening with its fundamentals. From the January 2023-ended quarter to the October 2023 period, earnings per share grew 488%, 574%, 153% and 101%, according to FactSet. Simultaneously, pretax margin went from 15.5% to 17.2%, 33.9% and 46.8%. Those numbers confirmed the company's earnings prowess.

IBD's database shows Nvidia ranks in the top three in its industry in terms of pretax and after-tax profit margins. The stock ended November above 138 per share.

As a research shortcut, Investor's Business Daily's SMR Rating helps investors quickly identify firms with strong sales, margins and return on equity. Stocks are rated on an A-to-E scale.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: ALIBABA GROUP HOLDING LTD.
SECURITIES LITIGATION

Master File No. 1:20-CV-09568-GBD-JW
Hon. George B. Daniels

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:** All persons and entities that purchased or otherwise acquired Alibaba American Depositary Shares ("ADS"; NYSE ticker symbol: BABA) during the period between November 13, 2019 and December 23, 2020, inclusive (the "Settlement Class").[1]

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $433,500,000 in cash (the "Settlement") that, if approved, will resolve all claims in the Action.

A hearing will be held on March 27, 2025, at 10:00 a.m., before the Honorable George B. Daniels at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 11A, 500 Pearl Street, New York, NY 10007, to determine whether: (i) the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in the Notice) should be granted; (iii) the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *In re Alibaba Group Holding Ltd. Sec. Litigation,* c/o A.B. Data, Ltd., P.O. Box 173006, Milwaukee, WI 53217; or by telephone at (877) 869-0223. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.AlibabaClassActionSettlement.com.

If you are a member of the Settlement Class, to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *online or postmarked* no later than March 26, 2025. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than March 6, 2025, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than March 6, 2025, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Alibaba, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Kara M. Wolke, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(888) 773-9224
settlements@glancylaw.com

Requests for the Notice and Claim Form should be made to:

*In re Alibaba Group Holding Ltd. Sec. Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173006
Milwaukee, WI 53217
(877) 869-0223
info@AlibabaClassActionSettlement.com

By Order of the Court

[1] All capitalized terms used in this Summary Notice that are not otherwise defined herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated October 25, 2024 (the "Stipulation"), which is available at www.AlibabaClassActionSettlement.com.

Smart Table Key: r = repurchased stock in last year; x = ex dividend or ex rights; k = earnings due within four weeks; e = earnings in IBD today; o = stock has options

# IBD SMART NYSE + NASDAQ Tables With 10 Vital Rankings

## Unsurpassed *ideas* and ratings to help you *invest better*

### 10 VITAL RANKINGS

1. **IBD Composite Rating** has 5 Smart-Select Ratings, 1–99, with 99 the best. Ratings of 98 or more are boldfaced.

2. **Earnings Per Share (EPS) rating** compares your stock's last 2 quarters and 3 years EPS growth to all stocks. Rating of 90 means earns outperformed 90% of all stocks.

3. **Relative Strength (RS)** Stock's relative price change in last 12 months vs. all stocks. Best rate 80 or more.

4. **Sales+Profit Margins+ROE Rating** combines recent sales, profit margins and return on equity into an A to E rating. ROE over 17% is preferred.

5. **Accumulation/Distribution** Our price and vol. formula shows if your stock is under accumulation (buying) or distribution (selling) last 3 months. A buying; E selling.

6. **Vol % Change** is volume traded yesterday vs. average daily volume last 50 days. Vol % chg. + 50% & up bolded.

7. **52-Week High** is boldfaced if closing price within 10% of new high.

8. **Boldfaced stocks** are up 1 point or more or at a new high. Underlined stocks are down 1 point or more or at a new low.

9. ♦ Stocks have EPS & RS Ratings of 90 or more and were IPOs in the last 15 years.

10. ● after the stock symbol means stock story at investors.com

©2024 Investor's Business Daily, LLC. All rights reserved.

