# EXHIBIT 17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE OXFORD HEALTH PLANS, INC. :
SECURITIES LITIGATION :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT APPLIES TO ALL :
CLASS ACTIONS :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MDL Dkt. No. 1222 (CLB)

### ORDER AND FINAL JUDGMENT WITH RESPECT TO
### OXFORD AND THE INDIVIDUAL DEFENDANTS

On the 11th day of June, 2003, a hearing having been held before this Court to determine:

(1) whether the terms and conditions of the Stipulation and Agreements of Settlement dated April 14, 2003 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against Oxford Health Plans, Inc. ("Oxford") and Individual Defendants Jeffery H. Boyd, Andrew B. Cassidy, David A. Finkel, Robert M. Milligan, Benjamin H. Safirstein, Brendan R. Shanahan, Robert M. Smoler, Thomas A. Travers, William M. Sullivan, and Stephen F. Wiggins (collectively with Oxford the "Oxford Defendants") in the Complaint now pending in this Court under the above caption, including the release of the Oxford Defendants and the Oxford Released Parties from all Oxford Settled Claims, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Oxford Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form

MICROFILM

JUN 1 2 2003

USDC SD NY WP

approved by the Court was mailed to all persons or entities reasonably identifiable who purchased the common stock or call options of Oxford, or sold Oxford put options, during the period from November 6, 1996 through and including December 9, 1997 (the "Class Period"), and who were damaged thereby, except those persons or entities excluded from the definition of the Class or who previously excluded themselves from the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of The Wall Street Journal pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

Nothing in this Order and Final Judgment suggests that the prior dismissals by stipulation of Individual Defendants Robert M. Milligan, Benjamin H. Safirstein and Thomas A. Travers are in any way ineffective.

*The Court having made its findings of Fact and Conclusions of Law (see transcript)*

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of the Action, the plaintiffs, all Class Members, and the Oxford Defendants.

2.      The Court finds that the prerequisites for a class action under Rules 23 (a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact

common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons or entities who purchased the common stock of Oxford, or purchased Oxford call options or sold Oxford put options, during the period from November 6, 1996 through and including December 9, 1997, and who were damaged thereby (the "Class"), and a sub-class consisting of all persons or entities who purchased Oxford common stock contemporaneously with sales of such stock by Individual Defendants Stephen F. Wiggins, William M. Sullivan, Andrew B. Cassidy, Brendan R. Shanahan, Benjamin H. Safirstein, Robert M. Smoler, Robert M. Milligan, David Finkel, Jeffery H. Boyd and Thomas A. Travers during the Class Period, and who were damaged thereby (the "20A Sub-Class"). Excluded from the Class are Oxford, the Individual Defendants and KPMG LLP ("KPMG"), the officers and directors of the Company, members of the immediate families of the Individual Defendants and each of their legal representatives, heirs, successors, or assigns, and any entity in which any defendant has or had a controlling interest. Also excluded from the Class are the persons and/or entities who previously excluded themselves from the Class as listed on Exhibit A annexed hereto.

4.    Notice of the proposed Settlements in this Action was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the terms and conditions of the proposed Settlements met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15

-3-

U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Settlement with the Oxford Defendants is approved as fair, reasonable and adequate, and the parties are directed to consummate the Settlement with the Oxford Defendants in accordance with the terms and provisions of the Stipulation.

6. The Complaint, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs as against the Oxford Defendants.

7. Members of the Class who have not previously and timely excluded themselves therefrom and the successors and assigns of any of them are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights, demands, suits, matters, issues, causes of action, or liabilities whatsoever, whether known or unknown, against the Oxford Defendants and/or the Oxford Released Parties whether under federal, state, local, statutory or common law or any other law, rule or regulation, and whether directly, indirectly, representatively or in any other capacity, in connection with, based upon, arising out of, or relating in any way to any allegations, claims, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted by the Class Members in this Action relating to the purchase of Oxford common stock and/or purchase of Oxford call options and/or sale of Oxford put options during the Class Period,

-4-

including, but not limited to claims in connection with, based upon, arising out of, or relating to the Settlement (but excluding any claims to enforce the terms of the Settlement) (the "Oxford Settled Claims") against Oxford and the Individual Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, shareholders, agents, employees, attorneys, advisors, investment advisors, insurers, co-insurers, and reinsurers, and any person, firm, trust, corporation, foundation, officer, director or other individual or entity in which Oxford or any Individual Defendant has a controlling interest or which is related to or affiliated with Oxford or any of the Individual Defendants, and the legal representatives, heirs, successors in interest or assigns of Oxford and the Individual Defendants (the "Oxford Released Parties"). The Oxford Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Oxford Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8.    Oxford and the Individual Defendants, and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and unknown claims, that have been or could have been asserted in the Action the Derivative Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action except claims relating to the enforcement of the settlement of the Action (the "Settled Defendants' Claims"). The Settled Defendants' Claims of all of the Oxford

