EXHIBIT 19

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| *In re U.S. Foodservice, Inc.*<br>*Pricing Litigation* | Case No. 3:07-md-1894 (AWT) |
| This Document Relates To: All Matters | |

## ORDER APPROVING SETTLEMENTS

This matter came before the Court for a fairness hearing on December 9, 2014, pursuant to Federal Rule of Civil Procedure 23 and the Preliminary Approval Orders of the Court dated July 14, 2014 [Dkt. Nos. 508 and 509] (the "Preliminary Approval Orders"), and on the October 26, 2014 application of Plaintiffs for final approval of the Settlements set forth in (i) the Settlement Agreement (the "USF Settlement Agreement") executed May 20, 2014 by Plaintiffs and Defendant U.S. Foods, Inc. f/k/a U.S. Foodservice, Inc. ("USF"), and (ii) the Settlement Agreement (the "Redgate Settlement Agreement") executed on July 13, 2014 by Plaintiffs and Defendant Gordon Redgate. Notice having been given to the Class as required in the Preliminary Approval Orders, and the Court having considered the USF Settlement Agreement and the Redgate Settlement Agreement, and all papers filed and proceedings held herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Capitalized terms not otherwise defined in this Order shall have the same meanings given to them in the USF Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all members of the Class certified by the Court pursuant to Fed. R. Civ. P. 23 to include:

> Any person (individual or entity) in the United States who purchased products from USF pursuant to an arrangement that defined a sale price in terms of a cost component plus a markup ("cost-plus contract"), and for which USF used a VASP transaction to calculate the cost component.

The following potential class members have timely requested exclusion from the Class (and not withdrawn that request): Clossman Catering, LLC, The Estate of Bryan Fogle, and The University of Washington. These entities are hereby excluded from the Class and are not subject to this Order.

3. The Court determines that Plaintiffs are alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*., as well as breach of contract claims. The Court also determines that Defendants deny and, in entering the USF Settlement Agreement and the Redgate Settlement Agreement, have not admitted Plaintiffs' allegations.

4. The Court determines that the USF Settlement Agreement and the Redgate Settlement Agreement have been negotiated vigorously and at arm's length by the parties, that the settlements arise from a genuine controversy between the parties and not as a result of collusion, and were not procured by fraud or misrepresentation.

5. Pursuant to Federal Rule of Civil Procedure 23, and there being no objection to the USF Settlement Agreement or the Redgate Settlement Agreement, the Court hereby approves and confirms the USF Settlement Agreement and the Redgate Settlement Agreement as being

fair, reasonable, and adequate settlements and compromises of the Action, adopts the USF Settlement Agreement and the Redgate Settlement Agreement as its judgment, and orders that the USF Settlement Agreement and the Redgate Settlement Agreement shall herewith be effective, binding, and enforced according to their terms and conditions.

6. Notice of the pendency of this Action as a class action and of the USF Settlement Agreement and the Redgate Settlement Agreement has been provided and made in accordance with the Preliminary Approval Orders, and the Court finds as follows:

   a. Such notices and the method by which they were provided to the Class were appropriate and reasonable;

   b. Such notices included individual notice to all members of the Class that could be identified through reasonable efforts, publication of such notice in *the Wall Street Journal*, and banner notice placed in various foodservice industry journals and websites;

   c. Such notices provided valid, due and sufficient notice of these proceedings and of the matters set forth therein, including the settlements described in the USF Settlement Agreement and the Redgate Settlement Agreement, and including information regarding the procedure for making objections by all persons to whom such notices were directed; and

   d. Such notices fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

7. The Action is hereby dismissed as against all Defendants, with prejudice and without costs, except as set forth in the USF Settlement Agreement, the Redgate Settlement Agreement, and this Order. Any other matter filed in or transferred to *In re U.S. Foodservice Inc. Pricing*

*Litig.*, Nos. 3:07-md-1894, 3:06-cv-1657, 3:08-cv-4, 3:08-cv-5 (D. Conn.) (the "MDL") shall be dismissed as against all Defendants, with prejudice and without costs.

8. Each member of the Class, on its own behalf and on behalf of those who directly, indirectly, derivatively, or in any other capacity ever had, now have, or hereafter may have Released Claims, as defined in section 11 of the USF Settlement Agreement and the Redgate Settlement Agreement, shall be deemed to have and shall have absolutely and unconditionally released and forever discharged with prejudice the Released Parties from all Released Claims. Each member of the Class is hereby permanently barred and enjoined from asserting any Released Claims.

9. The "Released Parties" are Koninklijke Ahold N.V. ("Ahold"), US Foods, Gordon Redgate, and any of their respective past, present, and future parents, subsidiaries, divisions, business units, associated and affiliated companies, agents, directors, officers, members, general partners, limited partners, employees, affiliates, subsidiaries, divisions, representatives, advisors, attorneys, associates, associations, consultants, successors, shareholders, heirs, executors, and administrators.

10. All members of the Class are permanently barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any Released Party.

11. Payments shall be made to the Class Members in accordance with the Plan of Allocation described in Plaintiffs' Memorandum of Law in Support of Plaintiffs Motion for Final Approval of the Settlements ("the Plan of Allocation"). The Plan of Allocation is hereby approved as fair, reasonable, and adequate. The Court directs that the entire Settlement

4

Fund, less attorney's fees, expenses, incentive payments, and administration fees, be distributed to the claimants pro rata. The pro rata distribution shall be calculated by comparing each claimant's purchases of relevant products to the total amount of purchases of relevant products by all claimants submitting valid claims, providing each claimant with a proportion of the Settlement Fund equal to its portion of the relevant purchases validly claimed.

