EXHIBIT 20

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

PASHA ANWAR, *et al.*,

          Plaintiffs,

  v.

FAIRFIELD GREENWICH LIMITED, *et al.*,

          Defendants.

This Document Relates To:  09-cv-118 (VM)

Master File No. 09-cv-118 (VM) (FM)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/13

## FINAL JUDGMENT AND ORDER AWARDING FEES AND EXPENSES

This matter came before the Court for hearing on March 22, 2013 pursuant to the Order Preliminarily Approving Settlement and Providing for Notice of Proposed Settlement ("Preliminary Approval Order"), dated November 30, 2012 (Dkt. No. 1008), on the application of the Representative Plaintiffs for approval of the Settlement set forth in the Stipulation of Settlement dated as of November 6, 2012 (Dkt. No. 996), as modified by the Amendment to Stipulation of Settlement dated December 12, 2012, so ordered on December 13, 2012 (Dkt. No. 1012), and the letter to the Court dated January 23, 2013 from counsel for the Settling Parties, so ordered on January 24, 2013 (Dkt. No. 1022) (collectively, the "Stipulation"), and the petition, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and reimbursement of expenses, and awards to the Representative Plaintiffs. Due and adequate notice having been given to the Settlement Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Final Judgment and Order Awarding Fees and Expenses (the "Final Fee and Expense Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has previously entered a Final Judgment and Order of Dismissal With Prejudice, among other things, approving the Settlement set forth in the Stipulation and finding that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Representative Plaintiffs, the Settlement Class and each of the Settlement Class Members.

3. The Court hereby grants Plaintiffs' Lead Counsel attorneys' fees of 25% of the $50,250,000 Initial Settlement Amount and expenses in an amount of $1,279,242, together with the interest earned thereon for the same time period and at the same rate as that earned on the Initial Settlement Amount. Said fees shall be allocated by Plaintiffs' Lead Counsel in a manner which, in their good-faith judgment, reflects each Plaintiff's Counsel's contribution to the institution, prosecution and resolution of the Action. The Court finds that the amount of fees awarded is fair and reasonable under the percentage-of-recovery method and the factors described in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Those factors include the following: the (i) time and labor expended by Plaintiffs' Counsel; (2) the magnitude and complexities of the Action; (3) the risk of continued litigation; (4) the quality of representation; (5) the requested fee in relation to the Settlement; (6) the experience and ability of the attorneys; (7) awards in similar cases; (8) the contingent nature of the representation and the result obtained for the Settlement Class; and (9) public policy considerations. *See Goldberger,* 209 F.3d at 50.

4. The Court hereby grants the Representative Plaintiffs reimbursement of their reasonable costs and expenses (including lost wages) directly related to their representation of the Settlement Class (including, where applicable, an incentive award), together with the interest earned

2

thereon for the same time period and at the same rate as that earned on the Initial Settlement Amount:

    i.        Pacific West Health Medical Center Employees Retirement Trust (in the amount of $50,000);

    ii.       Harel Insurance Company Ltd. (in the amount of $30,000);

    iii.      Martin and Shirley Bach Family Trust (in the amount of $25,000);

    iv.      Natalia Hatgis (in the amount of $25,000);

    v.        Securities & Investment Company Bahrain (in the amount of $45,000);

    vi.      Dawson Bypass Trust (in the amount of $25,000); and

    vii.     St. Stephen's School (in the amount of $25,000).

5. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Plaintiffs' Lead Counsel and the Representative Plaintiffs from the Initial Settlement Amount, together with interest accrued on such amount from the date of such order to the date of payment at the same rate as earned on the Initial Settlement Amount, subject to the terms, conditions, and obligations of the Stipulation.

6. The Court expressly determines that there is no just reason for delay in entering this Final Judgment and directs the Clerk of the Court to enter this Final Judgment pursuant to Fed. R. Civ. P. 54(b).

7. Without affecting the finality of this Final Judgment in any way, exclusive jurisdiction is hereby retained over the Settling Parties, the FG Defendants, and the Settlement Class Members for all matters relating to the Action, including (i) the administration, interpretation, effectuation or enforcement of the Stipulation and this Final Judgment, (ii) disposition of the Initial Settlement Amount and/or Escrow Fund; and (iii) the award of attorneys' fees, costs, interest, and

reimbursement of expenses in the Action.

DATED: 27 March 2013

The Honorable Victor Marrero
United States District Judge

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/22/13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PASHA ANWAR, *et al.*,

                Plaintiffs,

      v.

FAIRFIELD GREENWICH LIMITED, *et al.*,

                Defendants.

