# EXHIBIT 21

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 2 4 201

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BANK OF NEW YORK MELLON CORP. FOREX TRANSACTIONS LITIGATION | No. 12-MD-2335 (LAK) (JLC) |
| THIS DOCUMENT RELATES TO: | |
| *Southeastern Pennsylvania Transportation Authority v. The Bank of New York Mellon Corporation, et al.* | No. 12-CV-3066 (LAK) (JLC) |
| *International Union of Operating Engineers, Stationary Engineers Local 39 Pension Trust Fund v. The Bank of New York Mellon Corporation, et al.* | No. 12-CV-3067 (LAK) (JLC) |
| *Ohio Police & Fire Pension Fund, et al. v. The Bank of New York Mellon Corporation, et al.* | No. 12-CV-3470 (LAK) (JLC) |
| *Carver, et al. v. The Bank of New York Mellon, et al.* | No. 12-CV-9248 (LAK) (JLC) |
| *Fletcher v. The Bank of New York Mellon, et al.* | No. 14-CV-5496 (LAK) (JLC) |

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES, SERVICE AWARDS, AND REIMBURSEMENT OF LITIGATION EXPENSES**

This matter came on for hearing on September 24, 2015 (the "Settlement Hearing"), on Lead Settlement Counsel's motion to determine, among other things: (i) whether and in what amount to award Plaintiffs' Counsel in the above-captioned action (the "Litigation") attorneys' fees and reimbursement of expenses in connection with the settlement of the Litigation, and (ii) whether and in what amount to award Plaintiffs service awards in connection with their representation of the Settlement Class. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable as members of the Settlement Class, and that a summary notice of the Settlement

Hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered Lead Settlement Counsel's application for attorneys' fees and expenses (the "Fee and Expense Application") and all supporting and other related materials.

IT IS HEREBY ORDERED, that:

1. This Order awarding attorneys' fees and expenses incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated as of March 19, 2015, entered into among Plaintiffs, on behalf of themselves and each Settlement Class Member, and Defendants (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order awarding attorneys' fees and expenses, and over the subject matter of the Litigation and all parties to the Litigation, including all Settlement Class Members.

3. Notice of the Fee and Expense Application was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the Fee and Expense Application: (i) constituted the best notice practicable under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the motion; (iii) constituted due and sufficient notice of the Settlement to all Persons entitled to receive such; and (iv) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable law and rules.

4. Settlement Class Members have been given the opportunity to object to the Fee

In re Bank of New York Mellon Corp. Forex Trans. Lit.          12-md-2335 (LAK)

*Rider 3 to Order Awarding Attorneys' Fees, Etc.*

5.     Plaintiffs' counsel are hereby awarded attorneys' fees in the aggregate amount of $83.75 million and reimbursement of out-of-pocket expenses in the aggregate amount of $2,901,734.10.  The attorneys' fees awarded hereby are allocated among the relevant counsel as follows based on the multipliers applied to each firm's lodestar as proposed by Lead Counsel, which are adopted by the Court:

| Firm | Lodestar | Fees Awarding (and approximate multiplier) |
|---|---|---|
| Lieff Cabraser | $20,256,579,50 | $34,157,764 (1.686) |
| Kessler Topaz | $15,435,388.15 | $26,027,124 (1.686) |
| Thornton Law | $1,600,683.00 | $4,625,974 (2.890) |
| Hach Rose | $2,989,868.75 | $4,458,776 (1.491) |
| Hausfeld | $2,578,086.50 | $3,844,687 (1.491) |
| Murray Murphy | $2,115,135,50 | $3,154,291 (1.491) |
| Nix Patterson | $732,600.00 | $1,092,523 (1.491) |
| ERISA Counsel (McTigue Law; Beins Axelrod; Keller Rohrback) | $6,388,860.66 | $6,388,861 (1.000) |
| **Total** | **$52,097,202.06** | **$83,750,000 (1.610)** |

SO ORDERED

LEWIS A. KAPLAN, USDJ

9/24/15