# EXHIBIT 22

## *La. Wholesale Drug Co. v. Bristol-Meyers Squibb Co. (In re Buspirone Antitrust Litig.)*

United States District Court for the Southern District of New York

April 11, 2003, Decided ; April 17, 2003, Filed

MDL Docket No. 1413 (JGK) This Document Relates To: 01-CV-7951 (JGK)

**Reporter**
2003 U.S. Dist. LEXIS 26538 *

In re: Buspirone Antitrust Litigation; Louisiana Wholesale Drug Company, Inc. v. Bristol-Myers Squibb Co., Watson Pharma, Inc., and Danbury Pharmacal, Inc.

**Prior History:** *In re Buspirone Antitrust Litig., 2002 U.S. Dist. LEXIS 23463 (S.D.N.Y., Dec. 10, 2002)*

**Counsel:** [*1]  For Citizen Action Of New York, Consumers For Affordable Health Care, Health Care For All, Inc., Massachusetts Senior Action Council, New York Statewide Senior Action Council, Plaintiffs: David J. Bershad, J. Douglas Richards, Michael Morris Buchman, Milberg Weiss Bershad & Schulman LLP, New York, NY; Robert Gerard Eisler, Lieff Cabraser Heimann & Bernstein, LLP, New York, NY; Thomas M. Sobol, HAGENS BERMAN LLP, Boston, MA.

For Maria Gorelick, Plaintiff: Sharon T. Maier, Berman, DeValerio, Peace, Tabacco, Burt and Oucillo, San Francisco, CA.

For Lillian Singer, Plaintiff: Brian Barry, Law Offices of Brian Barry, Los Angeles, CA; Jennifer Sharon Abrams, Berman De Valerio, Pease & Tabacco, P.C., San Francisco, CA; Joseph J. Tabacco, Jr., Berman, DeValerio, Pease & Tabacco, San Francisco, CA; Lionel Z. Glancy, Law Offices of Lionel Z. Glancy, Los Angeles, CA; Michael M. Goldberg, Law Offices of Lionel Glancy, Los Angeles, CA; Stanley Merrill Grossman, Pomerantz Haudek Block Grossman & Gross LLP, New York, NY.

For Robert K. Alderman, Plaintiff: Eric B. Fastiff, Joseph R. Saveri, Lieff, Cabraser, Heimann & Bernstein, LLP, San Francisco, CA.

For California Congress of [*2]  Seniors, Senior Action Network, Plaintiffs: Eric B. Fastiff, Joseph R. Saveri, Lieff, Cabraser, Heimann & Bernstein, LLP, San Francisco, CA; Paul J. Richle, Sedgwick, Detert, Moran & Arnold, San Francisco, CA.

For Watson Laboratories, Inc., Plaintiff: Jonathan Lee Greenblatt, Shearman & Sterling LLP, New York, NY.

For Watson Pharma, Inc., Danbury Pharmacal, Inc., Plaintiffs: Jonathan Lee Greenblatt, Shearman & Sterling LLP, New York, NY; Mary B. Boyle, Shearman & Sterling, Washington, DC.

For HIP Health Plan of Florida, Inc., now known as Vista Healthplan, Inc., Plaintiff: Paul T. Gallagher, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, DC.

2003 U.S. Dist. LEXIS 26538, *2

For Robert Levine, Plaintiff: Ira Neil Richards, Trujillo Rodriguez & Richards, Philadephia, PA; Paul T. Gallagher, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, DC.

For Louisiana Wholesale Drug Company, Inc., Plaintiff: Daniel A. Kotchen, Boies, Schiller & Flexner LLP, Hanover, NH; Richard B. Drubel, Boies, Schiller & Flexner, Hanover, NH.

For Gray Panthers, Plaintiff: Matthew F. Pawa, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, DC.

For Valerie Meyers, Plaintiff: Frederick P. Furth,  [*3]  Jon T. King, Michael P. Lehmann, The Furth Firm LLP, San Francisco, CA.

For Norman Seabrook, Plaintiff: Richard Maxwell Volin, Finkelstein, Thompson, Loughran Duvall Foundry, Washington, DC.

For Israel Rexach, Elias Husamudeen, William Wasnicki, Guy Anderson, Robert Seabrook, Steven Robinson, as Trustee for an on behalf of Correction Officers Benevolent Association Security Benefits Fund - Retirees and the Correction Officers Benevolent Association Security Benefits Fund - Active, Plaintiffs: Richard Maxwell Volin, Finkelstein, Thompson, Loughran, Washington, DC.

