UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ALIBABA GROUP HOLDING LTD. SECURITIES LITIGATION | Master File No. 1:20-CV-09568-GBD-JW |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF:
(I) PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND
(II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
<u>REIMBURSEMENT OF LITIGATION EXPENSES</u>**

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ...................................................................................1

II.     ARGUMENT.............................................................................................................3

        A.      The Positive Reaction Of The Settlement Class Supports Approval Of The
                Settlement And Plan Of Allocation ........................................................................3

        B.      The Settlement Class's Reaction Supports Approval Of The Attorneys' Fee
                Motion.....................................................................................................................5

III.    CONCLUSION..........................................................................................................7

i

## TABLE OF AUTHORITIES

CASES

*Guevoura Fund Ltd. v. Sillerman*,
  2019 WL 6889901 (S.D.N.Y. Dec. 18, 2019) ........................................................... 4, 6

*Hill v. State St. Corp.*,
  2015 WL 127728 (D. Mass. Jan. 8, 2015) ................................................................... 5

*In re Bear Stearns Cos., Inc. Sec., Deriv., and ERISA Litig.*,
  909 F. Supp. 2d 259 (S.D.N.Y. 2012)......................................................................... 3

*In re Citigroup Inc. Bond Litig.*,
  296 F.R.D. 147 (S.D.N.Y. 2013) ................................................................................ 5

*In re Dun & Bradstreet Credit Servs. Customer Litig.*,
  130 F.R.D. 366 (S.D. Ohio 1990) ............................................................................... 6

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
  2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010) ........................................................... 5, 6

*In re Global Crossing Sec. and ERISA Litig.*,
  225 F.R.D. 436 (S.D.N.Y. 2004) ................................................................................ 4

*In re Luxottica Grp. S.p.A. Sec. Litig.*,
  233 F.R.D. 306 (E.D.N.Y. 2006) ................................................................................ 3

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*,
  2007 WL 313474 (S.D.N.Y. Feb. 1, 2007).................................................................. 4

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
  986 F. Supp. 2d 207 (E.D.N.Y. 2013) ........................................................................ 5

*In re Signet Jewelers Ltd. Sec. Litig.*,
  2020 WL 4196468 (S.D.N.Y. July 21, 2020) ........................................................... 2, 4

*In re Under Armour Sec. Litig.*,
  2024 WL 4715511 (D. Md. Nov. 7, 2024) .................................................................. 6

*In re Veeco Instruments Inc. Sec. Litig.*,
  2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007)............................................................... 6

*In re Veeco Instruments Inc. Sec. Litig.*,
  2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007)............................................................... 5

*In re XL Fleet Corp. Sec. Litig.*,
   2024 WL 1884483 (S.D.N.Y. April 30, 2024) ............................................................................ 6

*Maley v. Del Global Techs. Corp.*,
   186 F. Supp. 2d 358 (S.D.N.Y. 2002)...................................................................................... 6

*Ressler v. Jacobson*,
   149 F.R.D. 651 (M.D. Fla. Dec. 15, 1992) ............................................................................ 3

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
   396 F.3d 96 (2d Cir. 2005)...................................................................................................... 3

Court-appointed lead plaintiff Salem Gharsalli ("Lead Plaintiff"), and additional representative plaintiffs Laura Ciccarello, Dineshchandra Makadia, and Wusheng Hu (collectively, with Lead Plaintiff, "Plaintiffs"), and their counsel, Glancy Prongay & Murray LLP ("Lead Counsel"), respectfully submit this memorandum in further support of: (i) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF Nos. 142-43); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF Nos. 144-45, the "Attorneys' Fee Motion").[1]