# EXHIBIT D

# Glancy Prongay & Murray LLP Announces Pendency of Class Action and Proposed Settlement for All Persons and Entities that Purchased or Otherwise Acquired Alibaba American Depositary Shares During the Period Between November 13, 2019 and December 23, 2020, Inclusive

SHARE THIS ARTICLE

NEWS PROVIDED BY
**Glancy Prongay & Murray LLP**
Dec 09, 2024, 10:00 ET

LOS ANGELES, Dec. 9, 2024 /PRNewswire/ --

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ALIBABA GROUP HOLDING LTD. SECURITIES LITIGATION | Master File No. 1:20-CV-09568-GBD-JW<br><br>Hon. George B. Daniels |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF**

**SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT**

**FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES**

**AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:  All persons and entities that purchased or otherwise acquired Alibaba American Depositary Shares ("ADS"; NYSE ticker symbol: BABA) during the period between November 13, 2019 and December 23, 2020, inclusive (the "Settlement Class").**[1]

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $433,500,000 in cash (the "Settlement") that, if approved, will resolve all claims in the Action.

A hearing will be held on March 27, 2025, at 10:00 a.m., before the Honorable George B. Daniels at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 11A, 500 Pearl Street, New York, NY 10007, to determine whether: (i) the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in the Notice) should be granted; (iii) the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**.  If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *In re Alibaba Group Holding Ltd. Sec. Litigation*, c/o A.B. Data, Ltd., P.O. Box 173006, Milwaukee, WI 53217; or by telephone at (877) 869-0223. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, **www.AlibabaClassActionSettlement.com**.

If you are a member of the Settlement Class, to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *online or postmarked* no later than March 26, 2025.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than March 6, 2025, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than March 6, 2025, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Alibaba, or its counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Kara M. Wolke, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(888) 773-9224
**settlements@glancylaw.com**

Requests for the Notice and Claim Form should be made to:

*In re Alibaba Group Holding Ltd. Sec. Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173006
Milwaukee, WI 53217
(877) 869-0223
**info@AlibabaClassActionSettlement.com**

By Order of the Court

[1] All capitalized terms used in this Summary Notice that are not otherwise defined herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated October 25, 2024 (the "Stipulation"), which is available at www.AlibabaClassActionSettlement.com.

SOURCE Glancy Prongay & Murray LLP

**WANT YOUR COMPANY'S NEWS
FEATURED ON PRNEWSWIRE.COM?**

**440k+**
**Newsrooms &
Influencers**

**9k+**
**Digital Media
Outlets**

**270k+**
**Journalists
Opted In**

**GET STARTED**

## Also from this source



**ASML Investors Have Opportunity to Lead ASML Holding N.V. Securities Fraud Lawsuit**

Glancy Prongay & Murray LLP ("GPM") announces that investors with substantial losses have opportunity to lead the securities fraud class action...



**TMC Investors Have Opportunity to Lead TMC the metals company Inc. Securities Fraud Lawsuit**

Glancy Prongay & Murray LLP ("GPM") announces that investors with substantial losses have opportunity to lead the securities fraud class action...

**More Releases From This Source**

## Explore

  

Banking & Financial
Services

Legal Issues

**News Releases in Similar Topics**

Contact PR Newswire

 Call PR Newswire at 888-776-0942
 from 8 AM - 9 PM ET

Chat with an Expert

Contact Us

Products

For Marketers
For Public Relations
For IR & Compliance
For Agency
For Small Business
All Products

About

About PR Newswire
About Cision
Become a Publishing Partner
Become a Channel Partner
Careers
Accessibility Statement

Global Sites

My Services

All New Releases
Online Member Center
ProfNet

Do not sell or share my personal
information:

• Submit via

# EXHIBIT E

***Alibaba Group Holdings Securities Litigation***
**Exclusion Report**

| | Name | Contact Information | Exclusion ID # | Signed | Postmark Date | Transactions between between November 13, 2019 and December 23, 2020 (include number of shares and price) |
|---|---|---|---|---|---|---|
| 1. | Jonathan D Sato | Campbell, CA 95008-1823 | 750868292 | Yes | 12/17/2024 | Purchase 11/19/2019; 20 shares at $184.00 per share |
| 2. | Edward L Jones | Fayetteville, AR 72703 | 750868293 | Yes | 12/28/2024 | Purchase 2015: 500 shares<br>Sale 09/16/2021 500 shares $161 per share |
| 3. | Jennifer Berthold | Reedley CA 93654 | 750868294 | Yes | 1/7/2025 | N/A |
| 4. | Salman Samad | ON L5N 249 Canada | 750868295 | Yes | 1/6/2025 | N/A |
| 5. | Andrea Piegari | Buenos Aires 1406 Argentina | 750868296 | Yes | 2/6/2025 | Acquire 11/28/2018:  500 shares at $154.40<br>Sold 10/15/2019: 30 Shares at $166.7714<br>Purchase 11/13/2019:  470 shares at $155.9940<br>Sold 02/25/2020: 470 shares at $213.1017<br>Acquire 03/12/2020: 242 shares at $206.25<br>Sold 01/16/2024: 242 shares at $70.1803 |
| 6. | Ahmed Sheeno | ON L8W 2S6 ahmedsheeno@gmail.com | 750868297 | Yes | 2/7/2025 | Purchased 01/29/2020: 0.0252 shares at $6.90 CAD<br>Sold 02/03/2020: 0.0252 shares at $7.14 CAD |