-5-

Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9.     Pursuant to the PSLRA and 15 U.S.C. § 78u-4(f)(7), the Oxford Released Parties are hereby discharged from all claims for contribution by any person or entity, including without limitation the KPMG Released Parties, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Oxford Settled Claims of the Class or any Class Member.  Accordingly, to the full extent provided by the PSLRA, the Court hereby (i) bars any action by any person, including, but not limited to, KPMG, for contribution against the Oxford Defendants arising out of the Action, and (ii) bars any action by the Oxford Defendants against any person, including, but not limited to, KPMG, for contribution arising out of the Action.

10.     Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)  offered or received against Oxford and the Individual Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of Oxford and the Individual Defendants with respect to the truth of any fact alleged by plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Oxford and the Individual Defendants;

-6-

(b) offered or received against Oxford and the Individual Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Oxford or any Individual Defendant, or against the plaintiffs and the Class as evidence of any infirmity in the claims of plaintiffs and the Class;

(c) offered or received against Oxford and the Individual Defendants or against the plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Oxford and the Individual Defendants may refer to the Stipulation to effectuate the liability protection granted them thereunder;

(d) construed against Oxford and the Individual Defendants or the plaintiffs and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

11.    The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

-7-

12.    The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.    Plaintiffs' Counsel are hereby awarded ___28___ % of the Gross Oxford Settlement Fund in fees, which the Court finds to be fair and reasonable, and $ _4,782,323.16_ in reimbursement of expenses, which expenses shall be paid to Plaintiffs' Lead Counsel from the Gross Oxford Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Gross Oxford Settlement Fund earns.  The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

14.    Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

15.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated:    White Plains, New York
June 12, 2003

_Charles Brieant_
HONORABLE CHARLES L. BRIEANT
UNITED STATES DISTRICT JUDGE

-9-

IN RE OXFORD HEALTH PLANS, INC. SECURITIES LITIGATION
MDL Dkt No. 1222 (CLB)