12. Class Counsel has moved for an award of attorney's fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, and pursuant to the factors for assessing the reasonableness of a class action fee request as set forth in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000), the Court makes the following findings of fact and conclusions of law:

    a.  There were no objections by Class Members to the requested fee award of one-third of the Settlement Fund;

    b.  Class Counsel expended significant time and labor (approximately 94,000 hours) on behalf of the Class;

    c.  The magnitude and complexity of the litigation warrant payment to Class Counsel of the amount requested;

    d.  Class Counsel undertook numerous and significant risks of non-payment in the representation;

    e.  Class Counsel provided the Class with high quality representation;

f.  The "percentage-of-the-fund" method is the preferred method for calculating attorney's fees in common fund actions in this Circuit (*see, e.g. In re Merrill Lynch Tyco Research Sec. Litig.,* 249 F.R.D. 124, 136 (S.D.N.Y. 2008)).

g.  The requested fee is reasonable in relation to the settlement;

h.  Public policy considerations support awarding Class Counsel its requested fee award;

i.  Class Members were advised in the Notice of Class Action Settlement with USF, which was approved by the Court, that Class Counsel intended to move for an award of attorney's fees of up to one-third of the gross Settlement Fund, plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action;

j.  Class Counsel did, in fact, move for an award of attorney's fees in the amount of one-third of the Settlement Fund, plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action, incentive payments to class representatives, and administration expenses, which motion has been publicly available on the docket and on the class website at www.usfoodservicepricinglitigation.com since August 29, 2014 [Dkt. No. 510];

k.  As detailed in the Joint Declaration of Richard L. Wyatt, James E. Hartley, R. Laurence Macon, and Joe R. Whatley in Support of Class Counsel's

6

Motion for Award of Fees and Expenses from The Common Fund and for Award of Incentive and Reimbursement Payment for Class Representatives [Dkt. No. 510], a one-third fee would equate to a lodestar multiplier of approximately 2.23. In comparison with similar common fund cases, the multiplier requested here is well within the acceptable range;

l.  In light of factors and findings described above, the requested one-third (33 1/3 %) fee award is within the applicable range of reasonable percentage fund awards.

13. Accordingly, Class Counsel is hereby awarded attorney's fees of one-third of the Settlement Fund ($99 million) from the Settlement Fund. The Court finds this award to be fair and reasonable.

14. Class Counsel is hereby additionally awarded $8,081,443.80 out of the Settlement Fund as reimbursement for the expenses incurred in the prosecution of this lawsuit, which expenses the Court finds to be fair, and reasonably incurred to achieve the benefits to the Class obtained in the USF Settlement Agreement and the Redgate Settlement Agreement.

15. The awarded fees and expenses shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement. Lead Class Counsel shall allocate the fees and expenses among all Class Counsel.

16. The Court finds that the class representatives, Catholic Healthcare West, Waterbury Hospital, Thomas & King, Inc., and Frankie's Franchise Systems Inc., provided benefit to the Class by

7

their participation in the Action, and hereby awards $40,000 in incentive and reimbursement payments to each of the representatives ($160,000 total), in addition to whatever monies each Class Representative will receive from the Settlement Fund pursuant to the Plan of Allocation, to compensate the Class Representatives for the effort, time, and expense spent by them in connection with the prosecution of the Action.

17. The Court finds that Lizard's Thicket of South Carolina provided benefit to the Class and is hereby awarded an incentive and reimbursement payment of $20,000, in addition to whatever monies Lizard's Thicket will receive from the Settlement Fund pursuant to the Plan of Allocation, to compensate it for the effort, time, and expense spent by it in connection with the prosecution of the Action.

18. The Court will approve payment to the court-approved Claims and Notice Administrator, Gilardi, Inc. ("Gilardi") for reasonable costs and expenses associated with providing notice to the Class and administration of the Settlement Fund. Class Counsel shall submit a request for Gilardi's fees and expenses with its Motion for Approval of Distribution of the Settlement Fund.

19. Neither the USF Settlement Agreement, the Redgate Settlement Agreement, nor the terms of such agreements shall be offered or received into any action or proceeding for any purposes, except: (a) in an action or proceeding arising under the USF Settlement Agreement and the Redgate Settlement Agreement or arising out of or relating to the Preliminary Approval Order or the Final Order; or (b) in any action or proceeding where the releases provided pursuant to the USF Settlement Agreement and the Redgate Settlement Agreement may serve as bars to recovery.

20. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing and exclusive jurisdiction over the USF Settlement Agreement and the Redgate Settlement Agreement, including (a) the administration, consummation, interpretation and enforcement of the USF Settlement Agreement and the Redgate Settlement Agreement, (b) the implementation of the Settlement and any award or distribution of the Settlement Fund; (c) the disposition of the Settlement Fund and implementation of the Plan of Allocation; and (d) all Parties hereto for the purpose of construing, enforcing, and administering the Settlement.

## **ENTRY OF JUDGMENT**

The Clerk of Court is directed to enter the Final Judgment in the form attached to this Order dismissing all Released Claims with prejudice.

It is so ordered.

Dated this 9th day of December 2014, at Hartford, Connecticut.

_____/s/_____

Alvin W. Thompson
United States District Judge