This Document Relates To:  09-cv-118 (VM)

Master File No. 09-cv-118 (VM) (FM)

## FINAL JUDGMENT AND ORDER AWARDING FEES AND EXPENSES

This matter came before the Court for hearing on November 22, 2013 pursuant to the GlobeOp Preliminary Approval Order ("Preliminary Approval Order"), dated September 10, 2013 (Dkt. No. 1189), on the application of the Representative Plaintiffs for approval of the Settlement set forth in the GlobeOp Stipulation of Settlement ("GlobeOp Stipulation") (Dkt. No. 1184), and the petition, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and reimbursement of expenses.   Due and adequate notice having been given to the Settlement Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     This Final Judgment and Order Awarding Fees and Expenses (the "GlobeOp Final Fee and Expense Judgment") incorporates by reference the definitions in the GlobeOp Stipulation, and all terms used herein shall have the same meanings as set forth in the GlobeOp Stipulation.

2.     This Court has previously entered the GlobeOp Final Judgment and Order of Dismissal With Prejudice, among other things, approving the $5,000,000 cash GlobeOp

Settlement Amount set forth in the GlobeOp Stipulation and finding that said GlobeOp Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Representative Plaintiffs, the GlobeOp Settlement Class and each of the GlobeOp Settlement Class Members.

3. The Court hereby grants Plaintiffs' Lead Counsel attorneys' fees of 25% of the GlobeOp Settlement Amount and expenses in an amount of $19,825.42, together with the interest earned thereon for the same time period and at the same rate as that earned on the GlobeOp Settlement Amount. The Court finds that the amount of fees awarded is fair and reasonable under the percentage-of-recovery method and the factors described in *Goldberger v. Integrated Resources, Inc.,* 209 F.3d 43, 50 (2d Cir. 2000). Those factors include the following: the (i) time and labor expended by Plaintiffs' Counsel; (2) the magnitude and complexities of the Action; (3) the risk of continued litigation; (4) the quality of representation; (5) the requested fee in relation to the Settlement; (6) the experience and ability of the attorneys; (7) awards in similar cases; (8) the contingent nature of the representation and the result obtained for the Settlement Class; and (9) public policy considerations. *See Goldberger,* 209 F.3d at 50.

4. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Plaintiffs' Lead Counsel from the GlobeOp Settlement Amount, together with interest accrued on such amount from the date of such order to the date of payment at the same rate as earned on the GlobeOp Settlement Amount, subject to the terms, conditions, and obligations of the GlobeOp Stipulation. Said attorneys' fees shall be allocated by Plaintiffs' Lead Counsel in a manner which, in their good-faith judgment, reflects each Plaintiff's Counsel's contribution to the institution, prosecution and resolution of the GlobeOp Action.

5.     The Court expressly determines that there is no just reason for delay in entering this Final Judgment and directs the Clerk of the Court to enter this Final Judgment pursuant to Fed. R. Civ. P. 54(b).

6.     Without affecting the finality of this Final Judgment in any way, exclusive jurisdiction is hereby retained over the Settling Parties, and the GlobeOp Settlement Class Members for all matters relating to the Action, including (i) the administration, interpretation, effectuation or enforcement of the GlobeOp Stipulation and this Final Judgment, (ii) disposition of the GlobeOp Settlement; and (iii) the award of attorneys' fees, costs, interest, and reimbursement of expenses in the Action.

DATED: _22 November 2013_

The Honorable Victor Marrero
United States District Judge

3



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

PASHA ANWAR, *et al.*,

                      Plaintiffs,

     v.

FAIRFIELD GREENWICH LIMITED, *et al.*,

                      Defendants.

Master File No. 09-cv-118 (VM) (FM)

## FINAL JUDGMENT AND ORDER OF DISMISSAL
## WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice of Proposed Settlement ("Preliminary Approval Order"), dated August 13., 2015 (Dkt No. 1402), on the application of the Representative Plaintiffs for approval of the Settlement set forth in the Stipulation of Settlement dated August 12, 2015 (the "Stipulation") (Dkt No. 1398). Due and adequate notice having been given of the Settlement Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice (the "Final Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      The distribution of the Notice and the publication of the Summary Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort. Said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. ¶78u-4(a)(7)), the requirements of due process, and any other applicable law.

4.      The Court finds that the Settling Defendants have provided notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715.

5.      The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied for purposes of this Settlement in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law or fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the Representative Plaintiffs fairly and adequately represent the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of this Action.

6.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies the Action as a class action for purposes of this Settlement only, and certifies as the Settlement Class all Persons who were Beneficial Owners of shares or limited partnership interests in the Funds as of December 10, 2008 (whether as holders of record or traceable to a shareholder or

2

limited partner account of record), and who suffered a Net Loss of principal invested in the Funds, excluding (i) those Persons who timely and validly requested exclusion from the Settlement Class; (ii) Fairfield Sigma Limited, (iii) Fairfield Lambda Limited, (iv) any Settlement Class Member who has been dismissed from this Action with prejudice or who is barred by prior judgment or settlement from asserting any of the claims against the Citco Defendants set forth in the SCAC; and (v) the Defendants and any entity in which the Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, attorneys, immediate family members (as defined in 17 C.F.R. 240.16a-1(e)), heirs, successors, subsidiaries and/or assigns of any such individual or entity in their capacity as such (except for any of the Citco Defendants in their role as nominee or record shareholder for any investor). The Citco Defendants solely in their capacity as nominee or record shareholder for any investors in the Funds shall act in that capacity on behalf of Beneficial Owners who participate in the Settlement.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Representative Plaintiffs, the Settlement Class and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Representative Plaintiffs, Settlement Class Members and the Citco Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