For Marianne Stover, Plaintiff: Peter L. Thompson, Law Offices of Ronald Coles, Kennebunk, ME.

For Great Lakes Health Plan, Inc., Plaintiff: Elwood S. Simon, Elwood S. Simon & Associates, P.C., Birmingham, MI; Lance C. Young, Elwood S. Simon Associates, Birmingham, MI.

For Lisa Brooks, Michelle J. Burns, Plaintiffs: Joseph J. DePalma, Lite DePalma Greenberg & Rivas, L.L.C., Newark, NJ.

For CVS Meridian, Inc., Rite Aid Corporation, Mylan Laboratories Inc., Mylan Technologies, Inc., Walgreen Co., Eckerd Corporation, The Kroger Co., Albertson's Inc., Hy-Vee, Inc., Safeway, Inc., Movants: Adam Mitchell [*4] Steinfeld, Noah H. Silverman, Garwin Gerstein & Fisher, L.L.P., New York, NY; Bruce E. Gerstein, Garwin, Bronzaft, Gerstein & Fisher, L.L.P., New York, NY; Daniel A. Kotchen, Kimberly Horton Schultz, Boies, Schiller & Flexner LLP, Hanover, NH; Richard B. Drubel, Boies & Schiller L.L.P., Hanover, NH.

For Aventis Pharmaceuticals, Inc., Movant: Joe Rebein, Shook Hardy & Bacon LLP, Kansas City, MI.

For State of Maryland, Movant: Alan M. Barr, Carmen M. Shepard, Meredyth Smith Andrus, Baltimore, MD.

For State of Texas, Movant: Kim Van Winkle, William J. Shieber, Austin, TX.

For State of Alaska, Movant: Bruce M. Botelho, Anchorange, AK; Clyde E. Sniffen, Jr., Anchorage, AK.

For State of New York, Movant: Eliot L. Spitzer, Office of the Attorney General, State of New York, New York, NY; John Andrew Ioannou, New York State Office of the Attorney General, New York, NY; Richard L. Schwartz, Antitrust Bureau, New York, NY.

**Judges:** Hon. John G. Koeltl, United States District Judge.

**Opinion by:** John G. Koeltl

## Opinion

### ORDER AND FINAL JUDGMENT

This Court, having considered Direct Purchaser Class Plaintiff's Motion for Approval of the Settlement Agreement between Direct Purchaser [*5] Class Plaintiff Louisiana Wholesale Drug Co., Inc. ("Louisiana Wholesale"), and defendants Bristol-Myers Squibb Company ("BMS"), Watson Pharma, Inc. ("Watson"), and Danbury Pharmacal, Inc. ("Danbury") (collectively "Defendants"); Class Counsel's Joint Petition for Attorneys' Fees, Reimbursement of Expenses and an Incentive Award For the Named Plaintiff; and the proposed Plan of Allocation; and having held a hearing on April 11, 2003; and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed in the premises and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order and Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Class Action and over all parties to the Class Action, including all Class members.

3. Pursuant to *Rule 23 of the Federal Rules of Civil Procedure*, the Court has certified a Class as follows:

All persons who have directly purchased BuSpar(R) [*6] from defendant Bristol-Myers Squibb Company any time during the period November 9, 1997 through January 28, 2003 ("Direct Purchaser Class" or the "Class"). Excluded from the Class are the defendants in this lawsuit, and their officers, directors, management and employees, subsidiaries and affiliates, and federal government entities. Also excluded from the Class are the claims brought by and/or assigned to entities which independently sued BMS in the actions styled *CVS Meridian, Inc. and Rite Aid Corp. v. Bristol-Myers Squibb Co., et. al.,* No. 01-CV-10223, and *Walgreen Co., et. al. v. Bristol-Myers Squibb Co., et. al.,* No. 02-CV-2952, as well as claims asserted by certain States in the action styled *State of Alabama et. al. v. Bristol-Myers Squibb Co., et. al.,* No. 01 CV 11401.

4. Notice of the Settlement has been given to the Class in an adequate and sufficient manner, constituting the best notice practicable, and complying in all respects with *Rule 23 of the Federal Rules of Civil Procedure* and due process.

5. Attached hereto as Exhibit 1 is the list of persons who timely excluded themselves from the Class and for [*7] whom this order and judgment has no force and effect.