## I.    PRELIMINARY STATEMENT

Pursuant to the Court's October 28, 2024, Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 139; the "Preliminary Approval Order"), approximately 1,089,127 copies of the Court-approved Notice and Claim Form were disseminated to potential Settlement Class Members and the largest brokerage firms, banks, institutions, and other nominees.[2]  In addition, the Court-appointed Claims Administrator, A.B. Data, Ltd. ("A.B. Data"): (i) caused the Summary Notice to be published in *Investor's Business Daily* and transmitted over *PR Newswire* on December 9, 2024,[3] and (ii) the Notice, Claim Form, Stipulation, Complaint, and Preliminary Approval Order, among other important case-related documents, to be posted on the Settlement

---

[1] Unless otherwise noted, capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement, dated October 25, 2024 (the "Stipulation;" ECF No. 136-1), or the Declaration of Kara M. Wolke in Support of: (I) Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Wolke Declaration;" ECF No. 146).

[2] *See* Supplemental Declaration of Adam D. Walter Regarding: (A) Mailing/Emailing of Notice and Claim Form; (B) Claims Received to Date; and (C) Requests for Exclusion and Objections (the "Suppl. Mailing Decl.") (attached as Exhibit 1 hereto), at ¶¶3-4.

[3] *See* Declaration of Adam D. Walter Regarding: (A) Mailing of Notice and Claim Form; (B) Publication of Summary Notice; and (C) Report on Requests for Exclusion Received to Date ("Initial Mailing Decl.;" ECF No. 146-1), at ¶12 & Exs. C and D.

Website (www.AlibabaClassActionSettlement.com). *See* Initial Mailing Decl., ¶15. The Notice, Summary Notice, and Settlement Website informed Settlement Class Members of the March 6, 2025, deadline to: (i) submit an objection to the Settlement, Plan of Allocation, or request for attorneys' fees and reimbursement of Litigation Expenses; or (ii) request exclusion from the Settlement Class. *See id.*, ¶¶19-20, & Exs. A, C and D.

On February 20, 2025, fourteen (14) days prior to the objection deadline, Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses. The motions are supported by the declarations of Plaintiffs, Lead Counsel, and the Claims Administrator. These papers are available on the public docket and on the Settlement Website. *See* ECF Nos. 142-46; Supp. Mailing Decl., at ¶7.

Following this extensive notice process, ***not a single Settlement Class Member has objected*** to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses. Moreover, A.B. Data has received a mere eight requests for exclusion, only four of which are valid.[4] *See* Suppl. Mailing Decl., ¶13 & Ex. A. The absence of any objections and the extremely small number of opt-outs by Settlement Class Members provides strong evidence of the fairness and reasonableness of the proposed Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses. *See In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at \*6 (S.D.N.Y. July 21, 2020) ("The

---

[4] There is a question as to whether Jennifer Berthold, Salman Samad, Janice Shearer, and Dale Kerr, each of whom requested exclusion, are Settlement Class Members because they did not provide any information concerning transactions in Alibaba ADS (even after being asked by the Claims Administrator to do so). Supp. Mailing Decl., at ¶13, n.3, and Ex. A. Because these individuals failed to establish that they are members of the Settlement Class as required by the exclusion procedures as ordered by this Court in the Preliminary Approval Order (¶13), and set forth in the Notice, the Parties respectfully recommend the Court reject their exclusion requests.

2

absence of any objections and the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate."); and at *21 ("The absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable."); *Ressler v. Jacobson*, 149 F.R.D. 651, 656 (M.D. Fla. Dec. 15, 1992) ("The fact that there are no objections to either the Settlement or to Petitioners' request for attorney's fees is strong evidence of the propriety and acceptability of that request.").[5]

For all the reasons set forth herein, and in the opening papers filed with the Court on February 20, 2025, Plaintiffs and their counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and reimbursement of Litigation Expenses.

## II.   ARGUMENT

### A.   The Positive Reaction Of The Settlement Class Supports Approval Of The Settlement And Plan Of Allocation

"It is well settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy." *In re Bear Stearns Cos., Inc. Sec., Deriv., and ERISA Litig.*, 909 F. Supp. 2d 259, 266 (S.D.N.Y. 2012); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005) ("the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our *Grinnell* inquiry."). "If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement." *Id*. at 118.