December 17, 2024

To: *In re Alibaba Group Holding Ltd. Sec. Litigation*
EXCLUSIONS
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

From: Jonathan D Sato

Campbell, CA 95008-1823

Subject: Requests exclusion from the Settlement Class in *In re Alibaba Group Holding Ltd. Sec. Litigation*, Case No. 1:20-cv-09568

To Whom It May Concern:

I, Jonathan D Sato, purchased 20 shares of Alibaba ADS at $184.00 on November 19, 2019 and did not sell any shares during the Settlement Class Period between November 13, 2019 and December 23, 2020, inclusive, requests exclusion from the Settlement Class in *In re Alibaba Group Holding Ltd. Sec. Litigation*, Case No. 1:20-cv-09568.

Sincerely,

Jonathan D Sato
Enclosure (1)



SP 01 021820 68489 H 37 ASNGLP
JONATHAN D SATO

CAMPBELL CA 95008-1823

0100021927

**Transaction Confirmation**
**Confirm Date: November 19, 2019**

Page 1 of 1

Brokerage Account Number

**JONATHAN D SATO**

| Online | Fidelity.com |
| FAST(sm)-Automated Telephone | 800-544-5555 |
| Premium Services | 800-544-4442 |
| 8am - 11pm ET, Mon - Fri | |

021820 1/1

| | TYPE | REQ.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| | 1※ | WK# | 11-19-19 | 11-21-19 | 01609W102 | 19323-N413V | | |

**DESCRIPTION and DISCLOSURES**

You Bought
                20
        at   184.0000
Symbol:
BABA

ALIBABA GROUP HOLDING LTD SPON ADS
EACH REP 8 ORD SHS
WE HAVE ACTED AS AGENT.

| Principal Amount | 3,680.00 |
| Settlement Amount | 3,680.00 |

0100021927                ALL ORDERS ARE UNSOLICITED UNLESS SPECIFIED ABOVE



Jonathan Sato

Campbell, CA 95008-1823

SAN JOSE CA 950

17 DEC 2024 PM 4 L



*In re Alibaba Group Holding Ltd. Sec. Litigation*
EXCLUSIONS
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

53217-801201

Edward L. Jones                                    December 27, 2024

Fayetteville, AR 72703


In re Alibaba Group Holding Ltd. Sec. Litigation, EXCLUSIONS
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

SUBJECT: Request for Exclusion from the Settlement Class

Greetings A.B. Data, Ltd.

I request exclusion from the Settlement Class In re Alibaba Group Holding Ltd. Sec. Litigation, Case No. 1:20-cv-09568.

I did not purchase/acquire and/or sell any Alibaba ADS during the Settlement Class Period (i.e., between November 13, 2019 and December 23, 2020, inclusive). I bought 500 Alibaba ADS in 2015 and sold them on September 16, 2021. Since the purchase date was more than seven years ago, I no longer have documentation for the exact buy date in 2015. I have enclosed the pages from my September 2021 E*Trade statement showing the sell date. The Alibaba ADS were never enrolled in a dividend reinvestment plan, so no Alibaba ADS were ever acquired via that method.

Based on previous guidance, I phoned E*Trade on November 29, 2024 and gave verbal instructions to be excluded from this class action settlement. Therefore, this request for exclusion may duplicate action already taken on my behalf by E*Trade.