SCHEDULE A

## PERSONS / ENTITIES EXCLUDED FROM THE CLASS

| LAST NAME | FIRST NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|
| Adinaro | Peter | 3384 Forestwood Dr. | | Suwanee | GA | 30024 |
| Allegheny Co. Ret Bo | | 525 William Penn Place | Suite 3631 | Pittsburgh | PA | 15259 |
| Amos | Bobby | 2209 Thistle Circle | | Kearney | MO | 64060 |
| Anello | Santo & Lillian | 351 Boscombe Ave | | Staten Island | NY | 10309 |
| Batten | Hugh | 159 Avenida Majorca | Unit A | Laguna Hills | CA | 92653 |
| Baumgartner | Janet E. | 350 Sharon Park Dr. | Apt. 1-24 | Menlo Park | CA | 94025 |
| Beattie | Sue Ann | 12822 Dornoch Ct. SE | | Ft Myers | FL | 33912 |
| Brown | Lola H. | 3306 S Linden Ave. | | Springfield | MO | 65804 |
| Bryant | Christopher | 164 Oakwood Ave. | | Bayport | NY | 11705 |
| Buckles | Ray | 539 Monceau Dr. | | St. Louis | MO | 63135 |
| Buckles | Gail | 539 Monceau Dr. | | St. Louis | MO | 63135 |
| Caruthers | Byron C. & Helen M. | 2608 Kidd Dr. | | Arlington | TX | 76013 |
| Castens | Bert | 1228 Almondwood Dr. | | New Port Richey | FL | 34655 |
| Costello | John & Margaret Libretto | 840 Strang Drive | | Wantaugh | NY | 11793 |
| Cummins | Joanne | 1803 Melissa | | Longview | TX | 75605 |
| Ehrman | Sam & Jacob | 104-20 Queens Blvd. | Apt. 16M | Forest Hills | NY | 11375 |
| Franz | Lois | 16327 Crescent Dr SW | | Vashon | WA | 98070 |
| Freier | Jerri | 815 Millwood Ave. | | Roseville | MN | 55113 |
| Gaines | William | 122 Woodcrest Dr. | | Cartersville | GA | 30120 |
| Gallozzi | Ennio | 621 N Saint Asaph St. | Apt. 310 | Alexandria | VA | 22314 |
| Gallozzi | Margaret | 621 N Saint Asaph St. | Apt. 310 | Alexandria | VA | 22314 |
| Garrett | Gerald | 9426 SE 52nd St. | | Mercer Island | WA | 98040 |
| Gay | Charles | 33 Southgate Circle | | Massapequa Pk | NY | 11762 |
| Godowski | Robert T. | 746 Hamilton Ave. | | Watertown | CT | 06795 |
| Halim | Angelica | 940 N Foothill Rd. | | Beverly Hills | CA | 90210 |
| Harris | Richard | 33351 Fargo | | Livonia | MI | 48152 |
| Harshman | Ronald | 2120 Los Rios Blvd | | Plano | TX | 75074 |
| Hubbard | Vincent & Helen | 10 Tomoka Pl | | Summerfield | FL | 34491 |
| Jung | Cheryl Ann | 247 West 15th St. | Apt. 2B | New York | NY | 10011 |
| Kessler | Jay | 33 Paige Ln. | | Moriches | NY | 11955 |
| King | Shirley A. | 231 W Horizon Ridge | Apt. 723 | Henderson | NV | 89012 |
| Korde | Abhay A. & Varsha A. | 1250 Mill Shyre Way | | Lawrenceville | GA | 30043 |
| Kotsiris, Jr. | John | PO Box 87 | | Vineland | NJ | 08362 |
| Lakier | Andrew | Derstine & Cannon Aves | PO Box 854 | Lansdale | PA | 19446 |
| Lemmo | Ernest & Santa | 314 Tompkins Ave. | | Mamaroneck | NY | 10543 |
| Lerch | Archie | 185 Gebhardt Rd. | | Penfield | NY | 14526 |
| Mattoli | John | 5560 Bayview Drive | | Fort Lauderdale | FL | 33308 |
| Meyers | Jamie & Penni | 27 Wolfpit Road | | Southbury | CT | 06488 |
| Miller | Marilyn | 7230 Maplewood Dr. | | Indianapolis | IN | 46227 |
| Molineaux | Diana B. | 3001 Veazey Terr. NW | Apt. #116 | Washington | DC | 20008 |
| Nance | David & Carolyn M. | 1347 Lake Valley Dr. | | Fenton | MI | 48430 |
| Nicola | Daniel J. | 122 Bala Avenue | | Bala Cynwyd | PA | 19004 |
| Pasich | Dean | 88 Pukoo Street | #609 | Honolulu | HI | 96814 |
| Popescu | Valentin | 3001 Veazey Terr. NW | Apt. #116 | Washington | DC | 20008 |
| Puryear | Joe | 949 Knoll Park Lane | | Fallbrook | CA | 92028 |
| Raymon | Jonathan | P.O. Box 76 | | Crompond | NY | 10517 |
| Reid, Jr. | John F. | 70 Thistle Patch Way | | Hingham | MA | 02043 |

| LAST NAME | FIRST NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|
| Reuter | Eleanor | 117 B Heritage Village | | Southbury | CT | 06488 |
| Rice | Edna | 1915 Lohman's Crossing | | Lakeway | TX | 78734 |
| Ricker | Ann | 703 W Washington St. | | Urbana | IL | 61801 |
| Sally | Marilyn | 345 Oakwood Ave | | Bayport | NY | 11705 |
| Santoro | Dorothy | 2701 Byron Drive | | Las Vegas | NV | 89134 |
| Sinclair | David N. | 22366 Claibourne Ln | | Saugus | CA | 91350 |
| Soud | Wayne K. | 1135 Queensgate Dr. SE | | Smyrna | GA | 30082 |
| Straus | Philippa B. | 3004 Brookwood Rd. | | Birmingham | AL | 35223 |
| Tarrant | Margaret | 100 Colfax Avenue | Apt. 7Y | Staten Island | NY | 10306 |
| Van Fossan | Mary Dougherty | Unknown | | Trappe | MD | 21673 |
| Vidal, MD | Jose H. | 2693 La Casita Avenue | | Las Vegas | NV | 89120 |
| Voisine | Reed A. & Marilyn G. | 43 Anthony Drive | | Bristol | CT | 06010 |
| Whiteford | Audrey | PO Box 50487 | | Phoenix | AZ | 85076 |
| Whitney | David | 1401 Maharis Rd. | | Virginia Beach | VA | 23455 |
| Wiener | Benjamin & Shirley | 2 Fountain Lane | Apt. 1G | Scarsdale | NY | 10583 |