8. In accordance with Paragraph A.1(g) of the Stipulation, for purposes of this Final Judgment, the term "Claims" shall mean: any and all manner of claims, demands, rights, actions,

3

potential actions, causes of action, liabilities, duties, damages, losses, diminutions in value, obligations, agreements, suits, fees, attorneys' fees, expert or consulting fees, debts, expenses, costs, sanctions, judgments, decrees, matters, issues and controversies of any kind or nature whatsoever, whether known or unknown, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, which now exist, or heretofore or previously existed, or may hereafter exist (including, but not limited to, any claims arising under federal, state or foreign law, common law, bankruptcy law, statute, rule, or regulation relating to alleged fraud, breach of any duty, breach of any contract, negligence, fraudulent conveyance, avoidance, violations of the federal securities laws, or otherwise), whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental or of any other type or in any other capacity.

9.      In accordance with Paragraph A.1(kk) of the Stipulation, for purposes of this Final Judgment, the term "Settling Party" shall mean any one of, and "Settling Parties" means all of, the parties to the Stipulation, namely the Citco Defendants and the Representative Plaintiffs on behalf of themselves and the Settlement Class.

10.     In accordance with Paragraph A.1(bb) of the Stipulation, for purposes of this Final Judgment, the term "Released Parties" shall mean: (i) each of the Citco Defendants, their respective past, present and future, direct or indirect, parent entities, subsidiaries, and other affiliates, predecessors and successors of each and all such entities, and each and all of their foregoing entities' respective past, present, and future directors, officers, employees, partners, alleged partners, stockholders, members and owners, attorneys, advisors, consultants, trustees, insurers, co-insurers, reinsurers, representatives, and assigns, including but not limited to Brian Francoeur and Ian Pilgrim; (ii) to the extent not included in (i) above, any and all persons, firms, trusts, corporations, and other

4

entities in which any of the Citco Defendants has a financial interest or was a founder, settler or creator of the entity, and, in their capacity as such, any and all officers, directors, employees, trustees, beneficiaries, settlers, creators, attorneys, consultants, agents, or representatives of any such person, firm, trust, corporation or other entity; and (iii) in their capacity as such, the legal representatives, heirs, executors, and administrators of any of the foregoing. For avoidance of doubt, "Released Parties" does not include the PwC Defendants.

11. In accordance with Paragraph A.1(cc) of the Stipulation, for purposes of this Final Judgment, the term "Releasing Parties" shall mean: the Representative Plaintiffs, each and every member of the Settlement Class and each of their respective predecessors, successors, assigns, parents, subsidiaries and other affiliates, officers, directors, employees, partners, members, managers, owners, trustees, beneficiaries, advisors, consultants, insurers, reinsurers, stockholders, investors, nominees, custodians, attorneys, heirs, representatives, administrators, executors, devisees, legatees, and estates.

12. In accordance with Paragraph A.1(aa) of the Stipulation, for purposes of this Final Judgment, the term "Released Claims" shall mean: any and all Claims, including Unknown Claims, that have been, could have been, or in the future can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding by on or behalf of any of the Releasing Parties against any one or more of the Released Parties, whether any such Released Parties were named, served with process, or appeared in the Action, which have arisen, could have arisen, arise now, or hereafter arise out of or relate in any manner to the allegations, facts, events, matters, acts, occurrences, statements, representations, misrepresentations, omissions, or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved, at issue, or set forth in, or referred to or otherwise related in any way, directly or indirectly, to: (i) the Action, and the allegations, claims, defenses, and

5

counterclaims asserted in the Action, (ii) marketing and/or selling of the Funds by one or more of the Citco Defendants and/or the Released Parties, (iii) any disclosures or failures to disclose, by one or more of the Citco Defendants and/or the Released Parties, with respect to one or more of the Funds and/or the Citco Defendants and/or BLMIS, (iv) any fiduciary, contractual, or other obligations of one or more of the Citco Defendants and/or the Released Parties (to the extent such duties existed) related to the Funds and/or the Settlement Class Members, (v) any administrative, custodial, or other services provided to any of the Funds and/or BLMIS by one or more of the Citco Defendants and/or the Released Parties, (vi) due diligence by one or more of the Citco Defendants and/or the Released Parties related to the Funds and/or BLMIS, (vii) purchases of, sales of (or decisions not to sell), or fees paid in relation to, direct or indirect investments in one or more of the Funds, (viii) any direct or indirect investment in BLMIS, or (ix) any claims in connection with, based upon, arising out of, or relating to the Settlement (but excluding any claims to enforce the terms of the Settlement).