6. Pursuant to *Rule 23*, the Court hereby finally approves in all respects the Settlement set forth in the Settlement Agreement and finds that the Settlement, the Settlement Agreement, and Plan of Allocation, attached hereto as Exhibits 2 and 3, are, in all respects fair, reasonable and adequate, and in the best interests of the Class. The Parties are hereby directed to carry out the Settlement in accordance with its terms and provisions.

7. The Class Action is hereby dismissed with prejudice and without costs to any party, except as otherwise provided herein.

8. Upon the Settlement becoming final according to the provisions of paragraph 5 of the Settlement Agreement, Defendants and their present and former parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, employees, agents, attorneys and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") shall be released and forever discharged from all manner of claims, demands, actions, suits, causes of action, damages whenever incurred, liabilities [*8] of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that Plaintiff or any member or members of the Class who have not timely excluded themselves from the Class Action (including any of their past, present or future officers, directors, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, partners, heirs, executors, administrators, purchasers, predecessors, successors and assigns, acting in their capacity as such), whether or not they objected to the settlement and whether or not they make a claim upon or participate in the Settlement Fund, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, arising out of any conduct alleged or which could have been alleged in the Class Action relating to the purchase of the drug BuSpar(R) or its generic equivalents, prior to January 28, 2003 (the "Released Claims").

9. No Class member shall, hereafter, seek to establish liability against any Released Party based, in whole or in part, on any of the Released Claims.

[*9] 10. In addition to the provisions of paragraphs 8 and 9, each Class member hereby expressly waives and releases, upon the Settlement Agreement becoming final, any and all provisions, rights, benefits conferred by *§ 1542 of the California Civil Code*, which reads:

> *Section 1542*. General Release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to *§ 1542 of the California Civil Code*. Each Class member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the Released Claims, but each Class member hereby expressly waives and fully, finally and forever settles and releases, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the Released Claims whether or not concealed or hidden, without regard to the subsequent discovery or

existence [*10] of such different or additional facts. Each Class member also hereby expressly waives and fully, finally and forever settles and releases any and all claims it may have against Defendants under *§ 17200, et seq*, of the California Business and Professions Code, which claims are expressly incorporated into this paragraph.

11. Notwithstanding the releases provided in paragraphs 8 - 10 above, Class members are neither releasing nor otherwise affecting in any way any rights they have or may have against any other party or entity whatsoever other than as to the Released Parties with respect to the Released Claims. In addition, the releases set forth herein in paragraphs 8 - 10 hereof shall not release any product liability, breach of contract, breach of warranty, or personal injury claims arising in the ordinary course of business between Class members and the Released Parties.

12. For a period of five years, the Clerk of the Court shall maintain the record of those members of the Class who have timely excluded themselves from the Class and shall provide a certified copy of such records to Defendants at their expense.

13. Nothing in this Order or the Settlement Agreement, shall be [*11] construed as an admission in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority, present or future, by Defendants including, without limitation, that Defendants have engaged in any conduct or practices that violate any antitrust statute or other law.

14. Direct Purchaser Plaintiff's Class Counsel are hereby awarded 33 1/3% of the Settlement Fund as their fee award, from which amount Direct Purchaser Plaintiff's Class Counsel's expenses will be paid, which the Court finds to be fair and reasonable, and which amount shall be paid to Direct Purchaser Plaintiff's Class Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement, with interest from January 21, 2003 (the date of funding of the Settlement Fund) to the date of payment, at the same net interest rate earned by the Settlement Fund. The award of attorneys' fees shall be allocated among Direct Purchaser Plaintiff's Class Counsel, by Direct Purchaser Plaintiff's Co-Lead Counsel.

15. Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Settlement [*12] and the Settlement Agreement, including the administration and consummation of the Settlement Agreement and in order to determine any issues relating to attorneys' fees and expenses and any distribution to members of the Class. In addition, without affecting the finality of this judgment, Defendants and each member of the Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York, for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement, including, without limitation any suit, action, proceeding or dispute relating to the release provisions herein.

16. Plaintiff Louisiana Wholesale is provided with an incentive award for representing the Class of $ 25,000, which amount is in addition to whatever monies Plaintiff will receive from the Settlement Fund pursuant to the Plan of Allocation.

17. In the event the Settlement does not become final in accordance with paragraph 5 of the Settlement Agreement, this Order and Final Judgment shall be rendered null and void as

provided by the Settlement Agreement, shall be vacated [*13] and, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

18. This Final Judgment shall be entered by the Clerk forthwith.

Dated: New York, New York

4/11, 2003

Hon. John G. Koeltl

United States District Judge

---

**End of Document**