Here, the lack of objections, and small number of requests for exclusion, indicates a favorable response from the Settlement Class, providing strong evidence of the Settlement's fairness. *See, e.g.*, *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006)

---

[5] Unless otherwise indicated, all internal quotations and citations are omitted.

("Lack of objection is strong evidence of the settlement's fairness."); *In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y. 2004) ("The virtual absence of objections and opt-outs, in light of the large size of the plaintiff classes, and the scope and complexity of the settlement, constitutes a ringing endorsement of the settlement by class members."); *Guevoura Fund Ltd. v. Sillerman*, 2019 WL 6889901, at *7 (S.D.N.Y. Dec. 18, 2019) ("The absence of negative feedback from Class Members evidences an overall favorable response of the Class Members to the Settlement. Thus, this factor strongly supports approval of the Settlement."); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) ("minimal number of objections and requests for exclusion militates in favor of approving the settlement as be[ing] fair, adequate, and reasonable").

The significant number of claim submissions by potential Settlement Class Members also indicates a positive reaction to the Settlement. While the claims filing deadline (March 26, 2025) is still six days away—and, in the experience of Lead Counsel and the Claims Administrator, a significant number of claims typically are filed at or near the deadline—approximately 23,680 claims have already been submitted by potential Settlement Class Members seeking to participate in the Settlement.[6] *See* Supp. Mailing Decl., ¶10.

The fact that no institutional investors objected or requested exclusion from the Settlement Class further underscores the reasonableness of the Settlement.[7] *See Signet Jewelers*, 2020 WL 4196468, at *6 ("the absence of objections by these sophisticated [institutional investor] class

---

[6] Of the roughly 23,680 Claims it has received, A.B. Data has preliminarily determined that 9,271 are valid Claims, 12,716 are invalid, and 2,516 are deficient Claims that Claimants will have the opportunity to cure. *See* Supp. Mailing Decl., ¶10.

[7] According to Plaintiffs' market efficiency expert, "[o]ver 2,600 institutions are known to have collectively held over 1.2 billion Alibaba ADSs, or 47.0% of the ADSs outstanding as of June 30, 2020." *See* ECF No. 101-1 at ¶24, and Ex. 5.

members is further evidence of the fairness of the Settlement."); *In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) (that "not one of the objections or requests for exclusion was submitted by an institutional investor" supported the settlement); *see also Hill v. State St. Corp.*, 2015 WL 127728, at *8 (D. Mass. Jan. 8, 2015) ("The fact that no institutional investors have objected or requested exclusion also supports approval of the Settlement.").

In addition, there has not been a single objection to the Plan of Allocation. *See* Suppl. Mailing Decl., ¶14. This reaction supports approval of the Plan of Allocation. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 241 (E.D.N.Y. 2013) (conclusion that the proposed plan of allocation was fair and reasonable was "buttressed by the relatively small number of opt-outs and absence of objections from class members"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

**B.    The Settlement Class's Reaction Supports Approval Of The Attorneys' Fee Motion**

"Finally, numerous courts have noted that the lack of objection from members of the class is one of the most important factors in determining the reasonableness of a requested fee." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *29 (S.D.N.Y. Nov. 8, 2010). Thus, the absence of ***any*** objections to Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses, including Plaintiffs' request for PSLRA awards in the aggregate amount of $85,000 ($25,000 to Lead Plaintiff and $20,000 to each of the three additional representative Plaintiffs) to compensate them for the time and effort they expended on behalf of the Settlement Class, supports a finding that the fee and expense request is fair and reasonable.