Respectfully.
Edward L. Jones

*Edward L. Jones*



September 1, 2021 - September 30, 2021
Account Number:
Account Type:      **TRUST**

**E*TRADE Securities LLC**
P.O. Box 484
Jersey City, NJ 07303-0484
1-800-ETRADE-1 (1-800-387-2331)
etrade.com Member FINRA/SIPC

**Want to get important documents faster?**
Get your statements, confirms, and tax forms online with paperless
delivery. Enroll at *etrade.com/paperless.*

**E*TRADE Securities**
**Investment Account**

**Invest to make an impact.**
Learn how sustainable investing offers growth
potential while supporting your values at
*us.etrade.com/knowledge/sustainable-investing.*

THE ED AND CINDY JONES TRUST
UAD 07/18/2018
EDWARD L JONES &
CYNTHIA CLAIR JONES TTEES

FAYETTEVILLE AR 72703-9609

# E✲TRADE®



Statement Period : September 1, 2021 - September 30, 2021                    Account Type: TRUST

## TRANSACTION HISTORY

### SECURITIES PURCHASED OR SOLD

| TRADE DATE | SETTLEMENT DATE | DESCRIPTION | SYMBOL/ CUSIP | TRANSACTION TYPE | QUANTITY | PRICE | AMOUNT PURCHASED | AMOUNT SOLD |
|---|---|---|---|---|---|---|---|---|
| 09/14/21 12:10 | 09/16/21 | **ALIBABA GROUP HOLDING LTD | BABA | Sold | -500 | 161.0000 | | 80,499.52 |

### DIVIDENDS & INTEREST ACTIVITY

| DATE | TRANSACTION TYPE | DESCRIPTION | SYMBOL/ CUSIP | | AMOUNT DEBITED | AMOUNT CREDITED |
|---|---|---|---|---|---|---|

E*TRADE Securities LLC • PO Box 484, Jersey City, NJ 07303-0484 • www.etrade.com • 1-800-ETRADE-1 (1-800-387-2331) • Member FINRA/SIPC

PAGE 7 OF 8

E.L. JONES

FAYETTEVILLE, AR 72703

Case 1:20-cv-09568-GBD-JW    Document 146-1    Filed 02/20/25    Page 46 of 61

NW ARKANSAS AR 727

28 DEC 2024 PM 1 L

re ALIBABA GROUP HOLDING LTD. SEC. LITIGATION, EXCLUSIONS
c/o A.B. DATA LTD.
P.O. BOX 173001
MILWAUKEE, WI 53217

5321788012 B050

January 6, 2025

Alibaba Securities Litigation EXCLUSIONS
c/o AB DATA Ltd.
PO Box 173001
Milwaukee, WI  53217

Hello,

My name is Jennifer Berthold and I do *NOT* want to be a member of the class
action law suit against Alibaba. I request exclusion from the Class Action Holdings
Litigation in Case Number 1:20-cv-09568

Jennifer Berthold

Reedley CA 93654

Thank You

REEDLEY CA
93654

FRESNO CA 936
7 JAN 2025   PM 1   L

EXCLUSION FROM LITIGATION
C/O AB DATA LTD
PO BOX 173001
MILWAUKEE   WI
53217

53217-801201

January 6, 2025


Alibaba Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173006
Milwaukee, WI 53217


To Whom It May Concern:


Sub: Exclusion from Class Action Lawsuit


Please be advised that I, the undersigned, wish to **exclude** myself from the Settlement Class of the Alibaba Group Holding Ltd. Securities Litigation Class Action Lawsuit.


Thanks,


Sincerely,

Salman Samad


Mississauga, ON L5N 2R9
Canada

SALMAN S.

MISSISSAUGA, ON
L5N 2R9, CANADA



3809 M4L    CANADA

ALIBABA SECURITIES. LITIGATION

C/o A.B. DATA, LTD.

P.O. BOX 173006

MILWAUKEE, WI 53217

USA.