LEXSEE 2003 U.S. DIST. LEXIS 26795



Analysis
As of: Nov 04, 2009

### IN RE OXFORD HEALTH PLANS, INC. SECURITIES LITIGATION; THIS DOCUMENT APPLIES TO ALL CLASS ACTIONS

**MDL Dkt. No. 1222 (CLB)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, WHITE PLAINS DIVISION**

*2003 U.S. Dist. LEXIS 26795*

**June 12, 2003, Decided**
**June 12, 2003, Filed**

**PRIOR HISTORY:** *In re Oxford Health Plans Inc., Sec. Litig., 244 F. Supp. 2d 247, 2003 U.S. Dist. LEXIS 2234 (S.D.N.Y., 2003)*

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** A hearing was held to determine whether the settlement agreement in a securities class action should be approved, whether judgment should be entered dismissing the complaint on the merits and with prejudice in favor of defendant and as against all persons or entities who were members of the class who had not requested exclusion, whether to approve the plan of allocation, and whether and in what amount to award plaintiffs' counsel fees.

**OVERVIEW:** The court found that the prerequisites for a class action under *Fed. R. Civ. P. 23(a)* and *(b)(3)* had been satisfied, and it certified the action as a class action. Further, the court found that the settlement was approved as fair, reasonable, and adequate, and the parties were directed to consummate the settlement with defendant in accordance with the terms and provisions of the stipulation. The complaint, which the court found was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and *Fed. R. Civ. P. 11* based upon all publicly available information, was dismissed with prejudice and without costs. Moreover, the court found that the plan of allocation was approved as fair and rea-

sonable, and plaintiffs' counsel were awarded 28 percent of the settlement fund in fees, and $ 1,594,107.73 in reimbursement of expenses.

**OUTCOME:** The settlement and plan of allocation were approved and the complaint was dismissed. Plaintiffs' counsel were awarded 28 percent of the settlement fund in fees and $ 1,594,107.73 in reimbursement of expenses. Exclusive jurisdiction was retained over the parties and the class members for all matters relating to the action.

**CORE TERMS:** settlement, entity, class action, successors, notice, assigns, common stock, common law, discharged, damaged, unknown, fault, questions of law, call options, sub-class, pendency, settlement proceeds, attorneys' fees, causes of action, reimbursement, permanently, instituting, prosecuting, compromised, commencing, wrongdoing, effectuate, enjoined, omission

**COUNSEL:** [*1] For Metro Services, Inc., Plaintiff: Richard B. Dannenberg, Lowey Dannenberg Bemporad & Sellinger, P.C., White Plains, NY; Robert M. Roseman, Spector, Roseman & Kodroff, P.C., Philadelphia, PA; Stanley D Bernstein, Bernstein Liebhard & Lifshitz, LLP, New York, NY.

For Anthony P. Uzzo, for the Anthony P. Uzzo Defined Benefit Keogh Plan and as Trustee of the A. Uzzo & Co.

Pension Trust of Purchase, New York, Anthony Siniscalchi, Blaise Fredella, Plaintiffs: Richard B. Dannenberg, Spector, Roseman & Kodroff, P.C., Philadelphia, PA.

For Worldco, LLC, Gateway Capital Partners, LP, Lawrence Group Partners, LP, PTJP Partners, LP, Murray Berman, Marko Jerovsek, Julian Hill, Ellen Loring, Benjamin A. Corteza, Geoffrey M. Gyrisco, Dr. Robert J. Rosenkranz, Plaintiffs: Jill Rosell, Lowey Dannenberg Bemporad & Selinger, White Plains, NY.

For North River Trading Company, LLC, John Turner, Plaintiffs: Mark C. Gardy, Abbey, Gardy & Squitieri, L.L.P., New York, NY.

For Edna Roth, Derivatively on behalf of Oxford Health Plans, Inc. a Delaware Corporation, Plaintiff: Karen L. Morris, Morris and Morris, Wilmington, DE.

For Arthur Plevy, Derivatively on behalf of Oxford Health **[*2]** Plans, Inc., Plaintiff: Glen DeValerio, Berman Devalerio & Pease, Boston, Ma.

For Judith Mosson, Plaintiff: Paul Oliva Paradis, Pomerantz Levy Haudek Block & Grossman, New York, NY.