13.     In accordance with Paragraph A.1(ll) of the Stipulation, for purposes of this Final Judgment, the term "Unknown Claims" shall mean: all claims, demands, rights, liabilities, and causes of action of every nature and description which any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to opt-out or object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Representative Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Final Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

6

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Representative Plaintiffs shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state, territory, country or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiffs shall expressly fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent of non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any fiduciary, contractual, or other duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Representative Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

14. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto), who pursuant to the Notice, timely requested exclusion from the Settlement Class before the

7

October 16,, 2015, deadline, as well as three additional Persons whose Requests for Exclusion were received by the Claims Administrator on October 19, 2015, one business day after the deadline, and one additional Person whose Request for Exclusion was received by the Claims Administrator on November 5, 2015, who this Court, in its discretion, has determined should be treated (and the Citco Defendants have not opposed their treatment) as valid opt-outs, the Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against each and all of the Citco Defendants. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

15. The Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund or Escrow Fund, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Stipulation or this Final Judgment.

16. This release does not include any claims asserted or which may be asserted by the Funds in the proceedings entitled (i) *New Greenwich Litigation Trust, LLC, as Successor Trustee*

8

*of Greenwich Sentry, L.P. Litigation Trust v. Citco Fund Services (Europe) BV, et al.*, New York County Clerk's Index No. 600469/2009; and (ii) *New Greenwich Litigation Trust, LLC, as Successor Trustee of Greenwich Sentry Partners, L.P. Litigation Trust v. Citco Fund Services (Europe) BV, et al.*, New York County Clerk's Index No. 600498/2009; provided, however, that to the extent that any such claims have been or may be asserted, nothing in this paragraph or any provision herein shall prevent the Released Parties from asserting any defenses or raising any argument as to liability or damages with respect to such claims or, with the exception of the provisions of ¶ 4 of the Stipulation, prevent the Released Parties from asserting any rights, remedies or claims against the Funds or in the pending (though dismissed) derivative litigation.

17.     The Released Parties, on behalf of themselves, their heirs, executors, predecessors, successors and assigns, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Representative Plaintiffs, Settlement Class Members and Plaintiffs' Counsel from all Claims which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Action (the "Citco Defendant Released Claims"), and shall be permanently enjoined from prosecuting the Citco Defendant Released Claims against the Representative Plaintiffs, Settlement Class Members and Plaintiffs' Counsel. Nothing contained herein shall, however, bar the Citco Defendants and the Released Parties from bringing any action or claim to enforce the terms of the Stipulation or this Final Judgment.

18.     To the fullest extent permitted by law, all Persons, including without limitation the PwC Defendants, FG Defendants and GlobeOp, shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Parties seeking as

9

damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum.

19. To the fullest extent permitted by law, the Released Parties shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the PwC Defendants, FG Defendants, and GlobeOp, seeking as damages or otherwise, the recovery of all or any part of any liability, judgment or settlement, which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. The Released Parties shall further waive all rights to seek recovery on claims for contribution or indemnity that they hold or may hold against the Funds or any party indemnified by the Funds, the FG Defendants, GlobeOp, and the PwC Defendants for any expenses incurred or amounts paid in settlement or otherwise in connection with the Action. Nothing in this paragraph precludes the Citco Defendants from arguing that the settlement proceeds in this case are an offset against claims that may be made against them in other

10

proceedings. Any final verdict or judgment that may be obtained by one or more of the Representative Plaintiffs or one or more of the other Settlement Class Members, whether individually or on behalf of a class, against one or more of the PwC Defendants or other Persons barred from seeking contribution pursuant to this Final Judgment (a "Non-Dismissed Defendant Judgment") shall be reduced, to the extent permitted by applicable law, by the greater of (i) the amount that corresponds to the percentage of responsibility attributed to the Released Parties under the Non-Dismissed Defendant Judgment; and (ii) the gross monetary consideration provided to such Representative Plaintiff or other Settlement Class Member or Members pursuant to this Stipulation.

20.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members and directs that Plaintiffs' Lead Counsel implement the Plan of Allocation in accordance with the terms of the Stipulation.

21.     The Court hereby grants Plaintiffs' Lead Counsel attorneys' fees of __30__ % of the $125,000,000 Settlement Fund and expenses in an amount of $ 4,438.320 together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund.  Said fees shall be allocated by Plaintiffs' Lead Counsel in a manner which, in their good-faith judgment, reflects each Plaintiff's Counsel's contribution to the institution, prosecution and resolution of the Action.  The Court finds that the amount of fees awarded is fair and reasonable under the percentage-of-recovery method and the factors described in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50. (2d Cir. 2000).  Those factors include the following: the (1) time and labor expended by Plaintiffs' Counsel; (2) the magnitude and complexities of the Action; (3) the risk continued litigation; (4) the quality of representation; (5) the requested fee in relation to the

11

Settlement; (6) the experience and ability of the attorneys; (7) awards in similar cases; (8) the contingent nature of the representation and the result obtained for the Settlement Class; and (9) public policy considerations. *See Goldberger*, 209 F.3d at 50.

22. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Settlement Class.

23. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Plaintiffs' Lead Counsel from the Settlement Fund, together with interest accrued on such amount from the date of such order to the date of payment at the same rate as earned on the Settlement Fund, subject to the terms, conditions, and obligations of the Stipulation.

24. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by the Representative Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of the Citco Defendants, the Released Parties, or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by any of the Citco Defendants or Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed to be or shall be used, offered or received against the Settling Parties or the Released Parties, or each or any of them, as an admission, concession or evidence of the validity or invalidity of the

12

Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Representative Plaintiffs, Named Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action; and/or (d) is or may be deemed to be or shall construed as or received in evidence as an admission or concession against the Settling Parties or the Released Parties, or each or any of them, that any of Representative Plaintiffs' or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable under the SCAC would have been greater or less than the Settlement Fund and Escrow Fund or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

25.     The Settling Parties may file the Stipulation and/or this Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

26.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

27.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendants in accordance with the terms of the Stipulation, then this Final Judgment shall be vacated and rendered null and void to the extent provided by and in accordance with the Stipulation and, in such event, all orders entered and releases

13

delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

28.     The foregoing orders solely regarding ¶¶ 17-19, the Plan of Allocation (¶ 20) or request for payment of fees and reimbursement of expenses (¶¶ 21-22), shall in no way disturb or affect this Final Judgment and shall be separate and apart from this Final Judgment.

29.     Any Settlement Class Member who has submitted a Request for Exclusion shall not be deemed to have submitted to the jurisdiction of any Court in the United States for any matter on account of such submission, and any Settlement Class Member who has submitted or submits a Proof of Claim thereby submits to the jurisdiction of this Court with respect only to the subject matter of such Proof of Claim and all determinations made by this Court thereon and shall not be deemed to have submitted to the jurisdiction of this Court or of any court in the United States for any other matter on account of such submission.

30.     Except where a Settlement Class Member who has submitted a Request for Exclusion commences or otherwise prosecutes a Released Claim against a Released Party, all information submitted by a Settlement Class Member in a Request for Exclusion or a Proof of Claim shall be treated as confidential protected information and may not be disclosed by the Claims Administrator, its affiliates or the Setting Parties to any third party absent a further order of this Court upon a showing of necessity, and any such information that is submitted to the Court shall be filed under seal.

31.     The Court expressly determines that there is no just reason for delay in entering this Final Judgment and directs the Clerk of the Court to enter this Final Judgment pursuant to Fed. R. Civ. P. 54(b).

14

32.    Without affecting the finality of this Final Judgment in any way, exclusive jurisdiction is hereby retained over the Settling Parties and the Settlement Class Members for all matters relating to the Action, including (i) the administration, interpretation, effectuation or enforcement of the Stipulation and this Final Judgment, (ii) disposition of the Settlement Fund; and (iii) any application for attorneys' fees, costs, interest, and reimbursement of expenses in the Action.

DATED: _20 November 2015_                    _____

The Honorable Victor Marrero
United States District Judge

15

**EXHIBIT 1**

**List of Persons and Entities Excluded from the Citco Settlement Class in**
PASHA ANWAR, *et al.*, v. FAIRFIELD GREENWICH LIMITED, *et al.*
Master File No.: 09-cv-118 (VM) (FM)

The following persons and entities, and only the following persons and entities, properly excluded themselves from the Citco Settlement Class by the October 16, 2015 deadline pursuant to the Court's Preliminary Approval Order dated August 13, 2015 (Dkt. No. 1402) in response to the Notice of Proposed Partial Settlement of Class Action (Dkt No. 1424-1):

**TO BE FILED UNDER SEAL**

16

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/6/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANWAR, *et al.*,

Plaintiffs,

v.

FAIRFIELD GREENWICH LIMITED, *et al.*,

Defendants.

This Document Relates To:  09 cv 118 (VM)

Master File No. 09 CV 118 (VM)

---

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order Preliminarily

Approving Settlement and Providing for Notice of Proposed Settlement ("Preliminary Approval

Order"), dated January 7, 2016 (Dkt No. 1537), on the application of the Representative

Plaintiffs for approval of the Settlement set forth in the Stipulation of Settlement dated January

6, 2016 (the "Stipulation") (Dkt No. 1533).  Due and adequate notice having been given of the

Settlement Class as required in said Preliminary Approval Order, and the Court having

considered all papers filed and proceedings held herein and otherwise being fully informed in the

premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND

DECREED that:

1.      This Final Judgment and Order of Dismissal with Prejudice (the "Final

Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein

shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and over all

parties to the Action, including all Settlement Class Members.