5

*See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable"); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) ("Not one person, company, or institution has filed an objection to the fee request or the expense reimbursement sought.  As was true with the underlying settlement, this overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application."); *Sillerman*, 2019 WL 6889901, at *22 ("The lack of objections, in this day and age, is not only remarkable, but militates in favor of approval of the Fees as requested.").[8]

*         *         *

In sum, the complete absence of objections—together with the extremely small number of opt-outs—strongly militates in favor of a finding that the Settlement is fair, reasonable, and adequate, the proposed Plan of Allocation is fair and equitable, and Lead Counsel's fee and expense application should be granted.  *See In re Under Armour Sec. Litig.*, 2024 WL 4715511, at *1-*2 (D. Md. Nov. 7, 2024) (awarding 25.83% of $434 million Settlement Amount, plus interest at the same rate earned by the Settlement Fund, reimbursement of $4,199,810.81 in out-of-pocket litigation expenses, and PSLRA awards to the three plaintiffs in the aggregate amount of $45,285 "where no objections to the Fee Motion were filed by Class Members.").

---

[8] *See also Flag Telecom*, 2010 WL 4537550, at *27 (granting requests for PSLRA awards of $100,000 to one lead plaintiff, and $5,000 to the other, where "[n]o objections to these requests have been filed."); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 374 (S.D. Ohio 1990) (granting awards to two class representatives of $55,000 each and to three class representatives of $35,000 each where there were no objections and noting "a differentiation among class representatives based upon the role each played may be proper in given circumstances."); *In re XL Fleet Corp. Sec. Litig.*, 2024 WL 1884483, at *2 (S.D.N.Y. April 30, 2024) (granting PSLRA awards of $25,000 to Lead Plaintiff and $15,000 to each of the other four named plaintiffs).

## III.   CONCLUSION

For the reasons set forth herein and in the previously-filed Final Approval Memorandum (ECF No. 143), the Fee and Expense Memorandum (ECF No. 145), and the Wolke Declaration (ECF No. 146), Plaintiffs and Lead Counsel respectfully request that the Court: (i) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class; (ii) award attorneys' fees to Lead Counsel in the amount of 25% of the Settlement Fund, plus expenses in the amount of $1,025,752.68; and (iii) award $25,000 to Lead Plaintiff (Salem Gharsalli) and $20,000 to each of the three additional representative plaintiffs (Laura Ciccarello, Dineshchandra Makadia, and Wusheng Hu) as reimbursement for time spent representing the Settlement Class.[9]

Dated: March 20, 2025

**GLANCY PRONGAY & MURRAY LLP**

By: */s/ Kara M. Wolke*
Robert V. Prongay (*pro hac vice*)
Kara M. Wolke (*pro hac vice*)
Joseph D. Cohen (*pro hac vice*)
Jason L. Krajcer (*pro hac vice*)
Melissa C. Wright (*pro hac vice*)
Raymond D. Sulentic (*pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com
kwolke@glancylaw.com
jcohen@glancylaw.com
jkrajcer@glancylaw.com
mwright@glancylaw.com
rsulentic@glancylaw.com

*Lead Counsel for Plaintiffs and the Settlement Class*

---

[9] The Settlement is conditioned on the entry of the [Proposed] Judgment Approving Class Action Settlement.  *See* Stipulation, ¶¶31-32(e); Ex. B.  The [Proposed] Judgment Approving Class Action Settlement, along with [Proposed] Order Approving the Plan of Allocation and the [Proposed] Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses, are submitted concurrently herewith.

Jeremy A. Lieberman
Jonathan D. Park
**POMERANTZ LLP**
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Email:  jalieberman@pomlaw.com
        jpark@pomlaw.com

Patrick V. Dahlstrom
**POMERANTZ LLP**
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Email:  pdahlstrom@pomlaw.com

Peretz Bronstein
**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Email:  peretz@bgandg.com

Frank R. Cruz
**THE LAW OFFICES OF FRANK R. CRUZ**
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007
Email:  info@frankcruzlaw.com

Lesley Portnoy
**THE PORTNOY LAW FIRM**
1800 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: 310-692-8883
Email:  lesley@portnoylaw.com

*Additional Counsel*

8

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

By: */s/ Kara M. Wolke*　　　　　　
　　Kara M. Wolke

9