Buenos Aires February 6, 2025

Andrea Piegari

Buenos Aires

Argentina

Telephone No

I request EXCLUTION from the Settlement Class in In re Alibaba Group Holding Ltd. Securities Litigation, Case No 1:20-cv-09568-GBD-JW (S.D.N.Y)

Between november 13th 2019 trought december 23 th 2020 inclusive my total No. of Alibaba ordinary shares BABA were 712

Acquired.   500.   11/28/2018.   Price. $ 154.4

Sold.        30.   10/15/2019.   Price. $ 166.7714

Purchased  470   11/13/2019

Sold        470   02/25/2020.   Price $ 213.1017

Acquired   242   03/12/2020.   Price $ 206.25

Sold.       242   01/16/2024.   Price $ 70.1803



12 de marzo de 2018 - 31 de diciembre de 2018
ANDREA PIEGARI

## Tenencias en Cartera (continuación)

### U.S. DOLLARS (continuación)

| | Cantidad | Número de Cuenta | Actividades Finalizando el | Saldo al Cierre | Ingresos en este Año | Rédito a 30 Días | Rédito Actual |
|---|---|---|---|---|---|---|---|

| Fecha de Adquisición | Cantidad | Costo por Unidad | Base de Costo | Precio de Mercado | Valor de Mercado | Ganancia o Pérdida No Realizada | Ingresos Anuales Estimados | Rédito Estimado |
|---|---|---|---|---|---|---|---|---|

### ACCIONES
### Acciones Ordinarias

ALIBABA GROUP HLDG LTD SPONSORED ADR        Código de Identificación de Títulos: BABA
ISIN#US01609W1027        CUSIP: 01609W102
Opcion de Dividendos: Efectivo
500.00 de estas acciones están en su cuenta de margen

| Fecha de Adquisición | Cantidad | Costo por Unidad | Base de Costo | Precio de Mercado | Valor de Mercado | Ganancia o Pérdida No Realizada |
|---|---|---|---|---|---|---|
| 11/26/18 | 500.000 | 155.9940 | 77,997.00 | 137.0700 | 68,535.00 | -9,462.00 |

Página 3 de 33




Rated Excellent
Every Year Since 2007
DALBAR RATED COMMUNICATIONS

Clearing through Pershing LLC, a wholly owned
subsidiary of The Bank of New York Mellon
Corporation (BNY Mellon)

1 de enero de 2019 - 31 de diciembre de 2019
ANDREA PIEGARI

### Tenencias en Cartera

| Fecha Inicial | Cantidad | Número de Cuenta | Actividades Finalizando el | | Saldo al Cierre | | Ingresos en este Año | Rédito a 30 Días | Rédito Actual |
|---|---|---|---|---|---|---|---|---|---|

**Efectivo, Fondos de Dinero y Depósitos Bancarios 9.00% de Cartera**
**Saldo de Margen** — 96.11

**Money Market**

| Fecha de Adquisición | Cantidad | Costo por Unidad | Base de Costo Actual | Precio de Mercado | Valor de Mercado | Ganancia o Pérdida No Realizada | Ingresos Anuales Estimados | Rédito Estimado |
|---|---|---|---|---|---|---|---|---|

**Acciones 37.00% de Cartera**
**Acciones Ordinarias**
ALIBABA GROUP HLDG LTD SPONSORED ADR ISIN#US01609W1027    Código de Identificación de Títulos: BABA
Opción de Dividendos: Efectivo    CUSIP: 01609W102
470.00 de estas acciones están en su cuenta de margen

| 11/26/18 | 470.000 | 155.9940 | 73,317.18 | 212.1000 | 99,687.00 | 26,369.82 | | |



Go paperless

Rated Excellent
Every Year Since 2007
DALBAR RATED COMMUNICATIONS

Clearing through Pershing LLC, a wholly owned
subsidiary of The Bank of New York Mellon
Corporation (BNY Mellon)

1 de enero de 2020 - 31 de diciembre de 2020
ANDREA PIEGARI

## Tenencias en Cartera

| Fecha Inicial | Cantidad | Número de Cuenta | Actividades Finalizando el | Saldo al Cierre | Ingresos en este Año | Rédito a 30 Días | Rédito Actual |
|---|---|---|---|---|---|---|---|
| **Efectivo, Fondos de Dinero y Depósitos Bancarios 5.00% de Cartera** | | | | | | | |
| Saldo de Margen | | | | 117.88 | | | |
| **Money Market** | | | | | | | |
| FEDERATED HERMES STD USD INV | | | | | | | |
| 12/01/20 | 33,606.050 | No disponible | 12/31/20 | 33,606.05 | 149.57 | 0.01% | 0.01% |
| **Total de Money Market** | | | | $33,606.05 | $149.57 | | |
| **Total de Efectivo, Fondos de Dinero y Depósitos Bancarios** | | | | $33,723.93 | $149.57 | | |