For Clark Boyd, Jane Boyd, Dane Field, Derivatively and on behalf of Oxford Health Plans, Inc., Plaintiffs: Joseph Harry Weiss, Weiss & Yourman, New York, NY.

For Angeles Glick, Derivatively on behalf of Oxford Health Plans, Inc., Plaintiff: Marc I. Gross, Pomerantz, Levy, Haukek, Block & Grossman, New York, NY.

For Howard Vogel Retirement Plan, Plaintiff: Bruce D. Bernstein, Milberg Weiss et al., New York, NY; Deborah Clark Weintraub, Janine Lee Pollack, Patricia M. Hynes, Milberg Weiss Bershad Hynes & Lerach LLP, New York, NY.

For Cheryl Fisher, William Steiner, Plaintiffs: Robert I. Harwood, Wechsler Harwood LLP, New York, NY.

For Public Employees Retirement Association of Colorado, Plaintiff: Denise T. DiPersio, Jay W. Eisenhofer, Stuart M. Grant, Grant & Eisenhofer, P.A., Wilmington, DE.

For PBHG Growth II Portfolio, PBHG Large Cap Growth Portfolio, PBHG Select 20 Portfolio, PBHG Large Cap Growth Fund, PBHG Large Cap 20 Fund, Plaintiffs: Martin D. Chitwood, Chitwood **[*3]** & Harley, Atlanta, GA.

For Paul J. Silvester, as Treasurer of the State of Connecticut and as Trustee of the State of Connecticut Retirement Plans and Trust Funds, Plaintiff: William J. Prensky, Office of the Attorney General, Hartford, Ct.

For Mead Ann Krim, on behalf of herself and all others similarly situated, Plaintiff: Laura M. Perrone, The Law Firm of Harvey Greenfield, New York, NY.

For Oxford Health Plans, Inc., Defendant: Philip L. Graham, Jr., Sullivan & Cromwell, New York, NY.

For Stephen F. Wiggins, Andrew B. Cassidy, Defendants: Peter J. Beshar, Gibson, Dunn & Crutcher LLP, New York, NY.

For Robert B. Milligan, Jr., Defendant: Maureen C. Shay, Latham & Watkins, New York, NY.

For KPMG Peat Marwick LLP, Defendant: Kelly Marie Hnatt, Willkie Farr & Gallagher LLP, New York, NY; Richard L. Klein, Willkie Farr & Gallagher, New York, NY.

For Reliance Insurance CO., Movant: Diane L. Van Epps, Duane, Morris & Heckscher LLP, Briarcliff Manor, NY.

**JUDGES:** HONORABLE CHARLES L. BRIEANT, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** HONORABLE CHARLES L. BRIEANT

**OPINION**

***ORDER AND FINAL JUDGMENT WITH RESPECT TO KPMG LLP***

On the 11th day of June, 2003, a hearing **[*4]** having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreements of Settlement dated April 14, 2003 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against KPMG in the Complaint now pending in this Court under the above caption, including the release of KPMG and the KPMG Released Parties from all KPMG Settled Claims, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of KPMG and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what

2003 U.S. Dist. LEXIS 26795, *

amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the common [*5] stock of Oxford Health Plans, Inc. ("Oxford"), or purchased Oxford call options or sold Oxford put options, during the period from November 6, 1996 through and including December 9, 1997 (the "Class Period"), and who were damaged thereby, except those persons or entities excluded from the definition of the Class or who previously excluded themselves from the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

The Court having made its Finding of Fact and Conclusion of Law (see transept)

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the plaintiffs, all Class Members, and KPMG.

2. The Court finds that the prerequisites for a class action under *Rules 23 (a)* and *(b)(3)* of the Federal Rules of Civil Procedure have been satisfied [*6] in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to *Rule 23 of the Federal Rules of Civil Procedure*, this Court hereby finally certifies this action as a class action on behalf of all persons or entities who purchased the common stock of Oxford, or purchased Oxford call options or sold Oxford put options, during the period from November 6, 1996 through and including December 9, 1997, and who were damaged thereby (the "Class"), and a sub-class consisting of all persons or entities who purchased Oxford common stock contemporaneously with sales [*7] of such stock by Individual Defendants Stephen F. Wiggins, William M. Sullivan, Andrew B. Cassidy, Brendan R. Shanahan, Benjamin H. Safirstein, Robert M. Smoler, Robert M. Milligan, David Finkel, Jeffery H. Boyd and Thomas A. Travers during the Class Period, and who were damaged thereby (the "20A Sub-Class"). Excluded from the Class are Oxford, the Individual Defendants and KPMG LLP ("KPMG") (collectively, the "Defendants"), the officers and directors of the Company, members of the immediate families of the Individual Defendants and each of their legal representatives, heirs, successors, or assigns, and any entity in which any defendant has or had a controlling interest. Also excluded from the Class are the persons and/or entities who previously excluded themselves from the Class as listed on Exhibit A annexed hereto.

4. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of *Rule 23 of the Federal Rules* [*8] *of Civil Procedure*, Section 21D(a)(7) of the Securities Exchange Act of 1934, *15 U.S.C. 78u-4(a)(7)* as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Settlement with KPMG is approved as fair, reasonable and adequate, and the parties are directed to consummate the Settlement with KPMG in accordance with the terms and provisions of the Stipulation.

6. The Complaint, which the Court finds was filed on a good faith basis in accordance with the PSLRA and *Rule 11 of the Federal Rules of Civil Procedure* based upon all publicly available information, is hereby dismissed with prejudice and without costs as against KPMG.

7. Members of the Class who have not previously and timely excluded themselves therefrom and the successors and assigns of any of them are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights, demands, suits, matters, issues, [*9] causes of action, or liabilities whatsoever, whether known or unknown, against KPMG and/or the KPMG Released Parties whether under federal, state, local, statutory or common law or any other law, rule or regulation, in connection with, based upon, arising out of, or relating in any way to any allegations, claims, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted in the Action relating to the

purchase of Oxford common stock and/or purchase of Oxford call options and/or sale of Oxford put options during the Class Period, including, but not limited to claims in connection with, based upon, arising out of, or relating to the Settlement (but excluding any claims to enforce the terms of the Settlement) (the "KPMG Settled Claims") against KPMG and its present and former partners, principals, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns (the "KPMG Released Parties"). The KPMG Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the KPMG Released Parties on the merits and with prejudice by virtue of the proceedings **[*10]** herein and this Order and Final Judgment.

8. KPMG and its successors and assigns, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and unknown claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action except claims relating to the enforcement of the settlement of the Action (the "Settled Defendants' Claims"). The Settled Defendants' Claims of all of the KPMG Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9. Pursuant to the PSLRA and *15 U.S.C. § 78u-4(f)(7)*, the KPMG Released Parties **[*11]** are hereby discharged from all claims for contribution by any person or entity, including without limitation the Oxford Released Parties, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the KPMG Settled Claims of the Class or any Class Member. Accordingly, to the full extent provided by the PSLRA, the Court hereby (i) bars any action by any person, including, but not limited to, the Oxford Defendants, for contribution against KPMG arising out of the Action, and (ii) bars any action by KPMG against any person, including, but not limited to, the Oxford Defendants, for contribution arising out of the Action.

10. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against KPMG as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by KPMG with respect to the truth of any fact alleged by plaintiffs or the validity of any claim that had been or could have been asserted in the Action **[*12]** or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of KPMG;

(b) offered or received against KPMG as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by KPMG, or against the plaintiffs and the Class as evidence of any infirmity in the claims of plaintiffs and the Class;

(c) offered or received against KPMG or against the plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that KPMG may refer to the Stipulation to effectuate the liability protection granted it thereunder;

(d) construed against KPMG or the plaintiffs and the Class as an admission or concession that the consideration **[*13]** to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the KPMG Settlement Amount.

11. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

12. The Court finds that all parties and their counsel have complied with each requirement of *Rule 11 of the Federal Rules of Civil Procedure* as to all proceedings herein.

13. Plaintiffs' Counsel are hereby awarded 28% of the Gross KPMG Settlement Fund in fees, which the Court finds to be fair and reasonable, and $ 1,594,107.73 in reimbursement of expenses, which expenses shall be paid to Plaintiffs' Lead Counsel from the Gross KPMG Settlement Fund with interest from the date such Gross KPMG Settlement Fund was funded to the date of pay-

2003 U.S. Dist. LEXIS 26795, *

ment at the same net rate that **[\*14]** the Gross KPMG Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

14. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

15. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to *Rule 54(b) of the Federal Rules of Civil Procedure.*Dated: White Plains, New York