3.     The distribution of the Notice and the publication of the Summary Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort.  Said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. ¶78u-4(a)(7)), the requirements of due process, and any other applicable law.

4.     The PwC Defendants provided notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, on March 4, 2016 (the "CAFA Notice").  The recipients of the CAFA Notice shall have the right to be heard with respect to the Settlement for 90 days from that date, through June 2, 2016, when this Final Judgment shall become effective if no such recipient has requested to be heard.

5.     The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied for purposes of this Settlement in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law or fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the Representative Plaintiffs fairly and adequately represent the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of this Action.

6.     Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies the Action as a class action for purposes of this Settlement only, and certifies as the Settlement Class all Persons who were Beneficial Owners of shares or limited

2

partnership interests in the Funds as of December 10, 2008 (whether as holders of record or traceable to a shareholder or limited partner account of record), and who suffered a Net Loss of principal invested in the Funds, excluding (i) those Persons who timely and validly requested exclusion from this PwC Settlement Class; (ii) Fairfield Sigma Limited, (iii) Fairfield Lambda Limited, (iv) any Settlement Class Member who has been dismissed from this Action with prejudice or who is barred by prior judgment or settlement from asserting any of the claims against the PwC Defendants set forth in the SCAC; and (v) the Defendants and any entity in which the Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, attorneys, immediate family members (as defined in 17 C.F.R. 240.16a-1(e)), heirs, successors, subsidiaries and/or assigns of any such individual or entity in their capacity as such (except for any of the Citco Defendants in their role as nominee or record shareholder for any investor). The Citco Defendants solely in their capacity as nominee or record shareholder for any investors in the Funds shall act in that capacity on behalf of Beneficial Owners who participate in the Settlement.

7.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Representative Plaintiffs, the Settlement Class and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Representative Plaintiffs, Settlement Class Members and the PwC Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in

accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

8. In accordance with Paragraph A.1(g) of the Stipulation, for purposes of this Final Judgment, the term "Claims" shall mean: any and all manner of claims, demands, rights, actions, potential actions, causes of action, liabilities, duties, damages, losses, diminutions in value, obligations, agreements, suits, fees, attorneys' fees, expert or consulting fees, debts, expenses, costs, sanctions, judgments, decrees, matters, issues and controversies of any kind or nature whatsoever, whether known or unknown, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, which now exist, or heretofore or previously existed, or may hereafter exist (including, but not limited to, any claims arising under federal, state or foreign law, common law, bankruptcy law, statute, rule, or regulation relating to alleged fraud, breach of any duty, breach of any contract, negligence, fraudulent conveyance, avoidance, violations of the federal securities laws, or otherwise), whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental or of any other type or in any other capacity.

9. In accordance with Paragraph A.1(kk) of the Stipulation, for purposes of this Final Judgment, the term "Settling Party" shall mean any one of, and "Settling Parties" means all of, the parties to the Stipulation, namely the PwC Defendants and the Representative Plaintiffs on behalf of themselves and the Settlement Class.

10. In accordance with Paragraph A.1(bb) of the Stipulation, for purposes of this Final Judgment, the term "Released Parties" shall mean: (i) each of the PwC Defendants and PricewaterhouseCoopers International Limited, their respective past, present and future, direct or

4

Case 1:09-cv-00118-VM-FM Document 1569 Filed 09/06/16 Page 3 of 19

indirect, parent entities, subsidiaries, and other affiliates, predecessors and successors of each and all such entities, and each and all of their foregoing entities' respective past, present, and future directors, officers, employees, partners (in the broadest concept of that term), alleged partners, stockholders, members and owners, attorneys, advisors, consultants, trustees, insurers, co-insurers, reinsurers, representatives, and assigns; (ii) to the extent not included in (i) above, any and all persons, firms, trusts, corporations, and other entities in which any of the PwC Defendants has a financial interest or was a founder, settler or creator of the entity, and, in their capacity as such, any and all officers, directors, employees, trustees, beneficiaries, settlers, creators, attorneys, consultants, agents, or representatives of any such person, firm, trust, corporation or other entity; and (iii) in their capacity as such, the legal representatives, heirs, executors, and administrators of any of the foregoing.

11. In accordance with Paragraph A.1(cc) of the Stipulation, for purposes of this Final Judgment, the term "Releasing Parties" shall mean: the Representative Plaintiffs, each and every member of the Settlement Class and each of their respective predecessors, successors, assigns, parents, subsidiaries and other affiliates, officers, directors, employees, partners, members, managers, owners, trustees, beneficiaries, advisors, consultants, insurers, reinsurers, stockholders, investors, nominees, custodians, attorneys, heirs, representatives, administrators, executors, devisees, legatees, and estates.