| Fecha de Adquisición | Cantidad | Costo por Unidad | Base de Costo Actual | Precio de Mercado | Valor de Mercado | Ganancia o Pérdida No Realizada | Ingresos Anuales Estimados | Rédito Estimado |
|---|---|---|---|---|---|---|---|---|
| **Acciones 40.00% de Cartera** | | | | | | | | |
| **Acciones Ordinarias** | | | | | | | | |
| ALIBABA GROUP HLDG LTD SPONSORED ADR ISIN#US01609W1027 | | | Código de Identificación de Títulos: BABA | | | | | |
| Opción de Dividendos: Efectivo | | | CUSIP: 01609W102 | | | | | |
| 242.00 de estas acciones están en su cuenta de margen | | | | | | | | |
| 03/10/20 | 242.000 | 208.4160 | 50,436.63 | 232.7300 | 56,320.66 | 5,884.03 | | |

 

Go paperless

Rated Excellent
Every Year Since 2007
DALBAR RATED COMMUNICATIONS

Clearing through Pershing LLC, a wholly owned
subsidiary of The Bank of New York Mellon
Corporation (BNY Mellon)





| Fecha | Operación | Q Acciones | Precio |
|---|---|---|---|
| 25/02/2020 | Venta | 470 | 213.1017 |
| 12/03/2020 | Compra | 242 | 206.25 |

Ahmed Sheen

Hamilton, ON L8W 2S6

To whom it may concern:

I Ahmed Sheeno request to be excluded from the settlement class of the Alibaba Securities Litigation.

Masterfile No. 1:20-CV-09568-GBD-JW.
JOB#N10694-010

Please let me know of any concerns.

Thank you,

Ahmed Sheeno
Mobile:
Email:

Date: February 07, 2025

# #135807 Alibaba Securities Litigation - Ahmed Sheeno

**Submitted**
February 7, 2025 at 10:13 AM

**Received via**   **Requester**
Mail

| **Status category** | **Ticket status** | **Type** | **Priority** | **Group** | **Assignee** |
|---|---|---|---|---|---|
| Open | Open | - | Normal | | |

| **Case Name** | **Are you human** | **Case Info** | **Escalation Level** |
|---|---|---|---|
| Alibaba_Group_Holding_54897 | Yes | Alibaba_Group_Holding | |

**Project Team**

---

**Ahmed S**   February 7, 2025 at 10:13 AM

Hello,

I Ahmed Sheeno request to be excluded from the settlement class of the Alibaba Securities Litigation.

Masterfile No. 1:20-CV-09568-GBD-JW.
JOB#N10694-010

Attached to this email is the exclusion request signed by me + a copy of the mailout notice that i received. Please let me know of any concerns.

Thank you,

--
**Ahmed Sheeno**

---

Support Software by **Zendesk**



# Wealthsimple

## activity



| Description | | Qty | Price per security | Total |
|---|---|---|---|---|
| Feb 03 settled Feb 05 | Sold 0.0252 of BABA - Alibaba Group Holding Limited A for 7.14 CAD | -0.0252 | $283.33 | -$7.14 |

**Wealthsimple Inc.** 400 - 80 Spadina Avenue, Toronto Ontario M5V 2J4 Canada

Conversion rate $1.00 USD = $1.33950 CAD

**Wealthsimple**     Prepared for: Ahmed Sheeno,

## activity



| Description | Qty | Price per security | Total |
|---|---|---|---|
| Feb 03 settled Feb 05   Sold 0.0252 of BABA - Alibaba Group Holding Limited A for 7.14 CAD | -0.0252 | $283.33 | -$7.14 |

**Wealthsimple**

## activity

| Description | Qty | Price per security | Total |
|---|---|---|---|



| | Description | Qty | Price per security | Total |
|---|---|---|---|---|
| Jan 27 settled Jan 29 | Bought 0.0252 of BABA - Alibaba Group Holding Limited A for 6.9 CAD | 0.0252 | $273.81 | $6.90 |

**Wealthsimple Inc.** 400 - 80 Spadina Avenue, Toronto Ontario M5V 2J4 Canada

Conversion rate $1.00 USD = $1.27300 CAD