June 12, 2003

HONORABLE CHARLES L. BRIEANT

UNITED STATES **[\*15]** DISTRICT JUDGE

SCHEDULE A

_____

| PERSONS / ENTITIES EXCLUDED FROM THE CLASS | | | |
|---|---|---|---|
| LAST NAME | FIRST NAME | ADDRESS 1 | ADDRESS 2 |
| Adinaro | Peter | 3384 Forestwood Dr. | |
| Allegheny Co. Ret Bo | | 525 William Penn Place | Suite 3631 |
| Amos | Bobby | 2209 Thistle Circle | |
| Anello | Santo & Lillian | 351 Boscombe Ave | |
| Batten | Hugh | 159 Avenida Majorca | Unit A |
| Baumgartner | Janet E. | 350 Sharon Park Dr. | Apt. 1-24 |
| Beattie | Sue Ann | 12822 Dornoch Ct. SE | |
| Brown | Lola H. | 3306 S Linden Ave. | |
| Bryant | Christopher | 164 Oakwood Ave. | |
| Buckles | Ray | 539 Monceau Dr. | |
| Buckles | Gail | 539 Monceau Dr. | |
| Caruthers | Byron C. & Helen M. | 2608 Kidd Dr. | |
| Castens | Bert | 1228 Almondwood Dr. | |
| Costello | John & Margaret Libretto | 840 Strang Drive | |
| Cummins | Joanne | 1803 Melissa | |

2003 U.S. Dist. LEXIS 26795, *

| PERSONS / ENTITIES EXCLUDED FROM THE CLASS | | | |
|---|---|---|---|
| LAST NAME | FIRST NAME | ADDRESS 1 | ADDRESS 2 |
| Ehrman | Sam & Jacob | 104-20 Queens Blvd. | Apt. 16M |
| Franz | Lois | 16327 Crescent Dr SW | |
| Freier | Jerri | 815 Millwood Ave. | |
| Gaines | William | 122 Woodcrest Dr. | |
| Gallozzi | Ennio | 621 N Saint Asaph St. | Apt. 310 |
| Gallozzi | Margaret | 621 N Saint Asaph St. | Apt. 310 |
| Garrett | Gerald | 9426 SE 52nd St. | |
| Gay | Charles | 33 Southgate Circle | |
| Godowski | Robert T. | 746 Hamilton Ave. | |
| Halim | Angelica | 940 N Foothill Rd. | |
| Harris | Richard | 33351 Fargo | |
| Harshman | Ronald | 2120 Los Rios Blvd | |
| Hubbard | Vincent & Helen | 10 Tomoka Pl | |
| Jung | Cheryl Ann | 247 West 15th St. | Apt. 2B |
| Kessler | Jay | 33 Paige Ln. | |
| King | Shirley A. | 231 W Horizon Ridge | Apt. 723 |
| Korde | Abhay A. & Varsha A. | 1250 Mill Shyre Way | |
| Kotsiris, Jr. | John | PO Box 87 | |
| Lakier | Andrew | Derstine & Cannon Aves | PO Box 854 |
| Lemmo | Ernest & Santa | 314 Tompkins Ave. | |
| Lerch | Archie | 185 Gebhardt Rd. | |
| Mattoli | John | 5560 Bayview Drive | |
| Meyers | Jamie & Penni | 27 Wolfpit Road | |
| Miller | Marilyn | 7230 Maplewood Dr. | |

2003 U.S. Dist. LEXIS 26795, *

| PERSONS / ENTITIES EXCLUDED FROM THE CLASS | | | |
|---|---|---|---|
| LAST NAME | FIRST NAME | ADDRESS 1 | ADDRESS 2 |
| Molineaux | Diana B. | 3001 Veazey Terr. NW | Apt. # 116 |
| Nance | David & Carolyn M. | 1347 Lake Valley Dr. | |
| Nicola | Daniel J. | 122 Bala Avenue | |
| Pasich | Dean | 88 Pukoo Street | # 609 |
| Popescu | Valentin | 3001 Veazey Terr. NW | Apt. # 116 |
| Puryear | Joe | 949 Knoll Park Lane | |
| Raymon | Jonathan | P.O. Box 76 | |
| Reid, Jr. | John F. | 70 Thistle Patch Way | |
| Reuter | Eleanor | 117 B Heritage Village | |
| Rice | Edna | 1915 Lohman's Crossing | |
| Ricker | Ann | 703 W Washington St. | |
| Sally | Marilyn | 345 Oakwood Ave | |
| Santoro | Dorothy | 2701 Byron Drive | |
| Sinclair | David N. | 22366 Claibourne Ln | |
| Soud | Wayne K. | 1135 Queensgate Dr. SE | |
| Straus | Philippa B. | 3004 Brookwood Rd. | |
| Tarrant | Margaret | 100 Colfax Avenue | Apt. 7Y |
| Van Fossan | Mary Dougherty | Unknown | |
| Vidal, MD | Jose H. | 2693 La Casita Avenue | |
| Voisine | Reed A. & Marilyn G. | 43 Anthony Drive | |
| Whiteford | Audrey | PO Box 50487 | |
| Whitney | David | 1401 Maharis Rd. | |
| Wiener | Benjamin & Shirley | 2 Fountain Lane | Apt. 1G |