12. In accordance with Paragraph A.1(aa) of the Stipulation, for purposes of this Final Judgment, the term "Released Claims" shall mean: any and all Claims, including Unknown Claims, that have been, could have been, or in the future can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding by on or behalf of any of the Releasing Parties against any one or more of the Released Parties, whether any such Released Parties were

named, served with process, or appeared in the Action, which have arisen, could have arisen, arise now, or hereafter arise out of or relate in any manner to the allegations, facts, events, matters, acts, occurrences, statements, representations, misrepresentations, omissions, or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved, at issue, or set forth in, or referred to or otherwise related in any way, directly or indirectly, to: (i) the Action, and the allegations, claims, defenses, and counterclaims asserted in the Action, (ii) auditing or reviewing the financial statements of any of the Funds, (iii) marketing and/or selling of the Funds by one or more of the PwC Defendants and/or the Released Parties, (iv) any disclosures or failures to disclose, by one or more of the PwC Defendants and/or the Released Parties, with respect to one or more of the Funds and/or the PwC Defendants and/or BLMIS, (v) any fiduciary, contractual, common law or other obligations of one or more of the PwC Defendants and/or the Released Parties (to the extent such duties existed) related to the Funds and/or the Settlement Class Members, (vi) any other services provided to any of the Funds and/or BLMIS by one or more of the PwC Defendants and/or the Released Parties, (vii) due diligence by one or more of the PwC Defendants and/or the Released Parties related to the Funds and/or BLMIS, (viii) purchases of, sales of (or decisions not to sell), or fees paid in relation to, direct or indirect investments in one or more of the Funds, (ix) any direct or indirect investment in BLMIS, or (x) any claims in connection with, based upon, arising out of, or relating to the subject matter of the Settlement (excluding only claims to enforce the terms of the Settlement).

13.     In accordance with Paragraph A.1(ll) of the Stipulation, for purposes of this Final Judgment, the term "Unknown Claims" shall mean: all claims, demands, rights, liabilities, and causes of action of every nature and description which any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties

6

which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to opt-out or object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Representative Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Final Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Representative Plaintiffs shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state, territory, country or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiffs shall expressly fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent of non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any fiduciary, contractual, or other duty, law or rule, without regard to the subsequent

7

discovery or existence of such different or additional facts. The Representative Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

14.     Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto), who pursuant to the Notice, timely requested exclusion from the Settlement Class before the April 1, 2016, deadline, the Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against each and all of the PwC Defendants. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

15.     The Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Stipulation or this Final Judgment.

8

16. This release does not include any claims asserted or which may be asserted by the Funds, or the Trustee or Liquidator of the Funds, or in the proceedings entitled (i) *New Greenwich Litigation Trustee, LLC, as Successor Trustee of Greenwich Sentry, L.P. Litigation Trust v. Citco Fund Services (Europe) BV, et al.*, New York County Clerk's Index No. 600469/2009; (ii) *New Greenwich Litigation Trustee, LLC, as Successor Trustee of Greenwich Sentry Partners, L.P. Litigation Trust v. Citco Fund Services (Europe) BV, et al.*, New York County Clerk's Index No. 600498/2009; (iii*) Krys et al. v PricewaterhouseCoopers Accountants N.V. et al., Rb. Amsterdam HA ZA 2012/0863*, Case No. 521460; and (iv) *Fairfield Sentry et al. v. PricewaterhouseCoopers LLP et al.*, Ontario Superior Court of Justice, Court File No. CV-12-454648; provided, however, that to the extent that any such claims have been or may be asserted, nothing in this paragraph or any provision herein shall prevent the Released Parties from asserting any defenses or raising any argument as to liability or damages with respect to such claims or, with the exception of the provisions of ¶ 4 of the Stipulation, prevent the Released Parties from asserting any rights, remedies or claims against the Funds or in the pending (though dismissed) derivative litigation.

17. The Released Parties, on behalf of themselves, their heirs, executors, predecessors, successors and assigns, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Representative Plaintiffs, Settlement Class Members and Plaintiffs' Counsel from all Claims which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Action (the "PwC Defendant Released Claims"), and shall be permanently enjoined from prosecuting the PwC Defendant Released Claims against the Representative Plaintiffs, Settlement Class Members and Plaintiffs' Counsel. Nothing contained herein shall,

however, bar the PwC Defendants and the Released Parties from bringing any action or claim to enforce the terms of the Stipulation or this Final Judgment.

18.     To the fullest extent permitted by law, all Persons, including without limitation the Citco Defendants, FG Defendants and GlobeOp, shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum.