_____

[*16]

2003 U.S. Dist. LEXIS 26795, *

| PERSONS / ENTITIES EXCLUDED FROM THE CLASS | | | |
|---|---|---|---|
| LAST NAME | CITY | STATE | ZIP |
| Adinaro | Suwanee | GA | 30024 |
| Allegheny Co. Ret Bo | Pittsburgh | PA | 15259 |
| Amos | Kearney | MO | 64060 |
| Anello | Staten Island | NY | 10309 |
| Batten | Laguna Hills | CA | 92653 |
| Baumgartner | Menlo Park | CA | 94025 |
| Beattie | Ft Myers | FL | 33912 |
| Brown | Springfield | MO | 65804 |
| Bryant | Bayport | NY | 11705 |
| Buckles | St. Louis | MO | 63135 |
| Buckles | St. Louis | MO | 63135 |
| Caruthers | Arlington | TX | 76013 |
| Castens | New Port Richey | FL | 34655 |
| Costello | Wantaugh | NY | 11793 |
| Cummins | Longview | TX | 75605 |
| Ehrman | Forest Hills | NY | 11375 |
| Franz | Vashon | WA | 98070 |
| Freier | Roseville | MN | 55113 |
| Gaines | Cartersville | GA | 30120 |
| Gallozzi | Alexandria | VA | 22314 |
| Gallozzi | Alexandria | VA | 22314 |
| Garrett | Mercer Island | WA | 98040 |
| Gay | Massapequa Pk | NY | 11762 |

2003 U.S. Dist. LEXIS 26795, *

| PERSONS / ENTITIES EXCLUDED FROM THE CLASS | | | |
|---|---|---|---|
| LAST NAME | CITY | STATE | ZIP |
| Godowski | Watertown | CT | 06795 |
| Halim | Beverly Hills | CA | 90210 |
| Harris | Livonia | MI | 48152 |
| Harshman | Plano | TX | 75074 |
| Hubbard | Summerfield | FL | 34491 |
| Jung | New York | NY | 10011 |
| Kessler | Moriches | NY | 11955 |
| King | Henderson | NV | 89012 |
| Korde | Lawrenceville | GA | 30043 |
| Kotsiris, Jr. | Vineland | NJ | 08362 |
| Lakier | Lansdale | PA | 19446 |
| Lemmo | Mamaroneck | NY | 10543 |
| Lerch | Penfield | NY | 14526 |
| Mattoli | Fort Lauderdale | FL | 33308 |
| Meyers | Southbury | CT | 06488 |
| Miller | Indianapolis | IN | 46227 |
| Molineaux | Washington | DC | 20008 |
| Nance | Fenton | MI | 48430 |
| Nicola | Bala Cynwyd | PA | 19004 |
| Pasich | Honolulu | HI | 96814 |
| Popescu | Washington | DC | 20008 |
| Puryear | Fallbrook | CA | 92028 |
| Raymon | Crompond | NY | 10517 |
| Reid, Jr. | Hingham | MA | 02043 |

2003 U.S. Dist. LEXIS 26795, *

| PERSONS / ENTITIES EXCLUDED FROM THE CLASS | | | |
|---|---|---|---|
| LAST NAME | CITY | STATE | ZIP |
| Reuter | Southbury | CT | 06488 |
| Rice | Lakeway | TX | 78734 |
| Ricker | Urbana | IL | 61801 |
| Sally | Bayport | NY | 11705 |
| Santoro | Las Vegas | NV | 89134 |
| Sinclair | Saugus | CA | 91350 |
| Soud | Smyrna | GA | 30082 |
| Straus | Birmingham | AL | 35223 |
| Tarrant | Staten Island | NY | 10306 |
| Van Fossan | Trappe | MD | 21673 |
| Vidal, MD | Las Vegas | NV | 89120 |
| Voisine | Bristol | CT | 06010 |
| Whiteford | Phoenix | AZ | 85076 |
| Whitney | Virginia Beach | VA | 23455 |
| Wiener | Scarsdale | NY | 10583 |

[*17]