19.     To the fullest extent permitted by law, the Released Parties shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Citco Defendants, FG Defendants, and GlobeOp, seeking as damages or otherwise, the recovery of all or any part of any liability, judgment or settlement, which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other

10

proceeding or forum. The Released Parties shall further waive all rights to seek recovery on claims for contribution or indemnity that they hold or may hold against the Funds or any party indemnified by the Funds, the FG Defendants, GlobeOp, and the Citco Defendants for any expenses incurred or amounts paid in settlement or otherwise in connection with the Action. Nothing in this paragraph precludes the PwC Defendants from arguing that the settlement proceeds in this case are an offset against claims that may be made against them in other proceedings. Any final verdict or judgment that may be obtained by one or more of the Representative Plaintiffs or one or more of the other Settlement Class Members, whether individually or on behalf of a class, against one or other Persons barred from seeking contribution pursuant to this Final Judgment (a "Non-Dismissed Defendant Judgment") shall be reduced, to the extent permitted by applicable law, by the greater of (i) the amount that corresponds to the percentage of responsibility attributed to the Released Parties under the Non-Dismissed Defendant Judgment; and (ii) the gross monetary consideration provided to such Representative Plaintiff or other Settlement Class Member or Members pursuant to this Stipulation.

20.  The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members and directs that Plaintiffs' Lead Counsel implement the Plan of Allocation in accordance with the terms of the Stipulation.

21.  The Court hereby grants Plaintiffs' Lead Counsel attorneys' fees of 30% of the $55,000,000 Settlement Fund and expenses in an amount of $1,810,819 together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund. Said fees shall be allocated by Plaintiffs' Lead Counsel in a manner which, in their good-

11

faith judgment, reflects each Plaintiff's Counsel's contribution to the institution, prosecution and resolution of the Action. The Court finds that the amount of fees awarded is fair and reasonable under the percentage-of-recovery method and the factors described in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Those factors include the following: the (1) time and labor expended by Plaintiffs' Counsel; (2) the magnitude and complexities of the Action; (3) the risk of continued litigation; (4) the quality of representation; (5) the requested fee in relation to the Settlement; (6) the experience and ability of the attorneys; (7) awards in similar cases; (8) the contingent nature of the representation and the result obtained for the Settlement Class; and (9) public policy considerations. *See Goldberger*, 209 F.3d at 50.

22. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Settlement Class.

23. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Plaintiffs' Lead Counsel from the Settlement Fund, together with interest accrued on such amount from the date of such order to the date of payment at the same rate as earned on the Settlement Fund, subject to the terms, conditions, and obligations of the Stipulation.

24. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by the Representative Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or

12

fault of the PwC Defendants, the Released Parties, or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by any of the PwC Defendants or Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed to be or shall be used, offered or received against the Settling Parties or the Released Parties, or each or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Representative Plaintiffs, Named Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action; and/or (d) is or may be deemed to be or shall construed as or received in evidence as an admission or concession against the Settling Parties or the Released Parties, or each or any of them, that any of Representative Plaintiffs' or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable under the SCAC would have been greater or less than the Settlement Amount or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

25. The Settling Parties may file the Stipulation and/or this Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13

26.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

27.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendants in accordance with the terms of the Stipulation, then this Final Judgment shall be vacated and rendered null and void to the extent provided by and in accordance with the Stipulation and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

28.     The foregoing orders solely regarding ¶¶ 17-19, the Plan of Allocation (¶ 20) or request for payment of fees and reimbursement of expenses (¶¶ 21-22), shall in no way disturb or affect this Final Judgment and shall be separate and apart from this Final Judgment.

29.     Any Settlement Class Member who has submitted a Request for Exclusion shall not be deemed to have submitted to the jurisdiction of any Court in the United States for any matter on account of such submission, and any Settlement Class Member who has submitted or submits a Proof of Claim thereby submits to the jurisdiction of this Court with respect only to the subject matter of such Proof of Claim and all determinations made by this Court thereon and shall not be deemed to have submitted to the jurisdiction of this Court or of any court in the United States for any other matter on account of such submission.

30.     Except where a Settlement Class Member who has submitted a Request for Exclusion commences or otherwise prosecutes a Released Claim against a Released Party, all information submitted by a Settlement Class Member in a Request for Exclusion or a Proof of

14

Case 1:09-cv-00118-VM-FM Document 1569 Filed 05/06/16 Page 39 of 15

Claim shall be treated as confidential protected information and may not be disclosed by the Claims Administrator, its affiliates or the Setting Parties to any third party absent a further order of this Court upon a showing of necessity, and any such information that is submitted to the Court shall be filed under seal.

31.     The Court expressly determines that there is no just reason for delay in entering this Final Judgment and directs the Clerk of the Court to enter this Final Judgment pursuant to Fed. R. Civ. P. 54(b).

32.     Without affecting the finality of this Final Judgment in any way, exclusive jurisdiction is hereby retained over the Settling Parties and the Settlement Class Members for all matters relating to the Action, including (i) the administration, interpretation, effectuation or enforcement of the Stipulation and this Final Judgment, (ii) disposition of the Settlement Fund; and (iii) any application for attorneys' fees, costs, interest, and reimbursement of expenses in the Action.

DATED: May 2, 2016

The Honorable Victor Marrero
United States District Judge

15